IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all other
similarly situated.

                              Plaintiff,

                      v.

Case No. _____

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF REMOVAL

Defendant Shorefront Operating LLC ("Shorefront"), with the consent of all other Defendants, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 and 1447, removes this lawsuit to the United States District Court for the Eastern District of New York, originally filed in the Supreme Court of the State of New York, Kings County, Index No. 523769/2018. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal are being served on Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, Kings County. As grounds for removal of this action, Shorefront states:

**I.     CASE BACKGROUND**

1.     On November 27, 2018, Plaintiff Walter Chow, "as Administrator of the Estate of Leroy Chow," filed the Complaint in this action, captioned *Walter Chow, as Administrator of the Estate of Leroy Chow v. Shorefront Operating LLC d/b/a/ Seagate Rehabilitation and Nursing*

1025542v.1

*Center, et al.*, Index No. 523769/2018, in the Supreme Court of the State of New York, Kings County. *See* Exhibit A.

2. Plaintiff, however, had not been appointed Administrator of the Estate of Leroy Chow on or before November 27, 2018. Defendants therefore moved to dismiss the Complaint. On May 13, 2019, Plaintiff obtained an order from the Surrogate's Court granting a Temporary Letter of Administration "for the sole purpose of commencing and prosecuting a cause of action on behalf of the estate." *See* Exhibit B. Defendants thereafter agreed to withdraw their motion to dismiss.

3. In the Complaint, Plaintiff brings a cause of action for the New York Public Health Law § 2801-d. Plaintiff further seeks certification of a proposed class. Plaintiff's claims involve his care at the Seagate Rehabilitation and Nursing Center nursing home. *See, e.g.,* Compl. ¶¶ 1, 33-37.

4. One of the central allegations in the Complaint is that "Defendants have failed to staff a sufficient number of nurses and aides, thereby depriving the Facility's residents of the level of care required under New York and federal law." Compl. ¶ 2. Plaintiff lists 42 U.S.C. § 1396r(b)(4)(C)(i)(I) and 42 U.S.C. 1395i-3(b)(4)(A)(i) as the federal law that is implicated. Compl. ¶ 2 n. 2. Plaintiff alleges that Defendants contravene "applicable federal and New York state laws, rules, and regulations," and that a "resident's right to sufficient staffing is one of the most important rights protected by New York and federal statutes," again listing the above federal statutes. Compl. ¶¶ 28-29, 29 n. 12. Plaintiff also alleges that Defendants failed "to satisfy its [sic] requirements pursuant to federal and New York law," and deprived residents of "staffing sufficient to satisfy the requirements of New York and federal law." Compl. ¶ 41.

5. Plaintiff's class action allegations allege that this action "seeks to enjoin Defendants from understaffing" and "seeks recovery" from "Defendants failure to meet its [sic] contractual, statutory, and regulatory obligations" Compl. ¶ 46. Plaintiff alleges that common legal and factual questions include the deprivation of rights or benefits created or established "by any applicable federal statute, code, rule, or regulation" and "[w]hether Defendants' conduct violated or violates the federal Nursing Home Reform Act, codified at 42 U.S.C. 1395i-3(a)-(h) and at 42 U.S.C. § 1396r(a)-(h) and at 42 C.F.R. §§ 483.15, 483.20, 483.25, 483.30, 483.40, 483.60 & 483.75." Compl. ¶ 49(a), (h).

6. Plaintiff's cause of action alleges that Defendants are subject to the provisions of "the federal Nursing Home Reform Act," which "impose[s] various obligations on Defendants, including, among others, a duty to adequately staff the Facility," that Defendants deprived residents "of rights or benefits" created or established by "federal statutes, rules, and regulations," and that residents suffered as injuries "staffing sufficient to satisfy the requirements of New York and federal law." Compl. ¶¶ 61, 64, 69.

## II. BASIS FOR REMOVAL

7. This action is a civil action removable to this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(a). This Court has original jurisdiction over this action because it arises under the laws of the United States. Plaintiff's claims depend on the definition, interpretation and application of the federal Nursing Home Reform Act. The Complaint also contains repeated allegations concerning the federal Centers for Medicare & Medicaid Services ("CMS"), part of the federal Department of Health and Human Services, regarding a CMS reporting site and associated ratings and the interpretations of those ratings. *See, e.g.,* Compl. ¶¶ 24, 24 n. 12, 31, 31 n. 15-18. To the extent some of Plaintiff's claims do not depend on the definition, interpretation and application of

federal law, this Court has supplemental jurisdiction over these other claims because they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

8. Defendants deny the allegations in Plaintiff's Complaint. Nevertheless, for removal purposes, this action satisfies the requirements of 28 U.S.C. §§ 1331, 1367, and 1441. This action is properly removed to this Court.

9. Plaintiff filed the Complaint on November 27, 2018. Plaintiff filed the Complaint "as Administrator of the Estate of Leroy Chow," but had not been appointed Administrator of the Estate of Leroy Chow on or before November 27, 2018. On May 13, 2019, Plaintiff obtained an order from the Surrogate's Court granting a Temporary Letter of Administration "for the sole purpose of commencing and prosecuting a cause of action on behalf of the estate." *See* Exhibit B. Therefore, not until May 13, 2019 did Plaintiff have legal standing to file the Complaint "as Administrator of the Estate of Leroy Chow." On May 15, 2019, Plaintiff's counsel provided Defendants' counsel with Plaintiff's Temporary Letter of Administration.

10. Pursuant to 28 U.S.C. § 1446(b)(3), Shorefront has timely filed this Notice of Removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Shorefront has filed this Notice of Removal within thirty days of May 15, 2019.

11. Venue in this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This action is properly removed to the United States District Court for the Eastern

4

District of New York, which comprises, among other jurisdictions, Kings County. 28 U.S.C. § 112(c).

12. The undersigned represents all Defendants in this action and is advised that all Defendants consent to this removal.

13. Shorefront has not made a previous application for this removal.

14. Shorefront will file a copy of this Notice of Removal with the Supreme Court of the State of New York, Kings County. The Notice of Filing of Notice of Removal, filed concurrently with the Supreme Court of the State of New York, Kings County, is attached as Exhibit B.

15. Shorefront will serve a copy of this Notice of Removal on Plaintiff. Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, documents, and orders served on Shorefront are attached at Exhibits A (Complaint) and C (remaining documents).

Based on the foregoing, Shorefront respectfully requests that this Court accept this Notice of Removal to the United States District Court for the Eastern District of New York.

Dated: June 14, 2019                        Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:   /s/ *Lori R. Semlies, Esq.*
Lori R. Semlies, Esq.
1133 Westchester Avenue
White Plains, NY 10604
Telephone: 914.323.7000
Facsimile: 914.323.7001
lori.semlies@wilsonelser.com
krystle.rodriguez@wilsonelser.com

*Attorneys for Defendant Shorefront Operating LLC and all other Defendants*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Notice of Removal was served on counsel for Plaintiff via electronic mail and first class mail this 14th day of June 2019.

/s/ *Lori R. Semlies, Esq.*
Lori R. Semlies, Esq.

1025542v.1