# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WALTER CHOW, as Administrator of the Estate of         Index No. 523769/2018
LEROY CHOW, individually and on behalf of all other
similarly situated.

                        Plaintiff,

           -against-

                                   **NOTICE OF MOTION**

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25.

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLEASE TAKE NOTICE,** that upon the annexed affirmation of Krystle Rodriguez, together

with the Exhibits annexed thereto and upon all pleadings and prior proceedings had herein,

defendants, **SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION**

**AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN;**

**DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN;**

**DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT**

**REALTY LLC; and SENTOSACARE, LLC,** will hereby move this Court before the Motion

Support Office to a Judge to be determined at the Kings County Courthouse, Motion Support

Office, Room 227 located at 360 Adams Street, Brooklyn, New York on the **29th day of**

**January, 2019** at 9:30 a.m. in the forenoon of that day, or as soon thereafter as counsel can be

heard, for an Order pursuant to CPLR§ 3211(a)(3) dismissing the Complaint as plaintiff, Walter

Chow, has no legal capacity to sue and pursuant to CPLR § 3211(a)(7), dismissing the

7416261v.1

Complaint in that he has failed to state a cause of action, and for such other and such further and different relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 2214, answering affidavits, if any, must be served within seven (7) days prior to the return date of this motion.

Dated:      White Plains, New York
            January 5, 2019


                              Yours, etc.
                              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By: _____
                              Krystle Rodriguez
                              *Attorneys for Defendants,*
                              SHOREFRONT OPERATING LLC d/b/a SEAGATE
                              REHABILITATION AND NURSING CENTER;
                              SHAINDY BERKO; ROCHEL DAVID; LEAH
                              FRIEDMAN; DEENA LANDA; ESTHER
                              FARKOVITZ; AVI PHILIPSON; BERISH
                              RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
                              SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
                              LLC; SENTOSACARE, LLC.
                              1133 Westchester Avenue
                              White Plains, New York 10604
                              (914) 323-7000
                              File No.: 19484.00056


TO:     Jeremiah Frei-Pearson
        FINKELSTEIN, BLANKINSHIP,
        FREI-PEARSON & GARBER, LLP
        Attorney for Plaintiff
        445 Hamilton Avenue, Suite 605
        White Plains, New York 10601
        Tel: (914) 298-3281
        Fax: (914) 824-1561
        jfrei-pearson@fbfglaw.com


7416261v.1

2 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WALTER CHOW, as Administrator of the Estate of                    Index No. 523769/2018
LEROY CHOW, individually and on behalf of all other
similarly situated.

                              Plaintiff,

                  -against-
                                                                **AFFIRMATION
                                                                 IN SUPPORT**
SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        I, Krystle Rodriguez, an attorney duly admitted to practice law before the courts of the

State of New York, affirms the following to be true under the penalties of perjury:

        1.        I am an associate of the law firm of WILSON, ELSER, MOSKOWITZ,

EDELMAN & DICKER LLP, attorneys for defendants    SHOREFRONT OPERATING LLC

d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO;

ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI

PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL

ZUPNICK; SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, and as such, I am

fully familiar with the facts and circumstances surrounding this action.

        2.        I submit this affirmation in support of the instant motion, pursuant to CPLR

§3211(a)(3), seeking dismissal of the Complaint as plaintiff, Walter Chow, has no legal capacity

to sue and pursuant to CPLR §3211 (a) (7), dismissing the Complaint in that he has failed to state

7416309v.1

a cause of action upon which relief can be granted, and for such other further and different relief as this Court may deem just and proper.

3.    In the instant action, plaintiff, on behalf of the Estate of Leroy Chow ("decedent"), individual, and on behalf of the proposed Class[1], asserts claims against Defendants for violation of PHL § 2801-d and seeks monetary damages. The decedent was a resident of the defendant facility from approximately February 2015 through August 2016. Plaintiff alleges that decedent and the proposed Class sustained personal injuries and suffered mental anguish as a result of Defendants' failure to meet its contractual, statutory, and regulatory obligations, particularly the obligation to adequately staff the defendant facility – which in turn deprived decedent and the proposed class of their rights in violation of PHL § 2801-d.

4.    The decedent passed away in December of 2017.

5.    The instant action was commenced by the filing of the Summons and Complaint in the office of the Kings County Clerk on November 27, 2018.  A copy of the Summons and Complaint is annexed hereto as **Exhibit "A"**.

6.    The caption of the instant action identifies plaintiff as follows: "WALTER CHOW, as *Administrator* of the Estate of LEROY CHOW, individually and on behalf of all other similarly situated." However, plaintiff has neither alleged nor established that he had received letters of administration appointing him Administrator of the decedent's estate when the action was commenced. Rather, ¶ 8 of the summons and complaint, states "Walter Chow's application for letters of administration on behalf of Leroy Chow's estate is *in process*." Thus, plaintiff by his own concession, lacked capacity to initiate the instant action.

---

[1] The proposed class is defined as "all persons who reside, or resided at the facility from November 27, 2015 through the present."

7.     While a personal injury claim on behalf of a decedent survives a decedent's death, it must be brought by a party with capacity to sue. "In simplest terms, a personal injury action must be commenced by a living person or the duly appointed representative of the deceased injured person." *Caracciolo v. Solar*, NY Slip Op 51596(U) *3 (Kings County Sup Ct. Aug 23, 2007). A "personal representative" is "a person who has received letters to administer the estate of the decedent". *See* EPTL 1-2.12.  A personal representative who has received letters of administration of the estate of a decedent is the only party who is authorized to bring a survival action for personal injuries sustained by the decedent. *See* EPTL 1-2.13, 5-4.1, subd 1; 11-3.2, subd [b].

8.     CPLR 3211§ (a)(3) grants the Court authority to dismiss an action when the party bringing the action lacks the legal capacity to bring the action. Capacity, "concerns a litigant's power to appear and bring its grievance before the court." *Community Bd. 7 of Borough of Manhattan v. Schaffer*, 84 N.Y.2d 148, 154 (1994).  New York Courts have routinely dismissed cases brought by "Proposed Administrators[2]" who lacked capacity to initiate actions.  *See e.g., Mingone v. State*, 100 A.D.2d 897, (2nd Dept. 1984) (concluding that the personal injury action which survived the death of the decedent must be dismissed, as no administrator had been duly appointed to serve as the personal representative of the decedent's estate at the time the summons was served); *Caracciolo v. Solar, supra,* (dismissing the cause of action for personal injuries based on the wrong identity of the plaintiff).

9.     Here, the instant action was initiated by plaintiff without an appointment to serve as the personal representative of his brother Leroy's estate. As a result, the instant suit was not

---

[2] Proposed administrator is defined herein as an individual who has applied for but not yet received Letters of Administration.

properly commenced. In fact, to date, no administrator has been appointed by Surrogate's Court to serve as the personal representative of Leroy Chow's estate. Thus, insofar as plaintiff is not the duly appointed personal representative of the decedent he cannot maintain this action (*see Lichtenstein v State of New York*, 93 NY2d 911, 913 (1999), *affg* 252 AD2d 921 (3d Dept 1998) and it must be dismissed pursuant to CPLR § 3211(a)(3), (*Thomas v State of New York*, 57 AD3d 969, 970 (2d Dept 2008); *see Langer v State of New York*, 65 AD3d 780 (3d Dept 2009).

11.     Based on the foregoing, it follows logically that if plaintiff lacks capacity to represent the decedent's estate in the instant action, he lacks the capacity to represent the proposed class as well. Again, the matter must be dismissed.

12.     It is further submitted that dismissal is warranted in that plaintiff has failed to State a Cause of Action pursuant to CPLR 3211 (a) (7). The courts in our jurisdiction have held that failure to appoint an administrator before commencing an action is not "merely a lack of capacity to sue, for that presupposes an existing cause of action, which the plaintiff is incapacitated to maintain. But the due appointment and qualification of the administrators are necessary elements to the existence of the cause of action."*George v. Mt. Sinai Hospital*, 47 N.Y.2d 170,177 (1979) *citing Boffe v. Consolidated Tel. & Elec. Subway Co.*, 171 A.D. 392, 394 (1st Dep't 1916). In *Boffee*, plaintiffs demonstrated their appointment months after the commencement of the action. Thus, they "established the fact that no cause of action existed at the time the action was brought" and the complaint was dismissed. *Id* at 392.

13.     In light of Walter Chows' lack of capacity to sue, it follows that he has failed to state a cause of action upon which any recovery may be based. A cause of action on the part of decedent does not belong to Walter Chow who has not been named decedent's personal representative. Accordingly, grounds for dismissal are also founded upon CPLR 3211(a)(7).

7416309v.1

**WHEREFORE**, it is respectfully submitted that this Honorable court grant Defendant's

motion seeking dismissal pursuant to CPLR 3211(a)(3) and CPLR 3211(a) (7) and for such

other, further and different relief as this court deems just and proper.

Dated:      White Plains, New York
            January 5, 2019

                              Yours, etc.
                              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                        By: _____
                              Krystle Rodriguez
                              *Attorneys for Defendants,*
                              SHOREFRONT OPERATING LLC d/b/a SEAGATE
                              REHABILITATION AND NURSING CENTER;
                              SHAINDY BERKO; ROCHEL DAVID; LEAH
                              FRIEDMAN; DEENA LANDA; ESTHER
                              FARKOVITZ; AVI PHILIPSON; BERISH
                              RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
                              SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
                              LLC; SENTOSACARE, LLC.
                              1133 Westchester Avenue
                              White Plains, New York 10604
                              (914) 323-7000
                              File No.: 19484.00056

TO:     Jeremiah Frei-Pearson
        FINKELSTEIN, BLANKINSHIP,
        FREI-PEARSON & GARBER, LLP
        Attorney for Plaintiff
        445 Hamilton Avenue, Suite 605
        White Plains, New York 10601
        Tel: (914) 298-3281
        Fax: (914) 824-1561
        jfrei-pearson@fbfglaw.com

7416309v.1

# EXHIBIT A

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM   INDEX NO. 523769/2018
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 11/27/2018

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                        Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                        Defendants.

---

Index No. _____

Summons Filed:
November 27, 2018

**SUMMONS**

**To the above-named Defendants:**

You are hereby summoned and required to answer the attached complaint of the Plaintiff in this action and to serve a copy of your answer upon the attorneys for the Plaintiff at the address stated below.

If this summons was personally delivered to you in the State of New York, you must serve the answer within 20 days after such service, excluding the day of service. If this summons was not personally delivered to you in the State of New York, you must serve the answer within 30 days after service of the summons is complete, as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint.

Plaintiff designates Kings County as the place of trial.

The basis of venue is defendant SHOREFRONT OPERATING LLC's place of residence, which is in the County of Kings: 3015 West 29th Street, Brooklyn, New York 11224.

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/27/2018

Dated: White Plains, New York
November 27, 2018

**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**

By: */s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
Todd S. Garber
John Sardesai-Grant
Ayana McGuire
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com
tgarber@fbfglaw.com
jsardesaigrant@fbfglaw.com
amcguire@fbfglaw.com

*Attorneys for Plaintiff and the Proposed Class*

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM
NYSCEF DOC. NO. 1
INDEX NO. 523769/2018
RECEIVED NYSCEF: 11/27/2018

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

|  |  |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>      Defendants. | Index No. _____<br><br>__CLASS ACTION COMPLAINT__<br><br>Date Index No. Purchased:<br>November 27, 2018 |

Plaintiff Walter Chow, as Administrator of the Estate of Leroy Chow, individually and on behalf of all others similarly situated (also referred to as "Patients," "Residents," or the "Class"), by and through his undersigned attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as and for his class action complaint, alleges, with personal knowledge as to his own actions and based upon information and belief as to those of others, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this class action against Shore Front LLC d/b/a Seagate Rehabilitation and Nursing Center; Shaindy Berko; Rochel David; Leah Friedman; Deena Landa; Esther Farkovitz; Avi Philipson; Berish Rubinstein; David Rubinstein; Bruscha Singer; Joel Zupnick; Shorefront Realty LLC; SentosaCare, LLC; and Does 1-25 (collectively, "Defendants") -- the owners and operators of Seagate Rehabilitation and Nursing Center, a nursing home located at 3015 W 29th Street, Brooklyn, New York (the "Facility") -- on behalf of

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM
NYSCEF DOC. NO. 1

INDEX NO. 523765/2018

RECEIVED NYSCEF: 11/27/2018

himself and a class of similarly situated nursing home patients who were victimized by unsafe and inadequate care in the Facility. Defendants' unlawful conduct violates Section 2801-d of New York's Public Health Law ("PHL").[1]

    2.    Defendants are entrusted to provide care to the elderly and infirm nursing home patients in their custody. Unfortunately, Defendants have betrayed and continue to betray that trust. For example, Defendants fail to sufficiently staff the Facility. Throughout their operation of the Facility, Defendants have failed to staff a sufficient number of nurses and aides, thereby depriving the Facility's residents of the level of care required under New York and federal law.[2] Among many other shocking failures, this understaffing caused Defendants to fail to provide the correct dosage of medications at the prescribed times, fail to regularly wash and change patients, serve patients inappropriate meals, force patients to clean the Facility walls with caustic chemicals causing severe skin peeling, put patients on heavy narcotics resulting in some patients suffering from brain metabolic injury, and refuse patients their clothing and medication upon discharge.

    3.    Unsurprisingly, the Nursing Home Compare website operated by the federal Centers for Medicare & Medicaid Services ("CMS") shows that the Facility currently receives a

---

[1] PHL § 2801-d provides a cause of action by residents against nursing homes that deprive them of "any right or benefit created or established for the well-being of the patient by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation." *See* PHL 2801-d(1).

[2] *See* 10 N.Y.C.R.R. § 415.13 (mandating that a nursing facility "shall provide sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident"); 42 U.S.C. § 1396r(b)(4)(C)(i)(I) (mandating that a nursing facility "must provide 24-hour licensed nursing services which are sufficient to meet the nursing needs of its residents"); 42 U.S.C. § 1395i-3(b)(4)(A)(i) (mandating that a nursing facility must provide "nursing services and specialized rehabilitative services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident").

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM          INDEX NO. 523769/2018

NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 11/27/2018

rating of one star ("much below average") out of a five star scale in staffing, further evidencing the lack of adequate care and staffing at the Facility.[3]

4.   As the Facility has approximately 360 beds and is operating at a high occupancy rate (above 90%),[4] there are many other residents currently languishing in an unsafe and inadequate nursing home.

5.   Accordingly, Plaintiff, individually and on behalf of the Class, asserts claims against Defendants for violation of PHL § 2801-d and seek monetary damages in an amount to be determined at trial, statutory damages in accordance with PHL § 2801-d(2), and injunctive relief prohibiting further wrongful conduct, as well as any other available relief at law or in equity.

## PARTIES

**Plaintiff**

6.   Plaintiff Walter Chow sues on behalf of the Estate of Leroy Chow, his brother, who was a resident of the Facility from approximately February 2015 until his release in August 2016.

7.   Leroy Chow passed away in December 2017.

8.   Walter Chow's application for letters of administration on behalf of Leroy Chow's estate is in process.

9.   Walter Chow is a citizen and resident of Kings County, New York.

---

[3] *See* Nursing Home Compare Profile for the Facility (available at https://www.medicare.gov/NursingHomeCompare/profile.html#profTab=-1&ID=335513) (accessed November 26, 2018) (copy annexed as Exhibit 1).

[4] *See* New York State Department of Health profile for the Facility (available at https://profiles.health.ny.gov/nursing_home/view/150691).

3

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/27/2018

**Defendants**

10.     Defendant Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center is a New York limited liability company with its principal place of business in Kings County, New York.  Shorefront Operating LLC has been the operator of the Facility since at least December 11, 2014.  Shorefront Operating LLC provides an address for service by the New York State Department of State of 20 Franklin Place, Woodmere, New York 11598.

11.     Defendants Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, and Joel Zupnick (the "Individual Defendants") each hold an ownership interests in Shorefront Operating LLC.  Shaindy Berko owns a 10% interest in Shorefront Operating LLC, Joel Zupnick a 25% interest, Esther Farkovits a 10% interest, Rochel David a 10% interest, Leah Friedman a 10% interest, Deena Landa a 10% interest, Avi Philipson a 10% interest, Berish Rubinstein a 2.5% interest, David Rubinstein a 10% interest, and Bruscha Singer a 2.5% interest.[5]  On information and belief, the Individual Defendants are all residents of New York State.

12.     Defendant Shorefront Realty LLC owns the property occupied by the Facility and receives rent payments from Shorefront Operator LLC for the use of the property.  Shorefront Realty LLC is owned by many of the same persons as Shorefront Operating LLC.  Leah Friedman has a 10.0% in Shorefront Realty LLC, Rochel David a 10.0% interest, David Rubinstein a 10.0% interest, Benjamin Landa a 20.0% interest, Philipson Family, LLC a 10.0% interest, Cheskel Berkowitz a 25.0% interest, the Schlesinger Family Trust a 10.0% interest, Berish Rubinstein a 2.5% interest, and Brucha Singer a 2.5% interest.  Shorefront Realty LLC

---

[5] *See* https://www.health.ny.gov/facilities/public_health_and_health_planning_council/meetings/2014-01-30/docs/131092_e.pdf (accessed October 31, 2018).

4

provides an address for service by the New York State Department of State of 20 Franklin Place, Woodmere, New York 11598. Shorefront Realty LLC purchased the property in 2014.[6] Shorefront Realty LLC, as Shorefront Operating LLC's landlord and sharing almost entirely the same owners, has the ability to influence the operation and management of the Facility.

13. Defendant SentosaCare, LLC is a New York limited liability company with its principal place of business in Nassau County, New York. SentosaCare, LLC provides administrative services to the Facility,[7] and thus has the ability to influence the operation and management of the Facility. Indeed, the "proposed operator" of the Facility when it was purchased was listed "Shorefront Operating LLC c/o SentosaCare, LLC" at 20 Franklin Place, Woodmere, New York 11598,[8] the same address that SentosaCare LLC provides as an address for service by the New York State Department of State.

14. In addition to the defendants identified with particularity, Plaintiff alleges all claims against Does 1-25, with addresses and names unknown, who are other persons that have owned, operated, or controlled the Facility during the relevant period.

---

[6] *Id.*

[7] *See* State of New York Public Health and Health Planning Council Committee Day Agenda for January 28, 2016, at Project #152177-E Exhibit Page 10 (available at https://www.health.ny.gov/facilities/public_health_and_health_planning_council/meetings/2016-01-28/docs/exhibits.pdf) (last visited October 31, 2018) (disclosing that "Sentosa Care LLC contracts for administrative services with the following nursing homes . . . : Bay Park Center for Nursing and Rehabilitation; Eastchester Rehabilitation and Health Care Center; Nassau Extended Care Center; Park Avenue Extended Care Facility; Seagate Rehabilitation and Nursing Center").

[8] *See* Summary Information page for Project Number 131092 on the New York State Department of Health Certificate of Need system (available athttps://www.health.ny.gov/facilities/cons/nysecon/) (visited October 31, 2018) (copy annexed as Exhibit 2).

5

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM                                    INDEX NO. 523159/2018
NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 11/27/2018

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over all causes of action asserted herein.  Defendants are subject to the personal jurisdiction of this Court pursuant to CPLR 301.

16.    Defendants have conducted and do conduct business in the State of New York, including through operation of the Facility.

17.    Venue is proper in this County pursuant to CPLR 503(d) because Defendant Shorefront Operating LLC maintains its principal place of business in Kings County, New York.

18.    Venue is also proper in this County pursuant to CPLR 503(a) because Plaintiff resides in Kings County, New York.

## FACTUAL BACKGROUND

I.    **The Nursing Home Crisis Leads To Legislation Granting Patients A Right To Bring Class Actions Against Operators For Improper Care And To Federal Databases Tracking Nursing Home Ratings.**

19.    In an effort to protect the vulnerable nursing home population, ensure that their rights are enforced, and provide them with a form of legal recourse which would not otherwise be economically feasible, the New York State Legislature enacted PHL §§ 2801-d and 2803-c.

20.    Predating the enactment of PHL §§ 2801-d and 2803-c, "the public's confidence in the State's ability to protect its most defenseless citizens, the aged and infirm, had been destroyed by a series of dramatic disclosures highlighting the abuses of nursing home care in their State." *See* Governor's Memoranda, Nursing Home Operations, McKinney's 1975 Session Laws of New York, p.1764.  In Governor Carey's letter to the Legislature accompanying the bills for PHL §§ 2801-d and 2803-c, he stated that these bills were "designed to deal directly with the most serious immediate problems which have been uncovered with respect to the

6

Case 1:19-cv-03541-FB-JPC   Document 5   Filed 06/19/19   Page 18 of 156 PageID #: 77

nursing home industry."[9]  The Sponsor's Memorandum relating to PHL § 2803-c and the

transcripts of the Senate debates indicate that the purpose of the statute was to establish certain

minimum standards for the care of nursing home patients. *See* Governor's Bill Jacket for

Chapter 648 of the Laws of 1975; Senate Debate Transcripts, 1975, Chapter 648 Transcripts,

pp.4521, 4525.  The term "residential health care facility" was intentionally used by the

Legislature in an effort to curb abuses in the nursing home industry.[10]

21.    The Commission's Summary Report specifically indicated that PHL § 2801-d

creates a cause of action for a patient of a facility which deprived the patient "of rights or

benefits created for his well-being by federal or state law or pursuant to contract" which resulted

in injury to the patient.  The Commission stated that this statute "introduce[s] a degree of

equality between nursing homes and their otherwise vulnerable and helpless patients and,

through private litigation brought by patients either in individual or class action lawsuit, provides

a supplemental mechanism for the enforcement of existing standards of care."

22.    The Legislative Memorandum "Nursing Home–Health Care Facilities–Actions by

Patients" relating to PHL § 2801-d observes that nursing home patients "are largely helpless and

isolated," that many are "without occasional visitors," and that "[m]ost cannot afford attorneys,"

and therefore the bill provides nursing home patients "with increased powers to enforce their

rights to adequate treatment and care by providing them with a private right of action to sue for

damages and other relief and enabling them to bring such suits as class actions." *See*

McKinney's Session Laws of New York, 1975 pp.1685-86.  That memorandum states that the

---

[9] *Morisett v. Terence Cardinal Cooke Health Care Ctr.*, 8 Misc.3d 506, 509 (Sup. Ct. N.Y. Cnty. 2005).

[10] *See Town of Massen v. Whalen*, 72 A.D.2d 838 (3rd Dep't 1979).

7

proposed PHL § 2801-d "creates incentives which would encourage private non-governmental parties (*i.e.*, plaintiffs' attorneys) to help protect the rights of nursing home patients." *Id.*

23.     This statutory cause of action was created as an additional remedy, separate and distinct from other available traditional tort remedies.[11]

24.     In addition, in the wake of an emphasized focus on the adequacy of care provided by skilled nursing home facilities, in December of 2008, the Centers for Medicare & Medicaid Services ("CMS") enhanced its Nursing Home Compare public reporting site to include a set of quality ratings for each nursing home that participates in Medicare or Medicaid.  The primary goal of this rating system is to provide residents and their families with an easy way to assess nursing home quality, in order to make meaningful distinctions between high and low performing nursing homes.  The rating system features an overall five-star rating based on facility performance in three areas, each of which has its own five-star rating: (1) health inspections, which is measured based on outcomes from State health inspections; (2) staffing, which is a measure based on the nursing home's aggregate staffing demand (based ultimately on the residents' Minimum Data Set ("MDS") -- a set of metrics used to determine for each resident the amount of staffing needed) and staffing supply (based on payroll records for Registered Nurse ("RN"), Licensed Practitioner Nurse ("LPN"), and nurse aide hours per resident per day); and (3) quality measures.[12]

---

[11] *See Kash v. Jewish Home & Infirmary of Rochester, N.Y. Inc.,* 61 A.D.3d 146, 150 (4th Dep't 2009).

[12] *See* Centers for Medicare & Medicaid Services, "Design for Nursing Home Compare Five-Star Quality Rating System: Technical User's Guide" (July 2018 ed.) (the "CMS Technical Guide") (available at https://www.cms.gov/Medicare/Provider-Enrollment-and-Certification/CertificationandComplianc/Downloads/usersguide.pdf) (last visited August 28, 2018).

8

25.   This class action seeks to address the injustices that caused the Legislature to enact PHL § 2801-d. As alleged in more detail below, Defendants have violated and continue to violate their statutory obligations by failing to provide, among other things, adequate staffing, supervision, treatment, hygiene, and medical attention to the Class.

## II.   The Facility Is Unsafe And The Conditions To Which Its Patients Are Subjected Violate Numerous Statutes.

26.   Previously known as the Shorefront Jewish Geriatric Center and operated by the not-for-profit corporation Shorefront Jewish Geriatric Center, Inc., the Facility was sold in December 2014 to two entities -- owned almost entirely by the same parties -- in a deal worth $50,000,000.00. Defendant Shorefront Realty LLC purchased the Facility's real estate for $32,000,000.00, and defendant Shorefront Operating LLC purchased the Facility's operations for $18,000,000.00. Subsequent to the sale, Shorefront Operating LLC made lease payments to Shorefront Realty LLC for use of the Facility. Mortgage financing of $45,000,000.00 was provided by Greystone Funding Corporation. As part of the sale, the name under which the Facility operates was changed to Seagate Rehabilitation and Nursing Center. Also as part of the sale, Shorefront Operating, LLC contracted with SentosaCare, LLC to provide administrative services to the Facility.

27.   Conditions at the Facility have been and continue to be unsafe and violative of applicable laws, rules, and regulations, and the care provided to Leroy Chow and the Class has been and continues to be inadequate.

28.   Defendants failed and continue to fail to promote the care for the Facility's residents in a manner that maintains or enhances each resident's dignity and respect in full recognition of their individuality and in contravention of applicable federal and New York State laws, rules, and regulations.

9

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM          INDEX NO. 523769/2018
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 11/27/2018

29.     Among other failures, Defendants failed and continue to fail to provide sufficient nursing staff to provide the nursing and related services necessary to attain and maintain the highest practicable physical and psycho-social well-being of the Patients.  A resident's right to sufficient staffing is one of the most important rights protected by New York and federal statutes.[13]

30.     The Facility is administered by SentosaCare, LLC.  As early as October 2015, local news media reported that staffing levels among SentosaCare administrated nursing homes were egregiously low.[14]

31.     Indeed, the Facility currently receives a rating of one star ("much below average") out of a five star scale in staffing from the Nursing Home Compare website operated by CMS.[15] CMS's star ratings for staffing reflect the relationship of a facility's reported staffing levels to its expected staffing levels (determined by looking at the number of residents and their reported medical conditions).[16]  A one-star or two-star rating indicates that the Facility has actual staffing levels below the expected staffing levels, based on the needs of the residents.[17]  Defendants here have failed to adequately staff the Facility for years; during every quarter beginning in 2013 to

---

[13] See 10 N.Y.C.R.R. § 415.13; 42 U.S.C. § 1396r(b)(4)(C)(i)(I); 42 U.S.C. § 1395i-3(b)(4)(A)(i).

[14] See https://www.propublica.org/article/new-york-for-profit-nursing-home-group-flourishes-despite-patient-harm (accessed August 29, 2018).

[15] See Exhibit 1.

[16] See CMS Technical Guide at 1 ("The staffing measures are derived from data submitted each quarter through the Payroll-Based Journal System (PBJ), along with daily resident census derived from Minimum Data Set, Version 3.0 (MDS 3.0) assessments, and are case-mix adjusted based on the distribution of MDS 3.0 assessments by Resource Utilization Groups, version IV (RUG-IV group).") & 7-12.

[17] Id. at 9-12.

10

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM

the present, the Facility has received one and two star ratings for overall staffing and RN staffing.[18]

32.     Defendants' failure to properly staff the Facility is particularly egregious because understaffing is one of the primary causes of inadequate care and often unsafe conditions in nursing facilities. Numerous studies have shown a direct correlation between inadequate staffing and serious care problems including, but not limited to, a greater likelihood of falls, pressure sores, significant weight loss, incontinence, and premature death. Although the dangers caused by understaffing are common knowledge in the nursing home industry, Defendants nonetheless chose not to provide adequate staffing levels.

33.     In addition, Defendants failed and continue to fail to provide each patient with the appropriate food. For example, Leroy Chow, who was a diabetic, was often served inappropriate meals laden with sugars and heavy in carbohydrates.

34.     Defendants have subjected Leroy Chow and the Class to indignities and other harms that directly resulted and continue to result from inadequate nurse staffing levels at the Facility, including but not limited to: infrequent and inadequate turning and repositioning; no response or long response times to call lights; failure to provide adequate showers; lack of assistance with grooming and bathing; inadequate attention to toileting needs, resulting in Leroy Chow and the Class remaining in their own urine and fecal matter for extended periods of time; lack of assistance with eating; failure to provide fluids as needed; lack of assistance with dressing; and being confined to their beds without removal for long periods. Indeed, Plaintiff has found no nurses or doctors present on the floor for hours at a time or indeed for an entire evening.

---

[18] See Exhibit 3 (compiling historical CMS ratings for staffing for the Facility).

11

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM     INDEX NO. 523769/2018
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 11/27/2018

35.     For example, in October of 2015, Leroy Chow was forced by the staff at the Facility to clean the Facility walls himself using caustic chemicals, resulting in his suffering severe skin peeling.  Also while a resident at the Facility, Leroy Chow developed three huge pre-cancerous polyps that were left unattended for almost a year.  He was also discovered by family members to be sitting in a public area in urine soaked clothing, apparently having needed to have been changed for hours.  Because of the lack of sufficient staff, he was constantly given the incorrect dosage of medication.

36.     His meals were often inappropriate for a diabetic.  He was served meals containing high amounts of carbohydrates and sugar.  In August 2016, when he was due to be released from the Facility, he was placed on heavy narcotics in order to deter his discharge.  He suffered brain metabolic injury due to the heavy narcotics and was refused his clothing and medication upon release.

37.     Indeed, there were several instances where Leroy Chow or another resident would ask for help -- for example, with going to the bathroom -- while sitting out sitting out in open area, right in front of the nurses' station, but would receive no assistance for hours.  As a result, Leroy Chow and other residents were left to sit in their own waste, increasing their risk of developing a urinary tract infections ("UTI").

38.     As a result of Defendants' inadequate care, Leroy Chow sustained personal injuries and endured conscious pain and suffering.

39.     Upon information and belief, as a result of Defendants' inadequate care, the other members of the Class have sustained physical injuries and endured conscious pain and suffering.

40.     Defendants' inadequate care also injured Leroy Chow and the other members of the Class by placing them at an increased risk of harm.

12

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM

41.     And Defendants' failure to satisfy its obligations pursuant to federal and New

York law -- particularly the obligation to provide sufficient staffing -- economically injured

Leroy Chow and the other members of the Class by depriving them of the benefit of the services

for which they paid Defendants -- namely, a nursing home with, at the least, staffing sufficient to

satisfy the requirements of New York and federal law

## CLASS ACTION ALLEGATIONS

42.     This action is brought on behalf of the Plaintiff identified above and all similarly

situated persons pursuant to Civil Practice Law and Rules 901, *et seq.*[19]  The Class is defined as:

> All persons who reside, or resided, at the Facility from November
> 27, 2015, to the present.

43.     Plaintiff reserves the right to amend the above definitions, or to propose other or

additional classes, in subsequent pleadings and/or motions for class certification.

44.     Plaintiff is a member of the Class.

45.     Excluded from the Class are: (i) Defendants; any entity in which Defendants have

a controlling interest; the officers, directors, and employees of Defendants; and the legal

representatives, heirs, successors, and assigns of Defendants; (ii) any judge assigned to hear this

case (or any spouse or family member of any assigned judge); (iii) any juror selected to hear this

---

[19] PHL § 2801-d explicitly provides for these statutory claims to be brought as a class action. *See* PHL § 2801-d(4) (providing that "[a]ny damages recoverable pursuant to this section, *including minimum damages as provided by subdivision two of this section*, may be recovered in any action which a court may authorize to be brought as a class action" (emphasis added)).  PHL § 2801-d(2) provides that "compensatory damages shall be assessed in an amount sufficient to compensate such patient for such injury, but in no event less than twenty-five percent of the daily per-patient rate of payment established for the residential health care facility under section twenty-eight hundred seven of this article or, in the case of a residential health care facility not having such an established rate, the average daily total charges per patient for said facility, for each day that such injury exists."

13

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 11/27/2018

case; (iv) claims for personal injury and wrongful death; and (v) any and all legal representatives of the parties and their employees.

46.     This action seeks to enjoin Defendants from understaffing, failing to disclose its understaffing, and making misleading promises about staffing at the Facility.  In addition, this action seeks recovery -- including statutory minimum damages -- from the Defendants for their injuries resulting from Defendants' failure to meet its contractual, statutory, and regulatory obligations.

47.     Plaintiff and the Class satisfy the requirements for class certification as provided by Civil Practice Law and Rules 901, *et seq.*, for the following reasons:

48.     **Numerosity of the Class.** Members of the Class are so numerous that their individual joinder is impracticable.  The Class consists of hundreds, if not thousands, of persons and is therefore so numerous that joinder of all members, whether required or permitted, is impracticable.  The precise number of persons in the Class and their identities and addresses may be ascertained from Defendants' records.  If deemed necessary by the Court, members of the Class may be notified of the pendency of this action.

49.     **Common Questions of Fact and Law.** Common questions of law and fact exist as to all members of the Class. These common legal and factual questions include, without limitation:

   a.   Whether Defendants violated or violate New York laws, including, but not limited to, PHL 2801-d, by depriving any patient of the Facility of any right or benefit created or established for the well-being of the patient by the terms of any contract, by any state statute, code, rule, or regulation, or by any applicable federal statute, code, rule, or regulation during the Class Period;

   b.   Whether Defendants violated or violate New York laws, including, but not limited to, PHL 2803-c, by failing to provide any patient of the Facility with adequate and appropriate medical care, failing to provide courteous, fair and respectful care and treatment, and failing to ensure every patient was free from mental and physical abuse during the Class Period;

14

c.  Whether Defendants failed or fail to employ an adequate number of qualified personnel to carry out all of the functions of its Facility in violation of PHL 2801-d and 2803-c;

d.  Whether Defendants' decision to understaff the Facility violated or violates any right(s) of residents as set forth in PHL 2801-d and 2803-c;

e.  Whether Defendants' decision to understaff its Facility and failure to provide adequate and appropriate medical care violated or violates any right(s) of residents as set forth in the Patients' Bill of Rights pursuant to PHL 2803-c;

f.  Whether Defendants' conduct violated or violates sections 31.19(a) and 16.19(a) of the New York Mental Hygiene Law;

g.  Whether Defendants' conduct violated or violates section 415 of the New York Code Rules and Regulations, including but not limited to subsections 415.3, 415.5, 415.12, 415.13, 415.14, 415.15, and 415.26; and

h.  Whether Defendants' conduct violated or violates the federal Nursing Home Reform Act, codified at 42 U.S.C. §§ 1395i-3(a)-(h) & 1396r(a)-(h) and at 42 C.F.R. §§ 483.15, 483.20, 483.25, 483.30, 483.40, 483.60, & 483.75.

50.    **Typicality.** The claims of Plaintiff are typical of the claims of the proposed Class because Plaintiff's claims are based upon the same legal theories and same violations of New York State law.  Plaintiff's grievances, like the proposed Class members' grievances, all arise out of the same business practices and course of conduct by Defendants.  Further, Plaintiff's damages arise out of a pattern of uniform and repetitive business practices conducted by Defendants.

51.    **Adequacy.** Plaintiff will fairly and adequately represent the Class on whose behalf this action is prosecuted.  His interests do not conflict with the interests of the Class.

52.    Plaintiff and his chosen attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this Complaint so as to be able to assist in its prosecution.  Indeed, FBFG has been appointed as lead counsel in several complex class actions across the country and has secured numerous favorable judgments in favor of its clients.  FBFG's

15

attorneys are competent in the relevant areas of the law and have sufficient experience to vigorously represent the Class members. Finally, FBFG possesses the financial resources necessary to ensure that the litigation will not be hampered by a lack of financial capacity and is willing to absorb the costs of the litigation.

53.   **Superiority.**  A class action is superior to any other available methods for adjudicating this controversy.  The proposed class action is the surest way to fairly and expeditiously compensate so large a number of injured persons, to keep the courts from becoming paralyzed by hundreds -- if not thousands -- of repetitive cases, and to reduce transaction costs so that the injured Class members can obtain the most compensation possible.

54.   Class treatment presents a superior mechanism for fairly resolving similar issues and claims without repetitive and wasteful litigation for many reasons, including the following:

a.  Absent a class action, Class members will suffer continuing, ever-increasing damages; violations of Class members' rights will continue without remedy; and the Facility will continue to remain understaffed, resulting in the mistreatment and improper care of its Patients.

b.  It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions.  Many members of the Class are not in the position to incur the expense and hardship of retaining their own counsel to prosecute individual actions, which in any event might cause inconsistent results.

c.  When the liability of Defendants has been adjudicated, the Court will be able to determine the claims of all members of the Class.  This will promote global relief and judicial efficiency in that the liability of Defendants to all Class members, in terms of money damages due and in terms of equitable relief, can be determined in this single proceeding rather than in multiple, individual proceedings where there will be a risk of inconsistent and varying results.

d.  A class action will permit an orderly and expeditious administration of the Class claims, foster economies of time, effort, and expense, and ensure uniformity of decisions.  If Class members are forced to bring individual suits, the transactional costs, including those incurred by Defendants, will increase dramatically, and the courts of New York will be clogged with a multiplicity of lawsuits concerning the very same subject matter, with the identical fact patterns and the same legal

issues. A class action will promote a global resolution, and will promote uniformity of relief as to the Class members and as to Defendants.

e. This lawsuit presents no difficulties that would impede its management by the Court as a class action. The class certification issues can be easily determined because the Class includes only the residents of the Facility, the legal and factual issues are narrow and easily defined, and the Class membership is limited. The Class does not contain so many persons that would make the Class notice procedures unworkable or overly expensive. The identity of the Class members can be identified from Defendants' records, such that direct notice to the Class members would be appropriate.

## FIRST CAUSE OF ACTION

## PUBLIC HEALTH LAW § 2801-d

55.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained above with the same force and effect as if the same were set forth at full length herein.

56.     At all relevant times, Defendants conducted business as a licensed nursing home as defined under PHL § 2801(2).

57.     At all relevant times, Defendants had possession and control of the Facility's building(s), the nursing home located at 3015 W 29th Street, Brooklyn, NY 11224.

58.     At all relevant times, Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, SentosaCare, LLC, and Does 1-25 have each had the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of the Facility, and are thus controlling persons of the Facility pursuant to PHL § 2808-a

59.     The Facility is a geriatric center, adult living facility, and/or a nursing home, which provides nursing care to sick, invalid, infirmed, disabled, or convalescent persons in addition to lodging and board or health related services pursuant to PHL § 2801(2).

60.     The Facility is a residential health care facility as defined in PHL § 2801(3).

17

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM
NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/27/2018

61.     Defendants are subject to the provisions of PHL §§ 2801-d and 2803-c, as well as the rules and regulations set forth in sections 31.19(a) and 16.19(a) of the New York Mental Hygiene Law, section 415 of the New York Code Rules and Regulations, and the federal Nursing Home Reform Act.  These rules and regulations impose various obligations on Defendants, including, among others, a duty to adequately staff the Facility.

62.     Leroy Chow and the Class entered the Facility for care, treatment, supervision, management, and/or rehabilitation.

63.     Leroy Chow and the Class were under the exclusive care, custody, control, treatment, rehabilitation, supervision, and management of Defendants.

64.     During the period of Leroy Chow and the Class's residency in the Facility, Defendants, through their officers, employees, agents, and staff, violated PHL § 2801-d by depriving Mr. Chow and the Class of rights or benefits created or established for their well-being by the terms of a contract(s) and/or by the terms of state and federal statutes, rules, and regulations.

65.     During Leroy Chow and the Class's residency, they sustained personal injuries and suffered mental anguish as a result of Defendants' failure to meet its contractual, statutory, and regulatory obligations, particularly the obligation to adequately staff the Facility.

66.     During Leroy Chow and the Class's residency at the Facility, they were and are subjected to indignities and other harms that directly resulted and result from inadequate staffing levels at the Facility, including but not limited to: infrequent and inadequate turning and repositioning; no response or long response times to a call light; failure to provide adequate showers; lack of assistance with grooming and bathing; inadequate attention to toileting needs requiring Leroy Chow and the Class to remain in their own urine and fecal matter for extended

18

periods of time; lack of assistance with eating; failure to provide fluids as needed; lack of assistance with dressing; and being confined to their bed without removal for long periods.

67.     Plaintiff and his family complained to the Facility's staff regarding the neglectful, improper, and/or inadequate care and treatment of Leroy Chow and the other members of the Class.

68.     As a result of the foregoing acts and/or omissions, Defendants deprived Mr. Chow and the Class of their rights in violation of PHL § 2801-d.

69.     Defendants' deprivation of Mr. Chow and the Class's rights in violation of PHL § 2801-d substantially contributed to, created, and/or caused Mr. Chow and the Class's injuries. These injuries include, but are not limited to: being subjected to an increase risk of harm; being forced to undergo unnecessary medical treatment; incurring medical expense; suffering disfigurement, disability, mental anguish, and pain; suffering loss of enjoyment of life; and suffering a loss of the benefit of the bargain for which they contracted with Defendants -- namely, a residency at a nursing home with, at the least, staffing sufficient to satisfy the requirements of New York and federal law.

70.     Defendants' responsibilities and obligations to Leroy Chow and the Class are non-delegable, and thus Defendants have direct and/or vicarious liability for violations, deprivations, and infringements of such responsibilities and obligations by any person or entity under Defendants' control, direct or indirect, including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools, or caused by Defendants' policies, whether written or unwritten, or its common practices.

71.     All acts and omissions committed by employees and agents of Defendants were pervasive, omnipresent events that occurred and continued throughout Leroy Chow and the other

19

members of the Class's residency at the Facility, and were such that supervisors, administrators, and managing agents of Defendants knew, or should have been aware, of them.

72. Pursuant to PHL § 2801-d(2), Plaintiff and the Class seek compensatory damages in an amount sufficient to compensate each Patient for his or her injury, but in no event less than twenty-five percent of the daily per-patient rate of payment established for the Facility under PHL § 2807, or, in the event the Facility does not have an established rate, the average daily total charges per patient for the Facility, for each day that such injury existed.

73. In addition to damages suffered by Leroy Chow and the Class as the result of Defendants' deprivation of their rights as nursing home residents, justice requires that Plaintiff and the Class recover attorney's fees pursuant to PHL § 2801-d(6), punitive damages pursuant to PHL § 2801-d(2), and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully requests that the Court grant relief against Defendants as follows:

a. For a Court Order certifying that the action may be maintained as a class action;

b. For injunctive relief prohibiting Defendants' violations of PHL §§ 2801-d and 2801-c in the future;

c. On the First Cause of Action for violation of PHL § 2801-d, damages in an amount to be determined at trial and punitive damages, together with costs, disbursements, and attorney's fees in this action;

d. For restitution and any other monetary relief permitted by law;

e. For attorney's fees and costs; and

f. For such other and further relief as the Court may deem just and proper.

20

## DEMAND FOR TRIAL BY JURY

Plaintiff, individually and on behalf of the Class, demands a trial by jury as to all issues

triable of right.

Dated: White Plains, New York
        November 27, 2018

Respectfully Submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
Todd S. Garber
John Sardesai-Grant
Ayana McGuire
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com
tgarber@fbfglaw.com
jsardesaigrant@fbfglaw.com
amcguire@fbfglaw.com

*Attorneys for Plaintiff and the Proposed Class*

21

FILED: KINGS COUNTY CLERK 11/27/2018 10:21 AM INDEX NO. 523769/2018
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 11/27/2018

## VERIFICATION

STATE OF NEW YORK      )
                        ) ss:

COUNTY OF WESTCHESTER   )

      I, the undersigned, am an attorney admitted to practice in the Courts of the State of New

York and say that:

      I am the attorney of record for the Plaintiff and proposed Class. I have read the annexed

Summons and Class Action Complaint and know the contents thereof, and the same are true to

my knowledge, except those matters therein which are based on information and belief, and as to

those matters I believe them to be true. My belief, as to those matters therein not stated upon

knowledge, is based on the contents of the file. The reason I make this affirmation instead of

Plaintiff is because Plaintiff resides outside the county in which I have my office.

Dated: White Plains, New York
       November 27, 2018

                          */s/Jeremiah Frei-Pearson*
                          Jeremiah Frei-Pearson
                          **FINKELSTEIN, BLANKINSHIP,**
                          **FREI-PEARSON & GARBER, LLP**
                          445 Hamilton Avenue, Suite 605
                          White Plains, New York 10601
                          Tel: (914) 298-3281
                          Fax: (914) 824-1561
                          jfrei-pearson@fbfglaw.com

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (7/2012)

**Kings Supreme COURT, COUNTY OF Kings**

**Index No:** 523769/2018    **Date Index Issued:** 11/27/2018

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

Walter Chow as Administrator of the Estate of Leroy Chow

**Plaintiff(s)/Petitioner(s)**

-against-

Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center, Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, Sentosacare, LLC, Does 1-25

**Defendant(s)/Respondent(s)**

| For Court Clerk Use Only: |
|---|
| IAS Entry Date |
| |
| Judge Assigned |
| |
| RJI Date |
| |

## NATURE OF ACTION OR PROCEEDING:    Check ONE box only and specify where indicated.

**MATRIMONIAL**

- [ ] Contested
  **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum.** For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**

- [ ] Asbestos
- [ ] Breast Implant
- [ ] Environmental:
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability:
- [ ] Other Negligence:
- [ ] Other Professional Malpractice:
- [ ] Other Tort:

**OTHER MATTERS**

- [ ] Certificate of Incorporation/Dissolution    [see **NOTE** under Commercial]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other:

**COMMERCIAL**

- [ ] Business Entity (including corporations, partnerships, LLCs, etc.)
- [ ] Contract
- [ ] Insurance (where insurer is a party, except arbitration)
- [ ] UCC (including sales, negotiable instruments)
- [x] Other Commercial:   PHL 2801-d class action
  **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(D)], complete and attach the **COMMERCIAL DIV RJI Addendum.**

**REAL PROPERTY:**   How many properties does the application include?

- [ ] Condemnation
- [ ] Mortgage Foreclosure:    [ ] Residential    [ ] Commercial
  Property Address:
  **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- [ ] Tax Certiorari - Section:    Block:    Lot:
- [ ] Tax Foreclosure
- [ ] Other Real Property:

**SPECIAL PROCEEDINGS**

- [ ] CPLR Article 75 (Arbitration)    [see **NOTE** under Commercial]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene:
- [ ] Other Special Proceeding:

## STATUS OF ACTION OR PROCEEDING:    Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | [x] | [ ] | If yes, date filed:  11/27/2018 |
| Has a summons and complaint or summons w/notice been served? | [x] | [ ] | If yes, date served:  12/27/2018 |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: |

## NATURE OF JUDICIAL INTERVENTION:

Check ONE box only AND enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Note of Issue and/or Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice          Date Issue Joined:
- [x] Notice of Motion          Relief Sought: Dismiss          Return Date: 01/29/2019
- [ ] Notice of Petition          Relief Sought:          Return Date:
- [ ] Order to Show Cause          Relief Sought:          Return Date:
- [ ] Other Ex Parte Application          Relief Sought:
- [ ] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other:

## RELATED CASES:

List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the **RJI Addendum**. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## PARTIES:

For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the **RJI Addendum**.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g., defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| [ ] | Name: Chow, Walter<br><br>Role(s): Plaintiff/Petitioner | JEREMIAH FREI-PEARSON, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, 445 Hamilton Avenue Suite 605, White Plains, NY 10601, 914-298-3284, efile@lawampm.com | NO |  |
| [ ] | Name: Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nurs...<br><br>Role(s): Defendant/Respondent | KRYSTLE RODRIGUEZ, Wilson Elser, 1133 Westchester Avenue , White Plains, NY 10604, 9148727353, krystle.rodriguez@wilsonelser.com | NO |  |
| [ ] | Name: Berko, Shaindy<br><br>Role(s): Defendant/Respondent | KRYSTLE RODRIGUEZ, Wilson Elser, 1133 Westchester Avenue , White Plains, NY 10604, 9148727353, krystle.rodriguez@wilsonelser.com | NO |  |
| [ ] | Name: David, Rochel<br><br>Role(s): Defendant/Respondent | KRYSTLE RODRIGUEZ, Wilson Elser, 1133 Westchester Avenue , White Plains, NY 10604, 9148727353, krystle.rodriguez@wilsonelser.com | NO |  |
| [ ] | Name: Friedman, Leah<br><br>Role(s): Defendant/Respondent | KRYSTLE RODRIGUEZ, Wilson Elser, 1133 Westchester Avenue , White Plains, NY 10604, 9148727353, krystle.rodriguez@wilsonelser.com | NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated:          01/09/2019          KRYSTLE EVE RODRIGUEZ

**SIGNATURE**

5114632          KRYSTLE EVE RODRIGUEZ

**ATTORNEY REGISTRATION NUMBER**          **PRINT OR TYPE NAME**

*This form was generated by NYSCEF*

2 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all others
similarly situated,

Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

Defendants.
-------------------------------------------------------------------X

**Index No. 523769/2018**

**STIPULATION TO ADJOURN
MOTION TO DISMISS**

**Motion Seq. 1**

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned
attorneys for the respective parties herein, that the return date on Defendants' motion to dismiss,
currently returnable on January 29, 2019, is hereby extended by four weeks to February 26,
2019, with Plaintiff's response due February 19, 2019, and Defendants' reply due February 25,
2019; and

      IT IS FURTHER STIPULATED AND AGREED, by and between the undersigned
attorneys for the respective parties herein, that this stipulation may be signed in counterparts, that
a facsimile signature is deemed original for all purposes, and that this stipulation may be filed
with the Clerk of the Court without further notice.

Dated: New York, New York
      January 22, 2019

| | |
|---|---|
| Lori Semlies, Esq. | Jeremiah Frei-Pearson |
| **WILSON ELSER MOSKOWITZ** | **FINKELSTEIN, BLANKINSHIP,** |
| **EDELMAN & DICKER LLP** | **FREI-PEARSON & GARBER, LLP** |
| 1133 Westchester Avenue | 445 Hamilton Avenue, Suite 605 |
| White Plains, New York 10604 | White Plains, New York 10601 |
| Tel.: (914) 323-7000 | Tel.: (914) 298-3281 |
| lori.semlies@wilsonelser.com | jfrei-pearson@fbfglaw.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

{00298514 }

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all others
similarly situated,

                              Plaintiff,

v.                                                          **Index No. 523769/2018**

SHOREFRONT OPERATING LLC d/b/a SEAGATE          **STIPULATION TO ADJOURN**
REHABILITATION AND NURSING CENTER;               **MOTION TO DISMISS**
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER                    **Motion Seq. 1**
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                              Defendants.
-----------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned
attorneys for the respective parties herein, that the return date on Defendants' motion to dismiss,
currently returnable on March 28, 2019, is hereby extended by four weeks to April 25, 2019,
with Plaintiff's response due April 18, 2019, and Defendants' reply due April 24, 2019; and

IT IS FURTHER STIPULATED AND AGREED, by and between the undersigned
attorneys for the respective parties herein, that this stipulation may be signed in counterparts, that
a facsimile signature is deemed original for all purposes, and that this stipulation may be filed
with the Clerk of the Court without further notice.

Dated: New York, New York
         March 20, 2019

Lori Semlies, Esq.                              Jeremiah Frei-Pearson
**WILSON ELSER MOSKOWITZ**                      **FINKELSTEIN, BLANKINSHIP,**
**EDELMAN & DICKER LLP**                        **FREI-PEARSON & GARBER, LLP**
1133 Westchester Avenue                         445 Hamilton Avenue, Suite 605
White Plains, New York 10604                    White Plains, New York 10601
Tel.: (914) 323-7000                            Tel.: (914) 298-3281
lori.semlies@wilsonelser.com                    jfrei-pearson@fbfglaw.com
*Attorneys for Defendants*                      *Attorneys for Plaintiff*

{00300510 }

1 of 1

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                       Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITAION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                       Defendants.

Index No. 523769/2018

**NOTICE OF CROSS- MOTION**

Mot. Seq. 1

Return Date: May 2, 2019

**PLEASE TAKE NOTICE** that, upon the affirmation of John D. Sardesai-Grant, sworn

to on April 25, 2019, and the exhibits annexed thereto; the accompanying memorandum of law

in support; and all the pleadings and prior proceedings heretofore had herein, plaintiff Walter

Chow, by his undersigned attorneys, will move this Court before the Hon. Johnny Lee Baynes at

the Kings County Courthouse, Room 538, located at 360 Adams Street, Brooklyn, New York on

the 2nd day of May, 2019, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an

order (i) appointing Walter Chow as temporary administrator of Leroy Chow's estate for

purposes of this proceeding, or (ii) in the alternative, staying this action pending resolution of

Walter Chow's application to be appointed administrator of Leroy Chow's estate, and for such

other and further relief as the Court deems just and necessary.

Dated: White Plains, New York
April 25, 2019

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/John D. Sardesai-Grant*
Todd S. Garber
Jeremiah Frei-Pearson
John D. Sardesai-Grant
Ayana McGuire
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
tgarber@fbfglaw.com
jfrei-pearson@fbfglaw.com
jsardesaigrant@fbfglaw.com
amcguire@fbfglaw.com

*Attorneys for Plaintiff and the Putative Class*

To:

Krystle Rodriguez, Esq.
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
1133 Westchester Avenue
White Plains, New York 10604
Tel.: (914) 323-7000
krystle.rodriguez@wilsonelser.com

*Attorneys for Defendants*

2 of 2

NYSCEF DOC. NO. 26                                                                    RECEIVED NYSCEF: 01/26/2019

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITAION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>            Defendants. | Index No. 523769/2018<br><br>**AFFIRMATION OF JOHN D. SARDESAI-GRANT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO APPOINT WALTER CHOW AS TEMPORARY ADMINISTRATOR OF LEROY CHOW'S ESTATE FOR PURPOSES OF THIS PROCEEDING**<br><br>Mot. Seq. 1 |

JOHN D. SARDESAI-GRANT, ESQ., an attorney admitted to the practice of law in the

courts of the State of New York, affirms the following under penalty of perjury:

1.     I am an associate in the law firm of Finkelstein, Blankinship, Frei-Pearson &

Garber, LLP, attorneys for plaintiff Walter Chow in the above-captioned action against

defendants Shore Front LLC d/b/a Seagate Rehabilitation and Nursing Center ("Seagate"),

Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson,

Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and

SentosaCare, LLC (collectively, "Defendants") -- the owners and operators of Seagate

Rehabilitation and Nursing Center, a nursing home located at 3015 W 29th Street, Brooklyn,

New York (the "Facility").  In such capacity, I am familiar with all of the facts and prior

proceedings had herein based upon my review of the file that is maintained in connection with

this matter.

{00300719 }

1

1 of 5

## **INTRODUCTION**

2.      I submit this affirmation in opposition to Defendants' motion to dismiss, *see* NYSCEF Doc. Nos. 15-17, and in support of Plaintiff's cross-motion to be appointed, for purposes of this action, temporary administrator of his brother's estate.

3.      Defendants are entrusted to care for the elderly and infirm patients in their custody. *See* NYSCEF Doc. No. 1, Summons & Class Action Complaint (the "Complaint") (a copy of which is annexed to Defendants' Affirmation in Support ["Def.'s Aff."] as Exhibit A, *see* NYSCEF Doc. No. 17) at ¶ 2.  Unfortunately, Defendants betray that trust and violate numerous laws designed to protect patient safety. *Id.*  By this action, Plaintiff, on behalf of his brother's estate and a putative class of fellow nursing home residents, seeks damages and injunctive relief to remedy Defendants' unlawful practices. *Id.* ¶ 5.

4.      Defendants move to dismiss this case, arguing that Plaintiff lacks standing and/or a cause of action because, at the time of the filing, Walter Chow had not been appointed as his brother's estate administrator. *See* NYSCEF Doc. No. 16, Def.'s Aff. ¶ 2.  This argument must fail.  First, Defendants' unlawful conduct is exactly the type of behavior that, pursuant to the doctrine of "capable of repetition yet evading review," requires that standing be accorded to plaintiffs who otherwise do not have standing.  Second, it is possible that Mr. Chow will have been appointed temporary administrator of his brother's estate before the May 2, 2019 return date on Defendants' motion, mooting Defendants' motion.

5.      In the event that the Surrogate's Court has not yet appointed Mr. Chow either limited or full administrator of his brother's estate in either a temporary or permanent capacity by the return date of Defendants' motion, Plaintiffs respectfully request that this Court exercise its inherent power to appoint Mr. Chow temporary administrator for purposes of the instant

matter, or, in the alternative, stay this proceeding and adjourn Defendants' motion to dismiss

pending the outcome of Mr. Chow's application for letters of administration.

## FACTUAL BACKGROUND

6.      Leroy Chow was a resident of the Defendants' Facility from February 2015 until

his release in August 2016, during which time he was injured -- physically, emotionally, and

financially -- by the inadequate care provided at the Facility. *See* Complaint ¶¶ 6-7 & 33-41.

7.      On November 27, 2018, because Defendants' improper operation of the Facility

was ongoing and required immediate reform, Plaintiff initiated this putative class action against

Defendants pursuant to PHL § 2801-d. *See* Complaint. Walter Chow alleged claims

individually, as the representative of his brother's estate, and on behalf of a class of similarly

situated nursing home residents victimized at the Facility by Defendants' failure to meet their

statutory obligations pursuant to New York and federal law. Plaintiff's Complaint seeks

damages pursuant to the statute for the injuries visited upon his brother and the other members of

the putative Class due to Defendants' systemic failure to meet their statutorily-imposed

obligations to provide adequate care by, among other things, adequately staffing the Facility;

Plaintiff also seeks injunctive relief to reform the Facility going forward. *See* Complaint ¶ 5.

8.      On January 9, 2019, Defendants moved to dismiss the action for lack of standing,

noticing a return date of January 29, 2019. *See* NYSCEF Doc. No. 15-17.

9.      On January 15, 2019, plaintiff Walter Chow petitioned for appointment as

administrator of the estate of his brother, Leroy Chow, whose residency at the Facility ended

when he passed in December 2017. *See* Ex. 1, Petition for Letters of Temporary Administration.

The clerk determined that the application would require some additional documentation and

returned it to be re-submitted with the additional materials, prolonging the process. *See* Ex. 2,

Surrogate's Court List of Additional Documents Required.

3 of 5

10.     On January 17, 2019, in order to give Mr. Chow's application for appointment time to process, Plaintiff asked Defendants to stipulate to an adjournment of the motion by four weeks, and Defendants agreed to the adjournment.

11.     Accordingly, on January 22, 2019, the Parties executed and filed with the Court a stipulation adjourning the motion. *See* NYSCEF Doc. No. 23. And this Court set a return date of March 28, 2019, for the motion.

12.     On March 18, 2019, because Mr. Chow's application for appointment as administrator of his brother's estate was still under way, Plaintiff asked Defendants to stipulate to another adjournment of the motion. After Plaintiff explained that the Surrogate's Court clerk requested additional documentation and shared with Defendants copies of both the original submissions made by him to the Surrogate's Court and the expanded petition that was going to be submitted by him later that week, Defendants consented to the adjournment.

13.     On March 21, 2019, after having procured the supplemental documents and information requested by the clerk of the Surrogate's Court, Plaintiff submitted an expanded petition which was accepted by the Surrogate's Court clerk and assigned a file number of 2019-1121. *See* Exs. 3, Petition for Letters of Temporary and Limited Administration, & 4, Receipt.

14.     On March 21, 2019, the Parties filed with the Court a stipulation adjourning the motion by four weeks to April 29, 2019. *See* NYSCEF Doc. No. 24.

15.     On March 28, 2019, because the stipulated adjournment was still listed as "pending" on NYSCEF, the Parties appeared before the Court rather than risk default. The Court adjourned the motion to May 2, 2019.

16.     Mr. Chow's application for appointment as the administrator of his brother's estate remains under review at the Surrogate's Court.

## EXHIBITS

17.     Attached as Exhibit 1 is a true and correct copy of Walter Chow's Petition for Letters of Temporary Administration of the Estate of Leroy Chow.

18.     Attached as Exhibit 2 is a true and correct copy of the Surrogate's Court List of Additional Documents Required, dated January 15, 2019.

19.     Attached as Exhibit 3 is a true and correct copy of Walter Chow's Petition for Letters of Temporary and Limited Administration of the Estate of Leroy Chow.

20.     Attached as Exhibit 4 is a true and correct copy of the Surrogate's Court Receipt, dated March 21, 2019.

## CONCLUSION

WHEREFORE, for the reasons outlined above and more fully in Plaintiff's brief in support of the cross-motion and in opposition to Defendants' motion, filed herewith, Plaintiffs respectfully request that the Court (i) deny Defendants' motion to dismiss or, in the alternative, stay this action pending resolution of Plaintiff's application to be appointed administrator of his brother's estate; (ii) if necessary, grant Plaintiffs' cross-motion to appoint Mr. Chow as temporary administrator of his brother's estate for purposes of this proceeding; and (iii) such other and further relief as the Court deems just and necessary.

Dated:  White Plains, New York
        April 25, 2019

                                        /s/John D. Sardesai-Grant
                                        John D. Sardesai-Grant
                                        **FINKELSTEIN, BLANKINSHIP,**
                                        **FREI-PEARSON & GARBER, LLP**
                                        445 Hamilton Avenue, Suite 605
                                        White Plains, New York 10601
                                        Tel: (914) 298-3281
                                        Fax: (914) 824-1561
                                        jsardesaigrant@fbfglaw.com
                                        *Attorneys for Plaintiff and the Putative Class*

{00300719 }                             5

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 45 of 156 PageID #: 104

# Exhibit 1

Andrew G. Finkelstein, P.C. (NY & NJ) *
George M. Levy (NY)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY) *
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
George A. Kohl, II (NY & MA)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright, R.N. (NY) *
Kenneth B. Fromson (NY, NJ & PA) *
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ) *
Victoria Lieb Lightcap (NY & MA) *
Ann R. Johnson (NY & CT)

Marshall P. Richer (NY)
Edward M. Steves (NY)
Kara L. Campbell (NY, NJ & CT)
Marie M. DuSault (NY)

Melody A. Gregory (NY & CT)
Elizabeth A. Wolff (NY & MA)
Christine Khalili-Borna Clemens (NY & CA)
Brian D. Acard (NY)
Vincent J. Pastore (NY)
Christopher Camastro (NY & NJ)
Jeffrey M. Brody (NY)
Courtney J. Day (NY & NJ)
Robyn L. Rothman (NY)
Levi Albert (NY & CA)
Alexandra Cumella (NY & NJ)
Of Counsel
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ) *

Raye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)
David Akerib (NY)
Frances M. Bova, R.N. (NY & NJ)
Gustavo W. Alzugaray (NY)
Sharon A. Scanlan (NY & CT)
Marc S. Becker (NY)
Antonio S. Grillo (NY & NJ)
Narine Galoyan (NY)
Jonathan Minkove (NJ & MD)
Levi Glick (NY & NJ)
Daniel DeVoe (NY)
Cristina L. Dulay (NY & NJ)
Vincent J. Rossillo (NY)

Donald A. Crouch (NY & CT)
Karen O'Brien (NY)
David Stauber (NY)
Jennifer Safier (NY & NJ)
Annie Ma (NY & NJ)
Howard S. Lipman (NY)
Noreen Tuller, R.N. (NY)
Justin M. Cinnamon (NY & CT)
Robin N. D'Amore (NY)
Rodrigo Arcuri (NY)
Kevin D. Burgess (NY)
Yola Ghaleb (NY)
Robert Seidner (NY)
Charlemagne Yawn (NY)

Charlemagne Yawn (NY)
Maulik Sharma (NY)
Georgianna Timal (NY)
Vincent Pastore (NY)
Stephen R. Heath (NY)
Marvin Anderman, P.C. (NY)
Michael H. Glassman (NJ)
D. Greg Blankinship (NY & MA)
Jeremiah Frei-Pearson (NY)
Todd S. Garber (NY & CT)
Bradley Silverman (NY)
Antonino B. Roman (NY)
John Sardesai-Grant (NY)
Andrew While (NY)
Chantal Khalil (NY)
Jean Sedlek (NY & CA)
Ayana McGuire (NY)
Sara K. Bonaiuto (NY & CT)
Frank R. Massaro (NY)
Kenneth G. Bartlett (CT & NJ)
* The Neurolaw Trial Group

# Finkelstein & Partners LLP
## THE INJURY ATTORNEYS™

REFER TO OUR FILE #: 119661

January 15, 2019

VIA HAND DELIVERY

Kings County Surrogate's Court
2 Johnson Street
Brooklyn, NY 11201

RE:   Estate of Leroy Chow
      DOD: December 27, 2017

Dear Court Clerk:

Enclosed for filing, please find the following documents:

- Original Death Certificate;
- Paid Funeral Bill;
- Petition for Temporary Administration;
- Affidavit of Delay;
- Affidavit of No Debt;
- Affidavit to Expedite;
- Attorney Certification;
- Proposed Citation;
- Checks in the sums of $45.00 & $6.00 for the filing and certificate fees;
- Self-addressed pre-paid envelope.

If you have any questions, please do not hesitate to contact me at 845-563-9453.

Very truly yours,

Elizabeth Olsen, Paralegal
Non-attorney

Encs.

# VITAL RECORDS CERTIFICATE

## DEATH TRANSCRIPT

DATE FILED   THE CITY OF NEW YORK — DEPARTMENT OF HEALTH AND MENTAL HYGIENE

### CERTIFICATE OF DEATH   Certificate No. 156-17-053553

NEW YORK CITY
DEPARTMENT OF HEALTH
AND MENTAL HYGIENE
DECEMBER 29, 2017 08:43 PM

1. DECEDENT'S LEGAL NAME: LEROY CHOW (First, Middle, Last)

**Place of Death:** 2a. New York City   2b. Borough: Brooklyn   2c. Type of Place: Hospital Inpatient   2e. Name of Hospital: Maimonides Medical Center

3. Date and time of Death: December 27, 2017   01:35   4. Sex: Male   5. Date last attended by a Physician: 12, 27, 2017

6. I certify that death occurred at the time, date and place indicated due to NATURAL CAUSES.

7. Name of Physician: Arjun Saradna MD   Signature: Arjun Saradna MD   DEC 27 2017
Address: 4802 Tenth Avenue, Brooklyn, New York 11219   232854

**Usual Residence:** 7a. State: New York   7b. County: Kings   7c. City or Town: Brooklyn   Street: 88 Bay 26 Street   Apt No.: Apt 7   Zip Code: 11214   7e. Inside City Limits? Yes

8. Date of Birth: 1948   9. Age: 69

11a. Usual Occupation: Laborer   11b. Kind of business or industry: Steel

13. Birthplace: Brooklyn, New York

18. Father's Name: David Ping Chow   19. Mother's Maiden Name: Lorraine Leah Cohen

20a. Informant's Name: Uonita Wooten   20b. Relationship: Legal Guardian   Address: 520 8 Avenue, New York, New York   10018

21a. Method of Disposition: Cremation   21b. Place of Disposition: The Greenwood Cemetery-Crematory

21c. Location of Disposition: Brooklyn, New York   21d. Date of Disposition: 12 30 2017

22a. Funeral Establishment: Joseph A. Brizzi & Sons Inc. Funeral Home   22b. Address: 3921 Fort Hamilton Parkway, Brooklyn, New York, 11218

This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided.

Do not accept this transcript unless it bears the security features listed on the back reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code purpose is the evasion or violation of any provision of the Health Code or any other law.

Steven P. Schwartz, Ph.D, City Register



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

The City of New York

VOID



# JOSEPH A. BRIZZI & SONS, INC.
## Funeral Home

(718) 436- { 4316
              3316

3913-21 FT. HAMILTON PARKWAY
AT 40TH STREET
BROOKLYN, NY 11218

This is an itemized bill for the funeral of:    Leroy  Chow                    14-Jan-19

To :   Jonita  Wooten
       520  8th Avenue  5th Floor
       New York, NY  10018

### "PROFESSIONAL SERVICES AND MERCHANDISE"

Direct Cremation                                                              $995.00


### "CASH ADVANCES"                                                          $358.00

Cemetery charges     Greenwood Crematory                                     $100.00
Pallbearers Price   $50.00   NUMBER      2                                    $45.00
Transcript price    $15.00   Number of copies     3

Payment Amount and Date              $1,498.00    01/08/2018
TOTAL CASH ADVANCES:                   $503.00
FUNERAL HOME  CHARGES:                 $995.00
TOTAL FUNERAL                        $1,498.00
TOTAL PAYMENTS                       $1,498.00
BALANCE                                  $0.00

*Paid in Full*

NYSCEF DOC. NO. 27                                                                                                            01/25/2019

**New York State Surrogate's Court**
New York State Bar Association Official OCA Forms

Form A-1
Petition for Letters of Administration

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF _____ **KINGS** _____

Filing Fee Paid $ _____
Certificates Paid $ _____
Trustee Certs. Paid $ _____
Prelim. Certs. Paid $ _____
$ _____ Bond, Fee: $ _____
Receipt No.: _____ No.: _____

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a

Deceased.

**PETITION FOR LETTERS OF:**

☐ Administration

☐ Limited Administration

☐ Administration with Limitations

☒ Temporary Administration

File No. _____

TO THE SURROGATE'S COURT, COUNTY OF _____ **KINGS** _____

It is respectfully alleged:

1. The name, domicile and interest in this proceeding of the petitioner, who is of full age, is as follows:

**Petitioner Information:**

| Name | Citizenship |
|---|---|
| **Walter Chow** | **United States** |

Domicile Address: Street and Number
**2045 Batchelder Street, Basement Apt.**

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11229** | **United States** |

| County | Telephone |
|---|---|
| **Kings** | **(718) 515-6896** |

Mailing Address: Street and Number *(If different from domicile)*

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

Interest: *(Check One)*   ☒ Distributee **Brother**          ☐ Other

Is proposed Administrator an attorney? ☐ Yes ☒ No [If yes, submit statement pursuant to 22 NYCRR 207.16(e); see also 207.52 (Accounting of attorney-fiduciary).]

The proposed Administrator ☐ is ☒ is not a convicted felon nor is he/she otherwise ineligible, pursuant to SCPA 707 to receive letters. If the proposed Administrator is a convicted felon, submit a copy of the Certificate of Relief from Civil Disabilities.

**Was the decedent ever the subject of a supreme court proceeding to appoint a committee, conservator or guardian? [ X ] Yes   [ ] No**

2. The name, domicile, date and place of death, and national citizenship of the above-named decedent are as follows:

**Decedent Information:**

| Name<br>**Leroy Chow** | | | Citizenship<br>**United States** |
|---|---|---|---|
| Domicile Address: Street and Number<br>**86 Bay 26 Street, Apt. 7** | | | |
| City, Village or Town<br>**Brooklyn** | State/Province<br>**New York** | ZIP Code<br>**11214** | Country<br>**United States** |
| County<br>**Kings** | Date of Death<br>**December 27, 2017** | Place of Death<br>**Maimonides Medical Center, Brooklyn, New York** | |

**The Death Certificate must be filed with this proceeding.** If the decedent's domicile is different from that shown on the death certificate, check box ☐ and attach an affidavit explaining the reason for this inconsistency.

3. The estimated gross value of: *[Do not include any assets that are jointly held in trust for another, or have a named beneficiary.]*

| | | |
|---|---|---|
| (a) The decedent's personal property passing by intestacy is less than | $ | 0.00 |
| (b) The decedent's real property, in this state, which is | | |
|     Improved, passing by intestacy, is less than    $    0.00 | | |
|     Description of each parcel:<br>    N/A | | |
|     Unimproved, passing by intestacy, is less than    $    0.00 | | |
|     Description of each parcel:<br>    N/A | | |
| | $ | 0.00 |
| Total | $ | 0.00 |
| (c) The estimated gross rent for a period of eighteen (18) months is the sum of | $ | 0.00 |

(d) In addition to the value of the personal property stated in paragraph (3) the following right of action existed on behalf of the decedent and survived his/her death, or is granted to the administrator of the decedent by special provision of law, and it is impractical to give a bond sufficient to cover the probable amount to be recovered therein: *[Briefly state the cause of action and the person against whom it exists, including names and carrier.]*  ☐ None

**There is a pending class action suit against Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center, Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorfront Realty LLC, Sentosacare, LLC and Does 1-25 in the Kings County Supreme Court under Index No. 523769/2018.**

(e) If decedent is survived by a spouse and a parent, or parents but no issue, and there is a claim for wrongful death, check here ☐ and furnish name(s) and address(es) of parent(s) in Paragraph 7. *[See EPTL 5-4.4.]*

4. A diligent search and inquiry, including a search of any safe deposit box, has been made for a will of the decedent and none has been found. Petitioner(s) has/have been unable to obtain any information concerning any will of the decedent and therefore allege(s), upon information and belief, that the decedent died without leaving any last will.

5. A search of the records of this Court shows that no application has ever been made for letters of administration upon the estate of the decedent or for the probate of a will of the decedent, and your petitioner is informed and verily believes that no such application ever has been made to the Surrogate's Court of any other county of this state.

6. The decedent left surviving the following who would inherit his/her estate pursuant to EPTL 4-1.1 and 4-1.2: *[Information is required only as to those classes of surviving relatives who would take the property of decedent pursuant to EPTL 4-1.1. State "number" of survivors in each class. Insert "No" in all prior classes. Insert "X" in all subsequent classes.]*

a. | NO | Spouse (husband/wife).

b. | NO | Child or children or descendants of predeceased child or children. *[Must include marital, nonmarital, and adopted.]*

c. | NO | Any issue of the decedent adopted by persons related to the decedent (DRL Section 117).

d. | NO | Mother/Father.

e. | 9 | Sisters or brothers, either of whole or half blood, and issue of predeceased sisters or brothers.

f. | X | Grandmother/Grandfather.

g. | X | Aunts or uncles, and children of predeceased aunts or uncles (first cousins).

h. | X | First cousins once removed (children of first cousins).

7. The decedent left surviving the following distributees, or other necessary parties, whose names, degrees of relationship, domiciles, post office addresses and citizenship are as follows: *[Show clearly how each person is related to decedent. If relationship is through an ancestor who is deceased, give name, date of death and relationship of the ancestor to the decedent. See Uniform Rules 207.16(b). If person is a nonmarital person, or descended from a nonmarital person, attach a copy of the order of filiation or Schedule A. If person was adopted by any persons related by blood or marriage to decedent or descended from such persons, attach Schedule B.]*

7. (a) The following are of full age and under no disability:

☐ Schedule A — Nonmarital Persons (Persons Born Out of Wedlock) is Attached

☐ Schedule B — Issue of the Decedent Who Were the Subject of an Adoption is Attached

| Name **Walter Chow** | | | Citizenship **United States** |
|---|---|---|---|
| Domicile Address: Street and Number **2045 Batchelder Street, Basement Apt.** | | | |
| City, Village or Town **Brooklyn** | State **New York** | ZIP Code **11214** | Country **United States** |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship **Brother** | | | |
| Name **Godwin Chow** | | | Citizenship **United States** |
| Domicile Address: Street and Number **2450 North Avenue** | | | |
| City, Village or Town **Bridgeport** | State **Connecticut** | ZIP Code **06604** | Country **United States** |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship **Brother** | | | |
| Name **Phyllis Chow-Bryant** | | | Citizenship **United States** |
| Domicile Address: Street and Number **528 Hardy Way** | | | |
| City, Village or Town **Hiram** | State **Georgia** | ZIP Code **30141** | Country **United States** |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship **Sister** | | | |
| Name **Gloria Chow** | | | Citizenship **United States** |
| Domicile Address: Street and Number **515 Wilson Avenue, Apt. 3R** | | | |
| City, Village or Town **Brooklyn** | State **New York** | ZIP Code **11221** | Country **United States** |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship **Sister** | | | |

**Continued on next page.**

## 7. (a) Distributees or Other Necessary Parties (continued)

| Name | | Citizenship |
|---|---|---|
| **Evelyn Chow** | | **Untied States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **14 Auburn Place, Apt. 1D** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11205** | **United States** |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| **P.O. Box 21182** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11202** | **United States** |

| Relationship |
|---|
| **Sister** |

| Name | | Citizenship |
|---|---|---|
| **Herbert Chow** | | **United States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **12425 NE Beech Street** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Portland** | **Oregon** | **97230** | **United States** |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Relationship |
|---|
| **Brother** |

| Name | | Citizenship |
|---|---|---|
| **Sherwin Chow** | | **United States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **1966 64th Street, Suite 2F** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11204** | **United States** |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Relationship |
|---|
| **Brother** |

| Name | | Citizenship |
|---|---|---|
| **Michelle Chow** | | **United States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **1591 Bruckner Blvd., Apt. 8E** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Bronx** | **New York** | **10472** | **United States** |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Relationship |
|---|
| **daughter of predeceased brother, Daniel Chow; DOD: December 2017** |

| Name | | Citizenship |
|---|---|---|
| | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Relationship |
|---|
| |

7. (b) The following are infants and/or other persons under disability:

☐ Schedule A — Nonmarital Persons (Persons Born Out of Wedlock) is Attached

☐ Schedule B — Issue of the Decedent Who Were the Subject of an Adoption is Attached

☐ Schedule C — Infants is Attached

☒ Schedule D — Persons Under Disability Other than Infants is Attached

| Name **Daniel Chow, Jr.** | | | Citizenship **United States** |
|---|---|---|---|
| Domicile Address: Street and Number **Unknown** | | | |
| City, Village or Town **Unknown** | State **California** | ZIP Code **Unknown** | Country **United States** |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship **Son of predeceased brother, Daniel Chow; DOD: December 2017** | | | |
| Name | | | Citizenship |
| Domicile Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship | | | |
| Name | | | Citizenship |
| Domicile Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship | | | |
| Name | | | Citizenship |
| Domicile Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship | | | |

8. There are no outstanding debts or funeral expenses, except:    ☒ None

9. There are no other persons interested in this proceeding other than those hereinbefore mentioned.

WHEREFORE, your petitioner respectfully prays that:

☐ a. Process issue to all necessary parties to show cause why letters should not be issued as requested;

☐ b. An order be granted dispensing with service of process upon those persons named in Paragraph (7) who have a right to letters prior or equal to that of the person nominated, and who are nondomiciliaries or whose names or whereabouts are unknown and cannot be ascertained;

☒ c. A decree award Letters of:

    ☐ Administration to _____

    ☐ Limited Administration to _____

    ☐ Administration with Limitation to _____

    ☒ Temporary Administration to **Walter Chow** _____

or other such person or persons having prior right as may be entitled thereto, and;

☐ d. That the authority of the representative under the foregoing Letters be limited with respect to the prosecution or enforcement of a cause of action on behalf of the estate, as follows: the administrator(s) may not enforce a judgment or receive any funds without further order of the Surrogate.

☐ e. That the authority of the representative under the foregoing Letters be limited as follows:

☒ f. Further relief sought (if any):
**That a bond be dispensed with.**

Dated: _Jan 15 2019_

_Walter Chow_

Signature of Petitioner

**Walter Chow**
Print Name

_____
Name of Corporate Petitioner

By _____
Signature

_____
Print Name

_____
Title

_____
Signature of Petitioner

_____
Print Name

_____
Signature of Petitioner

_____
Print Name

_____
Signature of Petitioner

_____
Print Name

**Schedule D — Persons Under Disability Other than Infants**

SURROGATE'S COURT OF THE STATE OF NEW YORK

COUNTY OF **KINGS**

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a

SCHEDULE D
PERSONS UNDER DISABILITY
OTHER THAN INFANTS

Deceased.    File No. _____

| Name | | | | |
|---|---|---|---|---|
| **Daniel Chow, Jr.** | | | | |

Residence Address: Street and Number
**Unknown**

| City, Village, or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Unknown** | **California** | **Unknown** | **United States** |

Relationship
**Son of predeceased brother, Daniel Chow; DOD: December 2017**

| | | |
|---|---|---|
| **Incompetent/Incapacitated** | With Whom Does this Person Reside? | |
| | Court-Appointed Fiduciary? ☐ Yes ☐ No | Fiduciary Name<br>Fiduciary Address |
| | Fiduciary Title | |
| | Describe Nature of Disability | |
| | Name of Relative/Friend with Interest in Welfare | |
| | Address | |
| **Prisoner** | Prison Name | |
| **Unknown** | Description (if known, give name and relationship to decedent)<br>**Daniel Chow, Jr., son of predeceased brother, Daniel Chow; DOD: December 2017, whose whereabouts are unknown** | |

## COMBINED VERIFICATION, OATH AND DESIGNATION
*For use when petitioner is to be appointed administrator*

STATE OF _____**NEW YORK**_____ ⎫
COUNTY OF _____**KINGS**_____ ⎬ ss.:

I, the undersigned, the petitioner named in the foregoing petition, being duly sworn, say:

1. VERIFICATION: I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

2. OATH OF ADMINISTRATOR as indicated above: I am over eighteen (18) years of age and a citizen of _____**the United States**_____; and I will well, faithfully and honestly discharge the duties of Administrator of the goods, chattels and credits of said decedent according to law. I am not ineligible, pursuant to SCPA 707, to receive letters and will duly account for all moneys and other property that will come into my hands.

3. DESIGNATION OF CLERK FOR SERVICE OF PROCESS: I do hereby designate the Clerk of the Surrogate's Court of _____**Kings**_____ County, and his/her successor in office, as a person on whom service of any process, issuing from such Surrogate's Court may be made in like manner and with like effect as if it were served personally upon me, whenever I cannot be found and served within the State of New York after due diligence used.

My domicile is: **2045 Batchelder Street, Basement Apt., Brooklyn, New York 11229**

_____
Signature of Petitioner

**Walter Chow**
Print Name

On the **15th** day of **JAN** , 20 **19** , before me personally came _____**Walter Chow**_____

to me known to be the person described in and who executed the foregoing instrument. Such person duly swore to such instrument before me and duly acknowledged that he/she executed the same.

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

ROBERT L. WILSON
Notary Public, State of New York
Qualified in Queens County
Registration # 01WI6091014
Commission Expires April 21, **2019**

_____
Signature of Attorney

**Finkelstein & Partners, LLP**
Firm

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

**Joseph P. Rones**
Print Name of Attorney

**(845) 563-9512**
Telephone

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF KIINGS
-------------------------------------------------------------------X

Administration Proceeding, Estate of                    **AFFIDAVIT OF DELAY**

LEROY CHOW                                              File No.

                         Deceased.
-------------------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF KINGS          )

      WALTER CHOW, being duly sworn, deposes and says:

1.    I am the brother of the above named decedent and the petitioner herein. As such, I am fully familiar with the facts and circumstances surrounding this proceeding.

2.    There are no prior proceedings filed in this court or in any other jurisdiction.

3.    The reason for the delay in filing the petition is that other than a claim for money damages for personal injuries to the decedent, there were no assets of his estate to be administered.

4.    I recently became aware of the need to file for administration in order to commence an action for money damages on behalf of my late brother, Leroy Chow, for injuries he sustained while a nursing home patient.

3.    No party including creditors have been adversely affected by the delay in filing for letters of administration.

WHEREFORE, your deponent respectively requests that the Court issue Letters of Administration to the Petitioner herein, and for any other and further relief the Court deem necessary.

*Walter Chow*
WALTER CHOW

Sworn to before me this
15th day of January, 2019.

*Robert L. Wilson*
Notary Public

ROBERT L. WILSON
Notary Public, State of New York
Qualified in Queens County
Registration # 01WI6091044
Commission Expires April 21, 2019

New York State Surrogate's Court                                    Form P-12
**NYSBA** New York State Bar Association Official OCA Forms         Affidavit of No Debt

## SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF _____**KINGS**_____

PROBATE PROCEEDING, WILL OF

**LEROY CHOW**

a/k/a                                                              **AFFIDAVIT OF NO DEBT**

                                                    Deceased.    File No. _____

STATE OF _____**NEW YORK**_____ } ss.:
COUNTY OF _____**KINGS**_____

_____**Walter Chow**_____,

being duly sworn, deposes and says that he/she resides at

_____**2045 Batchelder Street, Basement Apt., Brooklyn, New York 11229**_____

County of _____**Kings**_____, State of _____**New York**_____; that he/she is the person seeking appointment as administrator  in the above entitled proceeding; that the value of all personal property receivable by the fiduciary of the estate of the above-named decedent **plus** estimated gross rents receivable by said fiduciary for 18 months will not exceed the sum of $ _____**0.00**_____; that deponent has made a diligent search to ascertain whether or not there are any debts or claims against the estate of said decedent and that there are no claims, including unpaid funeral and medical bills, except as follows: [X] None

| Name | Nature of Claim | |
|------|------|------|
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |

NYSBA's Surrogate's Court Forms P-12 (2/2006)    -1-    © 2019 Matthew Bender & Company, Inc., a member of LexisNexis.

NYSCEF DOC. NO. 27                                                                                    01/25/2019

_Walter Chow_

Signature

**Walter Chow**

Print Name

Sworn to before me this

_15th_ day of _JAN_ _2019_

_Robert L. Wilson_

Notary Public

Commission Expires:

(Affix Notary Stamp or Seal)

ROBERT L. WILSON
Notary Public, State of New York
Qualified in Queens County
Registration # 01WI6091014
Commission Expires April 21, _2019_

**Joseph P. Rones**

Print Name of Attorney

**Finkelstein & Partners, LLP**

Firm

**(845) 563-9512**

Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**

Address

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
ADMINISTRATION PROCEEDING OF, ESTATE OF          File No.

LEROY CHOW                                       **AFFIDAVIT TO**
                                                 **EXPEDITE**


                          Deceased.
------------------------------------------------------------------X
STATE OF NEW YORK        )
                         )SS:
COUNTY OF ORANGE         )

JOSEPH P. RONES, being duly sworn, deposes and says:

1. I am a member to the law firm of FINKELSTEIN & PARTNERS, LLP, attorneys for

   the petitioner, WALTER CHOW, in the above captioned matter. Petitioner is the

   brother of the above named decedent, Leroy Chow.

2. The decedent died on December 27, 2017 at Maimonides Medical Center in Brooklyn,

   . NY.

3. Mr. Chow retained the law firm of Finkelstein, Blankenship, Frei-Pearson & Garber

   LLP to commence a class action lawsuit due to decedent's personal injuries sustained

   while he was a nursing home patient at Seagate Rehabilitation and Nursing Center

   from February 2015 to August 2016.

4. The action was commenced on November 27, 2018 in the Kings County Supreme

   Court under Index No. 523769/2018 against defendants, Shorefront Operating LLC

   d/b/a Seagate Rehabilitation and Nursing Center, Shaindy Berko, Rochel David, Leah

   Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David

   Rubinstein, Bruscha Singer, Joel Zupnick, Shorfront Realty LLC, Sentosacare, LLC

   and Does 1-25.

Page 1 of 2

5. The defendants are represented by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP and have filed a motion to dismiss the lawsuit as a legal representative is not appointed to the Estate of Leroy Chow.  Plaintiff's opposition is due on January 23, 2019.

6. I, therefore, respectfully request that the Court expedite the instant administration proceeding and issue Letters of Temporary Administration appointing Walter Chow as administrator of the Estate of Leroy Chow in order to defend the pending  motion to dismiss the class action lawsuit.

7. No party including creditors have been adversely affected by the delay in filing for Letters of Administration.

WHEREFORE, your deponent prays that the Court grant the relief requested herein, and such other and further relief that this Court may deem just and proper.

Dated: January 11, 2019
Newburgh, NY

Joseph P. Rones
FINKELSTEIN & PARTERNS, LLP
*Attorneys for Petitioner*
1279 Route 300, P.O. Box 1111
Newburgh, NY 12551
Tel.: (845) 563-9512
Fax: (845) 725-7005
JRones@lawampm.com

Sworn to before me this
11th day of January, 2019

NOTARY PUBLIC

ELIZABETH BELLE OLSEN
Notary Public, State of New York
Qualified in Orange County
Registration # 01OL6223904
Commission Expires June 21, 2022



New York State Surrogate's Court                                                    Certification
New York State Bar Association Official OCA Forms    Attorney's Certification In Administration Proceeding

## SURROGATE'S COURT OF THE STATE OF NEW YORK
## COUNTY OF **KINGS**

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a                                                    **ATTORNEY'S CERTIFICATION
                                                          IN ADMINISTRATION PROCEEDING**

                                    Deceased.    File No. _____

    The undersigned attorney hereby certifies pursuant to Sections 207.4 (a) and (b) of the Uniform Rules for Surrogate's Court, that the typeface utilized complies with subsection (a) of the aforesaid rule and the text used in the foregoing forms is the same contained in the official forms and that the substantive text has not been altered.

_____          **Joseph P. Rones**
Signature of Attorney                        Print Name of Attorney

**Finkelstein & Partners, LLP**              **(845) 563-9512**
Firm                                         Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

    © 2019 Matthew Bender & Company, Inc., a member of LexisNexis.

New York State Surrogate's Court
NYSBA New York State Bar Association Official OCA Forms

Form A-2
Administration Citation

File No. _____

## CITATION

SURROGATE'S COURT, _____**KINGS**_____ COUNTY

**THE PEOPLE OF THE STATE OF NEW YORK,**
By the Grace of God Free and Independent
TO: **Godwin Chow , Phyllis Bryant , Gloria Chow , Evelyn Chow , Herbert Chow , Sherwin Chow**

A petition having been duly filed by _____**Walter Chow**_____
who is/are domiciled at _____**2045 Batchelder Street, Basement Apt., Brooklyn, NY 11229**_____

**YOU ARE HEREBY CITED TO SHOW CAUSE** before the Surrogate's Court, _____**Kings**_____ County,
at _____**2 Johnson Street, Brooklyn**_____ New York, on _____,
at _____ o'clock in the _____noon of that day, why a decree should not be made in the estate of
_____**Leroy Chow**_____ lately domiciled at
_____**86 Bay 26 Street, Apt. 7, Brooklyn, New York 11214**_____
in the County of _____**Kings**_____ , New York, granting Letters of Administration upon the estate of
the decedent to _____**Walter Chow**_____
or to such other person as may be entitled thereto.

[X] Further relief sought (if any):
**That a bond be dispensed with.**

Dated, Attested and Sealed,                                    HON. _____

_____
Seal

**Finkelstein & Partners, LLP**
Firm
**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

Surrogate
**Doreen A. Quinn**
Chief Clerk

**Joseph P. Rones**
Print Name of Attorney

**(845) 563-9512**
Telephone

**NOTE:** This citation is served upon you as required by law. You are not required to appear. If you fail to
appear it will be assumed you do not object to the relief requested. You have a right to have an attorney-at-law
appear for you.

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 65 of 156 PageID #: 124

# Exhibit 2

**SURROGATE'S COURT**
**KINGS COUNTY**
**ADMINISTRATION DEPARTMENT**
**2 JOHNSON STREET., ROOM 221**
**BROOKLYN, NEW YORK 11201**
**(347) 404-9690 FAX: (212) 520-6846**

Name: _Given at counter_

Address: _____

_____

Re: Estate of _Leroy Chow_

Our File No. _____

Date of death: _12/27/17_   Date: _1/15/19_

Dear Sir or Madam,

☒ Please indicate estate file number on all documents and submit them to the attention of _____

Petition and all submitted documentation enclosed /returned & not filed

We need the following additional documentation and/ or clarifications and corrections: *submit an amended petition or an attorney affirmation to amend the petition to address the following:*

___ # 3d   Please supply the details of the cause of action:, Is it personal injury? Wrongful death? If the cause of action has already been filed include the court, index no. and caption. *If it is wrongful death action and the decedent survived by a spouse and no children / issue and parent(s), then the decedent's parent(s) are not distributees but are statutory parties and must be included in the petition # 7a or 7b. See petition # 3e & EPTL 5-4.4*

# Note: Petition should be for both Limited Administration &

# temporary administration (caption page 1 & paragraph 9c)

✱ # Additionally need Family Tree Diagram with dates of death.

*Please also provide the following additional documents:*

___ Please answer by petitioner affidavit the following two questions: 1- Has the petitioner(s) ever been convicted of a felony? 2-Was the decedent ever the subject of a Supreme Court proceeding to appoint a committee, conservator or guardian?

☒ Affidavit of Heirship *(note: must be from a disinterested party, not spouse or child of any of the distributees)*

___ Affidavit regarding Designee: explaining the relationship of the proposed administrator to the decedent or distributees and how and why chosen to be the administrator; It should be from one of the distributees.

☒ Due diligence for Daniel Chow Jr. See NYCRR 207.16(d) & SCPA 1003(4)?

___ Affidavit of Assets & Liabilities SCPA 805 (must include asset details & values) _____ petition # 9b

___ Notice of Application for Letters of Administration w/Affidavit of mailing (SCPA 1005) _____

☒ Citation for: _____   _____

Waivers & Consents for: _____

___ Bond may be required for any unsecured debt or distributive shares for distributees who did not sign a waiver & consent.(filing fee: $20.00 if bond is $10,000 or less; else fee is $30.00) SCPA 801& 805

___ :Schedule A (see EPTL 4-1.2)  ___ :Schedule B  ___ :Schedule C  ___ :Schedule D  ___ :Affidavit of Domicile _____

? : Schedule D(a) (Post-deceased distributee)(with supporting documents, see form) for: if post-deceased distributee & amend petition accordingly

☒ : Family Tree Diagram(w/ dates of death)  ___ : Report & Account for Art13  ___ : Copy of Paid itemized Funeral Bill

___ : Marriage Certificate  ___ : Affidavit of Delay  ___ :Notice to Consul General  ___ : Certified copy of _____

___ : Copy of Green Card  ___ : Attorney Affidavit 207.16e  ___ : Stamped Self-Addressed Envelope (with $1.00 postage or more)

**Sincerely, Administration Clerk**

NYSCEF DOC. NO.                                                                                              RECEIVED NYSCEF: 01/25/2019

*Note: This affidavit must be from a disinterested party; it must not be from the petitioner, a distributee, or the spouse or child of a distributee.*

**SURROGATES'S COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
------------------------------------------------------------x

**Administration Proceeding**

**Estate of**

**a/k/a**

                                                   **Deceased**
------------------------------------------------------------x

**AFFIDAVIT OF HEIRSHIP**

**File No._____**

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | )ss: |
| **COUNTY OF KINGS** | ) |

I_____, being duly sworn depose and say that am not a party to this action, am over eighteen years of age and my residence is_____

_____

and my relationship to the decedent and the basis of my knowledge of the decedent's family tree is :

_____

_____

_____

1. Was the decedent ever married?   ☐ Yes   ☐ No
   If *yes*, state how many times and to whom.   If any spouse or former spouse is deceased, also state their dates of death.

2. Was the decedent ever divorced?   ☐ Yes   ☐ No
   If *yes*, state how many times, from whom and the dates of divorce.

3. Did the decedent have any marital children (children born of the decedent's marriage) ?   ☐ Yes   ☐ No
   If *yes*, state their full names.

4. Were there any out-of-wedlock (non-marital) children?   ☐ Yes   ☐ No
   If *yes*, state their full names.

NYSCEF DOC. NO. 19    Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 68 of 156 PageID #: 127    RECEIVED NYSCEF: 01/25/2019

HEIRSHIP AFFIDAVIT PAGE 1 OF 4

5. Were there any adopted children?    ☐ Yes    ☐ No
   **If *yes*, state their full names.**

6. Are any of the decedent's children deceased?    ☐ Yes    ☐ No
   **If *yes*, state their full names and dates of death.**

   6a. If *yes*, state the full names of their children (*grandchildren of decedent*).
       **Indicate if any are adopted and/or out-of-wedlock.**

   6b. Are any **grandchildren listed in 6a deceased?**    ☐ Yes    ☐ No
       **If *yes*, state their full names and dates of death.**

   6c. If *yes for #6b*, **state the full names of their children** (*great-grandchildren of decedent*).
       **Indicate if any are adopted and/or out-of-wedlock**

---

### PARENTS

*[STOP!* *PROCEED TO QUESTION 7 ONLY IF THE ANSWERS TO QUESTIONS*
*1 through 6b WERE ALL "NO" OR "NONE OR DECEASED" (no surviving distributees)*
*OR IF THE DECEDENT WAS MALE AND SURVIVED*
*ONLY BY NON-MARITAL (OUT-OF-WEDLOCK) CHILDREN. ]*
**(Notarize this affidavit on page 4)**

7. **State the full names of the decedent's parents.**  (If deceased, **state their dates of death**.)

### SIBLINGS, NIECES AND NEPHEWS

*[STOP! PROCEED TO QUESTIONS 8 AND 9 ONLY IF THE ANSWER
TO QUESTION 7 IS THAT THE DECEDENT'S PARENTS ARE PRE-DECEASED. ]*
**(Notarize this affidavit on page 4)**

<u>A FAMILY TREE DIAGRAM MUST BE INCLUDED IF THERE ARE ANY DISTRIBUTEES FROM THIS POINT ON</u>

8.  Did the decedent have any brothers and/or sisters?   ☐ Yes   ☐ No
    (Include half-brothers, half-sisters, and adopted brothers and sisters.)
    **If *yes*, state their full names**.

8a. Did the decedent's parents have any non-marital (out-of-wedlock) children?   ☐ Yes   ☐ No
    **If *yes*, state their full names.**

9.  Are any of the decedent's siblings deceased?   ☐ Yes   ☐ No
    **If *yes*, state their full names and dates of death.**

9a. State the full names of the **children of each *deceased* sibling** (*nieces and nephews of decedent*).
    Indicate if any were non-marital (out-of-wedlock).

9b. Are any of the nieces or nephews listed in 9a deceased?   ☐ Yes   ☐ No
    **If *yes*, state their full names and dates of death.**

9c. State the full names of the **children of each *deceased* niece and/ or nephew** (*grandnieces and grandnephews of
    decedent*).   Indicate if any were non-marital (out-of-wedlock).

---

### GRANDPARENTS

*[STOP! PROCEED TO QUESTIONS 10 AND 11 ONLY IF THERE ARE
NO PERSONS IN QUESTIONS 8 THROUGH 9b WHO ARE ALIVE.]*
**(Notarize this affidavit on page 4)**

10. State the names of the **decedent's maternal grandparents?** If deceased, **also indicate their dates of death.**

11. State the names of the **decedent's paternal grandparents?** If deceased, **also indicate their dates of death.**.

## AUNTS AND UNCLES AND COUSINS

### *[STOP! PROCEED TO QUESTIONS 12 THROUGH 15 ONLY IF THERE ARE NO PERSONS IN QUESTIONS 10 AND 11 WHO ARE ALIVE. (Attach additional rider sheets if necessary)]*

12. State the **full names of the decedent's maternal aunts and maternal uncles.**
    Indicate, if any are adopted and/or non-marital (out-of-wedlock).

13. Are any maternal aunts or maternal uncles deceased?    ☐ Yes    ☐ No
    If *yes*, **state their full names and dates of death.**

    13a. State the **full names of the children of each** *of the deceased* **maternal aunts and/or maternal uncles** (*maternal cousins of the decedent*).  Indicate if any were non-marital (out-of-wedlock).

    13b. Are any of the maternal cousins listed in 13a deceased?    ☐ Yes    ☐ No
    **If** *yes*, **state their full names and dates of death.**

14. State the **full names of the decedent's paternal aunts and paternal uncles** .
    Indicate, if any are adopted and/or non-marital (out-of-wedlock).

15. Are any **paternal aunts and/or paternal uncles** deceased?    ☐ Yes    ☐ No
    If *yes*, **state their full names and dates of death.**

    15a. State the **full names of the children of each** *of the deceased* **paternal aunts and/or paternal uncles** (*paternal cousins of the decedent*).  Indicate if any were non-marital (out-of-wedlock).

    15b. Are any of the paternal cousins listed in 15a deceased?    ☐ Yes    ☐ No
    **If** *yes*, **state their full names and dates of death.**

Signature_____

Print your name_____

Sworn to before me this_____day of_____20____

_____
(Notary Public)

**HEIRSHIP AFFIDAVIT  PAGE 4 OF 4**

## FAMILY TREE

Include dates / year
of death
if Applicable

Brothers/Sisters

Nieces/Nephews

Grandnieces/Grandnephews

_____ Decedent

_____ Name of Spouse

_____ Deceased _____
              Date

_____ Divorced _____
              Date

_____ Never Married

STATE OF NEW YORK
COUNTY OF _____

_____ being duly sworn, states that the charts contained on this paper are correct.

Sworn to me on _____

_____
NOTARY PUBLIC

NOTE: Complete reverse side of family tree form also

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 72 of 156 PageID #: 131

# Exhibit 3

VITAL RECORDS CERTIFICATE

# DEATH TRANSCRIPT

DATE FILED    THE CITY OF NEW YORK - DEPARTMENT OF HEALTH AND MENTAL HYGIENE

## CERTIFICATE OF DEATH    Certificate No. 156-17-053553

NEW YORK CITY
DEPARTMENT OF HEALTH
AND MENTAL HYGIENE
DECEMBER 29, 2017 08:43 PM

| 1. DECEDENT'S LEGAL NAME | LEROY | CHOW |
| --- | --- | --- |
| | (First, Middle, Last) | |

| Place Of Death | 2a. New York City | 2c. Type of Place | 2d. Any Hospice care in last 30 days | 2e. Name of hospital or other facility (if not facility, give street address) |
| --- | --- | --- | --- | --- |
| 2b. Borough | 1 ☒ Hospital Inpatient  4 ☐ Nursing Home/Long Term Care Facility | 1 ☐ Yes | Maimonides Medical Center |
| Brooklyn | 2 ☐ Emergency Dept./Outpatient  5 ☐ Hospice Facility  6 ☐ Decedent's Residence | 2 ☒ No | |
| | 3 ☐ Dead on Arrival  7 ☐ Other Specify | 3 ☐ Unknown | |

| Date and time of Death | 3a. (Month) | (Day) | (Year-yyyy) | 3b. Time | 4. Sex | 5. Date last attended by a Physician |
| --- | --- | --- | --- | --- | --- | --- |
| | December | 27 | 2017 | 01:35 ☐ AM ☒ PM | Male | mm 12  dd 27  yyyy 2017 |

6. Certifier: I certify that death occurred at the time, date and place indicated and that to the best of my knowledge injury or poisoning DID NOT play any part in causing death, and that death did not occur in any unusual manner and was due entirely to NATURAL CAUSES. See instructions on reverse of certificate.

| Name of Physician | Arjun Saradna MD | Signature | Arjun Saradna | M.D. |
| --- | --- | --- | --- | --- |
| Address | 4802 Tenth Avenue, Brooklyn, New York 11219 | License No. 232854 | Signature Electronically Authenticated DEC-27-2017 | |

| 7a. Usual Residence State | 7b. County | 7c. City or Town | 7d. Street and Number | Apt. No. | ZIP Code | 7e. Inside City Limits? |
| --- | --- | --- | --- | --- | --- | --- |
| New York | Kings | Brooklyn | 86 Bay 26 Street | Apt 7 | 11214 | 1 ☒ Yes 2 ☐ No |

| 8. Date of Birth (Month) | (Day) | (Year-yyyy) | 9. Age of last birthday years | Under 1 year Months  Days | Under 1 day Hours  Minutes | 10. Social Security No. |
| --- | --- | --- | --- | --- | --- | --- |
| 1948 | 31 | 69 | 5 | 3 | 2844 |

| 11a. Usual Occupation (Type of work done during most of working life. Do not use "retired") | 11b. Kind of business or industry | 12. Aliases or AKAs |
| --- | --- | --- |
| Laborer | Steel | |

| 13. Birthplace (City & State or Foreign Country) | 14. Education (Check the box that best describes the highest degree or level of school completed at the time of death) | 15. Surviving Spouse's/Partner's Name (if wife, give name prior to first marriage)(First, Middle, Last) |
| --- | --- | --- |
| Brooklyn, New York | 1 ☐ 8th grade or less  4 ☐ Some college credit, but no degree  7 ☐ Master's degree (e.g., MA, MS, MEng, MEd, MSW, MBA) | |
| | 2 ☐ 9th - 12th grade; no diploma  5 ☐ Associate degree (e.g., AA, AS)  8 ☐ Doctorate (e.g., PhD, EdD) or | |
| 16. Ever in U.S. Armed Forces? | 3 ☐ High school graduate or GED  6 ☐ Bachelor's degree (e.g., BA, AB, BS)  Professional degree (e.g., MD, DDS, DVM, LLB, JD) | |
| 1 ☐ Yes 2 ☒ No | 17. Marital/Partnership Status at time of death | |
| | 1 ☐ Married  3 ☐ Domestic Partnership  5 ☒ Never Married  7 ☐ Divorced | |
| | 2 ☐ Married, but separated  4 ☐ Widowed  6 ☐ Other, Specify  8 ☐ Unknown | |

| 18. Father's Name (First, Middle, Last) | 19. Mother's Maiden Name (Prior to first marriage) (First, Middle, Last) |
| --- | --- |
| David Ping Chow | Lorraine Leah Cohen |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Address (Street and Number)  Apt. No.  City & State | ZIP Code |
| --- | --- | --- | --- |
| Jonita Wooten | Legal Guardian | 520 8 Avenue, New York, New York | 10018 |

| 21a. Method of Disposition | 21b. Place of Disposition (Name of cemetery, crematory, other place) |
| --- | --- |
| 1 ☐ Burial  2 ☒ Cremation  3 ☐ Entombment  4 ☐ City Cemetery  5 ☐ Other Specify | The Green-Wood Cemetery-Crematory |

| 21c. Location of Disposition (City & State or Foreign Country) | 21d. Date of Disposition | mm | dd | yyyy |
| --- | --- | --- | --- | --- |
| Brooklyn, New York | | 12 | 30 | 2017 |

| 22a. Funeral Establishment | 22b. Address (Street and Number)  City & State | ZIP Code |
| --- | --- | --- |
| Joseph A. Brizzi & Sons Inc. Funeral Home | 3921 Fort Hamilton Parkway, Brooklyn, New York 11218 | |

VR 15 (Rev. 01/09)

This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

Steven P. Schwartz, Ph.D., City Registrar

December 30, 2017  Order No. 20171224503





The City of New York

Y00822410



# JOSEPH A. BRIZZI & SONS, INC.

*Funeral Home*

3913-21 FT. HAMILTON PARKWAY
AT 40TH STREET
BROOKLYN, NY 11218

(718) 436- { 4316
3316

*This is an itemized bill for the funeral of:*     Leroy  Chow          *14-Jan-19*

To :  Jonita  Wooten
520  8th Avenue  5th Floor
New York, NY  10018

## "PROFESSIONAL SERVICES AND MERCHANDISE"

**Direct Cremation**                                                        $995.00

## "CASH ADVANCES"

$358.00
Cemetery charges    Greenwood Crematory                              $100.00
Pallbearers Price   $50.00   NUMBER      2                            $45.00
Transcript price    $15.00   Number of copies        3

Payment Amount and Date        $1,498.00      01/08/2018
TOTAL CASH ADVANCES:           $503.00
FUNERAL HOME  CHARGES:         $995.00
TOTAL FUNERAL                  $1,498.00
TOTAL PAYMENTS                 $1,498.00
BALANCE                        $0.00

*Paid in Full*

# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

## DEATH TRANSCRIPT

DATE FILED   THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE

### CERTIFICATE OF DEATH   Certificate No. 156-17-049623

NEW YORK CITY
DEPARTMENT OF HEALTH
AND MENTAL HYGIENE
DECEMBER 05, 2017 02:37 PM

**1. DECEDENT'S LEGAL NAME** DANIEL CHOW
(First, Middle, Last)

| Place Of Death | 2a. New York City | 2c. Type of Place | 4 ☐ Nursing Home/Long Term Care Facility | 2d. Any Hospice care in last 90 days | 2e. Name of hospital or other facility (if not facility, give address) |
|---|---|---|---|---|---|
| | 2b. Borough | 1 ☒ Hospital Inpatient | 5 ☐ Hospice Facility | 1 ☐ Yes | |
| | | 2 ☐ Emergency Dept./Outpatient | 6 ☐ Decedent's Residence | 2 ☐ No | |
| | Staten Island | 3 ☐ Dead on Arrival | 7 ☐ Other Specify | 3 ☒ Unknown | Richmond University Medical Center |

| Date and Time of Death | 3a. (Month) | (Day) | (Year-yyyy) | 3b. Time | 3c. Sex | 5. Date last attended by a Physician |
|---|---|---|---|---|---|---|
| | November | 29 | 2017 | 05:30 ☐ AM ☒ PM | Male | mm 11  dd 29  yyyy 2017 |

6. Certifier: I certify that death occurred at the time, date and place indicated and that to the best of my knowledge the fatal injury or poisoning DID NOT play any part in causing death, and that death did not occur in any unusual manner and was due entirely to NATURAL CAUSES. See instructions on reverse of certificate.

Name of Physician **Fahad Malik MD** (Type or Print)    Signature *Fahad Malik*    ☐ D.O. ☐ M.D.
Signature Electronically Authenticated

Address **355 Bard Avenue, Staten Island, New York 10310**    License No. **182840**    NOV-30-2017

| 7a. Usual Residence State | 7b. County | 7c. City or Town | 7d. Street and Number | Apt. No. | ZIP Code | 7f. Inside City Limits? |
|---|---|---|---|---|---|---|
| New York | Richmond | Staten Island | 112 Broad Street | | 10304 | 1 ☒ Yes 2 ☐ No |

| 8. Date of Birth (Month) | (Day) | (Year-yyyy) | 9. Age at last birthday (years) | Under 1 Year | Under 1 Day | 10. Social Security No. |
|---|---|---|---|---|---|---|
| | | 1947 | 70 | Months ☐ Days ☐ | Hours ☐ Minutes ☐ | 9095 |

| 11a. Usual Occupation (Type of work done during most of working life. Do not use "retired") | 11b. Kind of business or industry | 12. Aliases or AKAs |
|---|---|---|
| Self-employed | Flea Market Vendor | |

| 13. Birthplace (City & State or Foreign Country) | 14. Education (Check the box that best describes the highest degree or level of school completed at the time of death) |
|---|---|
| China | 1 ☐ 8th grade or less    4 ☐ Some college credit, but no degree    7 ☐ Master's degree (e.g., MA, MS, MEng, MEd, MSW, MBA) |
| | 2 ☐ 9th – 12th grade; no diploma    5 ☐ Associate degree (e.g., AA, AS)    8 ☐ Doctorate (e.g., PhD, EdD) or |
| | 3 ☐ High school graduate or GED    6 ☐ Bachelor's degree (e.g., BA, AB, BS)    Professional degree (e.g., MD, DDS, DVM, LLB, JD) |

| 15. Ever in U.S. Armed Forces? | 16. Marital/Partnership Status at time of death | 17. Surviving Spouse's Name (If spouse, If wife, name prior to first marriage) (First, Middle, Last) |
|---|---|---|
| 1 ☐ Yes 2 ☒ No | 1 ☐ Married  2 ☐ Domestic Partnership  3 ☒ Divorced  4 ☐ Married, but separated  5 ☐ Never Married  6 ☐ Widowed  7 ☐ Other, Specify  8 ☐ Unknown | |

| 18. Father's Name (First, Middle, Last) | 19. Mother's Maiden Name (Prior to first marriage) (First, Middle, Last) |
|---|---|
| *** *** | *** *** |

| 20a. Informant's Name | 20b. Relationship to Decedent | 20c. Address (Street and Number) | Apt. No. | City & State | ZIP Code) |
|---|---|---|---|---|---|
| Siu Hung Leung | Friend | 19 Susan Court, Staten Island, New York | | | 10304 |

| 21a. Method of Disposition | 21b. Place of Disposition (Name of cemetery, crematory, other place) |
|---|---|
| 1 ☐ Burial  2 ☒ Cremation  3 ☐ Entombment  4 ☐ City Cemetery  ☐ Other Specify | Rosehill Crematory |

| 21c. Location of Disposition (City & State or Foreign Country) | 21d. Date of Disposition | mm | dd | yyyy |
|---|---|---|---|---|
| Linden, New Jersey | | 12 | 06 | 2017 |

| 22a. Funeral Establishment | 22b. Address (Street and Number) | City, State | ZIP Code |
|---|---|---|---|
| A. Azzara Funeral Home, Inc. | 183 Sand Lane, Staten Island, New York 10305 | | |

VR 15 (rev. 01/09)

This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

Steven P. Schwartz, Ph.D., City Registrar

December 05, 2017  Order No. 20171203721



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

VOID

The City of New York

NYSCEF DOC. NO. 29   RECEIVED NYSCEF: 01/25/2019

| | |
|---|---|
| **New York State Surrogate's Court** | Form A-1 |
| **New York State Bar Association Official OCA Forms** | Petition for Letters of Administration |

**SURROGATE'S COURT OF THE STATE OF NEW YORK**

**COUNTY OF _____ KINGS _____**

Filing Fee Paid $_____
Certificates Paid $_____
Trustee Certs. Paid $_____
Prelim. Certs. Paid $_____
$_____ Bond, Fee: $_____
Receipt No.:_____ No.:_____

**ADMINISTRATION PROCEEDING, ESTATE OF**

**LEROY CHOW**

a/k/a

Deceased.

**PETITION FOR LETTERS OF:**

☐ Administration

☒ Limited Administration

☐ Administration with Limitations

☒ Temporary Administration

File No. _____

**TO THE SURROGATE'S COURT, COUNTY OF _____ KINGS _____**

It is respectfully alleged:

1. The name, domicile and interest in this proceeding of the petitioner, who is of full age, is as follows:

**Petitioner Information:**

| Name **Walter Chow** | Citizenship **United States** |
|---|---|

| Domicile Address: Street and Number **2045 Batchelder Street, Basement Apt.** | | | |
|---|---|---|---|
| City, Village or Town **Brooklyn** | State **New York** | ZIP Code **11229** | Country **United States** |
| County **Kings** | Telephone **(718) 515-6896** | | |

| Mailing Address: Street and Number *(if different from domicile)* | | | |
|---|---|---|---|
| City, Village or Town | State | ZIP Code | Country |

Interest: *(Check One)*  ☒ Distributee **Brother**          ☐ Other

Is proposed Administrator an attorney? ☐ Yes ☒ No  [If yes, submit statement pursuant to 22 NYCRR 207.16(e); see also 207.52 (Accounting of attorney-fiduciary).]

The proposed Administrator  ☐ is  ☒ is not  a convicted felon nor is he/she otherwise ineligible, pursuant to SCPA 707 to receive letters. If the proposed Administrator is a convicted felon, submit a copy of the Certificate of Relief from Civil Disabilities.

**Was the decedent ever the subject of a supreme court proceeding to appoint a committee, conservator or guardian?**
**[ X ] Yes   [   ] No**

2. The name, domicile, date and place of death, and national citizenship of the above-named decedent are as follows:

**Decedent Information:**

| Name | | | Citizenship |
|---|---|---|---|
| **Leroy Chow** | | | **United States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **86 Bay 26 Street, Apt. 7** | | | |

| City, Village or Town | State/Province | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11214** | **United States** |

| County | Date of Death | Place of Death |
|---|---|---|
| **Kings** | **December 27, 2017** | **Maimonides Medical Center, Brooklyn, New York** |

**The Death Certificate must be filed with this proceeding.** If the decedent's domicile is different from that shown on the death certificate, check box ☐ and attach an affidavit explaining the reason for this inconsistency.

3. The estimated gross value of: *[Do not include any assets that are jointly held in trust for another, or have a named beneficiary.]*

| | | |
|---|---|---|
| (a) The decedent's personal property passing by intestacy is less than | $ | 0.00 |
| (b) The decedent's real property, in this state, which is | | |
| Improved, passing by intestacy, is less than | $ | 0.00 |
| Description of each parcel: **N/A** | | |
| Unimproved, passing by intestacy, is less than | $ | 0.00 |
| Description of each parcel: **N/A** | | |
| | $ | 0.00 |
| Total | $ | 0.00 |
| (c) The estimated gross rent for a period of eighteen (18) months is the sum of | $ | 0.00 |

(d) In addition to the value of the personal property stated in paragraph (3) the following right of action existed on behalf of the decedent and survived his/her death, or is granted to the administrator of the decedent by special provision of law, and it is impractical to give a bond sufficient to cover the probable amount to be recovered therein: *[Briefly state the cause of action and the person against whom it exists, including names and carrier.]*  ☐ None

**There is a pending class action suit against Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center, Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorfront Realty LLC, Sentosacare, LLC and Does 1-25 in the Kings County Supreme Court under Index No. 523769/2018.**

(e) If decedent is survived by a spouse and a parent, or parents but no issue, and there is a claim for wrongful death, check here ☐ and furnish name(s) and address(es) of parent(s) in Paragraph 7. *[See EPTL 5-4.4.]*

4. A diligent search and inquiry, including a search of any safe deposit box, has been made for a will of the decedent and none has been found. Petitioner(s) has/have been unable to obtain any information concerning any will of the decedent and therefore allege(s), upon information and belief, that the decedent died without leaving any last will.

5. A search of the records of this Court shows that no application has ever been made for letters of administration upon the estate of the decedent or for the probate of a will of the decedent, and your petitioner is informed and verily believes that no such application ever has been made to the Surrogate's Court of any other county of this state.

6. The decedent left surviving the following who would inherit his/her estate pursuant to EPTL 4-1.1 and 4-1.2: *[Information is required only as to those classes of surviving relatives who would take the property of decedent pursuant to EPTL 4-1.1. State "number" of survivors in each class. Insert "No" in all prior classes. Insert "X" in all subsequent classes.]*

a. ☐ **NO**    Spouse (husband/wife).

b. ☐ **NO**    Child or children or descendants of predeceased child or children. *[Must include marital, nonmarital, and adopted.]*

c. ☐ **NO**    Any issue of the decedent adopted by persons related to the decedent (DRL Section 117).

d. ☐ **NO**    Mother/Father.

e. ☐ **9**    Sisters or brothers, either of whole or half blood, and issue of predeceased sisters or brothers.

f. ☐ **X**    Grandmother/Grandfather.

g. ☐ **X**    Aunts or uncles, and children of predeceased aunts or uncles (first cousins).

h. ☐ **X**    First cousins once removed (children of first cousins).

7. The decedent left surviving the following distributees, or other necessary parties, whose names, degrees of relationship, domiciles, post office addresses and citizenship are as follows: *[Show clearly how each person is related to decedent. If relationship is through an ancestor who is deceased, give name, date of death and relationship of the ancestor to the decedent. See Uniform Rules 207.16(b). If person is a nonmarital person, or descended from a nonmarital person, attach a copy of the order of filiation or Schedule A. If person was adopted by any persons related by blood or marriage to decedent or descended from such persons, attach Schedule B.]*

7. (a) The following are of full age and under no disability:

☐ Schedule A — Nonmarital Persons (Persons Born Out of Wedlock) is Attached

☐ Schedule B — Issue of the Decedent Who Were the Subject of an Adoption is Attached

| Name | | | Citizenship |
|---|---|---|---|
| **Walter Chow** | | | **United States** |
| Domicile Address: Street and Number | | | |
| **2045 Batchelder Street, Basement Apt.** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **Brooklyn** | **New York** | **11214** | **United States** |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |
| Relationship | | | |
| **Brother** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **Godwin Chow** | | | **United States** |
| Domicile Address: Street and Number | | | |
| **2450 North Avenue** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **Bridgeport** | **Connecticut** | **06604** | **United States** |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |
| Relationship | | | |
| **Brother** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **Phyllis Bryant** | | | **United States** |
| Domicile Address: Street and Number | | | |
| **528 Hardy Way** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **Hiram** | **Georgia** | **30141** | **United States** |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |
| Relationship | | | |
| **Sister** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **Gloria Chow** | | | **United States** |
| Domicile Address: Street and Number | | | |
| **515 Wilson Avenue, Apt. 3R** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **Brooklyn** | **New York** | **11221** | **United States** |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |
| Relationship | | | |
| **Sister** | | | |

**Continued on next page.**

## 7. (a) Distributees or Other Necessary Parties (continued)

| Name | | | Citizenship |
|---|---|---|---|
| **Evelyn Chow** | | | **Untied States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **14 Auburn Place, Apt. 1D** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11205** | **United States** |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| **P.O. Box 21182** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11202** | **United States** |

| Relationship | | | |
|---|---|---|---|
| **Sister** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **Sherwin Chow** | | | **United States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **1966 64th Street, Suite 2F** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11204** | **United States** |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Relationship | | | |
|---|---|---|---|
| **Brother** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **Michelle Perales** | | | **United States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **1591 Bruckner Blvd., Apt. 8E** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Bronx** | **New York** | **10472** | **United States** |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Relationship | | | |
|---|---|---|---|
| **Niece (daughter of predeceased brother, Daniel Chow; DOD: November 29, 2017)** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| **David Fischer** | | | **United States** |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **6379 DiNamica Way** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **San Diego** | **California** | **92111** | **United States** |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Relationship | | | |
|---|---|---|---|
| **Nephew (son of predeceased brother, Daniel Chow; DOD: November 29, 2017)** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Mailing Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Relationship | | | |
|---|---|---|---|
| | | | |

7. (b) The following are infants and/or other persons under disability:

☐ Schedule A — Nonmarital Persons (Persons Born Out of Wedlock) is Attached

☐ Schedule B — Issue of the Decedent Who Were the Subject of an Adoption is Attached

☐ Schedule C — Infants is Attached

☒ Schedule D — Persons Under Disability Other than Infants is Attached

| Name **Herbert Chow** | | | Citizenship **United States** |
|---|---|---|---|
| Domicile Address: Street and Number **Unknown** | | | |
| City, Village or Town | State | ZIP Code | Country |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship **Brother** | | | |

| Name | | | Citizenship |
|---|---|---|---|
| Domicile Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship | | | |

| Name | | | Citizenship |
|---|---|---|---|
| Domicile Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship | | | |

| Name | | | Citizenship |
|---|---|---|---|
| Domicile Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Mailing Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |
| Relationship | | | |

8. There are no outstanding debts or funeral expenses, except:   ☒ None

9. There are no other persons interested in this proceeding other than those hereinbefore mentioned.

WHEREFORE, your petitioner respectfully prays that:

☐ a. Process issue to all necessary parties to show cause why letters should not be issued as requested;

☒ b. An order be granted dispensing with service of process upon those persons named in Paragraph (7) who have a right to letters prior or equal to that of the person nominated, and who are nondomiciliaries or whose names or whereabouts are unknown and cannot be ascertained;

☒ c. A decree award Letters of:

    ☐ Administration to _____

    ☒ Limited Administration to   _Walter Chow_____

    ☐ Administration with Limitation to _____

    ☒ Temporary Administration to **Walter Chow**_____

or other such person or persons having prior right as may be entitled thereto, and;

☐ d. That the authority of the representative under the foregoing Letters be limited with respect to the prosecution or enforcement of a cause of action on behalf of the estate, as follows: the administrator(s) may not enforce a judgment or receive any funds without further order of the Surrogate.

☐ e. That the authority of the representative under the foregoing Letters be limited as follows:

☒ f.  Further relief sought (if any):
**That a bond be dispensed with.**

Dated: _Jan 15 2019____

_Walter Chow_

Signature of Petitioner

**Walter Chow**
Print Name

_____
Name of Corporate Petitioner

By _____
Signature

_____
Print Name

_____
Title

_____
Signature of Petitioner

_____
Print Name

_____
Signature of Petitioner

_____
Print Name

_____
Signature of Petitioner

_____
Print Name

**Schedule D — Persons Under Disability Other than Infants**

SURROGATE'S COURT OF THE STATE OF NEW YORK

COUNTY OF **KINGS**

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a

SCHEDULE D
PERSONS UNDER DISABILITY
OTHER THAN INFANTS

Deceased.    File No. _____

| Name | | | |
|---|---|---|---|
| **Herbert Chow** | | | |
| Residence Address: Street and Number | | | |
| **Unknown** | | | |
| City, Village, or Town | State | ZIP Code | Country |

Relationship
**Brother**

<table>
<tr><td rowspan="8">Incompetent/Incapacitated</td><td colspan="3">With Whom Does this Person Reside?</td></tr>
<tr><td>Court-Appointed Fiduciary?<br>☐ Yes<br>☒ No</td><td>Fiduciary Name</td><td></td></tr>
<tr><td></td><td>Fiduciary Address</td><td></td></tr>
<tr><td colspan="3">Fiduciary Title</td></tr>
<tr><td colspan="3">Describe Nature of Disability</td></tr>
<tr><td colspan="3">Name of Relative/Friend with Interest in Welfare</td></tr>
<tr><td colspan="3">Address</td></tr>
<tr><td rowspan="2">Prisoner</td><td colspan="3">Prison Name</td></tr>
<tr><td rowspan="1">Unknown</td><td colspan="2">Description (if known, give name and relationship to decedent)<br>**Herbert Chow, a distributee of Leroy Chow, whose whereabouts are unknown**</td></tr>
</table>

# COMBINED VERIFICATION, OATH AND DESIGNATION

*For use when petitioner is to be appointed administrator*

STATE OF _____**NEW YORK**_____
COUNTY OF_____**KINGS**_____ } ss.:

I, the undersigned, the petitioner named in the foregoing petition, being duly sworn, say:

1. VERIFICATION: I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

2. OATH OF ADMINISTRATOR as indicated above: I am over eighteen (18) years of age and a citizen of _____**the United States**_____ ; and I will well, faithfully and honestly discharge the duties of Administrator of the goods, chattels and credits of said decedent according to law. I am not ineligible, pursuant to SCPA 707, to receive letters and will duly account for all moneys and other property that will come into my hands.

3. DESIGNATION OF CLERK FOR SERVICE OF PROCESS: I do hereby designate the Clerk of the Surrogate's Court of _____**Kings**_____County, and his/her successor in office, as a person on whom service of any process, issuing from such Surrogate's Court may be made in like manner and with like effect as if it were served personally upon me, whenever I cannot be found and served within the State of New York after due diligence used.

My domicile is: **2045 Batchelder Street, Basement Apt., Brooklyn, New York  11229**

_____
Signature of Petitioner

**Walter Chow**
Print Name

On the **15th** day of **JAN**, 20 **19**, before me personally came _____**Walter Chow**

to me known to be the person described in and who executed the foregoing instrument. Such person duly swore to such instrument before me and duly acknowledged that he/she executed the same.

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

ROBERT L. WILSON
Notary Public, State of New York
Qualified in Queens County
Registration # 01WI6091014
Commission Expires April 21, **2019**

_____
Signature of Attorney

**Joseph P. Rones**
Print Name of Attorney

**Finkelstein & Partners, LLP**
Firm

**(845) 563-9512**
Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

New York State Surrogate's Court
New York State Bar Association Official OCA Forms

Form P-12
Affidavit of No Debt

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF _____ KINGS _____

PROBATE PROCEEDING, WILL OF

**LEROY CHOW**
a/k/a

**AFFIDAVIT OF NO DEBT**

_____ Deceased.     File No. _____

STATE OF _____ NEW YORK _____
COUNTY OF _____ KINGS _____  } ss.:

_____ **Walter Chow** _____,

being duly sworn, deposes and says that he/she resides at

_____ 2045 Batchelder Street, Basement Apt., Brooklyn, New York 11229 _____

County of _____ Kings _____, State of _____ New York _____; that he/she is the person seeking appointment as administrator in the above entitled proceeding; that the value of all personal property receivable by the fiduciary of the estate of the above-named decedent **plus** estimated gross rents receivable by said fiduciary for 18 months will not exceed the sum of $ _____ 0.00 _____; that deponent has made a diligent search to ascertain whether or not there are any debts or claims against the estate of said decedent and that there are no claims, including unpaid funeral and medical bills, except as follows:  [X] None

| Name | Nature of Claim | |
|---|---|---|
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |
| Name | Nature of Claim | |
| Address | | Amount |

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 86 of 156 PageID #: 145

_Walter Chow_
Signature

**Walter Chow**
Print Name

Sworn to before me this

_15th_ day of _JAN_ _2019_

_Robert L. Wilson_
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

ROBERT L. WILSON
Notary Public, State of New York
Qualified in Queens County
Registration # 01WI6091014
Commission Expires April 21, _2019_

**Joseph P. Rones**
Print Name of Attorney

**Finkelstein & Partners, LLP**
Firm

**(845) 563-9512**
Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 87 of 156 PageID #: 146
RECEIVED NYSCEF: 04/25/2019

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF KIINGS
-------------------------------------------------------------------------X

Administration Proceeding, Estate of

**AFFIDAVIT OF DELAY**

LEROY CHOW

File No.

                                        Deceased.
-------------------------------------------------------------------------X

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF KINGS | ) |

WALTER CHOW, being duly sworn, deposes and says:

1.    I am the brother of the above named decedent and the petitioner herein.  As such, I am fully familiar with the facts and circumstances surrounding this proceeding.

2.    There are no prior proceedings filed in this court or in any other jurisdiction.

3.    The reason for the delay in filing the petition is that other than a claim for money damages for personal injuries to the decedent, there were no assets of his estate to be administered.

4.    I recently became aware of the need to file for administration in order to commence an action for money damages on behalf of my late brother, Leroy Chow, for injuries he sustained while a nursing home patient.

3.    No party including creditors have been adversely affected by the delay in filing for letters of administration.

WHEREFORE, your deponent respectively requests that the Court issue Letters of Administration to the Petitioner herein, and for any other and further relief the Court deem necessary.

*Walter Chow*

WALTER CHOW

Sworn to before me this
*15th* day of January, 2019.

*Robert L. Wilson*

Notary Public

ROBERT L. WILSON
Notary Public, State of New York
Qualified in Queens County
Registration # 01WI6091044
Commission Expires April 21, *2019*

NYSCEF DOC. NO. 29

New York State Surrogate's Court                                                    Form A-8
New York State Bar Association Official OCA Forms   Waiver, Renunciation and Consent to Appoint Administrator

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF _____ **KINGS** _____

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**
a/k/a

Deceased.

**WAIVER OF CITATION,**
**RENUNCIATION AND CONSENT TO**
**APPOINTMENT OF ADMINISTRATOR**
**(INDIVIDUAL)**

File No. _____

The undersigned, a distributee or creditor of the above named decedent and being of full age and sound mind hereby voluntarily appears in the Surrogate's Court of **Kings** County, New York, and waives the issuance and service of citation in this matter, renounces all right to Letters of Administration of the above captioned estate and consents that

[ ] Letters of Administration

[ ] Letters of Administration with Limitations

[X] Limited Letters of Administration

be issued to _____ **Walter Chow** _____
or any other person or persons entitled thereto without any notice whatsoever to the undersigned, and consents

[X] that a bond be dispensed with and hereby specifically release any claim I might have under any bond that may be filed.

[ ] that a bond in the amount of $ _____ be posted.

Dated: _7/30/19_____

Signature

**Godwin Chow**
Print Name

**2450 North Avenue**
Address: Street and Number

**Bridgeport**                    **Connecticut**        **06604**          **United States**
City, Village, or Town            State                 ZIP Code           Country

**Brother**
Relationship

STATE OF ___CONNECTICUT___ } ss.: Bridgeport
COUNTY OF ___Fairfield___

On ___January 30, 2019___, before me personally appeared ___Godwin Chow___
to me known and known to me to be the person described in and who executed the foregoing waiver and
consent and each duly acknowledged the execution thereof.

_Ingrid Lavado-Ponce_

(Notary Public)
Commission Expires: Aug. 31, 2023
(Affix Notary Stamp or Seal)

INGRID LAVADO-PONCE
Notary Public, State of Connecticut
My Commission Expires Aug. 31, 2023

**Joseph P. Rones**
Print Name of Attorney

**Finkelstein & Partners, LLP**
Firm

**(845) 563-9512**
Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

| 🏛️ NYSBA | New York State Surrogate's Court | Form A-8 |
|---|---|---|
| | New York State Bar Association Official OCA Forms   Waiver, Renunciation and Consent to Appoint Administrator | |

## SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF _____ **KINGS** _____

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a

Deceased.

**WAIVER OF CITATION,
RENUNCIATION AND CONSENT TO
APPOINTMENT OF ADMINISTRATOR
(INDIVIDUAL)**

File No. _____

The undersigned, a distributee or creditor of the above named decedent and being of full age and sound mind hereby voluntarily appears in the Surrogate's Court of _____ **Kings** _____ County, New York, and waives the issuance and service of citation in this matter, renounces all right to Letters of Administration of the above captioned estate and consents that

☐ Letters of Administration

☐ Letters of Administration with Limitations

☒ Limited Letters of Administration

be issued to _____ **Walter Chow** _____
or any other person or persons entitled thereto without any notice whatsoever to the undersigned, and consents

☒ that a bond be dispensed with and hereby specifically release any claim I might have under any bond that may be filed.

☐ that a bond in the amount of $ _____ be posted.

Dated: *1 - 23 - 19*

Signature: *Phyllis C. Bryant*

**Phyllis Bryant**
Print Name

**528 Hardy Way**
Address: Street and Number

| **Hiram** | **Georgia** | **30141** | **United States** |
|---|---|---|---|
| City, Village, or Town | State | ZIP Code | Country |

**Sister**
Relationship

STATE OF **GEORGIA**
COUNTY OF Paulding } ss.:

On January 23, 2017 , before me personally appeared **Phyllis Bryant**
to me known and known to me to be the person described in and who executed the foregoing waiver and consent and each duly acknowledged the execution thereof.

_____
Notary Public
Commission Expires: February 20, 2022
(Affix Notary Stamp or Seal)

WILLIAM E ZAPATA
MY COMMISSION EXPIRES
NOTARY
PUBLIC
FEBRUARY 20, 2022
COBB COUNTY, GA

**Joseph P. Rones**
Print Name of Attorney

**Finkelstein & Partners, LLP**
Firm

**(845) 563-9512**
Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

| New York State Surrogate's Court | Form A-8 |
|---|---|
| New York State Bar Association Official OCA Forms   Waiver, Renunciation and Consent to Appoint Administrator | |

SURROGATE'S COURT OF THE STATE OF NEW YORK

COUNTY OF _____ **KINGS** _____

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a


Deceased.

**WAIVER OF CITATION,
RENUNCIATION AND CONSENT TO
APPOINTMENT OF ADMINISTRATOR
(INDIVIDUAL)**

File No. _H9661_

The undersigned, a distributee or creditor of the above named decedent and being of full age and sound mind hereby voluntarily appears in the Surrogate's Court of _____ **Kings** _____ County, New York, and waives the issuance and service of citation in this matter, renounces all right to Letters of Administration of the above captioned estate and consents that

☐ Letters of Administration

☐ Letters of Administration with Limitations

☒ Limited Letters of Administration

be issued to _____ **Walter Chow** _____ or any other person or persons entitled thereto without any notice whatsoever to the undersigned, and consents

☒ that a bond be dispensed with and hereby specifically release any claim I might have under any bond that may be filed. .

☐ that a bond in the amount of $ _____ be posted.

Dated: _January 23, 2019_

_Evelyn Chow_
Signature

**Evelyn Chow**
Print Name

**14 Auburn Place, Apt. 1D**
Address: Street and Number

**Brooklyn**                    **New York**          **11205**          **United States**
City, Village, or Town           State            ZIP Code          Country

**Sister**
Relationship

STATE OF _____ **NEW YORK** _____
COUNTY OF _____ **KINGS** _____ } ss.:

On _**1 / 23 / 2019**_ , before me personally appeared _____ **Evelyn Chow** _____
to me known and known to me to be the person described in and who executed the foregoing waiver and
consent and each duly acknowledged the execution thereof.

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

PIYUSH B. SONI
Notary Public, State of New York
No. 01SO6038647
Qualified in Kings County
Commission Expires March 20, 2022

**Joseph P. Rones** _____
Print Name of Attorney

**Finkelstein & Partners, LLP** _____          **(845) 563-9512** _____
Firm                                                      Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551** _____
Address

# FAMILY TREE

| Cross Out Class That Is Not Applicable | Children or Brothers/Sisters | Grandchildren or Nieces/Nephews | Great Grandchildren or Grandnieces/Grandnephews |
|---|---|---|---|

Leroy Chow

Decedent

Daniel Chow (DOD: 11/29/2017)

Michelle Perales

David Fischer

Godwin Chow

Name of Spouse

☐ Deceased _____ Date

☐ Divorced _____ Date

☒ Never Married

Sherwin Chow

Herbert Chow

Phyllis Bryant

See Attachment 1

being duly sworn, states that the charts contained on this paper are correct.

STATE OF ____ NEW YORK ____

COUNTY OF ____ KINGS ____

John Batty

Sworn to before me on ____ Feb. 1st 2020 ____

NOTARY PUBLIC

DAMION W WHITE
Notary Public - State of New York
NO. 01WH6240395
Qualified in Kings County
My Commission Expires May 2, 2019

*NOTE: Complete reverse side of family tree form also.*

Form FT-1

Grandparents

Aunts and Uncles

First Cousins

#

**First Cousins Once Removed

#

Paternal Grandfather

**David Chow (DOD: 1964)**
Father of Decedent

Paternal Grandmother

Maternal Grandfather

**Lorraine Chow (DOD: 1984)**
Mother of Decedent

Maternal Grandmother

STATE OF ___**NEW YORK**___
COUNTY OF ___**KINGS**___

**John Betty** being duly sworn, states that the charts contained on this paper are correct.

Sworn to before me on ___Feb. 1st 2019___

NOTARY PUBLIC

DAMION W WHITE
Notary Public - State of New York
NO. 01WH6240395
Qualified in Kings County
My Commission Expires May 2, 2019

****List First Cousins Once Removed by # that corresponds
with deceased first cousin.**

NYSBA's Surrogate's Court Forms FT-1

© 2019 Matthew Bender & Company, Inc., a member of LexisNexis.

RECEIVED NYSCEF: 04/25/2019

NYSCEF DOC. NO. 29

# Attachment

Attachment 1: Children/Brothers and Sisters (continued)

Gloria Chow
Evelyn Chow
Walter Chow
Alexander Chow (DOD: 03/13/1996)

NYSCEF DOC. NO. 29                                                RECEIVED NYSCEF: 04/25/2019

*Note: This affidavit must be from a disinterested party; it must not be from the petitioner, a distributee, or the spouse or child of a distributee.*

**SURROGATES'S COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

| Administration Proceeding |
|---|
| Estate of **Leroy Chow** |
| a/k/a |
| Deceased |

**AFFIDAVIT OF HEIRSHIP**

File No. _____

STATE OF NEW YORK )
                      ) ss:
COUNTY OF **KINGS** )

I _____**John Batty**_____ , being duly sworn depose and say that am not a party to this action, am over eighteen years of age and my residence is _____ **2983 Bedford Avenue, Brooklyn, New York 11210**

and my relationship to the decedent and the basis of my knowledge of the decedent's family tree is:
**I was a friend of the above named decedent, Leroy Chow.  I knew him for over 20 years.**

_____

_____

1. Was the decedent ever married?   ☐ Yes  ☒ No
   **If *yes*, state how many times and to whom. If any spouse or former spouse is deceased, also state their dates of death.**

2. Was the decedent ever divorced?   ☐ Yes  ☒ No
   **If *yes*, state how many times, from whom and the dates of divorce.**

3. Did the decedent have any marital children?   ☐ Yes  ☒ No
   **If *yes*, state their full names.**

4. Were there any out-of-wedlock (non-marital) children?   ☐ Yes  ☒ No
   **If *yes*, state their full names.**

NYSBA's Surrogate's Court Forms (2/2015)       © 2019 Matthew Bender & Company, Inc., a member of LexisNexis.

5. Were there any adopted children?    ☐ Yes  ☒ No
   **If *yes*, state their full names.**

6. Are any of the decedent's children deceased?    ☐ Yes  ☒ No
   **If *yes*, state their full names and dates of death.**

6a. **If *yes*, state the full names of their children** (*grandchildren of decedent*).
    **Indicate if any are adopted and/or out-of-wedlock.**

6b. **Are any grandchildren listed in 6a deceased?**    ☐ Yes  ☐ No
    **If *yes*, state their full names and dates of death.**

6c. **If yes for #6b, state the full names of their children** (*great-grandchildren of decedent*).
    **Indicate if any are adopted and/or out-of-wedlock**

---

**PARENTS**

*[STOP! PROCEED TO QUESTION 7 ONLY IF THE ANSWERS TO QUESTIONS
1 through 6b WERE ALL "NO" OR "NONE" OR IF THE DECEDENT WAS MALE AND SURVIVED
ONLY BY NON-MARITAL (OUT-OF-WEDLOCK) CHILDREN.]*
**(Notarize this affidavit on page 4)**

7. **State the full names of the decedent's parents. (If deceased, state their dates of death.)**
**David Chow died in 1964 and Lorraine Chow died in 1984**

## SIBLINGS, NIECES AND NEPHEWS

*[STOP! PROCEED TO QUESTIONS 8 AND 9 ONLY IF THE ANSWER*
*TO QUESTION 7 IS THAT THE DECEDENT'S PARENTS ARE PRE-DECEASED.]*
**(Notarize this affidavit on page 4)**

### *A FAMILY TREE DIAGRAM MUST BE INCLUDED IF THERE ARE ANY DISTRIBUTEES FROM THIS POINT ON*

8. Did the decedent have any brothers and/or sisters?   [X] Yes  [ ] No
   (Include half-brothers, half-sisters, and adopted brothers and sisters.)
   **If *yes*, state their full names.**
   **Walter Chow, Godwin Chow, Sherwin Chow, Herbert Chow, Phyllis Bryant, Gloria Chow and Evelyn Chow**

   8a. Did the decedent's parents have any non-marital (out-of-wed lock) children?   [ ] Yes  [X] No
   **If *yes*, state their full names.**

9. Are any of the decedent's siblings deceased?   [X] Yes  [ ] No
   **If *yes*, state their full names and dates of death.**
   **Alexander Chow died March 13, 1996**
   **Daniel Chow died November 29, 2017**

   9a. State the full names of the **children of each *deceased* sibling** *(nieces and nephews of decedent).*
   Indicate if any were non-marital (out-of-wed lock).
   **Michelle Perales (daughter of predeceased brother, Daniel Chow; DOD: 11/29/2017)**
   **David Fischer (son of predeceased brother, Daniel Chow; DOD: 11/29/2017)**

   9b. Are any of the nieces or nephews listed in 9a deceased?   [ ] Yes  [X] No
   **If *yes*, state their full names and dates of death.**

   9c. State the full names of the **children of each *deceased* niece and/or nephew** *(grandnieces and grandnephews of decedent).* Indicate if any were non-marital (out-of-wedlock).

---

## GRANDPARENTS

*[STOP! PROCEED TO QUESTIONS 10 AND 11 ONLY IF THERE ARE*
*NO PERSONS IN QUESTIONS 8 THROUGH 9b WHO ARE ALIVE.]*
**(Notarize this affidavit on page 4)**

10. State the names of the **decedent's maternal grandparents**. If deceased, **also indicate their dates of death.**

11. State the names of the **decedent's paternal grandparents**. If deceased, **also indicate their dates of death.**

NYSBA's Surrogate's Court Forms (2/2015)        © 2019 Matthew Bender & Company, Inc., a member of LexisNexis.

## AUNTS AND UNCLES AND COUSINS

### [STOP! PROCEED TO QUESTIONS 12 THROUGH 15 ONLY IF THERE ARE NO PERSONS IN QUESTIONS 10 AND 11 WHO ARE ALIVE. (Attach additional rider sheets if necessary)]

12. State the **full names of the decedent's maternal aunts and maternal uncles**.
    Indicate, if any are adopted and/or non-marital (out-of-wed lock).

13. Are any maternal aunts or maternal uncles deceased?   ☐ Yes  ☐ No
    **If yes, state their full names and dates of death.**

    13a. State the **full names of the children of each of the** *deceased* **maternal aunts and/or maternal uncles** *(maternal cousins of the decedent)*. Indicate if any were non-marital (out-of-wed lock).

    13b. Are any of the maternal cousins listed in 13a deceased?   ☐ Yes  ☐ No
    **If yes, state their full names and dates of death.**

14. State the **full names of the decedent's paternal aunts and paternal uncles**.
    Indicate, if any are adopted and/or non-marital (out-of-wed lock).

15. Are any **paternal aunts and/or paternal uncles** deceased?   ☐ Yes  ☐ No
    **If yes, state their full names and dates of death.**

    15a. State the **full names of the children of each of the** *deceased* **paternal aunts and/or paternal uncles** *(paternal cousins of the decedent)*. Indicate if any were non-marital (out-of-wed lock).

    15b. Are any of the paternal cousins listed in 15a deceased?   ☐ Yes  ☐ No
    **If yes, state their full names and dates of death.**

Signature _____

Print your name _____ **John Batty** _JB_

Sworn to before me this _1st_ day of _February_ 20_19_

_____
(Notary Public)

DAMION W WHITE
Notary Public - State of New York
NO. 01WH6240395
Qualified in Kings County
My Commission Expires May 2, 2019

NYSBA's Surrogate's Court Forms (2/2015)

© 2019 Matthew Bender & Company, Inc., a member of LexisNexis.

New York State Surrogate's Court
New York State Bar Association Official OCA Forms

Certification
Attorney's Certification in Administration Proceeding

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF **KINGS**

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a

**ATTORNEY'S CERTIFICATION
IN ADMINISTRATION PROCEEDING**

Deceased.

File No. _____

    The undersigned attorney hereby certifies pursuant to Sections 207.4 (a) and (b) of the Uniform Rules for Surrogate's Court, that the typeface utilized complies with subsection (a) of the aforesaid rule and the text used in the foregoing forms is the same contained in the official forms and that the substantive text has not been altered.

_____
Signature of Attorney

**Joseph P. Rones**
Print Name of Attorney

**Finkelstein & Partners, LLP**
Firm

**(845) 563-9512**
Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

© 2019 Matthew Bender & Company, Inc., a member of LexisNexis.

| | New York State Surrogate's Court | Form A-3 |
| --- | --- | --- |
| NYSBA | New York State Bar Association Official OCA Forms | Notice of Application for Letters of Administration |

SURROGATE'S COURT OF THE STATE OF NEW YORK

COUNTY OF _____ **KINGS** _____

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a

**NOTICE OF APPLICATION FOR
LETTERS OF ADMINISTRATION
(SCPA 1005)**

_____ Deceased.

File No. _____

NOTICE IS HEREBY GIVEN THAT:

1. An application for Letters of Administration upon the estate of the above-named decedent, has been made by _____ **Walter Chow** _____, petitioner, whose post office address is: _____ **2045 Batchelder Street, Basement Apt., Brooklyn, NY 11229**

_____

_____

2. Each and every name of the intestate decedent known to the undersigned is as indicated in the above caption.

3. Petitioner prays that a decree be made directing the issuance of Letters of Administration to _____ **Walter Chow** _____

4. The name and post office address of each and every distributee of the above-named decedent, as set forth in the petition and known to the undersigned, are as follows:

(a) Distributees who have been duly cited, have waived citation or have appeared in this proceeding:

| Name of Distributee **Godwin Chow** | | | |
| --- | --- | --- | --- |
| Domicile Address: Street and Number **2450 North Avenue** | | | |
| City, Village or Town **Bridgeport** | State **Connecticut** | ZIP Code **06604** | Country **United States** |
| Post Office Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |

| Name of Distributee **Phyllis Chow-Bryant** | | | |
| --- | --- | --- | --- |
| Domicile Address: Street and Number **528 Hardy Way** | | | |
| City, Village or Town **Hiram** | State **Georgia** | ZIP Code **30141** | Country **United States** |
| Post Office Address: Street and Number | | | |
| City, Village or Town | State | ZIP Code | Country |

**Continued on next page.**

### 4. (a) Distributees Who Have Waived Citation or Appeared (continued)

| Name of Distributee | | | |
|---|---|---|---|
| **Gloria Chow** | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **515 Wilson Avenue, Apt. 3R** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11221** | **United States** |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| **P.O. Box 863134** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Ridgewood** | **New York** | **11385** | **United States** |

| Name of Distributee | | | |
|---|---|---|---|
| **Evelyn Chow** | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **14 Auburn Place, Apt. 1D** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11205** | **United States** |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| **P.O. Box 21182** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11202** | **United States** |

| Name of Distributee | | | |
|---|---|---|---|
| **Sherwin Chow** | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **1966 64th Street, Suite 2F** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Brooklyn** | **New York** | **11204** | **United States** |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name of Distributee | | | |
|---|---|---|---|
| | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name of Distributee | | | |
|---|---|---|---|
| | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name of Distributee | | | |
|---|---|---|---|
| | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

### 4. (b) Other Distributees:

| Name of Distributee | | | |
|---|---|---|---|
| **Michelle Perales** | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **1591 Bruckner Blvd., Apt. 8E** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **Bronx** | **New York** | **10472** | **United States** |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name of Distributee | | | |
|---|---|---|---|
| **David Fischer** | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **6379 DiNamica Way** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| **San Diego** | **California** | **92111** | **United States** |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name of Distributee | | | |
|---|---|---|---|
| **Herbert Chow** | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| **Unknown** | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name of Distributee | | | |
|---|---|---|---|
| | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name of Distributee | | | |
|---|---|---|---|
| | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Name of Distributee | | | |
|---|---|---|---|
| | | | |

| Domicile Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

| Post Office Address: Street and Number | | | |
|---|---|---|---|
| | | | |

| City, Village or Town | State | ZIP Code | Country |
|---|---|---|---|
| | | | |

5. That the undersigned does not know of any other distributees of the said decedent.

6. That Letters of Administration will issue on or after _____ **January 15, 2019**

Dated: _March 13, 2019_____

_____
Signature of Petitioner or Attorney

**Walter Chow**
_____
Petitioner Name

**2045 Batchelder Street, Basement Apt., Brooklyn, NY 11229**
_____
Address

_____
Petitioner Name

_____
Address

**Joseph P. Rones**
_____
Attorney for Petitioner

**Finkelstein & Partners, LLP**                              **(845) 563-9512**
_____
Firm Name                                                    Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
_____
Address (Office)

NYSCEF DOC. NO. 29    RECEIVED NYSCEF: 04/25/2019

| | |
|---|---|
| **III** NYSBA | New York State Surrogate's Court | Form A-4 |
| | New York State Bar Association Official OCA Forms    Affidavit of Mailing Notice of Application for Letters of Admin. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF **KINGS**

ADMINISTRATION PROCEEDING, ESTATE OF

**LEROY CHOW**

a/k/a

Deceased.

**AFFIDAVIT OF MAILING
NOTICE OF APPLICATION
FOR LETTERS OF ADMINISTRATION
(SCPA 1005)**

File No. _____

STATE OF _____ **NEW YORK** _____
COUNTY OF _____ **ORANGE** _____ } ss.:

_____ **Elizabeth Olsen** _____, residing at
_____ **1279 Route 300, Newburgh, NY 12550** _____

New York, being duly sworn, deposes and says that deponent is over the age of eighteen years; that on
_____ **March 13, 2019** _____, deponent mailed a copy of the foregoing Notice of Application
for Letters of Administration, contained in a securely closed postpaid wrapper, directed to each of the persons
named in paragraph 4(b), respectively, as follows:

| Name of Distributee | | | |
|---|---|---|---|
| **Michelle Perales** | | | |
| Mailing Address: Street and Number | | | |
| **1591 Bruckner Blvd., Apt. 8E** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **Bronx** | **New York** | **10472** | **United States** |
| Name of Distributee | | | |
| **David Fischer** | | | |
| Mailing Address: Street and Number | | | |
| **6379 DiNamica Way** | | | |
| City, Village or Town | State | ZIP Code | Country |
| **San Diego** | **California** | **92111** | **United States** |
| Name of Distributee | | | |
| | | | |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |
| Name of Distributee | | | |
| | | | |
| Mailing Address: Street and Number | | | |
| | | | |
| City, Village or Town | State | ZIP Code | Country |
| | | | |

by depositing the document in a letter box or other official depository under the exclusive care and custody of the United States Post Office located at:

**Town of Newburgh**

_(signature)_
Signature

**Elizabeth Olsen**
Print Name

Sworn to before me this

_13th_ day of _March 2019_

_(signature)_

Notary Public
Commission Expires: 11-10-19
(Affix Notary Stamp or Seal)

MAUREEN MCKINNEY
NOTARY PUBLIC STATE OF NEW YORK
LIC. #01MC6101235
QUALIFIED IN ORANGE COUNTY
COMMISSION EXPIRES NOVEMBER 10, 20_19_

**Joseph P. Rones**
Print Name of Attorney

**Finkelstein & Partners, LLP**
Firm

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

**(845) 563-9512**
Telephone

JRones@lawampm.com
Email _(optional)_

| | New York State Surrogate's Court | Form A-2 |
|---|---|---|
| NYSBA | New York State Bar Association Official OCA Forms | Administration Citation |

File No. _____

## CITATION

SURROGATE'S COURT, _____ **KINGS** _____ COUNTY

**THE PEOPLE OF THE STATE OF NEW YORK,**
By the Grace of God Free and Independent

TO: **Gloria Chow, Sherwin Chow**

A petition having been duly filed by _____ **Walter Chow** _____

who is/are domiciled at _____ **2045 Batchelder Street, Basement Apt., Brooklyn, NY 11229** _____

**YOU ARE HEREBY CITED TO SHOW CAUSE** before the Surrogate's Court, _____ **Kings** _____ County,

at _____ **2 Johnson Street, Brooklyn, Room 319** _____ New York, on _____ ,

at ___ **9:30** ___ o'clock in the _____ **fore** _____ noon of that day, why a decree should not be made in the estate of

_____ **Leroy Chow** _____ lately domiciled at

_____ **86 Bay 26 Street, Apt. 7, Brooklyn, New York 11214** _____

in the County of _____ **Kings** _____ , New York, granting Letters of Administration upon the estate of

the decedent to _____ **Walter Chow** _____

or to such other person as may be entitled thereto.

[X] Further relief sought (if any):
**That a bond be dispensed with.**

Dated, Attested and Sealed,                    HON. _____

_____            Surrogate
Seal                                         **Doreen A. Quinn**
                                             Chief Clerk

                                             **Joseph P. Rones**
                                             Print Name of Attorney

**Finkelstein & Partners, LLP**              **(845) 563-9512**
Firm                                         Telephone

**1279 Route 300, P.O. Box 1111, Newburgh, New York 12551**
Address

---

**NOTE:** This citation is served upon you as required by law. You are not required to appear. If you fail to appear it will be assumed you do not object to the relief requested. You have a right to have an attorney-at-law appear for you.

---

At a Surrogate's Court of the
State of New York, held in and
for the County of Kings, at
Brooklyn, New York, on the
        day of            2019

PRESENT: HON._____Surrogate

_____X

ADMINISTRATION PROCEEDING, ESTATE OF,

Estate of LEROY CHOW

            Deceased.

_____X

Order Dispensing with
Service of Process
Pursuant to SCPA 1003(4)


FILE NO.

Upon reading and filing the petition herein, duly verified on the 15th day of January 2019,

applying for the appointment of an administrator for the Estate of Leroy Chow, and upon the

Affirmation of Due Diligence of Joseph P. Rones, Esq. duly sworn to on March 13, 2019, and it

appearing to the satisfaction of the Court that the whereabouts of Herbert Chow cannot after due

diligence be ascertained, it is hereby

ORDERED, that service of process upon Herbert Chow, distributee of the above named

decedent is hereby dispensed with.


_____

                                    Surrogate

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 110 of 156 PageID #: 169

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
Administration Proceeding, Estate of

LEROY CHOW
                                                 Deceased.
------------------------------------------------------------------------X

**AFFIRMATION OF DUE DILIGENCE**

File No.

JOSEPH P. RONES, an attorney duly admitted to practice law before the Courts of the State of New York does hereby affirm under the penalties of perjury:

1.  I am a member of the law firm of Finkelstein & Partners, LLP, which law firm represents the Petitioner, Walter Chow, in the above captioned matter.

2.  A petition for letters of administration dated January 15, 2018 was filed with this Court.

3.  The decedent, LEROY CHOW, died on December 27, 2017 at Maimonides Medical Center, Brooklyn, NY.

4.  As set forth in the petition, the sole asset of decedent's estate is a pending class action lawsuit for personal injuries sustained while he was patient at Seagate Rehabilitation and Nursing Center in Brooklyn, New York.  Petitioner seeks Letters of Limited Administration or in the alternative Letters of Temporary Administration in order to continue to prosecute the class action lawsuit.

5.  I make this Affirmation to show our attempts in locating the distributee, Herbert Chow, brother of the decedent.

6.  Petitioner advised our office that Herbert Chow resides in the area of Portland, Oregon, possibly in Clackamas, Oregon (10 miles or 18 minutes from Portland, Oregon).

7.  In or about December 2018 to date, Finkelstein & Partners, LLP staff (F&P staff) performed multiple internet searches on http://radaris.com, www.mylife.com,

www.whitepages.com, www.spokeo.com and www.fastpeoplesearch.com.  A copy of these

searches are attached as **Exhibit A**.  The searches revealed several addresses, as follows:

| | | |
|---|---|---|
| P.O. Box 16516<br>Portland, OR 97292 | 1904 NE 82nd Avenue<br>Portland, OR 97220 | 12425 NE Beech Street<br>Portland, OR 97230 |
| P.O. Box 2743<br>Clackamas, OR 97015 | 8800 SE Sunnyside Road<br>Clackamas, OR 97015 | 3532A NE M L King Blvd.<br>Portland, OR 97212 |
| 0230 SW Gaines Street<br>Portland, OR 97239 | 5915 SE Nehalem Street<br>Portland, OR 97206 | P.O. Box 16934<br>Portland, OR 97292 |
| 5915 Nehalem NE<br>Portland, OR 97206 | 2245 NE 79th Avenue<br>Portland, OR 97213 | |

8.  On January 17, 2019, F&P staff mailed a letter to Herbert Chow at12425 NE Beech Street,

Portland, Oregon 97230.  The post office returned it as "NOT DELIVERABLE AS ADDRESSED

UNABLE TO FORWARD".  We then conducted a property search on the Multnomah County

Clerk's Office website, it shows that Herbert Chow sold this property in 2001.  A copy of the

returned mail and Multnomah County Clerk search are attached as **Exhibit B**.

9.  On January 30, 2019, another letter was sent to 8800 SE Sunnyside Road Clackamas,

Oregon 97015.  It was returned by the post office as "INSUFFICIENT ADDRESS UNABLE TO

FORWARD".  A copy of the returned mail is attached as **Exhibit C**.  When we searched this

address on the internet, it was learned that this building has 42-floors.  We were unable to find a

suite number or unit number in our searches.

10. The address of 0230 SW Gaines Street, Portland, OR 97239, is also a condominium or

apartment complex, and we could not find a unit number.

11. On January 30, 2019, F&P staff mailed letter to P.O. Box 2743, Clackamas, OR 97015.

This letter was also returned by the post office as "NOT DELIVERABLE AS ADDRESSED

UNABLE TO FORWARD", a copy of which is attached as **Exhibit D**.

NYSCEF DOC. NO.: 25 RECEIVED NYSCEF: 04/25/2019

12. Insurance Centers Northwest, Inc. was a prior location for 3532A NE M L King Blvd., Portland, OR 97212. The Oregon Department of State names Herbert Chow as the owner of the corporation, which was dissolved on June 18, 2010. The business search lists a mailing address of P.O. Box 16516, Portland, OR 97292. Evelyn Chow also provided F&P staff with this post office box address. On January 30, 2019, a letter was mailed to P.O. Box 16516, Portland, OR 97292, but was returned as "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD". A copy of Oregon business search and returned mail are attached as **Exhibit E.**

13. In addition, Evelyn Chow gave a street address for Herbert Chow of 2245 NE 79th Avenue, Portland, OR 97213. On February 15, 2019, our staff mailed a letter to this address, and was returned by the post office as "ATTEMPTED NOT KNOWN UNABLE TO FORWARD". There was also a note on the envelope that says "not at this address". Upon receipt of the returned mail, F&P staff searched the Multnomah County website and learned that Herbert Chow sold this property in 2001. A copy of the returned mail and the Multnomah County Clerk search are attached as **Exhibit F.**

14. . On February 1, 2019, Godwin Chow obtained Herbert's email address of Herb.304@gmail.com from their brother, Sherwin Chow. On that same day, F&P staff emailed Herbert. A copy of the email is attached as **Exhibit G.** No reply was received. Petitioner stated that he also sent 3 or 4 emails and never received a response. F&P staff spoke with Godwin Chow several times over the last couple of months to see if he had any additional contact information for his brother, Herbert. However, he does not.

15. F&P staff performed a search on the State of Oregon Courts website for information regarding Herbert's location. The search shows case numbers from 2005-2018 in Clackamas, OR. A copy of this search is attached as **Exhibit H.**

NYSCEF DOC. NO. 25                                                                    RECEIVED NYSCEF: 04/25/2019

16. We performed a search on the State of Oregon website for voting registration.  There was no record for Herbert Cow.  A copy of this searched is attached as **Exhibit I.**

17. The remaining addresses of 5915 SE Nehalem Street and1904 NE 82nd Avenue appear to be past addresses including P.O. Box 16934, Portland, Oregon.

18. There were four phone numbers in the searches of (503) 252-9913, (503) 256-1122, (503) 252-0994 and (971) 244-4263.  Our staff called these numbers.  They are no longer in service except for (971) 244-4263.  There has been no answer from said number.

19. Pursuant to SCPA 902 (5), the court may dispense with process if it finds that the best interests of the estate so require.  Here, the whereabouts of the decedent's brother, Herbert Chow, are unknown, and it is requested that service be dispensed with until the settlement and distribution is offered for this court's approval.

20. Petitioner respectfully submits that he has complied with due diligence requirement set forth under Section 207.16(d).

21. As set forth in the petition, no relief is sought to dispose, transfer, or in any manner control decedent's assets, if any.

WHEREFORE, **Petitioner prays** that Letters of Limited Administration or in the alternative Letters of Temporary Administration be issued to Walter Chow, and such other and further relief that this Court may deem just and proper.

Dated: March 14, 2019
Newburgh, NY

JOSEPH P. RONES
FINKELSTEIN & PARTNERS, LLP
1279 Route 300, P.O. Box 1111
Newburgh, NY 12551
(845) 563-9512
JRones@lawampm.com

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 114 of 156 PageID #: 173

# EXHIBIT A

Herbert Chow, age 64 from Clackamas, OR Radaris



**Public Records Deep Search**
Background check, contact information, mentions monitoring and more...

APPS   LOGIN

People   Businesses   Properties   Phones

Herbert Chow
first and last name

all states
city, state, or zip code

| Search |
| --- |

**Arrest Records: 2 Secrets**
Find Addresses, Phone Numbers, Felonies, Traffic Records, DUIs and
Much More!

OPEN

Overview   Background   Phones & Addresses   Professional Records
Mentions

Page link!   Share   Tweet

# Herbert Chow ~64

Background Check & Contact Info   ⌄

Login
to view premium data
connect   connec

Clackamas, OR

Known as:
Hebert Chow   Herb Chow

## BACKGROUND CHECK   GET REPORT

Background          Contact information
View records         Look up

Family members      Email address
See found            Search email

Residences          Property records
*** Sunnyside        View results

Marriages & Divorces  Lawsuit records
Check status          View results

## PHONES & ADDRESSES   GET REPORT

Clackamas, OR

12425 Ne Beech St, Portland, OR 97230
(503) 252-9913

2245 Ne 79Th Ave #16934, Portland, OR 97213
(503) 256-1122

1904 Ne 82Nd Ave, Portland, OR 97220   Not in service
(503) 252-0094

5915 Se Nehalem St #Ne, Portland, OR 97206
(503) 252-0913

PO Box 16516, Portland, OR 97292

## PROFESSIONAL RECORDS



**1**

**Arrest Records: 2 Secrets**

Find Addresses, Phone Numbers, Felonies, Traffic Records, DUIs and Much More!

Instant Checkmate

**2**

**100+ Degree Programs**

Earn your degree one 4-week class at a time at WSCUC-accredited National University.

National University

More results for

Spokeo People Search | White Pages | Find People



## Get Instant Information on **Herbert Chow**

Your Purchase is confidential. **Herbert Chow** will **NOT** be notified of your purchase.

**RESULTS ARE READY!**

# Herbert Chow

Age 60's, Clackamas, Oregon

Latest report as of 02/28/2019

**Report Includes Available Information On:**

## 31 matches for Herbert Chow in the US

| | |
|---|---|
| CURRENT ADDRESS: | **** Se Sunnyside... |
| PHONE NUMBERS: | 2 Found |
| EMAIL ADDRESS: | See Full Results |
| FAMILY MEMBERS: | See Available Re... |
| LOCATION HISTORY: | Portland, OR, Sta... |
| MARITAL STATUS: | See Full Results |
| COURT RECORDS: | 10+ Found |

SE Sunnyside Rd

SE Sunnyside



Map data ©2019 Google

**PICK YOUR OPTION**

**FULL NAME REPORT**

Case 1:19-cv-03341-ER-JW Document 37 Filed 06/19/19 Page 117 of 156 PageID #: 176 4



### *Fast*PeopleSearch

Search for...

## Mr Herbert Chow Age 64

FULL BACKGROUND REPORT AVAILABLE »

### Current Address

Po Box 16516
Portland, OR 97292-0516

Map

### Phone Numbers

(503) 252-9913 - LandLine/Services *not in service*

(503) 256-1122 - LandLine/Services *not in service*

(971) 244-4263 - LandLine/Services *is and.*

### Full Background Report (Sponsored by PeopleFinders)

- Arrest Records
- Court Records
- Marriage & Divorce Records
- Birth & Death Records
- Police Records

- Search Warrants
- Criminal Records Data
- Property Records
- Bankruptcies, Judgments, Liens
- Complete Background Report

VIEW FULL BACKGROUND REPORT

### Email Addresses

herb@icnw.us

herb@teapartyvolunteer.com

Case 1:19-cv-00341-FB-JRC   Document 3   Filed 06/15/15   Page 118 of 156 PageID #: 177

**Fast**PeopleSearch

☑ **Background Check For Employers** (Sponsored by backgroundchecks.com)

Search for...

Screen your employees on backgroundchecks.com and find criminal record information when you combine the power of our multi jurisdictional criminal convictions database and county-level criminal record searches.

> **PREMIUM BACKGROUND CHECK >>**

## Associated Names

Herb Chow

Hebert Chow

Mr Herbert Chow

## Sponsored Links

## Previous Addresses

1904 NE 82nd Ave
Portland, OR 97220-5605
(5/1/2001 - 1/14/2002)

Map

12425 NE Beech St
Portland, OR 97230-1320
(12/20/2001 - 12/20/2001)

Map

Map

## 😺 *Fast*PeopleSearch

Show Less...

Search for...

Po Box 2743
Clackamas, OR 97015-2743
(1/15/2000 - 5/15/2017)

🔍 Map 📍

8800 SE Sunnyside Rd
Clackamas, OR 97015-9751
(8/14/2012 - 8/14/2012)

Map 📍

3532A NE M L King Blvd
Portland, OR 97212-2082
(5/2/2006 - 8/6/2008)

Map 📍

0230 SW Gaines St
Portland, OR 97239-4332
(10/30/2003 - 10/30/2003)

Map 📍

5915 SE Nehalem St
Portland, OR 97206-8176
(7/15/2001 - 7/18/2001)

Map 📍

Po Box 16934
Portland, OR 97292-0934
(7/15/2001 - 7/18/2001)

Map 📍

5915 Nehalem NE
Portland, OR 97206
(12/1/1989 - 8/31/1993)

Map 📍

Sponsored Links

Sponsored Links

👤 **Possible Associates**

Amy A Telschow , Eldred J Hopp , Ellen M Ferguson , Ntumo Elton Shareif , Jeremy K Barrett

💼 **Possible Businesses**    ∧

INSURANCE CENTERS NORTHWEST FastPeopleSearch

3532A NE M L King Blvd Portland OR 97212
Seaside ONE

INSURANCE CENTERS NORTHWEST, INC

3532A NE M L King Blvd Portland OR 97212

## Sponsored Links

Mr Herbert Chow is 64 years old. Herbert's phone numbers include (503) 252-9913, (503) 256-1122, (971) 244-4263. Herbert's email addresses include herb@icnw.us, herb@teapartyvolunteer.com.

Herbert's most recent address is Po Box 16516, Portland, OR 97292-0516. Herbert previously lived at 1904 NE 82nd Ave, Portland, OR 97220-5605, for 8 months. Herbert previously lived at 12425 NE Beech St, Portland, OR 97230-1320.

Directory: A B C D E F G H I J K L M N O P Q R S T U V W X Y Z

© Copyright 2019. All Right Reserved. FastPeopleSearch.com
Terms | Privacy | Contact



**ALERT!**

- Criminal or Civil Court records found on Herbert's Background Report!
- Lawsuits, Liens or Bankruptcies records found Herbert's Background Report!
  **View Details**

What's a Background Report?          Can I control this page?

# Herbert's Bio

## Summary

Herbert Chow is 64 years old today because Herbert's birthday is on 04/01/1954. Herbert's Reputation Sc
Chow lives in Portland, OR. Currently, Herbert is single. Herbert Chow, and many others are family member
View All Details



Birthday: ▮▮▮ 1954                    Income: Info Pending...
Political Party: Info Pending...      Net Worth: Info Pending...
Ethnicity: Info Pending...           Relationship: Single
Religion: Info Pending...            Kids: Info Pending...

## Properties

Check Full Background Report to see personal property information. This may contain information such as
purchase price.

## Automobile

Year: Info Pending...



NYSCEF DOC. NO. 29    Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 122 of 156 PageID #: 181    RECEIVED NYSCEF: 04/25/2019

This is Me - Control Page

## Contact Information

🌐 Public

**Recent Address**
P*** **** 16516
Portland, OR

**Past Addresses**
12*** **** St
Portland, OR

22*** **** Ave
Portland, OR

59*** **** St
Portland, OR

View All Addresses

**Social Profiles**
Check Full Background Report to see Herbert's social media activity. This may contain online profiles, dating websi media accounts, and other potentially embarrassing profiles. This may also contain additional contact information, ways to get in touch.

**View Full Contact Information**

This is Me - Control Page

mylife

# EXHIBIT B



**Finkelstein**

**THE INJURY**

Andrew G. Finkelstein, P.C. (NY & NJ)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
George A. Kohl, II (NY & MA)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright, R.N. (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)

Marshall P. Richer (NY)
Edward M. Steves (NY)
Kara L. Campbell (NY, NJ & CT)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)
Elizabeth A. Wolff (NY & MA)

Christine Khalil-Borna Clemens (NY,CT,CA)
Brian D. Acard (NY)
Vincent J. Pastore (NY)
Christopher Camastro (NY & NJ)
Jeffrey M. Brody (NY)
Courtney J. Dey (NY & NJ)
Robyn L. Rothman (NY)
Alexandra Cumella (NY & NJ)

*Of Counsel*
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ)
Raye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)

David Akerib (NY)
Frances M. Bova, R
Gustavo W. Alzugar
Sharon A. Scanlan (
Marc S. Becker (NY
Antonio S. Grillo (N
Narine Galoyan (NY
Levi Glick (NY & NJ
Daniel DeVoe (NY)
Jonathan Minkove (
Cristina L. Dulay (N
Vincent J. Rossillo (
Donald A. Crouch (
Karen O'Brien (NY

REFER TO OUR FILE #: 119661

Jan

Mr. Hebert Chow
12425 NE Beech Street
Portland, Oregon 97230

    RE:   Estate of Leroy Chow

Dear Mr. Chow:

    Please accept our condolences on the loss of yc

    As you may be aware, Walter Chow, retained t
Garber, LLP to handle a personal injury action on beh
lawsuit, the State of New York requires that an Admi

    We are in the process of appointing, Walter C
that all of Leroy's heirs give their consent to his appc
Waiver of Citation, Renunciation and Consent to Ap
you renounce your right to be appointed Administrat
Chow, as such Administrator.

    **If you do not sign this form, the Surrogate**
**you an opportunity to object to this appointment**
**involves serving "citations" to those who have n**
**Estate proceedings to be completed several week**
**expending the additional sums needed to serve y**

    If you have no objections, please sign wher
using the enclosed pre-paid envelope provided for

    If you have any questions, please do not he

Elizabeth Olsen, Paralegal

Enc.

*Finkelstein & Partners*
THE INJURY ATTORNEYS
1279 Route 300
P.O. Box 1111
Newburgh, NY 12551

Mr. Hebert Chow
12425 NE Beech Street
Portland, Oregon 97230

Return Service Requested

EBO

Newburgh · Albany · Binghamton · Kingston · Middletown · Newark · Port Jervis · Poughkeepsie · Spring Valley · Syracuse · White Plains · Madison
1279 ROUTE 300, PO BOX 1111    Phone: (845) 562-0203    Fax: (845) 725-7005    www.lawampm.com    1308 DURHAM ROAD
NEWBURGH, NY 12551                                                                    MADISON, CT 06443

| Property | Owner | Property Address | 2018 Assessed Value |
|---|---|---|---|
| R113684 | KLESALEK,BRYAN | 12425 NE BEECH ST, PORTLAND, OR 97230 | $182,530 |

### 2019 GENERAL INFORMATION

| | |
|---|---|
| Property Status | A Active |
| Property Type | RP Residential |
| Legal Description | BEECHWAY, BLOCK 2, LOT 3 |
| Alternate Account Number | R063000080 |
| Neighborhood | R073 |
| Map Number | 1N2E23CC -04100 |
| Property Use | B - RESIDENTIAL IMPROVED |
| Levy Code Area | 006 |

### RELATED PROPERTIES

*Split/Merge data prior to February 6, 2018 is not available online, please call Multnomah County Assessment & Taxation division.*

| | |
|---|---|
| Linked Properties | - |
| Property Group ID | - |
| Grouped Properties | - |
| Split / Merge Date | - |
| Split / Merge Accounts | - |
| Split / Merge Message | - |

Print property informatio

### 2019 OWNER INFORMATION

| | |
|---|---|
| Owner Name | KLESALEK,BRYAN |
| Mailing Address | 6115 SE 87TH AVE PORTLAND, OR 97266-5325 |

### 2018 IMPROVEMENTS

⊞ Expand/Collapse All

| ⊞ Improvement #1 | Improvement Type | Building Type | Class |
|---|---|---|---|
| - | SINGLE FAMILY RESIDENTIAL | 1 STY | 4.0 |

### 2018 LAND SEGMENTS

| LAND NO | LAND TYPE | LAND SIZE |
|---|---|---|
| L1 | RES RESIDENTIAL LAND | 9,520 Sq. ft |
| **TOTALS** | | 9,520 Sq. ft / 0.22 acres |

### ASSESSED VALUES

| YEAR | IMPROVEMENTS | LAND | SPECIAL MARKET / USE | RMV | MS VALUE | EXEMPTIONS | M50 ASSESSED |
|---|---|---|---|---|---|---|---|
| 2018 | $135,380 | $170,000 | - / - | $305,380 | $305,380 | | $182,530 |
| 2017 | $127,410 | $150,000 | $0 / $0 | $277,410 | $277,410 | | $177,220 |
| 2016 | $113,080 | $126,500 | $0 / $0 | $239,580 | $239,580 | | $172,060 |
| 2015 | $112,280 | $122,250 | $0 / $0 | $234,530 | $234,530 | | $167,050 |
| 2014 | $89,990 | $122,250 | $0 / $0 | $212,240 | $212,240 | | $162,190 |
| 2013 | $80,430 | $113,500 | $0 / $0 | $193,930 | $193,930 | | $157,470 |

### SALES HISTORY

| DEED | SELLER | BUYER | INSTR # | DATE | CONSIDERATION AMOUNT |
|---|---|---|---|---|---|
| WD | JONES,BRIDGETT E | KLESALEK,BRYAN | 2004196080 | 10/28/2004 | $154,500 |
| WD | CHOW,HERBERT | JONES,BRIDGETT E | 01204700 | 12/20/2001 | $160,000 |
| WD | DE LUCCA,JOSEPH | CHOW,HERBERT | 98035443 | 3/1/1998 | $120,000 |
| WD | HALL,M LORRAINE | DE LUCCA,JOSEPH | BP24952714 | 12/1/1991 | $80,000 |
| WD | RASK,PAUL J TR | HALL,M LORRAINE | BP23160310 | 6/1/1990 | $71,682 |
| WD | HOLMES,JAMES | SHELDON,JOY | BP22120433 | 5/1/1989 | $66,610 |
| WD | SHELDON,JOY J | HOLMES,JAMES N | BP21801248 | 2/1/1989 | $66,610 |

- If applicable, the described property is receiving special valuation based upon its use. Additional rollback taxes which may become due based on the provisions of the special valuation are not indicated in this listing.

| TOTAL TAXES DUE | |
|---|---|
| **Current Year Due** | $0.00 |
| **Past Years Due** | $0.00 |
| | |
| **Total Due** | $0.00 |

*Total Due shown may not reflect current amount due

| Pay My Bills |
|---|

## TAX SUMMARY

Effective Date: 2/22/2019 ⌄ Details

| TAXYEAR | TOTAL BILLED | AD VALOREM | SPECIAL ASMT | PRINCIPAL | INTEREST | DATE PAID | TOTAL OWED |
|---|---|---|---|---|---|---|---|
| 2018 | $3,865.47 | $3,865.47 | $0 | $3,865.47 | $0.00 | - | $0.00 |
| 2017 | $3,725.38 | $3,725.38 | $0 | $3,725.38 | $0.00 | - | $0.00 |
| 2016 | $3,593.26 | $3,593.26 | $0 | $3,593.26 | $0.00 | - | $0.00 |
| 2015 | $3,525.61 | $3,525.61 | $0 | $3,525.61 | $0.00 | - | $0.00 |
| 2014 | $3,284.61 | $3,284.61 | $0 | $3,284.61 | $0.00 | - | $0.00 |
| 2013 | $3,095.04 | $3,095.04 | $0 | $3,095.04 | $0.00 | - | $0.00 |
| 2012 | $2,965.53 | $2,965.53 | $0 | $2,965.53 | $0.00 | - | $0.00 |
| 2011 | $0.00 | $0.00 | $0 | $0.00 | $0.00 | - | $0.00 |
| 2010 | $0.00 | $0.00 | $0 | $0.00 | $0.00 | - | $0.00 |
| 2009 | $0.00 | $0.00 | $0 | $0.00 | $0.00 | - | $0.00 |
| 2008 | $0.00 | $0.00 | $0 | $0.00 | $0.00 | - | $0.00 |

| TAXYEAR | RECEIPT NUMBER | TRANSACTION DATE | PAYMENT AMOUNT |
|---|---|---|---|
| 2018 | MULT-122109 | 11-13-2018 | $3,749.51 |
| 2017 | 8660622 | 11-9-2017 | $3,613.62 |
| 2016 | 8339631 | 11-14-2016 | $3,485.46 |
| 2015 | 7968818 | 11-12-2015 | $3,419.84 |
| 2014 | 7603824 | 11-10-2014 | $3,186.07 |
| 2013 | 7276816 | 11-12-2013 | $3,002.19 |
| 2012 | 6936039 | 11-13-2012 | $2,876.56 |
| 2011 | 6584075 | 11-14-2011 | $2,977.41 |
| 2010 | 6215740 | 11-12-2010 | $2,951.68 |
| 2009 | 5831105 | 11-12-2009 | $2,893.51 |
| 2008 | 5442105 | 11-12-2008 | $2,712.66 |

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 127 of 156 PageID #: 186

# EXHIBIT C

Andrew G. Finkelstein, P.C. (NY & NJ)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
George A. Kohl, II (NY & MA)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright, R.N. (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)

Marshall P. Richer (NY)
Edward M. Steves (NY)
Kara L. Campbell (NY, NJ & CT)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)
Elizabeth A. Wolff (NY & MA)

Christine Khalili-Borna Clemens (NY,CT,CA)
Brian D. Acard (NY)
Vincent J. Pastore (NY)
Christopher Camastro (NY & NJ)
Jeffrey M. Brody (NY)
Courtney J. Day (NY & NJ)
Robyn L. Rothman (NY)
Alexandra Cunello (NY & NJ)

*Of Counsel*
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ)
Reye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)

David Akerib (NY)
Frances M. Bova, R...
Gustavo W. Alzugar...
Sharon A. Scanlan ...
Marc S. Becker (NY...
Antonio S. Grillo (N...
Narine Geloyan (NY...
Jonathan Minkove (...
Levi Glick (NY & NJ...
Daniel DeVoe (NY)
Cristina L. Dulay (N...
Vincent J. Rossillo (...
Donald A. Crouch (...
Karen O'Brien (NY)



## Finkelstein &
### THE INJURY A

REFER TO OUR FILE #: 119661

Janu

Mr. Hebert Chow
8800 SE Sunnyside Road
Clackamas, OR 97015

    RE:    Estate of Leroy Chow

Dear Mr. Chow:

    Please accept our condolences on the loss of your

    As you may be aware, Walter Chow, retained the
Garber, LLP to handle a personal injury action on behalf
lawsuit, the State of New York requires that an Adminis

    We are in the process of appointing, Walter Chow
that all of Leroy's heirs give their consent to his appoint
Waiver of Citation, Renunciation and Consent to Appoi
you renounce your right to be appointed Administrator
Chow, as such Administrator.

    **If you do not sign this form, the Surrogate's C**
**you an opportunity to object to this appointment. T**
**involves serving "citations" to those who have not si**
**Estate proceedings to be completed several weeks ea**
**expending the additional sums needed to serve you**

    If you have no objections, please sign where ind
using the enclosed pre-paid envelope provided for your

    If you have any questions, please do not hesitat

    V

*[signature]*
Elizabeth Olsen, Paralegal

Enc.

---

*[Envelope portion:]*

Finkelstein & Partners
THE INJURY ATTORNEYS
1279 Route 300
P.C. Box 1111
Newburgh, NY 12551

Return Service Requested

Mr. Hebert Chow
8800 SE Sunnyside Road
Clackamas, OR 97015

U.S. POSTAGE ⟩⟩ PITNEY BOWES
ZIP 12550  $ 000.50⁰
02 4W
0000359422 JAN 31 2019

EBO

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

# EXHIBIT D



**Andrew G. Finkelstein, P.C. (NY & NJ)**
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
George A. Kohl, II (NY & MA)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright, R.N. (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)

Christine Khalil-Borna Clemens (NY,CT,CA)
Brian D. Acard (NY)
Vincent J. Pastore (NY)
Christopher Camastro (NY & NJ)
Jeffrey M. Brody (NY)
Courtney J. Day (NY & NJ)
Robyn L. Rothman (NY)
Alexandra Cumella (NY & NJ)

David Akerib (NY)
Frances M. Bova, R.N.
Gustavo W. Alzugaray (NY)
Sharon A. Scanlan (NY)
Marc S. Becker (NY)
Antonio S. Grillo (NY)
Narine Galoyan (NY)
Jonathan Minkove (NY)
Levi Glick (NY & NJ)
Daniel DeVoe (NY)
Cristina L. Dulay (NY)
Vincent J. Rossillo (NY)
Donald A. Crouch (NY)
Karen O'Brien (NY)

Marshall P. Richer (NY)
Edward M. Steves (NY)
Kara L. Campbell (NY & CT)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)
Elizabeth A. Wolf (NY & MA)

*Of Counsel*
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ)
Raye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)

# Finkelstein &
## THE INJURY A

REFER TO OUR FILE #: 119661

Janu

Mr. Hebert Chow
P.O. Box 2743
Clackamas, OR 97015

    RE:   Estate of Leroy Chow

Dear Mr. Chow:

    Please accept our condolences on the loss of you

    As you may be aware, Walter Chow, retained th
Garber, LLP to handle a personal injury action on behal
lawsuit, the State of New York requires that an Admini

    We are in the process of appointing, Walter Cho
that all of Leroy's heirs give their consent to his appoin
Waiver of Citation, Renunciation and Consent to Appo
you renounce your right to be appointed Administrator
Chow, as such Administrator.

    **If you do not sign this form, the Surrogate's
you an opportunity to object to this appointment.
involves serving "citations" to those who have not s
Estate proceedings to be completed several weeks
expending the additional sums needed to serve you**

    If you have no objections, please sign where i
using the enclosed pre-paid envelope provided for yo

    If you have any questions, please do not hesit

Elizabeth Olsen, Paralegal

Enc.

Newburgh · Albany · Binghamton · Kingston · Middletown · Newark · Port Jervis · Poughkeepsie · Spring Valley · Syracuse · White Plains · Madison
1279 ROUTE 300, PO BOX 1111
NEWBURGH, NY 12551
Phone: (845) 562-0203   Fax: (845) 725-7005   www.lawampm.com
1308 DURHAM ROAD
MADISON, CT 06443

---

NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD

Finkelstein & Partners
THE INJURY ATTORNEYS
1279 Route 300
P.O. Box 1111
Newburgh, NY 12551

Return Service Requested

Mr. Hebert Chow
P O Box 2743
Clackamas, OR 97015

EBO

# EXHIBIT E



# Finkelstein &

## THE INJURY A

Andrew G. Finkelstein, P.C. (NY & NJ)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
George A. Kohl, II (NY & MA)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright, R.N. (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)

Marshall P. Richer (NY)
Edward M. Steves (NY)
Kara L. Campbell (NY, NJ & CT)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)
Elizabeth A. Wolff (NY & MA)

Christine Khalil-Borna Clemens (NY,CT,CA)
Brian D. Acard (NY)
Vincent J. Pestore (NY)
Christopher Camastro (NY & NJ)
Jeffrey M. Brody (NY)
Courtney J. Day (NY & NJ)
Robyn L. Rothman (NY)
Alexandra Cumella (NY & NJ)

*Of Counsel*
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ)
Raye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)

David Akerib (NY)
Frances M. Bova, R.
Gustavo W. Alzugar
Sharon A. Scanlan (
Marc S. Becker (NY
Antonio S. Grilio (NY
Nerine Galoyan (NY)
Jonathan Minkove (
Levi Glick (NY & NJ)
Daniel DeVoe (NY)
Cristina L. Dulay (N
Vincent J. Rossillo (
Donald A. Crouch (
Karen O'Brien (

REFER TO OUR FILE #: 119661

Janu

Mr. Hebert Chow
P.O. Box 16516
Portland, OR 97292-0516

    RE:    Estate of Leroy Chow

Dear Mr. Chow:

    Please accept our condolences on the loss of yo

    As you may be aware, Walter Chow, retained th
Garber, LLP to handle a personal injury action on beha
lawsuit, the State of New York requires that an Admin

    We are in the process of appointing, Walter Ch
that all of Leroy's heirs give their consent to his appoi
Waiver of Citation, Renunciation and Consent to App
you renounce your right to be appointed Administrato
Chow, as such Administrator.

    **If you do not sign this form, the Surrogate'
you an opportunity to object to this appointment.
involves serving "citations" to those who have not
Estate proceedings to be completed several weeks
expending the additional sums needed to serve yo**

    If you have no objections, please sign where
using the enclosed pre-paid envelope provided for y

    If you have any questions, please do not hesi

Elizabeth Olsen, Paralegal

Enc.

Newburgh · Albany · Binghamton · Kingston · Middletown · Newark · Port Jervis · Poughkeepsie · Spring Valley · Syracuse · White Plains · Madison
1279 ROUTE 300, PO BOX 1111
NEWBURGH, NY 12551
Phone: (845) 562-0203     Fax: (845) 725-7005     www.lawampm.com
1308 DURHAM ROAD
MADISON, CT 06443

Finkelstein & Partners
THE INJURY ATTORNEYS
1279 Route 300
P.O. Box 1111
Newburgh, NY 12551

Return Service Requested

Mr. Hebert Chow
P.O. Box 16516
Portland, OR 97292-0516

EBO

OREGON SECRETARY OF STATE

▶ **Corporation Division**

HOME

| business information center | business name search | oregon business guide |
| referral list | business registry/renewal | forms/fees | notary public |
| uniform commercial code | uniform commercial code search | documents & data services |

## Business Name Search

New Search    Printer Friendly    Business Entity Data                    02-22-2019
                                                                            08:50

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 396837-84 | DBC | INA ¹ | OREGON | 04-21-1994 | | |
| **Entity Name** | INSURANCE CENTERS NORTHWEST, INC. | | | | | |
| **Foreign Name** | | | | | | |

New Search    Printer Friendly    Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| **Addr 1** | 3532-A NE MLK JR BLVD | | | |
| **Addr 2** | | | | |
| **CSZ** | PORTLAND | OR | 97212 | **Country** UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | **Start Date** | 04-21-1994 | **Resign Date** |
|---|---|---|---|---|---|
| **Name** | HERBERT | | CHOW | | |
| **Addr 1** | 3532-A NE MLK JR BLVD | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97212 | **Country** UNITED STATES OF AMERICA | |

| Type | MAL | MAILING ADDRESS | | | |
|---|---|---|---|---|---|
| **Addr 1** | PO BOX 16516 | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97292 | 0516 | **Country** UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | | **Resign Date** |
|---|---|---|---|---|---|
| **Name** | HERBERT | | CHOW | | |
| **Addr 1** | PO BOX 16516 | | | | |
| **Addr 2** | | | | | |
| **CSZ** | PORTLAND | OR | 97292 | 0516 | **Country** UNITED STATES OF AMERICA |

| Type | SEC | SECRETARY | | | | | Resign Date | |
|------|-----|-----------|--|--|--|--|-------------|--|
| Name | HERBERT | | CHOW | | | | | |
| Addr 1 | PO BOX 16516 | | | | | | | |
| Addr 2 | | | | | | | | |
| CSZ | PORTLAND | OR | 97292 | 0516 | | Country | UNITED STATES OF AMERICA | |

New Search    Printer Friendly    Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|----------------------|-----------|-------------|------------|----------|
| INSURANCE CENTERS NORTHWEST, INC. | EN | CUR | 04-21-1994 | |

Please read before ordering Copies.

New Search    Printer Friendly    Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|-----------------|--------|------------------|----------------|--------|-------------------|--------------|
| | ADMINISTRATIVE DISSOLUTION | 06-18-2010 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 04-22-2009 | 04-21-2009 | SYS | | |
| | ANNUAL REPORT PAYMENT | 03-25-2008 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 05-02-2007 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 03-17-2006 | | SYS | | |
| | ANNUAL REPORT PAYMENT | 03-18-2005 | | SYS | | |
| | ANNUAL REPORT | 01-07-2005 | | FI | | |
| | ANNUAL REPORT PAYMENT | 04-24-2003 | | SYS | | |
| | REINSTATEMENT AMENDED | 12-20-2002 | | FI | | |
| | ADMINISTRATIVE DISSOLUTION | 07-06-2001 | | SYS | | |
| | STRAIGHT RENEWAL | 03-16-2000 | | FI | | |
| | REINSTATEMENT | 02-28-2000 | | FI | | |
| | INVOL DISSOLUTION | 06-17-1999 | | SYS | | |
| | STRAIGHT RENEWAL | 04-13-1998 | | FI | | |
| | | 04-13-1998 | | FI | | |

| | CHANGED RENEWAL | | | | | |
|---|---|---|---|---|---|---|
| | REINSTATEMENT | 08-18-1997 | | FI | | |
| | STRAIGHT RENEWAL | 08-18-1997 | | FI | | |
| | INVOL DISSOLUTION | 07-26-1996 | | SYS | | |
| | AMENDED RENEWAL | 04-27-1995 | | FI | | |
| | NEW FILING | 04-21-1994 | | FI | | |

About Us | Announcements | Laws & Rules | Feedback Policy | SOS Home | Oregon Blue Book | Oregon.gov

For comments or suggestions regarding the operation of this site, please contact : corporation.division@state.or.us

© 2019 Oregon Secretary of State. All Rights Reserved.

# EXHIBIT F



Andrew G. Finkelstein, P.C. (NY & NJ)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
George A. Kohl, II (NY & MA)
Elysse M. Fried-DeRose (NY)
Mary Ellen Wright, R.N. (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lisseuer (NY)
David E. Gross (NY & NJ)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)

Marshall P. Richer (NY)
Edward M. Steves (NY)
Kara L. Campbell (NY, NJ & CT)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)
Elizabeth A. Wolff (NY & MA)

Brian D. Acard (NY)
Vincent J. Pastore (NY)
Christopher Camastro (NY & NJ)
Jeffrey M. Brody (NY)
Courtney J. Day (NY & NJ)
Michele M. Haber (CA)
Alexandra Cunella (NY & NJ)
Jonathan T. Engel (NY)
Ashlee R. Kelly (NY)
Of Counsel
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ)
Raye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)

David Akerib (NY
Frances M. Bova,
Gustavo W. Alzug
Sharon A. Scanle
Marc S. Becker (N
Antonio S. Grillo (
Nerine Galoyan (N
Jonathan Minkove
Levi Glick (NY & N
Daniel DeVoe (NY)
Cristina L. Dulay (N
Vincent J. Rossillo
Donald A. Crouch (
Karen O'Brien (NY

**Finkelstein**
**THE INJURY**

REFER TO OUR FILE #: 119661

Febru

Mr. Hebert Chow
2245 North East 79th Avenue
Portland, OR 97213

RE:    Estate of Leroy Chow

Dear Mr. Chow:

Please accept our condolences on the loss of your

As you may be aware, Walter Chow, retained the
Garber, LLP to handle a personal injury action on behalf
lawsuit, the State of New York requires that an Administ

We are in the process of appointing, Walter Chow
that all of Leroy's heirs give their consent to his appointm
Waiver of Citation, Renunciation and Consent to Appoin
you renounce your right to be appointed Administrator of
Chow, as such Administrator.

**If you do not sign this form, the Surrogate's Co**
**ou an opportunity to object to this appointment. Thi**
**volves serving "citations" to those who have not sign**
**state proceedings to be completed several weeks earl**
**pending the additional sums needed to serve you wi**

If you have no objections, please sign where indic
ng the enclosed pre-paid envelope provided for your c

If you have any questions, please do not hesitate to

Very

Elizabeth Olsen, Paralegal

Mr. Hebert Chow
2245 North East 79th Avenue
Portland, OR 97213

Return Service Requested

EBO

#burgh · Albany · Binghamton · Kingston · Middletown · Newark · Port Jervis · Poughkeepsie · Spring Valley · Syracuse · White Plains · Madison
1279 ROUTE 300, PO BOX 1111          Phone: (845) 562-0203    Fax: (845) 725-7005    www.lawampm.com          1308 DURHAM ROAD
NEWBURGH, NY 12551                                                                                              MADISON, CT 06443

| Property | Owner | Property Address | 2018 Assessed Value |
|---|---|---|---|
| R263015 | SCOTT,MICHAEL S & SCOTT,SUSAN M | 2245 NE 79TH AVE, PORTLAND, OR 97213 | **$153,340** |

### 2019 GENERAL INFORMATION

| | |
|---|---|
| Property Status | A Active |
| Property Type | RP Residential |
| Legal Description | ROWENA PK, BLOCK 2, S 1/2 OF LOT 1&2 |
| Alternate Account Number | R730800030 |
| Neighborhood | R142 |
| Map Number | 1N2E29DA -06400 |
| Property Use | B - RESIDENTIAL IMPROVED |
| Levy Code Area | 201 |

### RELATED PROPERTIES

*Split/Merge data prior to February 6, 2018 is not available online, please call Multnomah County Assessment & Taxation division.*

| | |
|---|---|
| Linked Properties | - |
| Property Group ID | - |
| Grouped Properties | - |
| Split / Merge Date | - |
| Split / Merge Accounts | - |
| Split / Merge Message | - |

Print property informatio

### 2019 OWNER INFORMATION

| | |
|---|---|
| Owner Name | SCOTT,MICHAEL S & SCOTT,SUSAN M |
| Mailing Address | 2245 NE 79TH AVE PORTLAND, OR 97213-6617 |

### 2018 IMPROVEMENTS

⊞ Improvement #1      ☒ Expand/Collapse All

| Improvement Type | Building Type | Class |
|---|---|---|
| **SINGLE FAMILY RESIDENTIAL** | **1 STY W/ATTIC** | **3P** |

### 2018 LAND SEGMENTS

| LAND NO | LAND TYPE | LAND SIZE |
|---|---|---|
| L1 | RES RESIDENTIAL LAND | 5,000 Sq. ft |
| TOTALS | | 5,000 Sq. ft / 0.11 acres |

### ASSESSED VALUES

| YEAR | IMPROVEMENTS | LAND | SPECIAL MARKET / USE | RMV | M5 VALUE | EXEMPTIONS | M50 ASSESSED |
|---|---|---|---|---|---|---|---|
| 2018 | $209,110 | $175,000 | - / - | $384,110 | $384,110 | | $153,340 |
| 2017 | $209,110 | $150,000 | $0 / $0 | $359,110 | $359,110 | | $148,880 |
| 2016 | $189,320 | $130,000 | $0 / $0 | $319,320 | $319,320 | | $144,550 |
| 2015 | $180,320 | $124,000 | $0 / $0 | $304,320 | $304,320 | | $140,340 |
| 2014 | $149,160 | $120,000 | $0 / $0 | $269,160 | $269,160 | | $136,260 |
| 2013 | $131,140 | $110,000 | $0 / $0 | $241,140 | $241,140 | | $132,300 |

### SALES HISTORY

| DEED | SELLER | BUYER | INSTR # | DATE | CONSIDERATION AMOUNT |
|---|---|---|---|---|---|
| WD | CRESS,KIRBY & CRESS,DEBORAH | SCOTT,MICHAEL S & SCOTT,SUSAN M | 2010076658 | 6/21/2010 | $238,000 |
| WD | TELSCHOW,AMY A | CRESS,KIRBY & CRESS,DEBORAH | 2007212833 | 12/14/2007 | $236,000 |
| WD | BAIA,CALIN E & CATALINA G | TELSCHOW,AMY A | 2004104624 | 6/10/2004 | $197,000 |
| BSD | BAIA,CALIN E | BAIA,CALIN E & CATALINA G | 2003141955 | 6/19/2003 | - |
| WD | BANK OF NEW YORK TR | BAIA,CALIN E | 2002067342 | 4/12/2002 | $125,000 |
| TRD | CHOW,HERBERT | BANK OF NEW YORK TR | 01122260 | 8/6/2001 | $121,500 |
| WD | SHAREIF,NTUMO E | CHOW,HERBERT | BP24512226 | 8/1/1991 | $23,000 |

• If applicable, the described property is receiving special valuation based upon its use. Additional rollback taxes which may become due based on the provisions of the special valuation are not indicated in this listing.

| | TOTAL TAXES DUE |
|---|---|
| Current Year Due | $0.00 |
| Past Years Due | $0.00 |

**TAX SUMMARY**    Effective Date: 2/22/2019    ❧ Details

| TAXYEAR | TOTAL BILLED | AD VALOREM | SPECIAL ASMT | PRINCIPAL | INTEREST | DATE PAID | TOTAL OWED |
|---|---|---|---|---|---|---|---|
| 2018 | $3,885.38 | $3,885.38 | $0 | $3,885.38 | $0.00 | - | $0.00 |
| 2017 | $3,723.96 | $3,723.96 | $0 | $3,723.96 | $0.00 | - | $0.00 |
| 2016 | $3,408.16 | $3,408.16 | $0 | $3,408.16 | $0.00 | - | $0.00 |
| 2015 | $3,318.65 | $3,318.65 | $0 | $3,318.65 | $0.00 | - | $0.00 |
| 2014 | $3,268.70 | $3,268.70 | $0 | $3,268.70 | $0.00 | - | $0.00 |
| 2013 | $3,192.87 | $3,192.87 | $0 | $3,192.87 | $0.00 | - | $0.00 |
| 2012 | $2,888.44 | $2,888.44 | $0 | $2,888.44 | $0.00 | - | $0.00 |
| 2011 | $0.00 | $0.00 | $0 | $0.00 | $0.00 | - | $0.00 |
| 2010 | $0.00 | $0.00 | $0 | $0.00 | $0.00 | - | $0.00 |
| 2009 | $0.00 | $0.00 | $0 | $0.00 | $0.00 | - | $0.00 |
| 2008 | $0.00 | $0.00 | $0 | $0.00 | $0.00 | - | $0.00 |

| Total Due | $0.00 |
|---|---|

*Total Due shown may not reflect current amount due

| Pay My Bills |
|---|

| TAXYEAR | RECEIPT NUMBER | TRANSACTION DATE | PAYMENT AMOUNT |
|---|---|---|---|
| 2018 | MULT-170773 | 11-13-2018 | $3,768.81 |
| 2017 | 8708450 | 11-9-2017 | $3,612.24 |
| 2016 | 8384163 | 11-14-2016 | $3,305.92 |
| 2015 | 8007598 | 11-12-2015 | $3,219.09 |
| 2014 | 7644023 | 11-10-2014 | $3,170.64 |
| 2013 | 7307153 | 11-12-2013 | $3,097.08 |
| 2012 | 6961666 | 11-13-2012 | $2,801.79 |
| 2011 | 6607216 | 11-14-2011 | $2,696.23 |
| 2010 | 6241003 | 11-12-2010 | $2,558.18 |
| 2009 | 5856424 | 11-12-2009 | $2,491.35 |
| 2008 | 5463756 | 11-12-2008 | $2,351.02 |

# EXHIBIT G

## Elizabeth Olsen

| | |
|---|---|
| **From:** | Elizabeth Olsen |
| **Sent:** | Friday, February 1, 2019 10:46 AM |
| **To:** | 'Herb.304@gmail.com' |
| **Subject:** | Leroy Chow |
| **Attachments:** | Waiver.pdf |

Good Morning Mr. Chow,

Your brother, Walter Chow, retained our firm to handle a personal injury action for your late brother, Leroy Chow.  In order for us to commence a lawsuit, we need to open an Estate for Leroy to have a legal representative appointed on his behalf.  NYS law requires that we notify all of Leroy's heirs, which is why I am reaching out to you.  We are in the process of appointing Walter as the Administrator of Leroy's Estate.  We need your street address for the estate paperwork to get him appointed.

I've attached a Waiver and Consent form for your review and signature.  This form gives your consent to Walter's appointment and waives a court date for any objections to his appointment.

If you have any questions, please feel free to contact me at 845-563-9453.

Very truly yours,
**Elizabeth Olsen, Paralegal**
Finkelstein & Partners, LLP
1279 Route 300
P.O. Box 1111
Newburgh, NY 12551
Direct: (845) 563-9453
Fax: (845) 725-7005

 

Case 1:19-cv-03541-FB-JRC   Document 5   Filed 06/19/19   Page 142 of 156 PageID #: 201

# EXHIBIT H

NYSCEF DOC. NO. 123                                                                                    RECEIVED NYSCEF: 04/28/201

# Party Search Results

| Name | Date of Birth |
| --- | --- |
| Chow, Herbert | XX/XX/1954 |

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
| --- | --- | --- | --- | --- |
| 18VI158456 | 09/04/2018 | Appeal Violation - from Municipal Court | Open | Clackamas |

| CHOW, HERBERT | | | XX/XX/1954 | |
| --- | --- | --- | --- | --- |

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
| --- | --- | --- | --- | --- |
| 14VI75003 | 10/08/2014 | Offense Violation | Closed | MUL Criminal |

CHOW, HERBERT

NYSCEF DOC. NO. 123                                                    RECEIVED NYSCEF: 04/29/2019

Name                                            Date of Birth

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
|---|---|---|---|---|
| JC13090711 | 10/01/2013 | Appeal from Justice Court | Closed | Clackamas |

CHOW, HERBERT                              XX/XX/1954

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
|---|---|---|---|---|
| CR1213298 | 10/26/2012 | Offense Misdemeanor | Closed | Clackamas |

CHOW, HERBERT                              XX/XX/1954

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
|---|---|---|---|---|
| EU0225556 | 02/27/2012 | Offense Violation | Closed | MUL Criminal |

CHOW, HERBERT

Name                                              Date of Birth

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
|---|---|---|---|---|
| HA09252615 | 01/16/2009 | Municipal Parking | Closed | MUL Parking |

CHOW, HERBERT                                      XX/XX/1954

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
|---|---|---|---|---|
| EU0060845 | 11/26/2007 | Offense Violation | Closed | MUL Criminal |

CHOW, HERBERT                                      XX/XX/1954

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
|---|---|---|---|---|
| CR0501897 | 11/07/2005 | Offense Felony | Closed | Clackamas |

CHOW, HERBERT                                      XX/XX/1954

NYSCEF DOC. NO. 25                                                    RECEIVED NYSCEF: 04/28/2019

Name                                          Date of Birth

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
|---|---|---|---|---|
| MC03110363 | 11/14/2003 | Appeal from Municipal Court | Closed | Clackamas |

CHOW, HERBERT                          XX/XX/1954

Warrants (0)
Cases (1)
Judgments (0)

| Case Number | File Date | Type | Status | Location |
|---|---|---|---|---|
| HA00441170 | 09/05/2003 | Municipal Parking | Closed | MUL Parking |

# Case Information

18VI158456 | City Of Happy Valley Municipal Court vs Herbert Chow

| | | |
|---|---|---|
| Case Number | Court | |
| 18VI158456 | Clackamas | |
| File Date | Case Type | Case Status |
| 09/04/2018 | Appeal Violation - from Municipal Court | Open |

# Party

Defendant
**Chow, Herbert**

DOB
XX/XX/1954

Active Attorneys ▼
Lead Attorney
MEYER, WILLIAM ARING
Retained

City/Other Public Body
**City Of Happy Valley Municipal Court**

Active Attorneys ▼
Lead Attorney
LINDGREN, AMY B
Retained

# Charge

Charges
Chow, Herbert

FILED: KINGS COUNTY CLERK 01/23/2019 09:05 PM

| | Details Description | Statute | Level | Date |
|---|---|---|---|---|
| 1 | Failure to Obey Traffic Control Device | 811.265 | Violation Class B | 01/11/2018 |

## Events and Hearings

09/04/2018 Notice – Appeal Lower Court

10/03/2018 Motion – Continuance

10/03/2018 Affidavit – Continuance

10/16/2018 Order – Postponement ▾

    Judicial       Comment
    Officer        GRANTED
    **Steele,**
    **Kathie F**

11/08/2018 Trial – Court ▾

Hearing Time
9:00 AM

Cancel Reason
**Continued**

01/23/2019 Trial – Court ▾

Judicial Officer
**Lininger, Ann**

Hearing Time
**09:00 AM**

Result
**Held**

Comment
**Municipal Appeal; Atty Lindgren rdy; 1/2 hr; 1 wit**

Parties Present ▴

City/Other Public Body: City Of Happy Valley Municipal Court

Privately Retained: LINDGREN, AMY B

Defendant: Chow, Herbert

Privately Retained: MEYER, WILLIAM ARING

01/23/2019 Order ▼

| Judicial Officer Lininger, Ann | Comment FROM COURT |
|---|---|

01/24/2019 Receipt - Exhibit

## Financial

Chow, Herbert

| | | | | |
|---|---|---|---|---|
| **Total Financial Assessment** | | | | $265.00 |
| **Total Payments and Credits** | | | | $265.00 |
| 9/5/2018 | Transaction Assessment | | | $265.00 |
| 9/5/2018 | Mail Payment | Receipt # 2018-808715 | William Aring Meyer, LLC | ($265.00) |

# EXHIBIT I



Oregon
# Secretary of State
Dennis Richardson

# My Vote

No voter records were found with the entered criteria. Please contact your **county elections official** to confirm your registration status or refine your criteria and search again. Be sure to enter your first name and last name exactly as it appears on your registration. My Vote data is refreshed each day beginning at 5:25pm. The refresh process takes up to 10 minutes. A search during this time may result in your record not being found.

## Search criteria

Please enter the following information to check or update your voter registration or track your ballot.

**First Name**

Herbert

**Last Name**

Chow

**Date of Birth (mm/dd/yyyy)**

████1954

[ Submit ]    [ Reset ]    [ Cancel ]

**Language**

[ English ]

**Disclaimers:**

- Voter information updated on March 6, 2019.
- If your information is confidential or you are not yet 18 years old, contact your **county elections official** to confirm your registration status.



## Contact

Elections Division
255 Capitol St NE, Ste 501
Salem, OR 97310
Phone: 503-986-1518 or 1-866-673-VOTE
Fax: 503-373-7414
orestar-support.sos@oregon.gov

## Policies

Privacy Policy
Accessibility Policy

## About Oregon.gov

Oregon.gov
State Directories



About ORESTAR

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WALTER CHOW, as Administrator of the Estate of          Index No. 523769/2018
LEROY CHOW, individually and on behalf of all other
similarly situated.

                              Plaintiff,

                        -against-

                                                        **AFFIRMATION**
SHOREFRONT OPERATING LLC d/b/a SEAGATE                  **IN REPLY AND IN**
REHABILITATION AND NURSING CENTER;                     **OPPOSITION TO**
SHAINDY BERKO; ROCHEL DAVID; LEAH                      **PLAINITFF'S CROSS**
FRIEDMAN; DEENA LANDA; ESTHER                          **MOTION**
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

         Krystle Rodriguez, an attorney duly admitted to practice law before the courts of the State

of New York, affirms the following to be true under the penalties of perjury:

         1.       I am an associate of the law firm of WILSON, ELSER, MOSKOWITZ,

EDELMAN & DICKER LLP, attorneys for defendants SHOREFRONT OPERATING LLC

d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO;

ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI

PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL

ZUPNICK; SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, and as such, I am

fully familiar with the facts and circumstances surrounding this action.

         2.       I submit this affirmation in further support of defendants' motion seeking

dismissal of the Complaint pursuant to CPLR §3211(a)(3), and in opposition to plaintiff's cross

7632991v.1

motion for an order: (i) appointing Walter Chow as temporary administration of Leroy Chow's ("decedent") estate.

3.  Decedent was a resident at defendant facility Seagate Rehabilitation from October 27, 2015 through August 18, 2016. Plaintiff, on behalf of decedent's estate, individually, and on behalf of a putative class, filed the instant action on November 27, 2018, asserting a sole cause of action under Public Health Law § 2801-d. A claim premised upon violations of Public Health Law § 2801-d is subject to a three-year Statute of Limitations. *See* CPLR 214(2); *Leclaire v Fort Hudson Nursing Home,* 52 A.D.3d 1101, 1102 (2008). At the time of filing, nine (9) months remained under the statute of limitations.

4.  Despite having ample time remaining under statute, plaintiff voluntarily filed the Complaint as "*Administrator*" of the estate of his brother, Leroy Chow, having not even submitted a petition to Surrogate Court for such appointment. Plaintiff's petition for Letters of Administration was submitted on January 15, 2019, some fifty (50) days after the filing of the Complaint, and notably, six (6) days after Defendants moved for dismissal on capacity grounds. To date, plaintiff's petition remains under review by the Surrogate Court.

5.  Now, after a hastily filing of a knowingly defective Complaint and an untimely petition to Surrogate's court for Letter of Administration, plaintiff has cross moved the Court to use its "inherent power" to appoint Walter Chow temporary administrator of the decedent's estate in order to avoid dismissal of the action.

6.  Two words can sum up the totality of plaintiff's arguments: unprecedented and unsupported. Plaintiff cites three cases to support his "capable of repetition yet evading review" proposition. None of these courts addressed, much less endorsed, this doctrine to permit a court to allow a named plaintiff who is seeking appointment as an administrator to proceed with the

NYSCEF DOC. NO. 192                                                                                    RECEIVED NYSCEF: 03/01/2019

putative class action case. In fact, these cases do not discuss a plaintiff acting in a sought after (or even appointed) representative capacity such as an administrator in connection with the estate of a plaintiff in interest. These cases do not support plaintiff's apparent request for this court to be the first to endorse such a sweeping expansion of non-existent capacity to sue on behalf of a putative class.

7.      The New York cases upon which plaintiff relies to support the proposition that this court can allow an unrepresented estate or class to proceed on behalf of "proposed guardians or administrators" are equally unavailing, as is his reference to *Davis v. Daughters of Jacob Nursing Home Co. Inc.* Here, plaintiff purports to bring this case on behalf of a putative class. Plaintiff could not cite a single case where a New York court allowed a plaintiff in a "proposed" representative capacity to proceed with the case despite the absence of a legally recognized status. Plaintiff only cites individual actions. Once again, plaintiff is asking this court to serve as the first to allow a plaintiff with a non-existent capacity to sue on behalf of a putative class.

8.      More specifically, plaintiff's argument that defendants' motion should be denied because Surrogate Court will "soon" appoint Walter Chow administrator of decedent's estate must fail. If such a concept was legally recognizable then nothing would stop a lawyer from bringing suit on behalf of any potential future administrator at any time, even before the petition was granted.  Similarly, potential litigants who are only seventeen could bring suit under the same theory as they too will "soon" be of legal age and thus have capacity to bring suit in their own name.  This is absurd.

9.      While there may be no reason to believe plaintiff's petition will not be granted, there is also no guarantee it will be, and plaintiff cannot evade dismissal on this basis. Moreover, plaintiff's reliance on *Daughters of Jacob, supra*, in support is misplaced. In that case, plaintiff

provided Letters of Administration[1] while defendant's dismissal motion was pending. Although the Court in *Daughters* allowed the action to proceed in the interest in judicial economy, obtaining Letters of Administration subsequent to commencement of the action, did not, by itself, cure the initial defect. *Cf. Butler v. Kings County Hosp. Ctr*, 924 N.Y.S.2d 307 (Kings CO. Sup Ct. 2011); *Karras v. Margaret Tietz Center for Nursing* 61 Misc.3d 1222(A), 2018 NY Slip Op. 51680(U) (Queens Co. Sup. Ct) (granting motion to reargue and dismissing complaint filed as "proposed" administrator as  initial defect [lack of capacity] was not cured by obtaining letters after the action was commented). Here, plaintiff could not cure the initial defect if he wanted to, as he does not have Letters of Administration, and as a result this action should be dismissed.

10.     Moreover it should not be lost on this court that the attorneys had not even filed for Letters when suit was commenced even though they had nine (9) months left on the statute of limitations to bring suit.  It was not until the instant motion was made that the filing occurred. To carve out a new exception to the law and allow the case to proceed under these circumstances does not warrant preservation of judicial economy. Plaintiff's counsel attempt to manipulate the system and retroactively cure what should have been done before suit was filed should not be rewarded.

11.     Plaintiff asserts the Court has ". . . the power to appoint a temporary administrator and may do so *to avoid delay and prejudice* in a pending action."  As indicated plaintiff could have avoided any delay and more importantly, plaintiff will not suffer any prejudice as CPLR 205(a) affords plaintiff the opportunity to re-file this action.

---

[1] Which were also apparently issued before the filing of defendant's motion to dismiss.

7632991v.1

**WHEREFORE**, it is respectfully submitted that this Court grant Defendants' motion

seeking dismissal pursuant to CPLR 3211(a)(3) and CPLR 3211(a) (7), and deny plaintiff's

cross motion in its entirety, and for such other, further and different relief as this court deems

just and proper.


Dated:      White Plains, New York
            May 1, 2019

                          Yours, etc.
                          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                          By: _____
                          Krystle Rodriguez
                          *Attorneys for Defendants*,
                          SHOREFRONT OPERATING LLC d/b/a SEAGATE
                          REHABILITATION AND NURSING CENTER;
                          SHAINDY BERKO; ROCHEL DAVID; LEAH
                          FRIEDMAN; DEENA LANDA; ESTHER
                          FARKOVITZ; AVI PHILIPSON; BERISH
                          RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
                          SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
                          LLC; SENTOSACARE, LLC.
                          1133 Westchester Avenue
                          White Plains, New York 10604
                          (914) 323-7000
                          File No.: 19484.00056


TO:    John D. Sardesai- Grant
       FINKELSTEIN, BLANKINSHIP,
       FREI-PEARSON & GARBER, LLP
       Attorney for Plaintiff
       445 Hamilton Avenue, Suite 605
       White Plains, New York 10601
       Tel: (914) 298-3281
       Fax: (914) 824-1561
       jsardesaigrant@fbfglaw.com


7632991v.1