UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>Defendants. | Civil Action No. 1:19-cv-03541-FB-SJB |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center (the "Facility"), Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC (collectively "Defendants"), submit this Memorandum of Law in Support of their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants request that this Court enter an Order dismissing the Complaint against all Defendants except the Facility and dismissing the injunctive relief claims and requests for relief in the Complaint.

1

**PRELIMINARY STATEMENT**

Leroy Chow resided at the Facility from February 2015 to August 2016. *See* Compl. ¶ 6, attached as Exhibit A. He died in December 2017 and is represented in this case by his brother Walter Chow as administrator of his estate. Compl. ¶¶ 6-8. Plaintiff, individually and on behalf of a putative class, sues Defendants for claims arising from Leroy Chow's care at the Facility.[1] Compl. ¶¶ 1, 33-37. Plaintiff brings a cause of action under New York Public Health Law ("PHL") § 2801-d. Compl. ¶¶ 56-73. Plaintiff's inclusion of all Defendants other than the Facility as parties in the Complaint is based on Plaintiff's allegation that they are "controlling persons" of the Facility as defined in PHL § 2808-a. Compl. ¶¶ 11-13, 58.

All Defendants except the Facility must be dismissed because the plain language of PHL § 2808-a(1) reads: "Every person who is a controlling person of any residential health care facility **liable** under any provision of this article to any person or class of persons for damages … shall also be liable, jointly and severally, with and to the same extent as such residential health care facility…" (emphasis added). To trigger the viability of naming a defendant as a "controlling person," the plain language requires that the Facility has been adjudicated "liable" under Article 28 of the PHL to someone. No such adjudication has occurred. Plaintiff therefore has no standing or case or controversy to sue any Defendants except the Facility, and this action is not ripe against them.

---

[1] Numerous reasons demonstrate that a class action is not properly certifiable. Defendants will present these reasons in opposition to any future motion to certify, and do not waive any arguments through the filing of this Motion to Dismiss.

2

Even if the legislature had worded PHL § 2808-a(1) to allow the lawsuit to include the "controlling persons" Defendants (e.g., if the provision was worded "alleged to be liable"), Defendants Shorefront Realty LLC and SentosaCare, LLC would still require dismissal. A "controlling person" is defined to those with an ownership interest in the Facility. PHL § 2808-a(2). Plaintiff does not allege that either of these Defendants has an ownership interest in the Facility, Compl. ¶¶ 11-13, requiring dismissal.

For the putative class and the cause of action, Plaintiff seeks injunctive relief. Leroy Chow, however, is deceased. Because Plaintiff cannot allege that Leroy Chow will again reside at the Facility, he does not have standing to bring a claim for injunctive relief or seek injunctive relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Leroy Chow resided at the Facility from February 2015 to August 2016 and died in December 2017. Compl. ¶¶ 6-8. On November 27, 2018, Plaintiff Walter Chow, "as Administrator of the Estate of Leroy Chow," filed the Complaint in this action, captioned *Walter Chow, as Administrator of the Estate of Leroy Chow v. Shorefront Operating LLC d/b/a/ Seagate Rehabilitation and Nursing Center, et al.*, Index No. 523769/2018, in the Supreme Court of the State of New York, Kings County.

Plaintiff, however, had not been appointed Administrator of the Estate of Leroy Chow on or before November 27, 2018. Because he lacked standing, Defendants moved to dismiss the Complaint. On May 13, 2019, Plaintiff obtained an order from the Surrogate's Court granting a Temporary Letter of Administration "for the sole purpose of commencing and prosecuting a cause of action on behalf of the estate." Defendants, served with the order on May 15, 2019,

thereafter agreed to withdraw their motion to dismiss. On June 14, 2019, Defendants removed this case to this Court.

Plaintiff sues Defendants for claims arising from Leroy Chow's care at the Facility, seeking to represent a putative class. Compl. ¶¶ 1, 33-37. Plaintiff brings one cause of action, PHL § 2801-d. Compl. ¶¶ 56-73. Other than the Facility, Plaintiff names all other Defendants as parties based on the allegation that they are "controlling persons" of the Facility as defined in PHL § 2808-a. Compl. ¶¶ 11-13, 58.

Plaintiff alleges the non-Facility Defendants have ownership interests in the Facility, as provided in PHL § 2808-a(2), except for Defendants Shorefront Realty LLC and SentosaCare, LLC. Compl. ¶¶ 11-13. Plaintiff alleges that Defendants Shorefront Realty LLC and SentosaCare, LLC have the "ability to influence the operation and management of the Facility," but does not allege that either has an ownership interest in the Facility. Compl. ¶¶ 12-13.

Plaintiff, on behalf of Leroy Chow and the putative class, seeks injunctive relief "prohibiting further wrongful conduct" and to "enjoin Defendants from understaffing, failing to disclose its understaffing, and making misleading promises about staffing at the Facility." Compl. ¶¶ 5, 46. In his prayer for relief, Plaintiff seeks "injunctive relief prohibiting Defendants' violations of PHL §§ 2801-d and 2801-c in the future."

## ARGUMENT

### A. Legal Standards

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While allegations in a complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Dismissal is authorized under Fed. R. Civ. P. 12(b)(1) when a court lacks subject matter jurisdiction and under 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(1), 12(b)(6). Unlike the evaluation of a motion to dismiss under 12(b)(6), in which a "court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff," under Rule 12(b)(1), "jurisdiction must be shown affirmatively, and that showing may not be made by drawing from the pleadings inferences favorable to the party asserting it." *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 148 (E.D.N.Y. 2017) (citations omitted); *Gilmore v. Ally Fin., Inc.*, No. 15-6240, 2017 U.S. Dist. LEXIS 62047, *9 (E.D.N.Y. Apr. 24, 2017) (citations omitted). Under Rule 12(b)(6), the defendant has the burden of proof, and on a Rule 12(b)(1) motion, the plaintiff has the burden to demonstrate that subject matter jurisdiction exists. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

**B.     The Complaint Must be Dismissed Against All Non-Facility Defendants**

Plaintiff sues all Defendants other than the Facility based on the allegation that they are "controlling persons" of the Facility as set forth in PHL § 2808-a. Section 2808-a(1) provides that: "Every person who is a controlling person of any residential health care facility liable under any provision of this article to any person or class of persons for damages … shall also be liable,

5

jointly and severally, with and to the same extent as such residential health care facility, to such person or class of persons for damages…."

Under the plain language, to properly name someone as a "controlling person" defendant, the applicable facility must first be found "liable" under Article 28 of the PHL to someone. Indisputably, the Facility has not been so adjudicated. The term "liable" is not defined in the PHL, but under ordinary and common sense meaning, the "word 'liable' means 'bound or obliged in law or equity.'" *Greenfield, Stein & Senior, LLP v. Daley (In re Daley)*, 222 B.R. 44, 47 (Bankr. S.D.N.Y. 1998).

Plaintiff has no standing or case or controversy to sue any Defendants except the Facility, and this action is not ripe against them because the Facility has not been found liable under the Article 28 of the PHL. Subject matter jurisdiction does not exist "where there exists no justiciable 'case or controversy' ripe for adjudication." *Auerbach v. Bd. of Educ.*, 136 F.3d 104, 108-109 (2d Cir. 1998). *See also United States v. Santana*, 76l F. Supp. 2d 131, 138 (S.D.N.Y. 2011) ("Ripeness is a justiciability doctrine the purpose of which is to 'prevent[] a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur.'") (quoting *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 226 (2d Cir. 2008)); *Wyly v. CA, Inc.*, No. 05-4430, 2009 U.S. Dist. LEXIS 90037, *42-46 (S.D.N.Y. Sept. 9, 2009) (28 U.S.C. § 2201 does not create a substantive cause of action, and a request for a declaratory judgment without an underlying substantive basis does not present "an actual case or controversy"); *Rosenzweig v. New York State Surrogate's Court*, 44 Misc. 2d 1013, 1014, 255 N.Y.S.2d 618, 620 (Sup. Ct. Kings Cty. 1965) ("The

presence of a real controversy is a necessary prerequisite to the exercise of judicial function rendering a determination.").

PHL § 2808-a(1) plainly and in unambiguous language requires that a "residential health care facility" is "liable" under Article 28 of the PHL. Only upon that plainly expressed precondition could Plaintiff have a ripe action to name the non-Facility Defendants in this action. This province of this Court is therefore to enforce the plain language of this statute and dismiss all Defendants from this action except the Facility. "Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Hasan*, 586 F.3d 161, 167 (2d Cir. 2009). *See also Hedges v. Obama*, 724 F.3d 170, 189 (2d Cir. 2013) ("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete."); *People v Roberts*, 31 N.Y.3d 406, 418, 104 N.E.3d 701, 709, 79 N.Y.S.3d 597, 605 (2018) ("As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof," and "If the words chosen have a 'definite meaning, which involves no absurdity or contradiction, then there is no room for construction and courts have no right to add or take away from that meaning.'") (citations omitted).

Defendants Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC are solely included in the Complaint as "controlling persons" of the Facility. Each is therefore entitled to dismissal from this action.

C.  **Additional Reasons Support Dismissal of Shorefront Realty LLC and SentosaCare, LLC**

In addition to the absence of grounds to invoke PHL § 2808-a due to the non-existence of PHL Article 28 liability for the Facility, Defendants Shorefront Realty LLC and SentosaCare, LLC are also entitled to dismissal because they are not alleged to meet the definition of a "controlling person" under PHL § 2808-a(2). Section 2808-a(2) requires that a "controlling person" have "a direct or indirect ownership interest" of a "residential health care facility."

Plaintiff alleges the non-Facility Defendants have ownership interests in the Facility, except for Shorefront Realty LLC and SentosaCare, LLC. Compl. ¶¶ 11-13. Plaintiff only alleges that Shorefront Realty LLC and SentosaCare, LLC have the "ability to influence the operation and management of the Facility," but does not allege any ownership interest in the Facility. Compl. ¶¶ 12-13. These Defendants are therefore entitled to dismissal for this independent and additional reason.

D.  **Because There is No Threat of Future or Continuing Injury to Leroy Chow, Plaintiff Lacks Standing to Pursue Injunctive Relief for the Putative Class or the Cause of Action He Brings**

Plaintiff cannot allege that Leroy Chow, who is deceased, will again reside at the Facility. As a result, Plaintiff does not have standing to bring a claim for injunctive relief or seek injunctive relief. Plaintiff's injunctive class relief claim, and requests for injunctive relief under every cause of action, must be dismissed.

Plaintiff, on behalf of Leroy Chow and the putative class, seeks injunctive relief "prohibiting further wrongful conduct" and to "enjoin Defendants from understaffing, failing to disclose its understaffing, and making misleading promises about staffing at the Facility."

Compl. ¶¶ 5, 46. In his prayer for relief, Plaintiff seeks "injunctive relief prohibiting Defendants' violations of PHL §§ 2801-d and 2801-c in the future."

"When seeking prospective injunctive relief, the plaintiff must show a likelihood of either future harm or continuing harm." *Singleton v. Fifth Generation, Inc.*, No. 15-474, 2017 U.S. Dist. LEXIS 170415, *45 (N.D.N.Y. Sept. 27, 2017) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) and *Carver v. City of New York*, 621 F.3d 221, 228 (2d Cir. 2010)). "[P]ast injuries" "do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Id.* (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)). *See also Atik v. Welch Foods, Inc.*, No. 15-5405, 2016 U.S. Dist. LEXIS 136056, *16 (E.D.N.Y. Sept. 30, 2016) ("the requirement that a plaintiff allege a risk of future injury in order to obtain injunctive relief is a constitutional requirement that all plaintiffs must satisfy"); *Williams v. City of New York*, 34 F. Supp. 3d 292, 294 (S.D.N.Y. 2014) ("Plaintiff lacks standing to pursue injunctive relief" because she "has failed to demonstrate a likelihood of future harm from the NYPD's failure to provide sign language interpreters to arrested or incarcerated hearing-impaired persons").

Because Plaintiff cannot allege that Leroy Chow will again reside at the Facility, his claim for injunctive relief and seeking of injunctive relief must be dismissed from the Complaint.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this action against Defendants Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and

SentosaCare, LLC, and should dismiss the injunctive relief claims and requests for relief in the Complaint.

Dated:  White Plains, New York
    June 21, 2019

            Respectfully submitted,

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

            /s/ *Lori R. Semlies, Esq.*
            Lori R. Semlies, Esq.
            1133 Westchester Avenue
            White Plains, NY 10604
            Telephone: 914.323.7000
            Facsimile: 914.323.7001
            lori.semlies@wilsonelser.com

            ***Attorneys for all Defendants***