**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>        Defendants. | **Civil Action No.**<br>**1:19-cv-03541-FB-SJB** |

1

1033198v.2

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 2

FACTUAL AND PROCEDURAL BACKGROUND.................................................. 3

ARGUMENT.............................................................................................................. 5

      A.     Legal Standards.................................................................................. 5

      B.     The Complaint Must be Dismissed Against All Non-Facility Defendants............. 6

      C.     Additional Reasons Support Dismissal of Shorefront Realty LLC and SentosaCare, LLC ...................................................................................... 10

      D.     Because There is No Threat of Future or Continuing Injury to Leroy Chow, Plaintiff Lacks Standing to Pursue Injunctive Relief for the Putative Class or the Cause of Action He Brings ........................................................... 12

CONCLUSION........................................................................................................ 14

1033198v.2

# TABLE OF AUTHORITIES

**Cases**                                                                                  **Page**

*Arciniaga v. General Motors Corp.*,
  460 F.3d 231 (2d Cir. 2006) ................................................................................. 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 5, 11

*Atik v. Welch Foods, Inc.*,
  No. 15-5405, 2016 U.S. Dist. LEXIS 136056 (E.D.N.Y. Sept. 30, 2016) ................................ 13

*Auerbach v. Bd. of Educ.*,
  136 F.3d 104 (2d Cir. 1998) ................................................................................. 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 5

*Breslaw v. Rightmire*,
  196 N.Y.S. 539 (Cnty. Ct. Kings Cnty. 1922) ........................................................... 6

*Britz Fertilizers, Inc. v. Nationwide Agribusiness Ins. Co.*,
  No. 10-2051, 2013 WL 5519605 (E.D. Cal. Oct. 3, 2013) ............................................... 7

*Carver v. City of New York*,
  621 F.3d 221 (2d Cir. 2010) ............................................................................... 13

*Chicago Great Western Ry. Co. v. Farmers Produce Co.*,
  164 F. Supp. 532 (N.D. Iowa 1958) ...................................................................... 7

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ..................................................................................... 12, 13

*Cohen v. Facebook, Inc.*,
  252 F. Supp. 3d 140 (E.D.N.Y. 2017) ..................................................................... 6

*Fanucci v. Allstate Ins. Co.*,
  638 F. Supp. 2d 1125 (N.D. Cal. 2009) ................................................................... 7

*Friends of the Earth v. Laidlaw Envt'l Services, Inc.*,
  528 U.S. 167 (2000) ...................................................................................... 12

*Gilmore v. Ally Fin., Inc.*,
  No. 15-6240, 2017 U.S. Dist. LEXIS 62047 (E.D.N.Y. Apr. 24, 2017) ................................... 6

1033198v.2

*GOJO Indus. v. Buckeye Int'l, Inc.*,
   No. 9-2612, 2011 U.S. Dist. LEXIS 32620 (N.D. Ohio March 28, 2011) ............................... 14

*Hedges v. Obama*,
   724 F.3d 170 (2d Cir. 2013) ........................................................................................................ 9

*In re Daley*,
   222 B.R. 44 (Bankr. S.D.N.Y. 1998) ..................................................................................... 6, 10

*In re Fiesole Trading Corp.*,
   315 B.R. 198 (Bankr. D. Mass. 2004) ......................................................................................... 6

*In re Slamans*,
   69 F.3d 468 (10th Cir. 1995) ....................................................................................................... 6

*Lewis v. Casey*,
   518 U.S. 343 (1996) ................................................................................................................... 13

*Matson v. Bd. of Educ.*,
   631 F.3d 57 (2d Cir. 2011) .......................................................................................................... 5

*Nicosia v. Amazon.com, Inc.*,
   834 F.3d 220 (2d Cir. 2016) ...................................................................................................... 13

*People v Roberts*,
   31 N.Y.3d 406 (2018) .................................................................................................................. 9

*Ratzlaf v. United States*,
   510 U.S. 135 (1994) ..................................................................................................................... 9

*Rosenzweig v. New York State Surrogate's Court*,
   255 N.Y.S.2d 618 (Sup. Ct. Kings Cty. 1965) ............................................................................ 8

*Rosner v. Metro. Prop. & Liab. Ins. Comp.*,
   96 N.Y .2d 475 (2001) ................................................................................................................. 9

*Ross v. Bank of Am., N.A. (USA)*,
   524 F.3d 217 (2d Cir. 2008) ........................................................................................................ 8

*Singleton v. Fifth Generation, Inc.*,
   No. 15-474 (N.D.N.Y. Sept. 27, 2017) ..................................................................................... 13

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
   752 F.3d 239 (2d Cir. 2014) ........................................................................................................ 6

*TRW Inc. v. Andrews*,
   534 U.S. 19 (2001) ....................................................................................................................... 9

1033198v.2

*United States v. Hasan*,
  586 F.3d 161 (2d Cir. 2009)............................................................................................ 9

*United States v. Ketchum*,
  201 F.3d 928 (7th Cir. 2000)......................................................................................... 14

*United States v. Santana*,
  76l F. Supp. 2d 131 (S.D.N.Y. 2011)............................................................................. 8

*Walker v. Pacific Indem. Co.*
  183 Cal. App. 2d 513 (Cal. Ct. App. 1960)..................................................................... 7

*Williams v. City of New York*,
  34 F. Supp. 3d 292 (S.D.N.Y. 2014)............................................................................. 13

*Wyly v. CA, Inc.*,
  No. 05-4430, 2009 U.S. Dist. LEXIS 90037 (S.D.N.Y. Sept. 9, 2009)........................ 8

*Zaborac v. American Cas. Co. of Reading, PA*,
  663 F. Supp. 330 (C.D. Ill. 1987)................................................................................... 8

**Statutes**

28 U.S.C. § 2201.................................................................................................................. 8

PHL § 2801-c................................................................................................................. 5, 12

PHL § 2801-d............................................................................................................. 2, 4, 5, 12

PHL § 2801-d(3)............................................................................................................... 13

PHL § 2808-a........................................................................................................... 4, 5, 6, 10

PHL § 2808-a(1) ..................................................................................................... 2, 3, 6, 8, 10

PHL § 2808-a(2) ......................................................................................................... 3, 4, 10, 11

PHL Article 28.................................................................................................................. 3, 6, 8

**Rules**

Fed. R. Civ. P. 12(b)(1)....................................................................................................... 5, 6

Fed. R. Civ. P. 12(b)(6)....................................................................................................... 5, 6

1033198v.2

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center (the "Facility"), Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC (collectively "Defendants"), submit this Memorandum of Law in Support of their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants request that this Court enter an Order dismissing the Amended Complaint ("Complaint") against all Defendants except the Facility and dismissing the injunctive relief claims and requests for relief in the Complaint.

## PRELIMINARY STATEMENT

Leroy Chow resided at the Facility from February 2015 to August 2016. *See* Compl. ¶ 6. He died in December 2017 and is represented in this case by his brother Walter Chow as administrator of his estate. Compl. ¶¶ 6-8. Plaintiff, individually and on behalf of a putative class, sues Defendants for claims arising from Leroy Chow's care at the Facility.[1] Compl. ¶¶ 1, 33-37. Plaintiff brings a cause of action under New York Public Health Law ("PHL") § 2801-d. Compl. ¶¶ 57-75. Plaintiff's inclusion of all Defendants other than the Facility as parties in the Complaint is based on Plaintiff's allegation that they are "controlling persons" of the Facility as defined in PHL § 2808-a. Compl. ¶¶ 11-14, 58-60, 75.

All Defendants except the Facility must be dismissed because the plain language of PHL § 2808-a(1) reads: "Every person who is a controlling person of any residential health care

---

[1] Numerous reasons demonstrate that a class action is not properly certifiable. Defendants will present these reasons in opposition to any future motion to certify, and do not waive any arguments through the filing of this Motion to Dismiss.

1033198v.2

facility **liable** under any provision of this article to any person or class of persons for damages … shall also be liable, jointly and severally, with and to the same extent as such residential health care facility…" (emphasis added). To trigger a ripe legal claim to sue a defendant as a "controlling person," the plain language requires that the Facility has been adjudicated "liable" under Article 28 of the PHL to someone. No such adjudication has occurred. Plaintiff therefore has no standing or case or controversy to sue any Defendants except the Facility, and this action is not ripe against them.

PHL § 2808-a(1) is not worded to allow this lawsuit to include the "controlling persons" Defendants. Even if it had been so worded, such as by reading "alleged to be liable" instead of "liable," Defendants Shorefront Realty LLC and SentosaCare, LLC would still require dismissal. A "controlling person" requires an ownership interest in the Facility. PHL § 2808-a(2). Plaintiff does not allege specific factual allegations showing that either of these Defendants has an actual ownership interest in the Facility, Compl. ¶¶ 11-14, requiring dismissal.

For the putative class and the cause of action, Plaintiff seeks injunctive relief. Leroy Chow, however, is deceased. Because Plaintiff cannot allege that Leroy Chow will again reside at the Facility, he does not have standing to bring a claim for injunctive relief or seek injunctive relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Leroy Chow resided at the Facility from February 2015 to August 2016 and died in December 2017. Compl. ¶¶ 6-7. On November 27, 2018, Plaintiff Walter Chow, "as Administrator of the Estate of Leroy Chow," filed the original complaint in this action, captioned *Walter Chow, as Administrator of the Estate of Leroy Chow v. Shorefront Operating LLC d/b/a/*

3

1033198v.2

*Seagate Rehabilitation and Nursing Center, et al.*, Index No. 523769/2018, in the Supreme Court of the State of New York, Kings County.

Plaintiff, however, had not been appointed Administrator of the Estate of Leroy Chow on or before November 27, 2018. Because he lacked standing, Defendants moved to dismiss the Complaint. On May 13, 2019, Plaintiff obtained an order from the Surrogate's Court granting a Temporary Letter of Administration "for the sole purpose of commencing and prosecuting a cause of action on behalf of the estate." Defendants, served with the order on May 15, 2019, thereafter agreed to withdraw their motion to dismiss. On June 14, 2019, Defendants removed this case to this Court. On June 21, 2019, Defendants filed a motion for a pre-motion conference and an accompanying motion to dismiss and memorandum in support. On June 28, 2019, Plaintiff filed an opposition to the motion for a pre-motion conference, in which Plaintiff advised he intended to file an amended complaint. On July 10, 2019, this Court granted the motion for a pre-motion conference, scheduling a September 5, 2019 conference. On July 12, 2019, Plaintiff filed the Amended Complaint (ECF No. 12).

Plaintiff sues Defendants for claims arising from Leroy Chow's care at the Facility, seeking to represent a putative class. Compl. ¶¶ 1, 33-37. Plaintiff brings one cause of action, PHL § 2801-d. Compl. ¶¶ 57-75. Other than the Facility, Plaintiff names all other Defendants as parties based on the allegation that they are "controlling persons" of the Facility as defined in PHL § 2808-a. Compl. ¶¶ 11-14, 58-60, 75.

Plaintiff alleges the non-Facility Defendants have ownership interests in the Facility, as provided in PHL § 2808-a(2), except for Defendants Shorefront Realty LLC and SentosaCare, LLC. Compl. ¶¶ 11-14. Plaintiff alleges that Defendants Shorefront Realty LLC and SentosaCare, LLC have an "indirect and/or beneficial ownership interest in the operation of the

Facility" and the ability to "direct or cause the direction of the management or policies of the Facility," to mimic language in PHL § 2808-a, but does not allege specific factual allegations showing that either has an actual ownership interest in the Facility. Compl. ¶¶ 13-14.

Plaintiff, on behalf of Leroy Chow and the putative class, seeks injunctive relief "prohibiting further wrongful conduct" and to "enjoin Defendants from understaffing, failing to disclose its understaffing, and making misleading promises about staffing at the Facility," and alleges that "final injunctive or equitable relief" is "appropriate" "with respect to the Class." Compl. ¶¶ 5, 46, 55. In his prayer for relief, Plaintiff seeks "injunctive relief prohibiting Defendants' violations of PHL §§ 2801-d and 2801-c in the future."

## ARGUMENT

### A.    Legal Standards

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While allegations in a complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Dismissal is authorized under Fed. R. Civ. P. 12(b)(1) when a court lacks subject matter jurisdiction and under 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(1), 12(b)(6). Unlike the evaluation of a motion to dismiss under 12(b)(6), in which a "court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff," under Rule 12(b)(1), "jurisdiction must be

5

shown affirmatively, and that showing may not be made by drawing from the pleadings inferences favorable to the party asserting it." *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 148 (E.D.N.Y. 2017) (citations omitted); *Gilmore v. Ally Fin., Inc.*, No. 15-6240, 2017 U.S. Dist. LEXIS 62047, *9 (E.D.N.Y. Apr. 24, 2017) (citations omitted). Under Rule 12(b)(6), the defendant has the burden of proof, and on a Rule 12(b)(1) motion, the plaintiff has the burden to demonstrate that subject matter jurisdiction exists. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

**B.     The Complaint Must be Dismissed Against All Non-Facility Defendants**

Plaintiff sues all Defendants other than the Facility based on the allegation that they are "controlling persons" of the Facility as set forth in PHL § 2808-a. Section 2808-a(1) provides that: "Every person who is a controlling person of any residential health care facility liable under any provision of this article to any person or class of persons for damages … shall also be liable, jointly and severally, with and to the same extent as such residential health care facility, to such person or class of persons for damages…."

Under the plain language of the statute, to properly name someone as a "controlling person" defendant, the applicable facility must first be found "liable" under Article 28 of the PHL to someone. Indisputably, the Facility has not been so adjudicated. The term "liable" is not defined in the PHL, but under its ordinary and common sense meaning, the "word 'liable' means 'bound or obliged in law or equity.'" *In re Daley*, 222 B.R. 44, 47 (Bankr. S.D.N.Y. 1998). *See also Breslaw v. Rightmire*, 196 N.Y.S. 539, 541 (Cnty. Ct. Kings Cnty. 1922) ("Liability is defined as 'the state of being bound or obliged in law or in justice.'") (citations omitted); *In re Fiesole Trading Corp.*, 315 B.R. 198, 205 (Bankr. D. Mass. 2004) ("The word 'liable' means 'bound or obliged in law or equity.'") (quoting *In re Slamans*, 69 F.3d 468, 473

6

(10th Cir. 1995)); *Chicago Great Western Ry. Co. v. Farmers Produce Co.*, 164 F. Supp. 532, 541 (N.D. Iowa 1958) ("'Liability is responsibility; the state of one who is bound in law and justice, to do something which may be enforced by action.'") (citation omitted).

Courts have had occasion to address when a party becomes so-bound or obliged, i.e., "liable." In *Walker v. Pacific Indem. Co.*, plaintiff had an auto accident, resulting in a lawsuit in which he was alleged to be liable for monetary damages in excess of his insurance policy's indemnification limits. 183 Cal. App. 2d 513, 516 (Cal. Ct. App. 1960). Plaintiff sued his insurance broker, alleging that the broker was liable for negligently procuring the insurance policy with indemnification limits lower than those that plaintiff sought. *Id.* at 515. In determining when plaintiff's cause of action accrued against the broker, the court found that, "[E]xposure to and imposition of liability are vastly different matters. Until judgment in the [automobile] personal injury action, no liability was imposed upon the insured as to which he could allege a cause of action against the broker from whom he had ordered indemnity in excess of that furnished." *Id.* at 519.

Federal courts have followed the *Walker* court's reasoning that a party is not deemed "liable" until adjudicated as such. *See, e.g., Britz Fertilizers, Inc. v. Nationwide Agribusiness Ins. Co.*, No. 10-2051, 2013 WL 5519605, *14 (E.D. Cal. Oct. 3, 2013) ("[The insured's] underlying liability was not established, and it could not have been legally obligated to pay the . . . award, until the . . . action resulted in a 'judgment' – that is, a 'final determination of the rights of the parties in an action or proceeding.'"); *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1135 (N.D. Cal. 2009) ("*Walker* involved potential liability to a third party. There was no action that . . . the insured, could bring against the defendant broker until he was judged to be liable to the plaintiff in the first place.").

Plaintiff has no standing or case or controversy to sue any Defendants except the Facility, and this action is not ripe against them because the Facility has not been found liable under the Article 28 of the PHL. Subject matter jurisdiction does not exist "where there exists no justiciable 'case or controversy' ripe for adjudication." *Auerbach v. Bd. of Educ.*, 136 F.3d 104, 108-109 (2d Cir. 1998). *See also United States v. Santana*, 76l F. Supp. 2d 131, 138 (S.D.N.Y. 2011) ("Ripeness is a justiciability doctrine the purpose of which is to 'prevent[] a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur.'") (quoting *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 226 (2d Cir. 2008)); *Wyly v. CA, Inc.*, No. 05-4430, 2009 U.S. Dist. LEXIS 90037, *42-46 (S.D.N.Y. Sept. 9, 2009) (28 U.S.C. § 2201 does not create a substantive cause of action, and a request for a declaratory judgment without an underlying substantive basis does not present "an actual case or controversy"); *Rosenzweig v. New York State Surrogate's Court*, 255 N.Y.S.2d 618, 620 (Sup. Ct. Kings Cty. 1965) ("The presence of a real controversy is a necessary prerequisite to the exercise of judicial function rendering a determination."); *Zaborac v. American Cas. Co. of Reading, PA*, 663 F. Supp. 330, 333 (C.D. Ill. 1987) ("The insurance company's indemnification obligation must await resolution of the underlying lawsuit, so the present declaratory judgment action is premature.").

PHL § 2808-a(1) plainly and in unambiguous language requires that a "residential health care facility" is "liable" under Article 28 of the PHL. Only upon that plainly expressed precondition could Plaintiff have a ripe action to name the non-Facility Defendants in this action. This province of this Court is therefore to enforce the plain language of this statute and dismiss all Defendants from this action except the Facility.

8

"Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Hasan*, 586 F.3d 161, 167 (2d Cir. 2009). *See also Hedges v. Obama*, 724 F.3d 170, 189 (2d Cir. 2013) ("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete."). *See also People v Roberts*, 31 N.Y.3d 406, 418 (2018) ("the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof;" "If the words chosen have a 'definite meaning, which involves no absurdity or contradiction, then there is no room for construction and courts have no right to add or take away from that meaning.'") (citations omitted).

To allow Plaintiff to prosecute this action against the non-Facility Defendants, this Court would have to render the term "liable" as superfluous and of no significance or effect. To do so would violate bedrock principles of statutory construction. "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotation marks omitted). *See also Rosner v. Metro. Prop. & Liab. Ins. Comp.*, 96 N.Y .2d 475, 479 (2001) ("Meaning and effect should be given to all language of a statute. Words are not to be rejected as superfluous where it is practicable to give each a distinct and separate meaning.").

Even in the presence of unsupportable or inconsistent legislative history, these bedrock statutory interpretation principles do not change. Courts "do not resort to legislative history to cloud a statutory text that is clear even if there are contrary indications in the statute's legislative history." *Arciniaga v. General Motors Corp.*, 460 F.3d 231, 235 (2d Cir. 2006) (citing *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994)).

9

1033198v.2

The legislature could have worded PHL § 2808-a(1) differently. The statute could read "[e]very person who is a controlling person of any residential health care facility alleged to be liable…" It does not. It plainly reads "any residential health care facility **liable**…" (emphasis added). The statute plainly requires liability of the facility before a ripe action exists against controlling persons are pursued. *See also In re Daley*, 222 B.R. at 47 (the "word 'liable' means 'bound or obliged in law or equity'"). Defendants Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC are solely included in the Complaint as "controlling persons" of the Facility. Each is entitled to dismissal from this action.

C.     **Additional Reasons Support Dismissal of Shorefront Realty LLC and SentosaCare, LLC**

In addition to the absence of grounds to invoke PHL § 2808-a due to the lack of an adjudication of liability against the Facility, Defendants Shorefront Realty LLC and SentosaCare, LLC are also entitled to dismissal due to the absence of specific factual allegations showing that they satisfy the definition of a "controlling person" under PHL § 2808-a(2). Section 2808-a(2) requires that a "controlling person" have "a direct or indirect ownership interest" of a "residential health care facility."

Plaintiff alleges the non-Facility Defendants have actual ownership interests in the Facility, except for Shorefront Realty LLC and SentosaCare, LLC, for which he alleges an "indirect and/or beneficial ownership interest." Compl. ¶¶ 11-14. The factual allegations supporting this allegation are absent.

Plaintiff alleges that "Shorefront Realty owns the property occupied by the Facility and receives rent payments from Shorefront Operating LLC for the use of the property," that there is

10

1033198v.2

a "significant overlap in the ownership of Shorefront Realty and Shorefront Operating," and that Shorefront Realty LLC has "the same address as Shorefront Operating" for "service by the New York State Department of State…" Compl. ¶ 13. He alleges that "SentosaCare provides administrative services to the Facility," that there is a "significant overlap in the ownership of SentosaCare, Shorefront Realty, and Shorefront Operating, the "'proposed operator' of the Facility was initially 'Shorefront Operating LLC c/o SentosaCare, LLC,'" and that SentosaCare, LLC also has "the same address as Shorefront Operating" for "service by the New York State Department of State…" Compl. ¶ 14.

The allegations of property ownership, receipt of rent payments, provision of administrative services, overlapping of owners, and listing of the same address for service are not factual allegations that establish a "direct or indirect ownership interest" in the Facility as required by PHL § 2808-a(2). These allegations are devoid of actual ownership in the Facility. Plaintiffs conclusively mimic the language of PHL § 2808-a(2) to allege that these Defendants have an ownership interest in the Facility, without specific factual allegations to establish that allegation. Compl. ¶¶ 13-14.

Courts do not assume the truth of Plaintiff's conclusory allegations that Shorefront Realty LLC and SentosaCare, LLC have an "indirect and/or beneficial ownership interest" in the Facility, or allow Plaintiff's mere mimicking of the language of PHL § 2808-a(2), Compl. ¶¶ 13-14, to suffice. A court's assumption of truth is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Because Plaintiff does not include specific factual allegations showing that Defendants Shorefront Realty LLC and SentosaCare, LLC satisfy the definition of a "controlling person" under PHL § 2808-a(2) by having an actual ownership

11

1033198v.2

interest in the Facility, these Defendants are entitled to dismissal for this independent and additional reason.

> **D.    Because There is No Threat of Future or Continuing Injury to Leroy Chow, Plaintiff Lacks Standing to Pursue Injunctive Relief for the Putative Class or the Cause of Action He Brings**

Plaintiff cannot allege that Leroy Chow, who is deceased, will again reside at the Facility. As a result, Plaintiff does not have standing to bring a claim for injunctive relief or seek injunctive relief. Plaintiff's injunctive class relief claim, and requests for injunctive relief under his cause of action, must be dismissed.

Plaintiff, on behalf of Leroy Chow and the putative class, seeks injunctive relief "prohibiting further wrongful conduct" and to "enjoin Defendants from understaffing, failing to disclose its understaffing, and making misleading promises about staffing at the Facility," and alleges that "final injunctive or equitable relief" is "appropriate" "with respect to the Class." Compl. ¶¶ 5, 46, 55. In his prayer for relief, Plaintiff seeks "injunctive relief prohibiting Defendants' violations of PHL §§ 2801-d and 2801-c in the future."

To establish standing to sue, Plaintiff must establish injury, causation, and redressability, the Article III requirements for standing. *See Friends of the Earth v. Laidlaw Envt'l Services, Inc.,* 528 U.S. 167, 181-88 (2000). Plaintiff "must show" that Leroy Chow "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations and quotations omitted). This "requirement" "cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *Id.* at 111.

12

Plaintiff must also demonstrate standing separately for each form of relief sought. *Id.* at 109 (despite plaintiff having standing to pursue damages, he did not have standing to pursue injunctive relief); *see also Lewis v. Casey*, 518 U.S. 343, 358, n. 6 (1996) ("Standing is not dispensed in gross.")

Courts in the Second Circuit similarly recognize that "[w]hen seeking prospective injunctive relief, the plaintiff must show a likelihood of either future harm or continuing harm." *Singleton v. Fifth Generation, Inc.*, No. 15-474, 2017 U.S. Dist. LEXIS 170415, *45 (N.D.N.Y. Sept. 27, 2017) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) and *Carver v. City of New York*, 621 F.3d 221, 228 (2d Cir. 2010)). "[P]ast injuries" "do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that []he is likely to be harmed again in the future in a similar way." *Id.* (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)).

Plaintiff's inability to allege that Leroy Chow will again reside at the Facility is a Constitutional infirmity that precludes standing to seek injunctive relief. The "requirement that a plaintiff allege a risk of future injury in order to obtain injunctive relief is a constitutional requirement that all plaintiffs must satisfy." *Atik v. Welch Foods, Inc.*, No. 15-5405, 2016 U.S. Dist. LEXIS 136056, *16 (E.D.N.Y. Sept. 30, 2016). *See also Williams v. City of New York*, 34 F. Supp. 3d 292, 294 (S.D.N.Y. 2014) ("Plaintiff lacks standing to pursue injunctive relief" because she "has failed to demonstrate a likelihood of future harm from the NYPD's failure to provide sign language interpreters to arrested or incarcerated hearing-impaired persons").

While the preclusion from seeking injunctive relief is a Constitutional requirement, it is noteworthy that PHL §§ 2801-d(3) provides that a "patient **residing** in a residential health care facility may also maintain an action pursuant to this section for any other type of relief, including

13

injunctive and declaratory relief, permitted by law." (emphasis added). Thus, even if a Constitutional requirement did not exist, Defendants would have a plain-language of the statute argument that only a patient "residing" at the Facility could seek injunctive or declaratory relief. *See also United States v. Ketchum*, 201 F.3d 928, 933 (7th Cir. 2000) ("ing" is a "present participle," "an action verb" that "generally indicates continuing action"); *GOJO Indus. v. Buckeye Int'l, Inc.*, No. 9-2612, 2011 U.S. Dist. LEXIS 32620, *23 (N.D. Ohio March 28, 2011) ("A present participle always ends in -ing.").

Because Plaintiff cannot allege that Leroy Chow will again reside at the Facility, his claim for injunctive relief and seeking of injunctive relief must be dismissed from the Complaint.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this action against Defendants Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC, and should dismiss the injunctive relief claims and requests for relief in the Complaint.

Dated: September 20, 2019          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s/ *David M. Ross, Esq.*

Lori R. Semlies, Esq.
1133 Westchester Avenue
White Plains, NY 10604
Telephone: 914.323.7000
Facsimile: 914.323.7001
lori.semlies@wilsonelser.com

David M. Ross, *Admitted Pro Hac Vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: (202) 626-7687

14

1033198v.2

Facsimile: (202) 628-3606
david.ross@wilsonelser.com

***Attorneys for all Defendants***

15

1033198v.2