## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>     Defendants. | **Civil Action No. 1:19-cv-03541-FB-SJB** |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center (the "Facility"), Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC (collectively "Defendants"), submit this Reply in Support of their Motion to Dismiss. In their opening brief, Defendants requested that this Court dismiss the Amended Complaint ("Complaint") against all Defendants except the Facility and dismiss the injunctive relief claims and requests for relief in the Complaint.

i

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

SUMMARY .................................................................................................................1

DISCUSSION ..............................................................................................................2

    I.    The PHL's Plain Language Requires the Facility to be Adjudicated Liable
    Before the Non-Facility Defendants can be Sued ...................................................2

    II.    Shorefront Realty LLC and SentosaCare, LLC Should also be Dismissed
    Because Plaintiff Does Not Allege They Own the Facility ....................................4

    III.    The Absence of a Threat of Future Injury to Leroy Chow Precludes
    Constitutional Standing to Pursue Injunctive Relief................................................8

CONCLUSION ............................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arciniaga v. General Motors Corp.*,
  460 F.3d 231 (2d Cir. 2006)................................................................. 3

*Atik v. Welch Foods, Inc.*,
  No. 15-5405, 2016 U.S. Dist. LEXIS 136056 (E.D.N.Y. Sept. 30, 2016)................. 8

*Barkley v. United Homes*,
  848 F. Supp. 2d 248 (E.D.N.Y. 2012)....................................................... 8

*Breslaw v. Rightmire*,
  196 N.Y.S. 529 (N.Y. Sup. Ct. 1922) ....................................................... 2, 3

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ........................................................................ 8

*Gordon v. Fellner*,
  88 A.D.2d 742 (N.Y. App. Div. 1982)....................................................... 7

*Hedges v. Obama*,
  724 F.3d 170 (2d Cir. 2013)............................................................. 4, 7

*In re Daley*,
  222 B.R. 44 (Bankr. S.D.N.Y. 1998) ...................................................... 3

*Ocean Side Institutional Indus., Inc. v. United Presbyterian Residence*,
  678 N.Y.S.2d 653 (N.Y. App. Div. 1998)................................................... 6

*People v Roberts*,
  31 N.Y.3d 406 (2018) ................................................................... 4

*Ratzlaf v. United States*,
  510 U.S. 135 (1994) ..................................................................... 3

*Rosner v. Metro. Prop. & Liab. Ins. Comp.*,
  96 N.Y .2d 475 (2001) ................................................................... 8

*Singleton v. Fifth Generation, Inc.*,
  No. 15-474, 2017 U.S. Dist. LEXIS 170415 (N.D.N.Y. Sept. 27, 2017) ................... 9

*Sunrest Props., LLC v. Sunrest Nursing Home*,
  No. 15240-04, 806 N.Y.S.2d 449, 2005 N.Y. Misc. LEXIS 1776 (N.Y. Sup. Ct. Aug. 15, 2005).................................................................................. 6

*TRW Inc. v. Andrews*,
  534 U.S. 19 (2001) ................................................................................................ 4, 7

**Statutes**

Article 28 of the Public Health Law ...................................................................... 1, 2, 4

New York Public Health Law § 2801-d ................................................................. 1, 5, 6

New York Public Health Law § 2808-a ........................................................................ 2

New York Public Health Law § 2808-a(1) ............................................................... 2, 3, 4

New York Public Health Law § 2808-a(2) ................................................................. 4, 7

**Rules**

Rule 20 ........................................................................................................................ 4

Rule 20(a)(2) ............................................................................................................... 4

iv

## SUMMARY

Defendants moved to dismiss on three issues. First, Plaintiff sues all Defendants except the Facility solely on their alleged basis as "controlling persons" of the Facility, to include them in his lone cause of action under New York Public Health Law ("PHL") § 2801-d. These Defendants must be dismissed. To trigger a ripe legal claim to sue a defendant as a "controlling person," the plain language requires that the Facility has been adjudicated "liable" under Article 28 of the PHL to someone, and no such adjudication has occurred. In opposition, Plaintiff asks this Court to ignore plain statutory language and the well-established principle that courts construe statutes as written. They argue that "liable" does not mean "liable," but includes additional text not found in the statute to expand the term to include "alleged to be liable." Plaintiff does not refute the case law that Defendants cited showing that they ask this Court to apply the plain definition of "liable." He relies on the absence of a case deciding this issue. The absence is unsurprising. No party has raised this issue, so courts have accordingly not addressed it.

Second, Defendants Shorefront Realty LLC and SentosaCare, LLC are further entitled to dismissal because a "controlling person" requires an ownership interest in the Facility, and Plaintiff does not allege specific factual allegations showing that either Defendant has an actual ownership interest. Plaintiff cannot refute the absence of any allegation in the Complaint showing that Defendants Shorefront Realty LLC and SentosaCare, LLC have a direct or indirect ownership interest in the Facility. They ask this Court to ignore this clear statutory requirement and focus instead on immaterial allegations and a case devoid of any analysis to justify disregarding the statute.

1

1053465v.2

Finally, Plaintiff cannot seek injunctive relief because he cannot allege that Leroy Chow will again reside at the Facility, and therefore lacks Constitutional standing to bring a claim for injunctive relief. Plaintiff argues that because the PHL may allow for injunctive relief, he can pursue it. Plaintiff overlooks that it is the status of the plaintiff, not the statute, which is determinative whether Constitutional standing exists to pursue injunctive relief.  Leroy Chow is deceased and Plaintiff cannot allege potential future residency at the Facility, rendering Constitutional standing lacking to pursue injunctive relief.

## DISCUSSION

I.    **The PHL's Plain Language Requires the Facility to be Adjudicated Liable Before the Non-Facility Defendants can be Sued**

All non-Facility Defendants are sued under the lone allegation they are "controlling persons" of the Facility. Plaintiff does not allege any specific wrongdoing by these Defendants. PHL § 2808-a(1) reads: "Every person who is a controlling person of any residential health care facility *liable* under any provision of this article to any person or class of persons for damages … shall also be liable, jointly and severally, with and to the same extent as such residential health care facility…" (emphasis added). The statute on its face requires that to properly name a defendant as a controlling person, the Facility must first be found "liable" under Article 28 of the PHL to someone.

Plaintiff argues that "[n]o court has ever construed PHL § 2808-a in the manner urged by Defendants." Opp. at 6. No court has been presented with this statutory plain language argument. Plaintiff could not cite any court that addressed the use of the term "liable" in the statute.

Plaintiff contends that the statute's plain language includes "prospective" liability. Opp. at 7. He cites Black's Law Dictionary's definition of "liable," "responsible or answerable in law; legally obligated." *Id.* He also cites *Breslaw v. Rightmire*, 196 N.Y.S. 529 (N.Y. Sup. Ct. 1922),

2

1053465v.2

for the referring to someone "[e]xposed to damage, penalty, expense, burden or anything unpleasant or dangerous; justly or legally responsible; answerable." *Id.* Plaintiff highlights the word "answerable" in these quotes to assert they support a definition of "liable" as prospective. Neither of those quotes is "prospective." Plaintiff confuses answering a pleading with being answerable for an existent adjudication of liability, which these definitions are clearly referencing through the use of several synonymous terms.

Defendants do not ask for a "restrictive definition" of liable, as Plaintiffs argue. Opp. at 8. They ask for the straightforward meaning. Defendants cited several federal and state cases defining the term "liable" in the exact, plain-meaning manner that Defendants submit this Court should follow, given the PHL does not define the term. Mot. at 6-7. Plaintiffs can only respond to these cases in a footnote, arguing the cases are "inapposite" because they arise in a different factual context. Opp. at 8 n.3. Plaintiff cannot dispute that the reason these cases are on point is because they helpfully define the term "liable" as referring to being bound in law – a party is not deemed "liable" until adjudicated as such. Mot. at 6-7. *See, e.g., In re Daley*, 222 B.R. 44, 47 (Bankr. S.D.N.Y. 1998) (the "word 'liable' means 'bound or obliged in law or equity'").

Plaintiff argues that legislative history weighs against Defendants' position. Opp. at 8-9. However, courts "do not resort to legislative history to cloud a statutory text that is clear even if there are contrary indications in the statute's legislative history." *Arciniaga v. General Motors Corp.*, 460 F.3d 231, 235 (2d Cir. 2006) (citing *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994)).

The legislature could have worded PHL § 2808-a(1) differently. It could have worded the statute "alleged to be liable." It did not. If the legislature desires to change the statute to avoid the import of the use of the plain term "liable," it can. It is the province of legislature, not courts, to

3

amend statutory language. *See Hedges v. Obama*, 724 F.3d 170, 189 (2d Cir. 2013) ("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete."); *People v Roberts*, 31 N.Y.3d 406, 418 (2018) ("the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof;" "If the words chosen have a 'definite meaning, which involves no absurdity or contradiction, then there is no room for construction and courts have no right to add or take away from that meaning.'") (citations omitted).

Plaintiff refers to the unremarkable proposition that cases have been pursued against a facility and defendants named as controlling persons. Opp. at 9-10. Again, no court has been presented with, and therefore addressed, the clear "liable" statutory language.

As a final argument, Plaintiff argues this Court cannot enforce the plain language of the PHL because Rule 20(a)(2) allows joinder of multiple defendants. Opp. at 11. Plaintiff does not cite any court that has found that Rule 20 can supersede statutory language that creates prerequisites to someone being sued under that statute. Here, the plain text of PHL § 2808-a(1) requires that to properly name the non-Facility Defendants in this lawsuit, the Facility must first be found liable under Article 28 of the PHL to someone. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."). All Defendants except the Facility should be dismissed.

## II.    Shorefront Realty LLC and SentosaCare, LLC Should also be Dismissed Because Plaintiff Does Not Allege They Own the Facility

A second reason to dismiss Defendants Shorefront Realty LLC and SentosaCare, LLC is the absence of factual allegations in the Complaint that they own the Facility to constitute a controlling person. PHL § 2808-a(2) requires that a "controlling person" have "a direct or

4

indirect ownership interest" of a "residential health care facility." Plaintiff could not bring factual allegations showing that these Defendants have a direct or indirect ownership interest.

To avoid this indisputable fact, Plaintiff argues that Defendants "ignore the plain text of the statute." Opp. at 11. Defendants cited the precise language in the statute. Mot. at 10. Plaintiff does not allege factual allegations showing a direct or indirect ownership interest in the Facility. He recites his allegations that these Defendants are "the landlord and administrator, respectively, of the Facility," and that there is "substantial overlap with the individual ownership" of Defendants. Opp. at 12. He cannot allege that either Defendant has an actual "direct or indirect ownership interest" in the Facility.

Plaintiff argues that "Shorefront Realty" is the "owner of the Facility itself" and is therefore "liable pursuant to the plain text of Section 2801-d, which does not distinguish between the licensed operator of a resident nursing home and the owner of the nursing home itself." Opp. at 13. He contradicts himself in citing the statutory language, which plainly applies to a "health care facility," not an "operator." *Id.* He even cites the definition of "residential health care facility," which is defined as a "nursing home or a facility providing health-related service." *Id.*

Plainly, the statutory text only applies to a facility, and nowhere expands that to include any entity, including a landlord or administrative services provider, other than the facility itself. Unsurprisingly, Plaintiff could not cite a single case adopting his approach, which is untethered to the statutory language. His assertion that this issue "calls for a fact-intensive determination improper for resolution on a motion to dismiss," Opp. at 13, is wrong. It simply calls for this Court to review the factual allegations pleaded in the Complaint and the clear statutory text.

Plaintiff then argues that he alleged Shorefront Realty is "an actual owner of the Facility." Opp. at 13. He cites to paragraph 26 of the Complaint, but that paragraph alleges that

5

Shorefront Realty purchased the "real estate," not the Facility itself. Plaintiff admits his error as his arguments continue, conceding that Shorefront Realty is "the landlord" and "the leaseholder." Opp. at 13-14. Plaintiff makes the same baseless argument for SentosaCare. Opp. at 17 (arguing that "SentosaCare possesses a controlling interest through its role as administrative services provider"). The Complaint is devoid of any factual allegation showing that these Defendants have a direct or indirect ownership interest in the Facility.

Plaintiff's allusion to "profit" and overlapping individual ownership among the Defendants is irrelevant, and his conclusory assertions that this somehow creates a "direct or indirect ownership interest" is provided made without any cited authorities. Opp. at 13-20. Regardless of his effort to smear these Defendants in his arguments, he cannot manufacture something that does not exist – actual "direct or indirect ownership interest" in the Facility. His argument that profit or overlapping ownership with different entities equals ownership is made without any legal authority and would eviscerate legal recognitions of what constitutes actual direct or indirect ownership of an entity. Even cases that Plaintiff cites show the futility of his argument. *See, e.g., Ocean Side Institutional Indus., Inc. v. United Presbyterian Residence*, 678 N.Y.S.2d 653, 654 (N.Y. App. Div. 1998) ("Since it undisputed that Dr. Smith, as President of Morningside, has no ownership interest in the corporation, the Supreme Court erred in concluding that he could potentially be held liable as a 'controlling person' under the statute"); *Sunrest Props., LLC v. Sunrest Nursing Home*, No. 15240-04, 806 N.Y.S.2d 449, 2005 N.Y. Misc. LEXIS 1776, *7 (N.Y. Sup. Ct. Aug. 15, 2005) ("The term owner is not synonymous with lessor or operator.").

Plaintiff cites to a transcript of one court hearing to argue that courts have allowed PHL § 2801-d to proceed against landlords and administrative services provides, like these Defendants.

Opp. at 14-18. The lone transcript contains no analysis whatsoever by the court (hence the reason Plaintiff could only cite to arguments of counsel and not to what the court said, Opp. at 14-15, 17) and is certainly not controlling in the face of clear statutory language. *See Hedges,* 724 F.3d at 189 ("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.").

Tellingly, Plaintiff repeatedly uses the phrase "plausible," spinning speculative arguments about what these Defendants can or cannot do, and in doing so, admitting actual factual allegations of direct or indirect ownership in the Facility could not be included in the Complaint. Opp. at 14-16.[1]

The statutory requirement is clear. Plaintiff's citation to *Gordon v. Fellner*, 88 A.D.2d 742, 743 (N.Y. App. Div. 1982) does not change this reality. Opp. at 19. *Gordon* addressed whether a partner in a facility who had submitted withdrawal papers from the partnership was still a partner, and contained no discussion of the statutory ownership requirement in PHL § 2808-a(2). *Id.* at 743. The statutory mandate for an "indirect or direct ownership interest" in the Facility leaves no room for Plaintiff's improper attempt to negate this language through a statutory exception based on "the ability to make a profit and/or control some aspect of the Facility." Opp. at 19. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.");

_____

[1] Plaintiff argues in a footnote that the "acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility" language in PHL § 2808-a(2) is enough to "satisfy the definition of controlling persons." Opp. at 16 n.6. Plaintiff omits the preceding text in the statute, which plainly requires that a "controlling person" have "a direct or indirect ownership interest" of a "residential health care facility." PHL § 2808-a(2).

*Rosner v. Metro. Prop. & Liab. Ins. Comp.*, 96 N.Y .2d 475, 479 (2001) ("Meaning and effect should be given to all language of a statute. Words are not to be rejected as superfluous where it is practicable to give each a distinct and separate meaning.").

Plaintiff does not and cannot allege specific factual allegations that Shorefront Realty or SentosaCare hold a direct or indirect ownership interest in the Facility, precluding their inclusion in the Complaint as controlling persons and mandating their dismissal from this action.

**III.    The Absence of a Threat of Future Injury to Leroy Chow Precludes Constitutional Standing to Pursue Injunctive Relief**

Plaintiff cannot allege that Leroy Chow, who is deceased, will again reside at the Facility. As a result, he lacks Constitutional standing to seek injunctive relief. Plaintiff's injunctive class relief claim, and requests for injunctive relief under his cause of action, must be dismissed.

In a single paragraph response that ignores every authority that Defendants cited, Plaintiff argues that because the PHL may allow for injunctive relief, he can pursue it. Opp. at 21. He overlooks that it is the status of the plaintiff, not the statute, which is determinative whether Constitutional standing exists to pursue injunctive relief. The lone case he cites, *Barkley v. United Homes*, 848 F. Supp. 2d 248 (E.D.N.Y. 2012), did not discuss Constitutional standing or even reference the word "standing." Regardless, a statute cannot override a Constitutional requirement.

Plaintiff's inability to allege that Leroy Chow will again reside at the Facility is a Constitutional infirmity that precludes standing to seek injunctive relief. The "requirement that a plaintiff allege a risk of future injury in order to obtain injunctive relief is a constitutional requirement that all plaintiffs must satisfy." *Atik v. Welch Foods, Inc.*, No. 15-5405, 2016 U.S. Dist. LEXIS 136056, *16 (E.D.N.Y. Sept. 30, 2016). Plaintiff must also demonstrate standing separately for each form of relief sought. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)

8

(despite plaintiff having standing to pursue damages, he did not have standing to pursue injunctive relief). "When seeking prospective injunctive relief, the plaintiff must show a likelihood of either future harm or continuing harm," and "past injuries" "do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Singleton v. Fifth Generation, Inc.*, No. 15-474, 2017 U.S. Dist. LEXIS 170415, *45 (N.D.N.Y. Sept. 27, 2017) (citations omitted).

Plaintiff cannot, and does not, argue that Walter Chow himself has standing as a plaintiff merely because he lives in this county or in this state, and may at some time in the future reside in a nursing home, and the Facility is one of the many potential nursing homes. If that standard existed, any individual would have standing to serve as a plaintiff in a case such as this, and even argue that standing exists to seek to represent a class.

That is not the standard. Because it is not and Plaintiff cannot allege that Leroy Chow will again reside at the Facility, his claim for injunctive relief and seeking of injunctive relief must be dismissed from the Complaint.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' opening brief, this Court should dismiss this action against Defendants Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC, and should dismiss the injunctive relief claims and requests for relief in the Complaint.

1053465v.2

Dated:  November 4, 2019                        WILSON, ELSER, MOSKOWITZ, EDELMAN &
                                                DICKER LLP

                                                /s/ *David M. Ross, Esq.*

                                                Lori R. Semlies, Esq.
                                                1133 Westchester Avenue
                                                White Plains, NY 10604
                                                Telephone: 914.323.7000
                                                Facsimile: 914.323.7001
                                                lori.semlies@wilsonelser.com

                                                David M. Ross, *Admitted Pro Hac Vice*
                                                1500 K Street, N.W., Suite 330
                                                Washington, DC 20005
                                                Telephone: (202) 626-7687
                                                Facsimile: (202) 628-3606
                                                david.ross@wilsonelser.com

                                                **Attorneys for all Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2019, I served a copy of the foregoing Reply

in Support of Motion to Dismiss on counsel for Plaintiff through the Court's CM/ECF system.

                                                /s/ *David M. Ross, Esq.*
                                                David M. Ross, Esq.

10

1053465v.2