## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

<table>
<tr>
<td>

WALTER CHOW, as Administrator of the Estate
of LEROY CHOW, individually and on behalf of
all others similarly situated,

Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

Defendants.

</td>
<td>

Civil Action
No. 1:19-cv-03541-FB-SJB

</td>
</tr>
</table>

### SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILIATION AND NURSING CENTER'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center responds to Plaintiff Walter Chow's First Request for Production of Documents as follows:

Pursuant to Federal Rules of Civil Procedure 34, Defendant makes the following responses to Plaintiff's First Request for Production. Investigation and discovery are not complete. As discovery proceeds, witnesses may be identified, and facts and evidence may be discovered which are not set forth herein, but which may be responsive. Facts and evidence now known may be imperfectly understood, or the relevance or consequences of these facts and evidence may be imperfectly understood and, accordingly, these facts and evidence may not be included, in good faith, in the following responses.

Defendant reserves the right to supplement and amend these responses should future investigation indicate that supplementation or amendment is necessary. Defendant's responses should in no way be considered prejudicial in relation to further discovery, investigation, research, analysis or production of evidence.

Defendant's responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections including, but not limited to objections concerning privilege, competency, relevancy, materiality, propriety and admissibility. All objections are reserved and may be interposed at any time.

By responding to Plaintiff's Requests, Defendant does not waive any objection that may be applicable to the use, for any purpose, by Plaintiff of any information or documents produced in response to Plaintiff's Requests, or the authenticity, competency, relevance, materiality, privilege or admissibility of any information or documents at issue in this litigation, including if the information or document is offered as evidence in any proceeding or trial in this or any other action for any purpose whatsoever.

To the extent Defendant has not already produced documents responsive to any specific Request, Defendant will respond to each Request with documents currently in Defendant's possession, custody or control located after a reasonable search. Defendant does not represent that any documents actually exist, only that Defendant will make a good-faith search and attempt to ascertain whether documents responsive to the Requests do in fact exist.

Defendant's responses are made to the best of its present knowledge, information and belief. Defendant's responses are at all times subject to the additional or different information that discovery or further investigation may disclose and, while based on the present state of its

10128002v.2A

recollection, is subject to the refreshing of recollection, and the additional knowledge of facts as may result from further discovery or investigation.

Defendant reserves the right to make any use of, or to introduce at any hearing or trial, documents that are responsive to Plaintiff's Requests, but discovered subsequent to Defendant's production, including, but not limited to, any documents filed, served or obtained in discovery in this litigation.

Defendant reserves the right to decide whether documents produced will be produced as they are kept in the usual course of business or will be organized and labeled to correspond with the categories in Plaintiff's Requests in accordance with Federal Rule of Civil Procedure 34(b).

Defendant reserves the right to object on any ground at any time to such other or supplemental requests for production as Plaintiff may propound involving or relating to the same subject matter of these Requests.

Defendant objects to each and every Request to the extent it calls for production of documents or information protected by the attorney-client privilege or the attorney work product doctrine. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege or the attorney work product doctrine.

Defendant objects to each Request to the extent it seeks the production of "all" or "every" document as unnecessarily broad and unduly burdensome. Defendant will make a reasonable production of responsive, non-privileged, non-immune documents relevant to a claim or defense, to the extent that they exist, are in Defendant's custody or control and can be located after a reasonable search.

Defendant objects to each Request to the extent the discovery sought is unreasonably cumulative or duplicative, is publicly available or is obtainable by Plaintiff from some other

source that is more convenient, less burdensome or less expensive.

Defendant objects to each and every Request, and to the definitions and instructions, to the extent they purport to impose additional burdens or duties on it that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. Plaintiff's defining of the Requests as "concerning the relevant time period, which is November 27, 2015 to the present," is overbroad, because Leroy Chow no longer resided in the Facility after August 2016. Defendant will not search for and produce documents for a time period after August 2016 except as otherwise necessary for Defendant's response.

Defendant's objections and responses below are subject to, and do not waive, all arguments set forth in Defendants' Motion to Bifurcate Discovery. Defendant reserves the right to serve supplemental objections and responses upon the determination of this Motion.

Subject to and without waiving these reservations and objections, and subject to additional objections made to specific Requests below, Defendant responds as follows:

## RESPONSE TO REQUESTS FOR PRODUCTION

## REQUEST NO. 1:

Records involving Plaintiff, including, but not limited to, medical records, admission contracts, dietary assessments, business files, electronic files, or any other Facility records that contain information regarding Plaintiff, including photographs or video recordings depicting Plaintiff. With respect to Plaintiff's admission contract and medical records, this request is not limited to the time period November 27, 2015, to the present. Also to the extent information on the documents are color-coded, please produce color copies of the documents or produce a copy and make the original available for comparison.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it requests any "Facility records that contain information regarding Plaintiff" and fails to limit the scope of the Facility records sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 2:**

Documents, including visitor logs that indicate the persons who visited Plaintiff at the Facility during the relevant time period.

**RESPONSE TO REQUEST NO. 2:**

Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 3:**

Documents concerning opinion surveys of employees, residents, and/or residents' family members.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it requests documents from all employees, residents and residents'

families and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks privileged, confidential and proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 4:**

Documents concerning complaints from residents, residents' family members, or other visitors to the Facility regarding the living conditions at the Facility or the quality of resident care provided at the Facility.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it requests documents from all residents, residents' families and visitors and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks privileged, confidential and proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 5:**

Documents concerning complaints from employees or vendors concerning working conditions at the Facility or the quality of resident care provided at the Facility.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it requests documents from all employees or vendors, encompasses "working conditions at the Facility," which is not at an allegation in this action, and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks privileged, confidential and proprietary information. Defendant objects that this Request is it is vague and ambiguous with regard to the term "working conditions." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 6:**

Documents concerning resident council meetings. Such documents include, but are not limited to, meeting minutes and reports, notes taken by Facility administrators, and any video and/or audio recordings of such meetings.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery

of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 7:**

Documents fully or partially disclosing the minutes of any meeting of the Facility's governing body.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 8:**

Documents concerning any investigations by the New York State Attorney General or any other federal, state, or local law enforcement authority into your operation of the Facility.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this Request as because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks privileged, confidential and proprietary information, including information created in the course of litigation which is protected from

disclosure due to the attorney client, attorney work product privileges, N.Y. Public Health Law § 2805-m, or N.Y. Education Law § 6527(3). Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 9:**

Statements from any person pertaining to the claims in this litigation, regardless of how the statements were made or documented (*i.e.*, whether in writing, transcribed, electronically sent, or captured using an audio or video recording device).

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this Request to the extent that it seeks information created in the course of litigation which is protected from disclosure due to the attorney client, attorney work product privileges, N.Y. Public Health Law § 2805-m, or N.Y. Education Law § 6527(3). Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 10:**

Documents pertaining to any in-house investigation conducted by or on behalf of Defendants in the ordinary course of business and before Defendants learned of this lawsuit, relating to incidents and conditions at the Facility that gave rise to this lawsuit (*see, e.g.*, Complaint ¶¶ 2, 26-37).

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this Request to the extent that it seeks privileged information, including information created in the course of litigation which is protected from disclosure due to the attorney client, attorney work product privileges, N.Y. Public Health Law § 2805-m, or N.Y. Education Law § 6527(3). Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 11:**

Documents reflecting the persons who worked at the Facility, the times they worked (*e.g.*, the date and hours), their role (*e.g.*, LNP or CNA), and their assignments (*e.g.*, if assigned to a particular floor), including, but not limited to, staffing schedules or assignment sheets. If there are both electronic and hard copy records for a particular period, both sets of records shall be produced. Electronic records shall be produced in machine-readable electronic format.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it requests documents for all "persons who worked at the Facility" and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

10128002v.2A

**REQUEST NO. 12:**

Documents reflecting the number of hours actually worked by employees at the Facility, including, but not limited to, time clock and timesheet records for the relevant period. If there are both electronic and hard copy records for a particular period, both sets of records shall be produced. Electronic records shall be produced in machine-readable electronic format.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it requests documents for all "employees at the Facility" and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this Request is it is vague and ambiguous as to the term "actually worked." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 13:**

Documents concerning reports or analysis of payroll expenditures, labor distribution, or employee turnover.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it requests documents concerning all payroll expenditures, labor distribution, or employee turnover and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery

of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 14:**

Documents concerning reports or analysis of resident census and/or acuity.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this Request is it is vague and ambiguous with regard to the terms "concerning reports or analysis", "census" and "acuity." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 15:**

Computer software user manuals and/or instructions for programs used with regard to staffing schedules, staffing reports, punched detail reports, and employee payroll.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery

of admissible evidence. Defendant objects that this Request is it is vague and ambiguous in its request for "programs", "used with regard to", "staffing reports", and "punched detail reports." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 16:**

Records of in-service or training meetings at the Facility, including records of attendance and records of persons excused from such meetings.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks records concerning all in-service or training regardless of subject matter and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 17:**

Documents -- including, but not limited to, any written materials, film, video, recording, book, or periodical -- that were provided to any nursing personnel or dietician for purposes of demonstrating, describing, or instructing employees on resident care at the Facility.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 18:**

Estimates, models, and analysis of the staffing -- including, but not limited to, nurse staffing -- required by the Facility. Such estimates, models, and analysis include estimates, models, and analysis of the cost of staffing the Facility and the impact of staffing costs on the profitability of operating the Facility.

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks all estimates, models, and analysis regarding all staffing regardless of position and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendant objects that this Request is it is vague and ambiguous with regard to the terms "analysis", "staffing", and "required by the Facility." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody,

and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 19:**

Documents indicating the amount proposed and spent on nursing services.

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 20:**

Profit and loss estimates and reports for the Facility.

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant will not produce documents in response to this Request.

**REQUEST NO. 21:**

Advertisements, representations, or other documentation made available to the public by you which contain claims about the quality, characteristic, type, and standard of care provided to

the Facility's residents. Such documents include, but are not limited to: brochures; flyers; billboard, yellow page, newspaper, and magazine advertisements; statements of policies, care philosophies, or care objectives; and marketing materials.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this Request is it is vague and ambiguous with regard to the terms "quality", "characteristic", "type", and "standard," and seeks documents equally accessible to Plaintiff. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 22:**

Documents which address the subject of how to increase patient occupancy at the Facility.

**RESPONSE TO REQUEST NO. 22:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located

after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 23:**

Documents which address the subject of how to decrease staffing expense at the Facility.

**RESPONSE TO REQUEST NO. 23:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it encompasses all staffing and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 24:**

Documents created by or for and submitted to or received from any local, state, or federal government agency concerning ownership of the Facility, services provided by the Facility, conditions at the Facility, or incidents occurring at the Facility during the relevant time period, including, but not limited to, incidents involving Plaintiff and Class Members. If there are both electronic and hard copy records for a particular period, both sets of records shall be produced. Electronic records shall, whenever possible, be produced in their original, machine-readable electronic format. Examples of such documents include, but are not limited to the below.

1.  Documents created by or for and submitted to or from the New York Public Health and Health Planning Council.

10128002v.2A

2.      Documents created by or for and submitted to or from the New York State Department of Health ("DOH"). Such document include, but are not limited to, Incident Reporting Forms (NH DAL 11-12); emails to NHIntake@health.state.ny.us; Statement of Deficiencies and Plan of Correction (HCFA Form 2567); Skilled Nursing Facility Survey Report-Part B (HCFA Form 1539); Intermediate Facility Survey Report-Part B (HCFA Form 1539); Adverse Action Extract (HCFA Form 462); and narratives, reports, summaries, and notes from government investigators, on-site inspectors, and surveyors.

3.      Documents created by or for and submitted to or from the Centers for Medicare & Medicaid Services ("CMS"). Such document include, but are not limited to: cost reports, CMS Forms CMS-671, CMS Forms CMS-672, Minimum Data Set ("MDS") assessments, Payroll-Based Journal ("PBJ") submissions, and Certification and Survey Provider Enhanced Reports ("CASPER") reports.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks documents concerning ownership, any services, conditions, or incidents and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this Request is it is vague and ambiguous with regard to the term "incidents." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 25:**

Policies, procedures, or guidelines relating to resident admission, resident care, physician services, dietary services, nursing services, pharmacy services, diagnostic and therapeutic services, Facility-wide staffing, unit staffing, staff training and supervision, and medical records.

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks documents concerning any staffing and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 26:**

Policies, procedures, or guidelines relating to the calculation of the Minimum Data Set ("MDS") or Patient Review Instrument ("PRI") for a resident.

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession,

custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 27:**

Policies, procedures, or guidelines relating to investigations of accidents or incidents involving injuries to residents.

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks documents concerning any accidents or incidents and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this Request is it is vague and ambiguous with regard to the term "incidents." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 28:**

Policies, procedures, or guidelines relating to employee complaints concerning working conditions at the Facility or the quality of resident care provided at the Facility.

**RESPONSE TO REQUEST NO. 28:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks documents concerning "working conditions at the Facility," which is not at an allegation in this action, and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to

lead to the discovery of admissible evidence. Defendant objects that this Request is it is vague and ambiguous with regard to the term "working conditions." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 29:**

Policies, procedures, or guidelines relating to Defendants' retention and/or destruction of documents and records.

**RESPONSE TO REQUEST NO. 29:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 30:**

Documents relating to the transfer of ownership and control of the Facility. This request is not limited to the time period November 27, 2015, to the present.

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendants have produced their responses to Plaintiff's Local Rule 26.1 demands, and Defendant does not intend to produce additional documents in response to this Request.

**REQUEST NO. 31:**

Documents relating to any indirect or direct ownership interests in the Facility.

**RESPONSE TO REQUEST NO. 31:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendants have produced their responses to Plaintiff's Local Rule 26.1 demands, and Defendant does not intend to produce additional documents in response to this Request.

**REQUEST NO. 32:**

Records, ledgers, or other documents evidencing the identity and address of each person or entity who has had a direct or indirect ownership interest in any Defendant, the consideration paid or promised for the ownership interest, and the date(s) on which the consideration was paid or promised.

**RESPONSE TO REQUEST NO. 32:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit

the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendants have produced their responses to Plaintiff's Local Rule 26.1 demands, and Defendant does not intend to produce additional documents in response to this Request.

**REQUEST NO. 33:**

Records, ledgers, or other documents evidencing the payment of earnings, dividends, or any other payments to any individual or entity with a direct or indirect ownership interest in any of the Defendants, to whom the payments were made, the amounts paid, and the date(s) of payment.

**RESPONSE TO REQUEST NO. 33:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant will not produce documents in response to this Request.

**REQUEST NO. 34:**

Documents that describe any transfers of cash or any other asset between You and any other Defendant.

**RESPONSE TO REQUEST NO. 34:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action,

or reasonably calculated to lead to the discovery of admissible evidence. Defendant will not produce documents in response to this Request.

**REQUEST NO. 35:**

Documents that reflect, refer, or relate to any agreement between You and any other Defendant for one Defendant to be responsible for the debts or obligations of another Defendant.

**RESPONSE TO REQUEST NO. 35:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence and seeks confidential or proprietary information. Defendant will not produce documents in response to this Request.

**REQUEST NO. 36:**

Documents that identify a lawsuit to which both You and any other Defendant were parties.

**RESPONSE TO REQUEST NO. 36:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks documents equally accessible to Plaintiff through his own efforts. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 37:**

Documents that describe any lines of credit shared by You and any other Defendant.

**RESPONSE TO REQUEST NO. 37:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant will not produce documents in response to this Request.

**REQUEST NO. 38:**

Tax documents prepared or filed by You, including, but not limited to, any tax returns You filed jointly with any other Defendant.

**RESPONSE TO REQUEST NO. 38:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendant will not produce documents in response to this Request.

**REQUEST NO. 39:**

Documents that describe any management, operational, administrative, consulting, accounting, financial, or cash management services provided by You and Your employees or agents for or on behalf of any other Defendant.

**RESPONSE TO REQUEST NO. 39:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it encompasses "any management, operational, administrative, consulting, accounting, financial, or cash management services," is not limited to the Facility, and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 40:**

Documents that describe any management, operational, administrative, consulting, accounting, financial, or cash management services provided by an Additional Disclosable Party to You or any other Defendant.

**RESPONSE TO REQUEST NO. 40:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it encompasses "any management, operational, administrative, consulting, accounting, financial, or cash management services," is not limited to the Facility, and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 41:**

Documents that reflect, refer, or relate to Your earnings targets, or the earnings targets of any other Defendant.

**RESPONSE TO REQUEST NO. 41:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Defendant will not produce documents in response to this Request.

**REQUEST NO. 42**

Documents that reflect, refer, or relate to communications by You regarding any other Defendant.

**RESPONSE TO REQUEST NO. 42:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence and seeks confidential or proprietary information. Defendant will not produce documents in response to this Request.

**REQUEST NO. 43:**

Administrative or managerial operations manuals used by You or any other Defendant.

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility, and fails to limit

the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 44:**

Documents You have prepared regarding Your ownership structure or the ownership structure of any other Defendant to comply or aid in compliance with the Nursing Home Ownership Disclosure Act, 42 U.S.C. § 1320a-3.

**RESPONSE TO REQUEST NO. 44:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility, and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks privileged, confidential or proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 45:**

Documents provided to any governmental entity to meet the financial responsibility requirements of You or any other Defendant.

**RESPONSE TO REQUEST NO. 45:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendant will not produce documents in response to this Request.

**REQUEST NO. 46:**

Documents evidencing loans from any of the Defendants to any of the other Defendants.

**RESPONSE TO REQUEST NO. 46:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendant will not produce documents in response to this Request.

**REQUEST NO. 47:**

Documents evidencing loans from any family member, relative, or friend of any of the Individual Defendants or any business affiliated with any Individual Defendant to any of the Defendants.

**RESPONSE TO REQUEST NO. 47:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendant will not produce documents in response to this Request.

**REQUEST NO. 48:**

Documents evidencing loans by any Defendant to any family member, relative, or friend of any Individual Defendant or to any business affiliated with any Individual Defendant.

**RESPONSE TO REQUEST NO. 48:**

Defendant objects to this Request as harassing, overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendant will not produce documents in response to this Request.

**REQUEST NO. 49:**

Documents relating to your or any other Defendant's ability to direct or cause the direction of management or policies of the Facility.

**RESPONSE TO REQUEST NO. 49:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendant objects that this Request is it is vague and ambiguous with regard to the term "causer the direction of". Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 50:**

Documents that describe any leasehold interests in the Facility.

**RESPONSE TO REQUEST NO. 50:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendants have produced their responses to Plaintiff's Local Rule 26.1 demands, and Defendant does not intend to produce additional documents in response to this Request.

**REQUEST NO. 51:**

Contracts in effect during the relevant time period relating to ownership, management, and/or operation of the Facility, including, but not limited to, management, consulting, and staffing agreements relating to the provision and review of medical services, nursing services, pharmaceutical services, dietary services, physical and occupational therapy services, pharmaceutical services, housekeeping services, janitorial services, and maintenance services at the Facility.

**RESPONSE TO REQUEST NO. 51:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks any contract relating to ownership, management, and operation and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that

can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 52:**

Documents evidencing the intent of the Individual Defendants to have SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; or any other entities they owned or controlled provide goods or services to the Facility, and the goods or services those entities provided.

**RESPONSE TO REQUEST NO. 52:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it is not limited to the Facility and fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Defendant objects that this Request is it is vague and ambiguous with regard to the term "intent." Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 53:**

Licenses and certifications issued to Defendants in connection with the Facility.

**RESPONSE TO REQUEST NO. 53:**

Defendant objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to

those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential or proprietary information. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 54:**

Organization charts for the Facility; SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHOREFRONT REALTY LLC; and SENTOSACARE, LLC. If the organization charts changed during the relevant time period, please produce each version.

**RESPONSE TO REQUEST NO. 54:**

Defendant objects to this Request as overly broad and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 55:**

Floor plans for the Facility.

**RESPONSE TO REQUEST NO. 55:**

Defendant objects to this Request as overly broad and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 56:**

Directories of telephone extensions and email addresses in effect at the Facility; SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHOREFRONT REALTY LLC; and SENTOSACARE, LLC.

**RESPONSE TO REQUEST NO. 56:**

Defendant objects to this Request as overly broad and disproportional to the needs of the case because it fails to limit the time and scope of the documents sought to those relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce relevant, responsive and non-privileged materials pertaining to Leroy Chow within its possession, custody, and control that can be located after a reasonable search upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 57:**

Policy documents and declaration sheets for every policy of liability, excess, and/or umbrella insurance that could provide coverage for you, should liability attach based on the allegations in the Complaint.

**RESPONSE TO REQUEST NO. 57:**

Defendant objects to this Request as overly broad because it seeks "policy documents" beyond declaration sheets. Subject to and without waiving these objections, Defendant will produce relevant and responsive materials within its possession, custody, and control upon the agreement and entry of an appropriate confidentiality order governing production in this action.

**REQUEST NO. 58:**

All litigation hold letters provided to any custodians concerning this action.

**RESPONSE TO REQUEST NO. 58:**

Defendant objects to this Request as seeking privileged and confidential materials. Counsel for Defendant has confirmed the communication of a litigation hold and Defendant does not intend to produce additional documents in response to this Request.

Dated: October 11, 2019

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s/ *David M. Ross, Esq.*

Lori R. Semlies, Esq.
1133 Westchester Avenue
White Plains, NY 10604
Telephone: 914.323.7000
Facsimile: 914.323.7001
lori.semlies@wilsonelser.com

David M. Ross, *Admitted Pro Hac Vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: (202) 626-7687
Facsimile: (202) 628-3606
david.ross@wilsonelser.com

***Attorneys for all Defendants***