**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

December 6, 2019

**By EMAIL**

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

Re:   *Chow v. SentosaCare, LLC et al.*, No. 1:19-cv-03541-FB-SJB

Dear Mr. Ross:

As you know, we represent plaintiff Walter Chow ("Plaintiff") in the above-referenced matter, in which he brings claims individually and on behalf of a putative class of similarly situated individuals (the "Class"). We have reviewed the October 11, 2019 objections and responses by defendants Shorefront Operating, LLC ("Shorefront Operating"), Shorefront Realty, LLC ("Shorefront Realty"), and SentosaCare, LLC ("SentosaCare") (collectively, "Responding Defendants" or "Defendants") to Plaintiff's First Set of Interrogatories (the "ROGs") and First Set of Requests for Production of Documents (the "RFPs") to the Responding Defendants (collectively, the "requests"). Based on our review, we believe there are certain deficiencies in Defendants' responses. In an attempt to resolve these issues without Court intervention, we would like to request a meet and confer to address these deficiencies.

**I.    General Deficiencies in Responding Defendants Objections and Responses**

Responding Defendants' discovery responses are deficient for several overarching reasons that recur frequently throughout their specific objections and responses.

First and foremost, the vast majority of Defendants' objections to the requests are void because they fail to "state whether any responsive materials are being withheld on the basis of [an] objection," as required by Rule 34.

Second, Defendants have limited their responses solely to documents and information pertaining to Leroy Chow. The documents and information sought by the ROGs and RFPs, however, is not limited to those pertaining to Leroy Chow because Plaintiff alleges class claims. Defendants infirm and meritless motion to bifurcate, moreover, did not stay the progress of discovery in this action; absent a Court order bifurcating discovery, Defendants are obliged to provide responses to the ROGs and RFPs that are not limited solely to those documents and information pertaining solely to Leroy Chow. To the extent Defendants are withholding documents or information because they do not pertain to Leroy Chow, please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Third, Defendants have objected and purportedly withheld documents and information on the grounds of that the RFPs and ROGs seek confidential or proprietary information. These objections are mooted in light of the stipulated Confidentiality Order entered on October 17, 2019, and are not well taken given the parties' agreement to the proposed Confidentiality Order on October 11, 2019. To the extent Defendants are withholding documents or information because the documents or information contain confidential or private information, please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

Fourth, Defendants have asserted boilerplate objections to almost every request on the grounds that the ROGs and RFPs are "overly broad, unduly burdensome, and disproportional to the needs of the case" because they "fail[]" to limit the time and/or scope of the request to material "relevant to a claim or defense in this action, or reasonably calculated to lead to the discovery of admissible evidence." Plaintiff's requests, however, are not overly broad, unduly burdensome, and disproportional with respect to scope and time because Plaintiff's Instructions explicitly limit Plaintiff's requests to the relevant time period of November 27, 2015, to the present. Moreover, such boilerplate objections are particularly improper in light of the 2015 amendments to the Federal Rules of Civil Procedure and are invalid under Rules 33 and 34 for lack of specificity.

Fifth, Defendants' responses to RFP Nos. 5, 12, 14, 15, 18, 21, 24, 27, 28, 49, & 52 object on the basis that the use of a particular term or phrase is "vague and ambiguous" with regard thereto, but fail in each instance to provide any explanation as to how that term or phrase is either vague or ambiguous. Such objections lack the specificity required by Rule 34. Moreover, the use of these terms and phrases are not, in context, either vague or ambiguous. For example, the use of "working conditions" in RFP Nos. 5 & 28, which seek "[d]ocuments concerning complaints from employees or vendors concerning working conditions at the Facility" and "[p]olicies, procedures, or guidelines relating to employee complaints concerning working conditions at the Facility" is easily understood when read in the context of the entirety of those requests and Plaintiff's allegations of, *inter alia*, inadequate staffing in his Class Action Complaint. To the extent Defendants are withholding documents or information on the basis that the use of a particular term or phrase is "vague and ambiguous," please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

Sixth, defendant Shorefront Operating's responses to ROG Nos. 1, 6, 7, & 8 state, without any apparent connection to the request that "the Facility has no record that anyone, at any time during Leroy Chow's February 2015 to August 2016 stay at the Facility, raised allegations that Mr. Chow received deficient care at the Facility, and any medical conditions that Mr. Chow had at the time that he left the Facility in August 2016 were pre-existing conditions he had when he became a resident in February 2015." Such a statement does not provide a valid basis for failing to provide responsive information.

Finally, Defendants state that they will limit their production of documents to those "that can be located after a reasonable search," but do not state the methods and procedures for its search or the basis for claiming that those methods and procedures and reasonable in light of the needs of the case and the claims alleged by Plaintiff. Please provide a detailed explanation of the

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

methods and procedures that Defendants used or intend to use to reasonably search for documents responsive to the RFPs.

## II. Deficiencies in General Objections by Responding Defendants

Defendants list several boilerplate general objections to Plaintiff's RFPs and ROGs that lack merit.

For example, Defendants have objected on the grounds of attorney-client privilege and/or attorney work product doctrine. Defendants, however, have failed to provide a privilege log in conjunction with their responses. To the extent Defendants are withholding documents or information based on privilege, please provide a privilege log outlining the basis of the privilege for each document. Similarly, Defendants have stated that they will only produce "non-immune" documents but fail to state either the basis for the immunity, statutory or otherwise, or provide a log of any documents claimed to be immune from production. Other than attorney-client and work product privileges, there is no basis to withhold responsive documents, particularly in light of the confidentiality order entered in this action. To the extent Defendants are withholding documents or information owing to a so-called immunity, please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

In addition, Defendants limited their responses to the period November 27, 2015, to August 2016 "because Leroy Chow no longer resided at the Facility after August 2016." The class period is not so limited, and there is no basis for it to be limited to that period. Plaintiff's RFPs and ROGs state that the applicable time period for which Plaintiff requests documents and information is from November 27, 2015, to the present. Accordingly, to the extent Defendants are withholding documents or information subsequent to August 2016, please promptly produce such documents or information or confirm that you are unwilling to do so absent a Court Order.

Defendants also object "to each Request to the extent it seeks the production of 'all' or 'every' document as unnecessarily broad and unduly burdensome" and state that they will limit their responses to documents to a "reasonable" production after a "reasonable" search. However, the use of the terms "all" and "every" do not provide a valid basis for objection to a request, given the broad scope of discovery under the Federal Rules of Civil Procedure. Moreover, as noted above, Defendants fail to give any basis for evaluation of the reasonableness of their search methods or procedures, and such an objection lacks the specificity required by Rules 33 and 34. Accordingly, to the extent Defendants are withholding documents or information on this basis, please promptly produce such documents or information or confirm that you are unwilling to do so absent a Court Order.

Defendants have also objected to production of documents and information that "[are] publicly available or [are] obtainable by Plaintiff from some other source that is more convenient, less burdensome or less expensive." These objections are invalid and do not serve as a basis to fail to produce documents in Defendants' possession, custody, or control. Please confirm that Defendants are not withholding, or failing to produce, any documents on the basis of these limitations. If Defendants are withholding documents or information that they contend

3

**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

are publicly available or obtainable from some source other than Defendants, please identify any such documents or information.

And Defendants have made their responses subject to the argument advanced in their Motion to Bifurcate Discovery. Defendants motion, however, did not stay the progress of discovery in this action; absent a Court order bifurcating discovery, Defendants are obliged to provide responses to the ROGs and RFPs. To the extent Defendants are withholding documents or information pending the determination of their motion, please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

To the extent Defendants are withholding any documents or information based on their General Objections, please state what documents or information are being withheld. Additionally, please confirm that Defendants will not fail to search for responsive documents and information based on these general objections.

### III. General Deficiencies in Objections and Responses by Shorefront Realty and SentosaCare

In addition to the deficiencies in recurring specific objections noted in Section I above and the deficient general objections noted in Section II, defendants Shorefront Realty and SentosaCare (the "Ownership Defendants") assert various deficient boilerplate objections and responses.

Primarily, the Ownership Defendants object to the RFPs on the basis that each is "solely named in the Amended Complaint as an alleged 'controlling person' of the Facility and no wrongdoing is asserted against it, nor does the Amended Complaint allege any involvement with it and Leroy Chow or his care at the Facility" and to the ROGs on the basis that each is "solely included in the Amended Complaint as alleged 'controlling persons' of the Facility, and no alleged wrongdoing is asserted against it, nor is any allegation of involvement with Leroy Chow or his care at the Facility." This objection, however, ignores Plaintiff's specific allegation that these defendants had "the ability, acting either alone or in concert with others with ownership interests in the operation of the Facility, to direct or cause the direction of the management or policies of the Facility." *See e.g.*, Class Action Complaint (the "Compl.") ¶¶ 13-14 (ECF Doc. 12). Thus, Plaintiff explicitly alleges wrongdoing by the Ownership Defendants and an involvement in the care provided Leroy Chow, who was a resident at the Facility controlled by the Ownership Defendants, and Ownership Defendants' withholding of documents and information on this basis is improper. Moreover, as noted above, the Ownership Defendants lack a valid basis for limiting the scope of their responses solely to documents and information pertaining to Leroy Chow, particularly given the allegation of claims on behalf of the putative class and the lack of any Order bifurcating discovery.

In addition, the Ownership Defendants assert that they do not possess documents "pertaining to Leroy Chow." Again, to the extent a request is not limited explicitly to documents or information pertaining to Leroy Chow (*e.g.*, RFP Nos. 1 & 2), such a limitation is without merit. To the extent Ownership Defendants are withholding documents or information subsequent because they do not pertain to Leroy Chow, please promptly produce such documents

**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

or information or confirm that you are unwilling to do so absent a Court Order. And to the extent the Ownership Defendants are not making searches for documents and information that do not directly pertain to Leroy Chow, please re-execute your search or confirm that you are unwilling to do so absent a Court Order. Moreover, Ownership Defendants' use of this objection in response to the ROGs is non-sensical, given than the ROGs seek information rather than documents, and reflects the improper, boilerplate nature of the objection.

Similarly, for all but a few of the RFPs and the ROGs, the Ownership Defendants assert that they need not produce documents or information in response because they "did not provide care to Leroy Chow or other residents of the Facility, or hire, train or supervise staff that provided care to Leroy Chow or other residents of the Facility, and do[] not possess documents relating to that care." However, numerous requests seek documents and information not directly related to the provision of care. For example, RFP No. 20 seeks "[p]rofit and loss estimates and reports for the Facility." To the extent Ownership Defendants are withholding documents or information subsequent because they do not pertain to the provision of care, please promptly produce such documents or information or confirm that you are unwilling to do so absent a Court Order. And to the extent the Ownership Defendants are not making searches for documents and information that do not directly pertain to the provision of care, please re-execute your search or confirm that you are unwilling to do so absent a Court Order.

Ownership Defendants also object to production of documents and information on the basis that they "do[] not own not own the Facility" and "do[] not possess documents relating to ownership of the Facility." However, numerous RFPs to which the Ownership Defendants respond with this assertion seek documents and information unrelated to ownership of the Facility. For example, and without limitation, RFP Nos. 11, 12, & 13 seek documents related to the planned and actual staffing of the Facility, which are relevant to both the merits of Plaintiff's claim that the Facility was systemically understaffed, as well as the certifiability of this action as a class action. Possession, custody, and control of documents responsive to this request are not dependent on direct ownership of the operational interest in the Facility. Moreover, defendant SentosaCare, in particular, lacks a basis for failing to produce responsive documents on this basis given that Plaintiff explicitly alleges that "SentosaCare provides administrative services to the Facility." Compl. ¶ 14. Accordingly, to the extent Ownership Defendants are withholding documents or information on this basis, please promptly produce such documents or information or confirm that you are unwilling to do so absent a Court Order. And to the extent the Ownership Defendants are not making searches for documents and information on the basis of this objection, please re-execute your search or confirm that you are unwilling to do so absent a Court Order.

### IV.   Specific Objections and Responses

In addition to the deficiencies outlined in Sections I-III above, there are numerous specific deficiencies in Defendants' objections and responses to Plaintiff's RFPs and ROGs.

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

**RFP Nos. 1 & 2**

RFP Nos. 1 & 2 seek "records involving Plaintiff" and "[d]ocuments . . . that indicate the persons who visited Plaintiff at the Facility." These documents are undeniably relevant to Plaintiff's claims related to his stay at the Facility and to the identification of witnesses. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 1 & 2.

**RFP Nos. 3, 4, & 5**

RFP Nos. 3, 4, & 5 seek "documents concerning opinion surveys" and "[d]ocuments concerning complaints." These documents are relevant to the identification of witnesses, the commonality and predominance of the claims sought to be certified, and the Defendants' knowledge of the deprivations of rights and resultant harms that underlie the claims pursuant to PHL § 2801-d. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. In addition, Defendants' objection to RFP No. 5 on the basis that "'working conditions at the Facility' . . . is not an allegation in this action" is without merit. Complaints concerning the working conditions at the Facility are relevant to the impact of understaffing on the Facility's ability to provide adequate care to its residents. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 3, 4, & 5.

**RFP Nos. 6 & 7**

RFP Nos. 6 & 7 seek "[d]ocuments concerning resident council meetings" and "[d]ocuments fully or partially disclosing the minutes of any meeting of the Facility's governing body." These documents are relevant to the identification of witnesses, the commonality and predominance of the claims sought to be certified, and the Defendants' knowledge of the deprivations of rights and resultant harms that underlie the claims pursuant to PHL § 2801-d. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 6 & 7.

**RFP Nos. 8, 9, & 10**

RFP Nos. 8, 9, & 10 seek "[d]ocuments concerning any investigations [by law enforcement]," "[s]tatements from any person pertaining to the claims in this litigation," and "[d]ocuments pertaining to any [pre-suit] in-house investigation." These documents are relevant to the identification of witnesses, the commonality and predominance of the claims sought to be certified, and the Defendants' knowledge of the deprivations of rights and resultant harms that underlie the claims pursuant to PHL § 2801-d. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. In addition, Defendants' objection to these requests on the basis that they seek privileged, confidential, or proprietary information "which is protected from disclosure due to the attorney client, attorney work product privileges, N.Y. Public Health Law § 2805-m, or N.Y. Education Law § 6527(3)" lacks merit. Defendants

6

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

fail to provide a privilege or other log indicating the documents and information that have been withheld and the basis for the application of the claimed privilege or immunity.  Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 8, 9, & 10.

### RFP Nos. 11, 12, 13, 15, 18, & 19

RFP Nos. 11, 12, 13, 15, 18, & 19 seek documents reflecting planned and actual staffing, documents related to the systems that will contain documents and information related to planned and actual staffing, "estimates, models, and analysis of the staffing . . . required by the Facility," and "[d]ocuments indicating the amount proposed and spent on nursing services."  These documents are undeniably relevant to Plaintiff's claims that the Facility was understaffed.  For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit.  Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 11, 12, 13, 15, 18, & 19.

### RFP No. 14

RFP No. 14 seeks "[d]ocuments concerning reports or analysis of resident census and/or acuity."  These documents are relevant to a determination of level of staffing required to provide the adequate care required by applicable statutes.  For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit.  Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 14.

### RFP No. 16 & 17

RFP Nos. 16 & 17 seek "[r]ecords of in-service or training meetings at the Facility" and "[d]ocuments -- including, but not limited to, any written materials, film, video, recording, book, or periodical -- that were provided to any nursing personnel or dietician for purposes of demonstrating, describing, or instructing employees on resident care at the Facility."  Such documents are relevant to a determination of the efforts made by Defendants to provide adequate care and appropriately staff the Facility.  For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit.  Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 16 & 17.

### RFP Nos. 20, 38, 41, & 45

RFP Nos. 20, 38, 41, & 45 seek "[p]rofit and loss estimates and reports," "tax documents," documents relating to "earnings target[s]," and "[d]ocuments provided to any governmental entity to meet the financial responsibility requirements").  Such documents and information are directly relevant to the willfulness of the Defendants' failure to adequately staff and fund the operations of the Facility.  An assessment of Defendants' willfulness is relevant to a determination of degree to which punitive damages, which are explicitly provided for by PHL § 2801-d and for which Plaintiff has pled, are appropriate in this action.  Moreover, Defendants' objection on the basis that the requests are "harassing" lacks merit given the relevance of the requested documents and information, and Defendants fail to provide any specific basis for

**FBFG** | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

finding the requests "harassing," rendering the objection invalid under Rule 34. Furthermore, for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, Defendants' refusal to produce documents and information responsive to this request is improper, and the statement by the Ownership Defendants that they do not possess any documents responsive to these requests lacks credibility given their relationship to the Facility. Finally, Defendants cannot simply refuse to produce responsive documents and information without identification of the documents and information they are withholding. To the extent Defendants are withholding documents or information responsive to these requests, please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

**RFP No. 21**

RFP No. 21 seeks "[a]dvertisements, representations, or other documentation made available to the public by you which contain claims about the quality, characteristic, type, and standard of care provided to the Facility's residents." Such documents are relevant to a determination of the appropriateness of any punitive damages based on Defendants' deprivation of the rights to which the residents of the Facility were and are entitled. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 21.

**RFP Nos. 22 & 23**

RFP Nos. 22 & 23 seek "[d]ocuments which address the subject of how to increase patient occupancy at the Facility" and "[d]ocuments which address the subject of how to decrease staffing expense at the Facility." Such documents are relevant to Defendants' efforts to adequately staff the Facility. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 22 & 23.

**RFP No. 24**

RFP No. 24 seeks "[d]ocuments created by or for and submitted to or received from any local, state, or federal government agency concerning ownership of the Facility, services provided by the Facility, conditions at the Facility, or incidents occurring at the Facility during the relevant time period." Such documents are relevant to a determination of the ownership interests in the Facility, the certifiability of Plaintiff's claims as a class action, the merits of Plaintiff's claims that residents were deprived of rights -- particularly, the right to adequate staffing. For example, the Minimum Data Set ("MDS") assessments Plaintiff requests will provide a data set that can be used to determine the level of staffing necessary to provide adequate care to the residents of the Facility. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 24.

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

**RFP No. 25, 26, 27, 28, & 29**

RFP Nos. 25, 26, 27, 28, & 29 seek various "[p]olicies, procedures, or guidelines" used at the Facility. Such documents are undeniably relevant to Plaintiff's claim that Defendants operation of the Facility deprived the residents of the rights to which they were entitled, including the right to an adequately staffed home. Defendants' objection to RFP No. 28 on the basis that "'working conditions at the Facility' . . . is not an allegation in this action" lacks merit. Policies related to complaints concerning the working conditions at the Facility are relevant to a determination of the probative value of such complaints, which are relevant to a determination of the impact of understaffing on the Facility's ability to provide adequate care to its residents. And for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 25, 26, 27, 28, & 29.

**RFP Nos. 30, 31, 32, 33, 34, 35, 37, 38, 46, 47, & 48**

RFP Nos. 31, 32, 33, 34, 35, 37, 38, 46, 47, & 48 seek documents and information related to ownership interests in the Facility, including changes in ownership interests, relationships with others with others with ownership interests, and transfers of assets between persons with ownership interests. Documents and information responsive to these requests are relevant to a determination of nature of the ownership interest possessed by the various defendants, as well as the degree of control exercised by the various Defendants as a result of their ownership interests. For example, RFP No. 33 seeks "records, ledgers, or other documents evidencing the payment of earnings, dividends, or any other payments to any individual or entity with a direct or indirect ownership interest in any of the Defendants, to whom the payments were made, the amounts paid, and the date(s) of payment," which are relevant to a determination of the nature and degree of ownership interest held by Defendants. Moreover, such information is relevant to a determination of any other persons with ownership interests and/or an ability to control the operations of the Facility such that liability as a controlling person pursuant to New York Public Health Law § 2808-a attaches. Indeed, Plaintiff has explicitly alleged claims against Doe defendants "with addresses and names unknown, who are other persons that have owned, operated, or controlled the Facility during the relevant period." Furthermore, Defendants' objection to RFP Nos. 32, 33, 34, 35, 37, 38, 47, 47, & 48 on the basis that they are "harassing" lacks merit given the relevance of the requested documents and information, and Defendants fail to provide any specific basis for finding the requests "harassing," rendering the objection invalid under Rule 34. And with regard to RFP Nos. 30, 31, & 32, Defendants' production of a response to Plaintiff's demand pursuant to Local Rule ("LR") 26.1 does not provide a valid basis for failing to produce responsive documents, given that responsive documents may contain information relevant to the degree of control exercised (e.g., an asset transfer agreement that reserves various rights to the parties to such an agreement) not contained within Defendants' LR 26.1 responses. In addition, for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, Defendants refusal to produce documents and information in response to these requests is improper. Finally, Defendants cannot simply refuse to produce responsive documents and information without identification of the documents and information they are withholding. To the extent Defendants are withholding documents or

9

**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

information responsive to these requests, please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

**RFP No. 36**

RFP No. 36 seeks "[d]ocuments that identify a lawsuit to which both You and any other Defendant were parties." Such documents are relevant to a determination of the commonality of the claims alleged by Plaintiff, the Defendants' knowledge of the issues on which those claims are based, and the nature and extent of the relationship between the Defendants. Furthermore, Defendants' objection on the basis that the request is "harassing" lacks merit given the relevance of the requested documents and information, and Defendants fail to provide any specific basis for finding the request "harassing," rendering the objection invalid under Rule 34. And for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 36.

**RFP Nos. 39, 40, 49, 51, & 52**

RFP Nos. 39, 40, 49, 51, & 52 seek documents and information related to the provision of services to the Facility by the Defendants and by others, as well as documents and information related to Defendants and/or others' ability to direct or cause the direction of management or policies at the Facility. Such information is relevant to a determination of the adequacy of care provided by the Facility, the nature of the ownership interest possessed by the various defendants, the degree of control over the Facility exercised by the various defendants, and the identification of potential witnesses and additional parties. Defendant SentosaCare, in particular, lacks a basis for failing to produce documents responsive to RFP No. 39, which seeks "[d]ocuments that describe any management, operational, administrative, consulting, accounting, financial, or cash management services provided," and RFP No. 51, which seeks contracts "relating to ownership, management, and/or operation of the Facility," given that Plaintiff explicitly alleges that "SentosaCare provides administrative services to the Facility." Compl. ¶ 14. And for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 39, 40, 49, 51, & 52.

**RFP No. 42**

RFP No. 42 seeks "[d]ocuments that reflect, refer, or relate to communications by You regarding any other Defendant." Such documents are relevant to a determination of ownership interests and the degree of control exercised by the various parties, as well as a determination of the relative knowledge of the various Defendants regarding the understaffing and underfunding issues that underlie Plaintiff's claims. Defendants' objection on the basis that this request is "harassing" lacks merit given the relevance of the requested documents and information, and Defendants fail to provide any specific basis for finding the requests "harassing," rendering the objection invalid under Rule 34. And for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, Defendants refusal to produce documents and information in response to this request is improper. Finally, Defendants cannot

**FBFG** | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

simply refuse to produce responsive documents and information without identification of the documents and information they are withholding. To the extent Defendants are withholding documents or information responsive to this request, please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

**RFP No. 43**

RFP No. 43 seek "[a]dministrative or managerial operations manuals." Such documents are relevant to a determination of the adequacy of the staffing and care provided, as well as Defendants' efforts to provide adequate staffing and care. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 43.

**RFP No. 44**

RFP No. 44 seeks documents prepared regarding Defendants' ownership structure "to comply or aid in compliance with the Nursing Home Ownership Disclosure Act, 42 U.S.C. § 1320a-3." Such documents are relevant to a determination of ownership interests and the degree of control exercised by the various parties. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 44.

**RFP No. 50**

RFP No. 50 seeks "[d]ocuments that describe any leasehold interests in the Facility." Documents and information responsive to this request are relevant to a determination of nature of the ownership interest possessed by the various defendants, as well as the degree of control exercised by the various defendants as a result of their ownership interests. Indeed, Shorefront Realty's refusal to provide responsive documents is particularly improper given that Plaintiff explicitly alleges that "Shorefront Realty owns the property occupied by the Facility and receives rent payments from Shorefront Operating LLC for the use of the property." Compl. ¶ 13. Defendants' production of a response to Plaintiff's demand pursuant to LR 26.1 does not provide a valid basis for failing to produce responsive documents, given that responsive documents may contain information relevant to the degree of control exercised (e.g., a lease agreement that reserves approval of expenditures for leasehold improvements to the landlord) not contained within Defendants' LR 26.1 responses. And for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, Defendants refusal to produce documents and information in response to this request is improper. Finally, Defendants cannot simply refuse to produce responsive documents and information without identification of the documents and information they are withholding. To the extent Defendants are withholding documents or information responsive to this request, please promptly provide such documents or information or confirm that Defendants will not do so without a Court Order.

11

FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

**RFP No. 53**

RFP No. 53 seeks "[l]icenses and certifications issued to Defendants in connection with the Facility." Such documents are relevant to a determination of the adequacy of the staffing and care provided and Defendants' efforts to provide adequate staffing and care, as well as to the identification of potential witnesses. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 53.

**RFP No. 54, 55, & 56**

RFP No. 54, 55, & 56 seeks organizational charts, floor plans for the Facility, and directories of telephone extensions and email addresses. Such documents and information are necessary for the identification of proper witnesses and the analysis of other documents produced by Defendants. For the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP Nos. 54, 55, & 56.

**RFP No. 57**

RFP No. 57 seeks insurance policy documents and declaration sheets. Defendants assert that this request is overbroad to the extent it seeks documents beyond a declaration page. However, there is no basis for refusing to provide full policy documents in addition to any responsive declaration pages given that declaration pages do not in all instances provide a complete statement of the policy terms, including all relevant exclusions and indemnifications. In addition, the Ownership Defendants have refused to produce any documents until there has been a determination of their currently pending motion to dismiss. However, the individual rules of Magistrate Judge Bulsara explicitly state that discovery in this action is not stayed by the filing of a motion to dismiss. *See* Individual Practices of Magistrate Judge Sanket J. Bulsara at III.B ("There is no automatic stay of discovery, unless authorized by statute, should one or more defendants file a motion to dismiss. Discovery is only stayed if a party files a motion to stay discovery and the Court grants such a motion."). Moreover, for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 57.

**RFP No. 58**

RFP No. 58 seeks "All litigation hold letters provided to any custodians concerning this action." Such documents are relevant to a determination of the nature and scope of the universe of documents from which Defendants intend to produce and the need for any recovery of documents from backup sources. The assurance of counsel that a hold has been communicated is insufficient and not a proper basis for refusing to produce the letter, as such letters will indicate the custodians subject to a litigation hold and the date such a hold commenced. Moreover, a litigation hold letter does not, in and of itself, contain either privileged or confidential communication, and Defendants' objection on that basis lacks merit. Furthermore, Defendants fail to provide a privilege or other log indicating the documents and information that have been

FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

withheld and the basis for the application of the claimed privilege or immunity.  And for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit.  Accordingly, we look forward to a prompt production by Defendants of documents responsive to RFP No. 58.

**ROG No. 1**

ROG No. 1 asks Defendants to "[i]dentify all persons that have knowledge or information relevant to the facts alleged and the claims asserted in the Complaint, and the scope and nature of each person's knowledge."  Such information is relevant to the identification of witnesses and of custodians possessing documents responsive to the RFPs.  Defendant Shorefront Operating, however, improperly limits its response to those persons "who interacted with or had knowledge of Leroy Chow while Mr. Chow resided at the Facility may have responsive information regarding Mr. Chow."  The Ownership Defendants provide no responsive information at all.  For the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit.  Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 1.

**ROG No. 2**

ROG No. 2 asks Defendants to "[i]dentify all persons with direct or indirect ownership interests . . . (whether of record or beneficial)" and "[f]or each such person, . . . the nature and proportion of such ownership interest."  Such information is relevant to a determination of the identities of those persons liable pursuant to PHL § 2808-a.  Defendants, however, only provide information regarding their respective states of formation and the names of addresses of their current members.  Defendants fail to identify those persons with indirect or beneficial ownership interests and fail to provide the proportion of the ownership interest for any person.  Defendants offer no explanation for their failure to provide this information.  And for the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit.  Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 1.

**ROG No. 3**

ROG No. 3 asks Defendants to "[i]dentify all persons who have the ability to direct or cause the direction of the management or policies of the Facility."  Such information is relevant both to the identification of witnesses and to a determination of the identities of those persons liable pursuant to PHL § 2808-a.  Defendant Shorefront Operating, however, improperly limits its response to only those persons with such ability to "the time of Leroy Chow's February 2015 to August 2016 stay at the Facility."  The Ownership Defendants provide no responsive information at all.  For the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit.  Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 3.

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

**ROG No. 4**

ROG No. 4 asks Defendants to "[i]dentify all vendors or other entities hired by the Facility to provide management, administrative, clinical consulting, accounting, financial, or other services to the Facility and the all persons responsible for the retention of any such vendor or entity." Such information is relevant to a determination of the adequacy of care provided by the Facility, the degree of control over the Facility exercised by the various defendants, and the identification of potential witnesses and additional parties. Defendant Shorefront Operating provides the names of five doctors, but not any information regarding other entities or persons hired by the Facility to provide services (e.g., administrative, janitorial, or catering/cafeteria services). Although it provides no explanation for its limited response, it appears, based on the overlap of the name provided with the names provided in response to ROG No. 1, that defendant Shorefront Operating is limiting its responses to those outside doctors who provided care directly to Leroy Chow. The Ownership Defendants provide no responsive information at all. Defendant SentosaCare, in particular, lacks a basis for failing to provide responsive information given that Plaintiff explicitly alleges that "SentosaCare provides administrative services to the Facility." Compl. ¶ 14. For the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit. Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 4.

**ROG No. 5**

ROG No. 5 asks Defendants to "[i]dentify all persons with possession, custody or control of documents requested in Plaintiff's First Set of Requests for Production of Documents." Such information is relevant to a determination of the proper scope of discovery in this action. Defendant Shorefront Operating provides the names of six departments that "may have documents pertaining to Leroy Chow while Mr. Chow resided at the Facility," but does not provide the names of any persons, nor the documents in such person's possession, custody, and control, as requests in ROG No. 1. Moreover, the list of departments appears to fail to include several departments that would possess responsive documents, including the Administration, Accounting, and Compliance departments. The Ownership Defendants provide no responsive information at all. For the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit. Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 5.

**ROG No. 6**

ROG No. 6 asks Defendants to "[d]escribe with particularity all databases and organized collections of data or other documents relating to any of the allegations in the Complaint" and "[f]or each such database or organized collection of data or other documents," to "identify any and all persons who have or had possession, custody, or control of it and the dates on which they have or had possession, custody or control." Such information is relevant to the efficient prosecution of discovery in this action, and a determination of the availability and nature of relevant data and information as well as the identification of the proper persons for depositions related thereto. Defendant Shorefront Operating provides the names of the same six departments that "may have documents pertaining to Leroy Chow while Mr. Chow resided at the Facility"

**FBFG** | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

identified in its deficient response to ROG No. 5, but does not provide any description whatsoever of the databases and organized collections of data or other documents maintained by those departments or the persons with possession, custody, or control of them. Without such information, the Parties will be unable to have meaningful discussions regarding the availability of data and the most efficient means for producing data responsive to Plaintiff's RFPs. The Ownership Defendants provide no responsive information at all. For the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit. Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 6.

**ROG No. 7**

ROG No. 7 asks Defendants to "[d]escribe with particularity your internal and external e-mail and instant messaging systems used during the relevant time period," as well as "all past and present persons responsible for administering your e-mail and instant messaging systems." Such information is relevant to the efficient prosecution of discovery in this action and a determination of the availability and nature of relevant data and information as well as the identification of the proper persons for depositions related thereto. Shorefront Operating states "that its email provider at the time of Leroy Chow's February 2015 to August 2016 stay at the Facility was 'World Client'." However, such a response fails to provide the detailed information requested by ROG No. 7, and improperly limits the scope of its response to the period of Leroy Chow's stay at the Facility. The Ownership Defendants provide no responsive information at all. For the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit. Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 7.

**ROG No. 8**

ROG No. 8 asks Defendants to "[i]dentify all versions of documents or data retention and back-up and destruction policies used by Defendant during the relevant time period" as well as provide information related to Defendants' scheduled destruction of data and documents. Such information is relevant to the efficient production of documents and information in discovery and the determination of nature and extent of the universe of documents available for production. Defendants Shorefront Operating states only that "the Facility maintained medical records for a seven year period," but provides no additional information regarding other categories of documents (e.g., financial records, emails records, staffing records). In addition, Shorefront Operating's privilege objection fails to provide the specific grounds for the assertion of the privilege required by the Rules. The Ownership Defendants provide no responsive information at all. For the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit. Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 8.

**ROG No. 9**

ROG No. 9 asks Defendants to "[d]escribe all efforts taken since the filing of this action to gather and secure documents and data." Such information is relevant to the efficient

**FBFG** | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

production of documents and information in discovery and the determination of nature and extent of the universe of documents available for production. Defendants Shorefront Operating states only that "Defendant has worked with counsel to identify and obtain relevant documents in connection with this lawsuit," but fails utterly to describe the actual efforts undertaken to gather and secure documents and data (e.g., the number of physical documents gathered, the nature and extent of any cloning of electronic data). The Ownership Defendants provide no responsive information at all. For the reasons outlined in Sections I & III, however, Defendants' various specific objections and limitations are without merit. Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 9.

**ROG No. 10**

ROG No. 10 asks Defendants to "[i]dentify all persons involved in compiling the information presented in response to each of these Interrogatories and the nature and scope of their efforts." Such information is relevant to identification of potential witnesses as well as a determination of whether Defendants' responses include all responsive information. Defendants all state that Milagros Acevedo and Manny Kaufman were involved but provide no information as to the nature and scope of their efforts. The fact that Defendants all identify the same two persons, despite being three legally distinct entities, indicates that responses to the ROGs, particularly by the Ownership Defendants, are incomplete. In addition, Defendants object on the basis of privilege but fail to provide the specific grounds for the assertion of the privilege required by the Rules. And for the reasons outlined in Sections I & III, Defendants' various specific objections are without merit. Accordingly, we look forward to a prompt supplementation by Defendants of the information provided in response to ROG No. 10.

Should you not promptly agree to produce all documents responsive to Plaintiff's requests and to provide fulsome interrogatory responses, we will be forced to seek relief from the Court. Accordingly, and as required by the rules, we must meet and confer to attempt to resolve these issues. We are available anytime next week (December 9th to 13th). Please let us know when you are available those days. We look forward to amicably resolving these disputes.

Sincerely,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/John D. Sardesai-Grant*
John D. Sardesai-Grant
jsardesaigrant@fbfglaw.com

cc:     Lori Semlies, Esq.
        lori.semlies@wilsonelser.com