```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WALTER CHOW,
```
*as Administrator of the Estate of Leroy
Chow, individually and on behalf of all
other similarly situated,*

                              Plaintiff,

                                                    **ORDER**
          -against-                                    19-CV-3541-FB-SJB

```
SENTOSACARE, LLC,
DAVID RUBENSTEIN,
BRUSCHA SINGER,
JOEL ZUPNICK,
SHOREFRONT REALTY, LLC,
AVI PHILPSON,
BERISH RUBENSTEIN,
SHOREFRONT OPERATING, LLC,
SHAINDY BERKO,
ROCHEL DAVID,
LEAH FRIEDMAN,
DEENA LANDRA,
ESTHER FARKOVITZ,
DOES 1-25.

                        Defendants.
----------------------------------------------------------------X
```
**BULSARA, United States Magistrate Judge:**

       Plaintiff Leroy Chow ("Mr. Chow"), through his estate and its administrator Walter Chow, has brought a putative class action against the Seagate Rehabilitation and Nursing Center ("the Center") alleging that the treatment and care of Leroy Chow and other patients at this nursing home violated the New York Public Health Law. (Compl. dated Nov. 27, 2018 ("Compl."), attached to Notice of Removal, Dkt. No. 1). The Center and the other defendants have filed a motion seeking to limit discovery beyond Mr. Chow's claim, *i.e.* to place class discovery on hold. (Mot. to Bifurcate dated Oct. 4, 2019 ("Mot. to Bifurcate"), Dkt. No. 30). The Center contends that because it will seek

summary judgment on Mr. Chow's claim, such a motion obviates the need for expensive and time-consuming class discovery. (*Id.*).

The Center's motion is labeled as one for "trifurcation" or "bifurcation," terms that Plaintiff adopts. The parties' use of this terminology is at times inconsistent, as is their citation of cases. There are many "courts in this and other circuits [that] have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes." *Hines v. Overstock, Com, Inc.*, No. 09-CV-991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010). Many of these decisions, however, are inapposite to the present motion. That is, they do not address whether to stay class discovery pending resolution of the individual's claims, but rather address whether to separate class certification from class merits discovery. The parties use cases from both contexts interchangeably and ultimately inappropriately.[1]

What Defendants are seeking, in the first instance, is properly understood as a stay of class discovery pending resolution of plaintiff's individual claim. *E.g.*, *Bodner v. Paribas*, 202 F.R.D. 370, 372 (E.D.N.Y. 2000) ("Defendants claim that: (1) because no class has yet been certified, discovery must be stayed, or limited solely to the claims of

---

[1] Both sides cite to a hodge-podge of cases about class and merits discovery. Some cases permit bifurcation; others do not. Each side takes the approach of quoting those portions of cases that support its position, and presume that the language is the governing standard for bifurcation. Many of these cases address all manner of federal and state statutes that bear no resemblance to the Public Health Law or Plaintiff's claims. *E.g.*, *Pandit v. Saxon Mortg. Servs., Inc.*, No. 11-CV-3935, 2013 WL 12364120, at *1 (E.D.N.Y. June 5, 2013) (federal Home Affordable Modification Program); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 WL 207677, at *1 (E.D.N.Y. Jan. 12, 2016) (Telephone Consumer Protection Act). Very few, if any, address the kind of stay at issue here—as between the individual and class claims—as opposed to the difference between the class claims and class merits discovery.

the named plaintiffs[.]"). Should Plaintiff's claim survive summary judgment, Defendants ask for a further division of discovery, a bifurcation between class certification and class merits discovery.

A stay of discovery is governed by Rule 26(c). *See Mulligan v. Long Island Univ.*, No. 18-CV-2885, 2018 WL 8014320, at *1 (E.D.N.Y. Dec. 13, 2018) ("Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown."). "District courts have discretion to stay discovery for "good cause," which "requires a showing of facts militating in favor of the stay." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (collecting cases). "A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Id.* (quotations omitted). "[F]actors courts consider in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding to it, as well as the unfair prejudice to the party opposing the stay." *Id.* (internal citations omitted); *accord Kanowitz v. Broadridge Fin. Sols., Inc.*, No. 13-CV-649, 2014 WL 1338370, at *6 (E.D.N.Y. Mar. 31, 2014) (same).

In contrast, the standard for splitting class certification discovery and class merits discovery is not governed by Rule 26(c), but instead by Rule 23 and more importantly, the Supreme Court's pronouncement in *Wal-Mart Stores, Inc. v. Dukes* that the "rigorous analysis" necessary for certifying a class "will entail some overlap with the merits of the plaintiff's underlying claim. . . . The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." 564 U.S. 338, 351 (2011) (quotations and alterations

omitted). "[B]ecause of the 'rigorous analysis' required by *Dukes,* courts are reluctant to bifurcate class-related discovery from discovery on the merits." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases). Neither side directly addresses the correct standard for Defendants' motion, *i.e.* the stay standard in Rule 26(c).

Here, Defendants have filed a motion to dismiss. (Mot. to Dismiss dated Nov. 4, 2019, Dkt. No. 36). That motion has yet to be decided, but in any event, it does not resolve the question of the Center's liability. It is a potentially dispositive motion only as to the individual defendants. The Center contemplates later filing a motion for summary judgment; such a motion, it contends, would resolve Mr. Chow's claim and the Center's liability. (Mot. to Bifurcate at 3). Defendants do not explain in any fashion what the basis for moving for summary judgment is or would be, other than to say they believe Plaintiff's case is not corroborated by other witnesses or is weak. (*Id.* at 3–4). There is no reason to believe that the heavily fact bound inquiry into Mr. Chow's claims would be amenable to summary judgment. Defendants cite to no cases where a Public Health Law claim was dismissed on summary judgment; and while the complaint is bare in terms of its allegations about other class members, the Court has no reason to think that the detailed allegations about Mr. Chow—including that he suffered from mistreatment and neglect—could be resolved via summary judgment. (For example, Defendants claim that there is a "dearth of evidence" supporting the Complaint's allegations, (Mot. to Bifurcate at 4), and assert that he received adequate care. Such an assertion, unsupported by any document or testimony would unlikely be amenable to summary judgment resolution). It is true that where the named plaintiff's claim is subject to dispositive motion, delaying class discovery is often appropriate. *E.g.*, *In re*

*Am. Express Anti-Steering Rules Antitrust Litig.*, No. 06-CV-2974, 2010 WL 11586662, at \*3 (S.D.N.Y. July 7, 2010) ("Given the possibility that class certification-related discovery may be obviated if the Court of Appeals revisits its earlier decision, it would not be an efficient use of time and resources for this Court, or the parties, to embark on class discovery or a motion to compel arbitration." (quotations and alterations omitted)) (granting motion to stay all but individual discovery); *Reyes v. W.D. Henry & Sons, Inc.*, No. 18-CV-1017, 2019 WL 483318, at \*3 (W.D.N.Y. Feb. 7, 2019) (finding stay of class discovery appropriate in light of pending resolution of summary judgment motion and expansive class discovery sought). But where no dispositive motion has been filed with respect to the named plaintiff, and the motion has not even been briefed and is barely explained, such a stay is inappropriate.

Although the discovery shall proceed on a class basis, it must be conducted with an eye to relevance and proportionality and bear some relationship to the claims of the named Plaintiff. The discovery currently sought by Plaintiff is breathtaking in its scope. Plaintiff has served broad and expansive discovery that covers the treatment and care of other patients and involves virtually every aspect of the Center's operations, including finances; tax returns; every vendor who provided any manner of service, clinical or otherwise; all complaints from employees or vendors; evidence of loans between individual Defendants; documents about working conditions; computer manuals; and all the Center's policies and procedures, among other things. (Exs. A–D dated Dec. 17, 2019, attached to Mot. to Compel, Dkt. 37). Defendants, under the guise of class discovery, would be forced to obtain scores of documents and information about dozens of topics, patients, and employees for years at a time. There is potentially no single document in the Center's possession from 2015 to the present that would be immune

5

from discovery. Staffing, financial condition of an entity, the adequacy of food, sanitary conditions, financial condition of the defendant, adequacy of computer systems, earnings targets, among other things, could all hypothetically be pertinent to a lawsuit directed against the Center on behalf of a patient who has allegedly suffered a violation of his rights under the Public Health Law. The Complaint in this case, however, generally alleges all of these things, and the discovery is sought as part of a giant guessing game into the cause of death or violation of rights of all patients who were treated at the Center. Few of the requests are tied specifically to Mr. Chow. The Complaint does not identify any other patient who suffered from similar conditions. It hypothesizes—as most of the discovery requests do—that such other plaintiffs must exist; no testimony, complaints or other pre-complaint discovery that often exists in such class actions is cited. This makes the discovery requests akin to a single plaintiff alleging, with little to no actual specific allegations, that the consumer practices of defendant are nationwide in scope and then proceeding to ask for nationwide discovery. Courts appropriately blanch at such a practice, *see, e.g.*, *United States ex rel. CKD Project, LLC v. Fresenius Med. Care AG & Co. KGAA*, No. 14-CV-6646, 2019 WL 6223828, at *2–4 (E.D.N.Y. Nov. 8, 2019) (denying nationwide discovery where the plaintiff only had knowledge about misconduct in one state, and only alluded to misconduct elsewhere without any specific allegations) (collecting cases), and place appropriate limits on class discovery to tie it to the claim and proof of the named plaintiff. *See Jackson v. Bank of Am., N.A.*, No. 16-CV-787, 2018 WL 3386336, at *4 (W.D.N.Y. July 12, 2018) ("The essence of a class action is that the named plaintiffs' claims must be representative of the class. Plaintiffs cannot represent other borrowers on claims that Plaintiffs themselves don't have. This is black-letter law. The Supreme

Court confirmed in *Wal-Mart Stores, Inc. v. Dukes* that class claims are 'effectively limit[ed] to those fairly encompassed by the named plaintiff's claims' and that '[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury. *This does not mean merely that they have all suffered a violation of the same provision of law.*' It follows that discovery into claims not 'fairly encompassed by the named plaintiff's claims' is also improper." (quoting 564 U.S. at 350)); *cf. Cronas v. Willis Grp. Holdings Ltd.*, No. 06-CV-15295, 2008 WL 4548861, at *2 (S.D.N.Y. Oct. 8, 2008) ("[T]here is nothing to suggest that nationwide discovery would be relevant to plaintiffs' substantive claims of discrimination. If the adverse decisions regarding plaintiffs were made locally rather than nationally, as the evidence indicates, any discrimination revealed by nationwide discovery would be the result of decisions and policies unrelated to the decisions and policies that affected plaintiffs."); *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 589 (E.D. Cal. 2015) ("Courts commonly limit the scope of discovery in class actions in the employment context to the location where the named plaintiffs worked unless plaintiffs come forth with some evidence that the violations alleged implicated company-wide policies that extended beyond the individual plaintiff's location.").

The Complaint bases the class allegations on media reports that other facilities like the Center, managed by the same operator, had "egregiously low" staffing levels, and that the Center has received a one-star rating on staffing from the Nursing Home Compare website. (Compl. ¶¶ 30–31). Whatever plausible inference is to be drawn from this allegation, it does not compel the conclusion that there are in fact other patients who have suffered Public Health violations like the named Plaintiff. Appropriately tailored discovery is tied to the specific practices suffered by the named

7

Plaintiff. In that manner, it may be appropriate to use information obtained in discovery about Mr. Chow's case to determine whether there were similar practices. Rather than doing so, Plaintiffs have sought discovery about all potential violations on all manner of topics untethered to the actual complaint. (Mot. to Compel dated Dec. 17, 2019 ("Mot. to Compel"), Dkt. No. 37). The broad statements by both parties in the other motion before the Court—to compel—are equally unpersuasive. Plaintiffs cannot simply speculate about potential theories such as the suggestion that Defendants placed profits over safety, (Mot. to Compel at 4)—without some basis—and expect any Court to grant a motion to compel such documents. On the other hand, Defendants cannot, in response to a motion to compel, rest on objections of burden and expense that fail to provide specific details about the cost or time necessary to obtain information. (Resp. to Mot. to Compel dated Dec. 23, 2019, Dkt. No. 38 at 5).

The Court also notes that the responses provided by Defendants are inconsistent with the 2015 Amendments to the Rules of Civil Procedure. (*See* Exs. A–D dated Dec. 17, 2019, attached to Mot. to Compel, Dkt. 37). Among other things, those amendments "no longer permit[] global, generalized objections to each request." *CapRate Events, LLC v. Knobloch*, No. 17-CV-5907, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018) (citing Rule 34(b)(2)(B))). Also, "[a]n objection must state whether any responsive materials are being withheld on the *basis of that objection*." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). And finally, to the extent defendants intend "to produce documents[,] it was required either to produce them on the date it served responses or provide a date on which it would make a production[] and the form that production would take. *CapRate Events*, 2018 WL 4378167, at *2. The Court will take appropriate

action if necessary, including by imposing awards of costs and fees, should either party file discovery responses in violation of these requirements.

For these reasons, the Court concludes that discovery shall proceed on class basis. The Court separately concludes that a "trifurcation," *i.e.* separation of class certification and class merits discovery shall not be permitted. As such, discovery shall be completed in a single phase without bifurcation. The motion to compel is denied; discovery requests may be re-served consistent with this opinion, and the Defendants may respond, and object on bases and in a manner provided for by the Rules of Civil Procedure. The Court will, should the parties not reach a sensible agreement on the scope of class discovery, impose appropriate limits and may impose sanctions as appropriate. The current discovery schedule shall remain in place, unless extension is sought based on good cause.

This resolves Docket Numbers 30, 37, and 38.

SO ORDERED.

*/s/ Sanket J. Bulsara* Jan. 23, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York