

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

March 13, 2020

**By ECF**

Magistrate Judge Sanket J. Bulsara
U.S. District Court
Eastern District of New York

**Re:** *Chow v. SentosaCare, LLC et al.*, No. 1:19-cv-03541-FB-SJB
     **Plaintiff's Motion to Compel and for Sanctions**

Dear Judge Bulsara:

    We represent plaintiff Walter Chow, who brings the above-captioned matter on behalf of his deceased brother, Leroy Chow, and a putative class of the similarly situated residents of Seagate Rehabilitation and Nursing Center (the "Facility"). We write to seek an order from this Court compelling testimony by defendant Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center ("Shorefront Operating" or "Defendant") in accordance with Plaintiff's Rule 30(b)(6) notice of deposition (Notice of Deposition dated Jan. 28, 2020 ("Notice"), Exhibit A). Plaintiff outlined eight designations in his Notice, to all of which Defendant improperly responded with designations of its own that either limit the subjects on which it would provide testimony or flatly refuse to provide testimony. (Responses to Plaintiff's 30(b)(6) Notice of Deposition dated Feb. 22, 2020 ("Response"), Exhibit B).[1] Not only do

---

[1] On January 28, 2020, Plaintiff served his Notice with a deposition date of February 28, 2020. On February 19, 2020, and again on February 21, 2020, this office reminded Defendant of its obligation to designate a deponent, inquired as to its availability on that date, and reminded Defendant "that there is no provision under the federal rules for objections to a Rule 30(b)(6) notice" but that instead a party must move for a protective order after a conferral. (Jan. 28, 2020 to Feb. 21, 2020 Email Chain, Exhibit C). Defendant replied simply that Plaintiff should "[s]tay tuned." (*Id.*). On February 22, 2020, Defendant served its Response. (Feb. 22, 2020 Email from Defendant, Exhibit D). Nowhere in its Response did Defendant indicate that it would not produce a deponent on February 28, 2020. On February 23, 2020, Plaintiff stated (i) that Defendant's response violated the federal rules and this Court's order prior, (Order dated Jan. 23, 2020 ("Order"), Dkt. No. 39), and (ii) that "[i]f [Defendant's] deponent is not prepared to testify on the complete topics [Plaintiff] noticed[,] [Plaintiff] will seek sanctions." (Feb. 23, 2020 Email from Plaintiff, Exhibit E). On February 25, 2020, this office asked if Defendant would be producing a witness as noticed. (Feb. 22, 2020 to Feb. 26, 2020 Email Chain, Exhibit F). Later that day, Defendant finally stated that it would not be producing a deponent on the scheduled date. (*Id.*). On February 26, 2020, Plaintiff requested a meet and confer. (*Id.*) On February 27, 2020, the parties met and conferred by telephone. (Feb. 22, 2020 to Mar. 4, 2020 Email Chain, Exhibit G). The parties agreed during the meet and confer that certain disputes were ripe for the Court's consideration. (*Id.*) The next day, Defendant proposed dates in late March during which Defendant would be able to produce its designated witness. (*Id.*) On March 4, Plaintiff re-served his 30(b)(6) notice with a deposition date of March 30, 2020. (*Id.*)

**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Defendant's purported bases for limiting the scope of testimony lack merit, but they are also brought in contravention of the Federal Rules of Civil Procedure, which require that a party seeking to limit the scope of testimony noticed pursuant to Rule 30(b)(6) must seek relief by way of a motion for a protective order, not simply object to provide such testimony and force the noticing party -- here, Plaintiff -- to needlessly move to compel such testimony.  Accordingly, Plaintiff moves for an order not only compelling Defendant to provide testimony in accordance the Notice, but also, pursuant to Rule 37, awarding Plaintiff his reasonable fees and costs associated with bringing this motion.

*First*, in contravention of this Court's January 23, 2020 Order and well-established law regarding the temporal scope of a putative class action, Defendant purports to limit its testimony in response to Designation Nos. 1, 3, 4, 5, 6, 7, and 8 to "the period of Leroy Chow's residency at the Facility."  (Response at 2-6).  This Court, however, expressly denied Defendant's attempt to limit discovery in this action solely to Leroy Chow's claims:

> What Defendants are seeking, in the first instance, is properly understood as a stay of class discovery pending resolution of plaintiff's individual claim. . . . But where no dispositive motion has been filed with respect to the named plaintiff, and the motion has not even been briefed and is barely explained, such a stay is inappropriate.

(Order at 2-5; *see also id.* at 9 (" . . . [T]he Court concludes that discovery shall proceed on class basis.  The Court separately concludes that a 'trifurcation,' i.e. separation of class certification and class merits discovery shall not be permitted.  As such, discovery shall be completed in a single phase without bifurcation.")).  And the law is clear that the scope of a putative class is determined not by the experiences of the proposed class representative, but by the applicable statute of limitations.  *See Barry v. United States*, 117 Fed. Cl. 518, 522 (2014) ("The class definition should be limited to those whose claims are not barred by the statute of limitations, which is at most three years."); *Adams v. Pinole Point Steel Co.*, No. 92-1962, 1994 WL 515347, at *4 (N.D. Cal. May 18, 1994), *opinion reinstated*, No. 92-1962, 1995 WL 73088 (N.D. Cal. Feb. 10, 1995) ("To determine the 'temporal scope' in a class action, it is therefore first necessary to examine the applicable statute of limitations to determine what time period is covered by the named plaintiff's complaint."); *Dryer v. Nat'l Football League*, No. 09-2182, 2010 WL 11469574, at *3 (D. Minn. Oct. 25, 2010) ("Applied to the requests at issue, and mindful that discovery is currently limited to issues of class certification and the merits of the named Plaintiffs' claims, the six-year statute of limitations period shall generally govern the scope of discovery, unless, with respect to a particular request, a greater time period is relevant.").  Accordingly, Plaintiff is entitled to discovery both individually and on behalf of the putative class throughout the relevant class period, which extends from November 27, 2015, to the present.[2]

---

[2] Plaintiff initiated the underlying state court action on November 27, 2018, alleging claims pursuant to New York Public Health Law ("PHL") § 2801-d.  (Compl. dated Nov. 27, 2018 ("Compl."), attached to Notice of Removal, Dkt. No. 1).  Actions under PHL § 2801-d are

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

*Second*, Defendant flatly refuses to provide testimony in response to Designation No. 2, which seeks testimony regarding "[h]ow profits from the Facility are distributed and to whom," and to Designations Nos. 3 and 4 to the extent they seek testimony regarding "the form, nature[,] and amounts of financial payments made to" Shorefront Realty, LLC and SentosaCare, LLC "by the Facility for services or property provided by" Shorefront Realty, LLC and Sentosacare, LLC "to the Facility." (Response at 2-4). Defendant claims that "this information does not bear a relationship to the claim of the named Plaintiff." (*Id.*). Not so. The distribution of profits -- generally and specifically to Shorefront Realty, LLC and SentosaCare, LLC, who are named as individual defendants in this action -- is relevant to a determination of the persons and entities potentially liable in this action. PHL § 2808-a imposes joint and several liability for claims pursuant to PHL§ 2801-d -- with and to the same extent as the residential health care facility -- on any controlling person who, by reason of a "direct or indirect ownership interest (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of [the] facility." PHL § 2808-a(2); *see also Gorton v. Fellner*, 451 N.Y.S.2d 873, 875 (N.Y. App. Div. 1982) (holding that the "indicia of a controlling person" are "an ownership interest or the power to direct the management or policies of the nursing home"). Although "ownership interest" is not defined in the statute, "[l]egislative history reveals that the requirement that an individual have an ownership interest in order to be deemed a 'controlling person' was imposed 'to insure [sic] that liability and responsibility follow the *capability to make a profit*.'" *Ocean Side Institutional Industries v United Presbyterian Residence*, 678 N.Y.S.2d 653, 654 (N.Y. App. Div. Oct. 13, 1998) (*quoting* Mem. of the State Executive Department, 1976 McKinney's Session Laws of N.Y., at 2342) (emphasis added). Here, Plaintiff alleges that both Shorefront Realty, LLC and SentosaCare, LLC, as the landlord and administrator, respectively, of the Facility, have the capability to make a profit off the operations of the Facility and the ability to influence the operation and management of the Facility. (Compl. ¶¶ 13-14). Moreover, Plaintiff alleges substantial overlap in the individual ownership of SentosaCare, LLC, Shorefront Realty, LLC, and Shorefront Operating, further supporting Plaintiff's allegations that SentosaCare, LLC and Shorefront Realty, LLC have "at least an indirect and/or beneficial ownership interest in the operation of the Facility." (*Id.*).

In addition, information related to Defendant's profits, as evidence of its motive for depriving Plaintiff and the other members of the putative class of their rights, is relevant to Plaintiff's claim for punitive damages, for which PHL § 2801-d explicitly provides.[3] *See North Shore-Long Island Jewish Health Systems, Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 49 (E.D.N.Y. 2018) (recognizing that the plaintiff's primary motivation for seeking information regarding

---

"governed by the three-year period of limitations of CPLR 214(2)." *Zeides v. Hebrew Home for Aged at Riverdale*, 753 N.Y.S.2d 450, 452 (N.Y. App. Div. 2002). Accordingly, Plaintiff pleads claims on behalf of "[a]ll persons who reside, or resided, at the Facility from November 27, 2015, to the present." (Compl. ¶ 42).

[3] PHL § 2801-d(2) provides that "where the deprivation of any such right or benefit is found to have been willful or in reckless disregard of the lawful rights of the patient, punitive damages may be assessed."

![FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP]

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

profits and revenues in discovery was to support a claim for punitive damages and granting plaintiff's motion to compel, holding that "information relating to [the defendant's] revenues, expenses, or profits arising out of any contract with [the plaintiff] is relevant to a claim in this litigation pursuant to Fed. R. Civ. P. 26"); *see also Voltz v. Blackmar*, 64 N.Y. 440, 445 (1876) ("Where exemplary or punitive damages are claimed, all the circumstances immediately connected with the transaction, tending to exhibit or explain the motive of the defendant, are admissible in evidence.").

Finally, Defendant's refusal to testify in accordance with the designations noticed by Plaintiff, coupled with its failure to move for a protective order, warrants sanctions. As one court explained:

> Unlike the procedure with respect to interrogatories, requests for production of documents and requests for admissions, there is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued. While it is indeed good practice to discuss any issues respecting a 30(b)(6) deposition notice with the party which noticed the deposition in an attempt to work out an agreement, in the absence of an agreement, a party cannot decide on its own to ignore the notice. Rather, if counsel for [the defendant] was of the view that the plaintiff's 30(b)(6) deposition notice was defective or improper in some way or that the information sought was " . . . obtainable from some other source . . . " such as interrogatories " . . . which would be more convenient, less burdensome or less expensive" (Rule 26(b)(2)(C)), it was [the defendant's] burden to seek a protection pursuant to Rule 26(c), Fed.R.Civ.P., seeking an order that " . . . the . . . discovery may be had only on specified terms and conditions, including a designation of the time or place . . . " (Rule 26(c)(2)) or that " . . . the discovery . . . be had only by a method of discovery other than that selected by the party seeking discovery." (Rule 26(c)(3)).
>
> What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel. Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order. This counsel for [the defendant] failed to do.
>
> Thus, [the defendant] shall be required to make its 30(b)(6) witness available.

*New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 165-66 (D. Mass. 2007) (ellipses in original). *Accord Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09-3701, 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) ("The weight of the authority holds that a party believing it has received a flawed 30(b)(6) notice may not merely rest upon its objections, but must move for a protective order."). *Compare Strom v. Nat'l Enter. Sys., Inc.*, No. 09-72, 2010 WL 1533383, at *5 (W.D.N.Y. Apr. 15, 2010) ("Finally, as Defendant's objections presented a reasonably arguable legal basis for Defendant's refusal to

4

**FBFG** | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

comply with Plaintiff's Document Request No. 13 and the 30(b)(6) deposition questions, *based on the pendency of Defendant's timely motions for a protective order pursuant to Fed.R.Civ.P. 26(c), see Fed.R.Civ.P. 37(d)(2) (failure to provide requested discovery excused if timely motion for protective order is filed)*, the court finds Defendant's refusal to respond to the document request and to answer the deposition questions were substantially justified." (emphasis added)). Here, Plaintiff repeatedly informed Defendant that objections to a Rule 30(b)(6) notice of deposition are improper and that the proper course of action, subsequent to a meet and confer, would be a motion by Defendant for a protective order. Defendant refused to comply, necessitating Plaintiff's instant motion. Accordingly, appropriate sanctions are warranted. (Order at 9 ("The Court will, should the parties not reach a sensible agreement on the scope of class discovery, impose appropriate limits and may impose sanctions as appropriate.")). *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must . . . require the party . . . whose conduct necessitated the motion, the . . . attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); *Mantell v. Chassman*, 512 Fed.Appx. 21, 24, 2013 WL 616379, at *2 (2d Cir. 2013) ("[A] court must order a sanction under Rule 37(a)(5) if it is forced to grant a motion to compel discovery or the requested discovery is provided after such a motion was filed."); *Alli v. Steward-Bowden*, No. 11-4952, 2013 WL 6053481, at *2-3 (S.D.N.Y. Nov. 7, 2013) (noting that "Rule 37(a)(5)(A)(ii) provides that if a party successfully moves to compel, the court 'must' require the non-moving party to pay the movant's reasonable fees and expenses unless its conduct 'was substantially justified'" and overruling objections to magistrate judge's order awarding reasonable expenses incurred in connection with a motion to compel, finding that "[b]ut for [the defendant's] assertions . . . , the plaintiff would not have undertaken the exercise of filing its motion to compel or incurred the expenses associated therewith").

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendant to testify in accordance with the designations outlined in his Notice as well as order Defendant to pay Plaintiff's fees and costs associated with this motion.

Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/ D. Gregory Blankinship*
D. Gregory Blankinship
gblankinship@fbfglaw.com

CC:
All counsel of record (by ECF)

5

FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

**Rule 37(a)(1) Certification**

      I certify that on February 27, 2020, I met and conferred in good faith by telephone in an attempt to resolve the disputes described above. During that telephonic conference, I informed counsel for Defendant that Plaintiff intended to ask this Court to compel Defendant to designate witnesses prepared to testify on the subjects noticed by Plaintiff. Counsel for Defendant agreed that the issues identified in this letter motion are ripe for this Court's consideration.

                                      */s/ D. Gregory Blankinship*
                                      D. Gregory Blankinship