# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

May 27, 2020

**By ECF**

Magistrate Judge Sanket J. Bulsara
U.S. District Court
Eastern District of New York

Re:     ***Chow v. SentosaCare, LLC et al.*, No. 1:19-cv-03541-FB-SJB**
        **Plaintiff's Motion to Compel Responses to Requests**
        **for Production and Interrogatories Served on Individual Defendants**

Dear Judge Bulsara:

We represent plaintiff Walter Chow, who brings the above-captioned matter on behalf of his deceased brother, Leroy Chow, and a putative class of the similarly situated residents of Seagate Rehabilitation and Nursing Center (the "Facility").  Pursuant to Fed. R. Civ. P. 33, 34, and 37, we write to seek an order from this Court compelling responses by the individual defendants Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovits, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, and Joel Zupnick ("Individual Defendants" or "Defendants") to Plaintiff's first set of requests for production of documents ("RFPs", collectively attached as Exhibit A) and first set of interrogatories ("ROGs", collectively attached as Exhibit B).

Plaintiff's requests and interrogatories seek five categories of documents and information:

1.  Statements pertaining to the claims in this litigation.  (RFPs at No. 1).

2.  Documents and information regarding communications and meetings involving the Individual Defendants regarding the operations of the Facility (RFPs at No. 10; ROGs at Nos. 1 & 2), as well as regarding their direct involvement in the operations of the Facility (RFPs at No. 15; ROGs at No. 3).  Such discovery is relevant because it will reveal the nature and extent of the Individual Defendants' participation in the operational control of the Facility.

3.  Financial documents and information regarding the nature of the Individual Defendants' ownership interests in the Facility, their ability to make a profit from the operations of the Facility, and their financial relationships with each other and the other defendants.  (RFPs at Nos. 2-9 & 11-14; ROGs at Nos. 4-7).  Such discovery is relevant because it will establish the liability of the various defendants (including the Individual Defendants) as controlling persons pursuant to PHL § 2808-a.

4.  Applicable insurance documents.  (RFP No. 16).

**FBFG** | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

    5.    Documents and information regarding the Individual Defendants' efforts to preserve relevant documents and data.  (RFPs at No. 17; ROGs at No. 8).

    However, despite Plaintiff having propounded reasonable requests and interrogatories that seek relevant documents and information, Defendants have refused to produce even a single document or provide any substantive interrogatory responses.  Instead, Defendants' responses and objections to the RFPs ("RFP Responses", collectively attached as Exhibit C) and ROGs ("ROG Responses", collectively attached as Exhibit D), which are identical across each individual defendant, proffer boilerplate objections that either violate this Court's standing orders, have been rejected by this Court's Order denying trifurcation (Order dated Jan. 23, 2020 ("Order"), Dkt. No. 39), or are fundamentally infirm.

    *First*, Defendants' responses to the RFPs and ROGs uniformly assert the boilerplate objection that the requests are improper because the individual defendant "is solely named in the Amended Complaint as an alleged 'controlling person' of the Facility and no alleged wrongdoing is asserted against him, nor does the Amended Complaint allege any involvement with him and Leroy Chow or his care at the Facility" (RFP Responses at Nos. 1-17) or "is solely included in the Amended Complaint as an alleged 'controlling person' of the Facility, and no alleged wrongdoing is asserted against him, nor is any allegation of involvement with Leroy Chow or his care at the Facility" (ROG Responses at Nos. 1-8).  This objection lacks merit.[1]

    Defendants' refusal to produce otherwise responsive documents or information on the basis that an RFP or ROG seeks documents or information not specifically related to Leroy Chow or his care runs contrary to this Court's Order, which expressly denied Defendants' attempt to limit discovery in this action solely to Leroy Chow's claims:

> What Defendants are seeking, in the first instance, is properly understood as a stay of class discovery pending resolution of plaintiff's individual claim. . . . But where no dispositive motion has been filed with respect to the named plaintiff, and the motion has not even been briefed and is barely explained, such a stay is inappropriate.

(Order at 2-5; *see also id.* at 9 (" . . . [T]he Court concludes that discovery shall proceed on class basis.  The Court separately concludes that a 'trifurcation,' i.e. separation of class certification and class merits discovery shall not be permitted.  As such, discovery shall be completed in a single phase without bifurcation.")).  Nevertheless, Defendants have explicitly limited their responses to RFPs Nos. 1, 10, and 15 (which seek documents relating to statements pertaining to the claims in this litigation, other defendants, and Defendants' ability to direct or cause the direction of management or policies of the Facility) and ROGs Nos. 1, 2, and 3 (which seek information regarding the manner in which Defendants communicated with others, the meetings attended by Defendants regarding the Facility, and the actions taken by Defendants regarding the operations of the Facility) solely to documents and information directly related to Leroy Chow.

---

[1] The responses fail to state what, if any, documents or information have been withheld on the basis of this objection, as required by Fed. R. Civ. P. 34(b)(2)(C).

# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

(RFP Responses at Nos. 1, 10, & 15; ROG Responses at Nos. 1, 2, & 3).  During the parties'
meet and confer on this issue, Defendants continued to stand on this objection and refused to
produce any documents or information not directly related to Leroy Chow, despite being
unwilling or unable to provide a cogent basis for doing so in light of the Order.  (Email to
Defendants dated May 23, 2020, Exhibit E, at 2).[2]  Indeed, in response to ROG No. 1, which
seeks nothing more controversial than a description of the manner in which Defendants
communicated with other relevant persons and is the type of request routinely made in complex
litigation with the purpose of facilitating accurate and comprehensive discovery, Defendants
proffered the non-responsive statement that they "do[] not recall any written communication
prior to the inception of this litigation concerning the care of Leroy Chow at the Facility."  (ROG
Responses at No. 1).  When pressed during the meet and confer, Defendants stood by their
response and refused to produce any documents unrelated to Leroy Chow on the basis of
"relevancy."[3]

Moreover, Defendants have improperly withheld production of documents responsive to
RFPs Nos. 1, 10, and 15 pending resolution of their motion to dismiss.  (RFP Responses at

---

[2] Defendants' counsel responded to this email in typically obstructionist fashion.  (Email from
Defendants dated May 26, 2020, Exhibit F, at 1).

[3] Defendants also stood by their objection to this interrogatory -- and all subsequent
interrogatories -- on the basis that it exceeds the 25-interrogatory limit imposed by Fed. R. Civ.
P. 33(a).  (ROG Responses at No. 1 (claiming that the ROG No. 1 "is actually at least 13, if not
27, discrete Interrogatories") & Nos. 2-8 (objecting on the basis that "Plaintiff has propounded
more than 25 Interrogatories when discrete subparts are included"); *see also* Exhibit E at 3).
Nonsense.  ROG No. 1 asks the Individual Defendants to "[d]escribe with particularity the
manner in which You communicated in writing with personnel working at the Facility, any
persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or
Sentosacare LLC, or any Individual Defendant, including but not limited to descriptions of all
email or instant messaging systems."  (ROGs at No. 1).  Here, the "subparts do not represent
discrete inquiries; they are not logically or factually independent of the question posed by the
basic interrogatory," which seeks to elicit information regarding Defendants' manner of
communication with other persons -- for example, by email, chat-messenger systems, or text
message.  *See Torcasio v. New Canaan Bd. of Ed.*, No. 15-53, 2016 WL 299009, at *11 (D.
Conn. Jan. 25, 2016), *recon. denied*, No. 15-53, 2016 WL 1275028 (D. Conn. Apr. 1, 2016)
(internal citation and quotations omitted) (compelling response to interrogatory seeking "the
various 'who, what, where and when' details" of each complaint about defendant);
*Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658 (D. Kan. 2004) (holding that those subparts
of an interrogatory which relate to a common theme do not count as separate interrogatories).
*See also* Advisory Committee Note to 1993 Amendment to Fed. R. Civ. P. 33, 146 F.R.D. 675,
675-76 (1993) ("Parties cannot evade this presumptive limitation through the device of joining as
'subparts' questions that seek information about discrete separate subjects.  However, a question
asking about communications of a particular type should be treated as a single interrogatory even
though it requests that the time, place, persons present, and contents be stated separately for each
such communication.").

# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Nos. 1, 10, & 15 (stating that the Individual Defendants will "produce relevant, responsive and nonprivileged materials pertaining to Leroy Chow within his possession, custody, and control that can be located after a reasonable search following the resolution of Defendant's pending motion to dismiss")). As explicitly noted in Your Honor's individual rules, "[t]here is no automatic stay of discovery, unless authorized by statute, should one or more defendants file a motion to dismiss." (Bulsara Indiv. R. III.B.). Accordingly, "[d]iscovery is only stayed if a party files a motion to stay discovery and the Court grants such a motion." (*Id.*). No such motion has been filed.

*Second*, the Individual Defendants' refusal to provide any responsive documents or information to RFPs Nos. 2-9 and 11-14 and ROGs Nos. 4-7 (which seek documents and information related to their ownership interests in the Facility, changes in ownership interests, financial relationships with others with ownership interests, transfers of assets and obligations between persons with ownership interests) is without merit. PHL § 2808-a imposes joint and several liability for claims pursuant to PHL§ 2801-d -- with and to the same extent as the residential health care facility -- on any controlling person who, by reason of a "direct or indirect ownership interest (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of [the] facility." PHL § 2808-a(2); *see also Gorton v. Fellner*, 451 N.Y.S.2d 873, 875 (N.Y. App. Div. 1982) (holding that the "indicia of a controlling person" are "an ownership interest or the power to direct the management or policies of the nursing home"). Although "ownership interest" is not defined in the statute, "[l]egislative history reveals that the requirement that an individual have an ownership interest in order to be deemed a 'controlling person' was imposed 'to insure [sic] that liability and responsibility follow the *capability to make a profit.*'" *Ocean Side Institutional Industries v United Presbyterian Residence*, 678 N.Y.S.2d 653, 654 (N.Y. App. Div. Oct. 13, 1998) (*quoting* Mem. of the State Executive Department, 1976 McKinney's Session Laws of N.Y., at 2342) (emphasis added). Here, Plaintiff alleges that the Individual Defendants, as members of Shorefront Operating LLC, the entity that directly operates the Facility, have the capability to make a profit off the operations of the Facility and the ability to influence the operation and management of the Facility. (Class Action Compl. dated July 11, 2019 ("Compl."), Dkt. No. 12, at ¶ 11). Accordingly, documents and information responsive to these requests are relevant to a determination of nature of the ownership interest possessed by the various defendants in this action (including the Individual Defendants), as well as their degree of control over the Facility.

Nor does Defendants' reference to their Local Rule 26.1 statements (RFP Responses at Nos. 2, 3, 4, & 5; ROG Responses at Nos. 4 &7) constitute a proper response to the requests, which seek documents and information beyond the scope of a 26.1 statement. For example, responsive documents may contain information relevant to the question of whether the Individual Defendants have the ability to exercise control over the Faculty owing to their ownership interests (e.g., a debt instrument that restricts or transfers various rights of control over the Facility). Defendants should not be allowed to simply refuse to produce the non-privileged documents in their possession, custody, or control that are responsive to these requests.

*Third*, Defendants have refused to produce documents in response to RFP No. 16, which seeks applicable insurance policy documents and declaration sheets. In their responses,

4

# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Defendants stated that they would provide these documents, but only as they pertained to Leroy Chow and to no one else. (RFP Response at No. 16). During the parties' meet and confer on this issue, however, Defendants stated that they would not provide *any* documents responsive to the request on the basis that such documents are not relevant. (Exhibit E at 2). Such a refusal is insupportable. Indeed, Defendants are obliged to produce such documents at the outset of litigation as a part of their required initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv) (providing that "a party must, without awaiting a discovery request, provide to the other parties . . . for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment"). When asked how production of such documents would possibly be burdensome, Defendants refused to "hav[e] that discussion." (Exhibit E at 2).

*Fourth*, Defendants failed to produce a privilege log, despite having asserted objections on the basis that a request seeks protected information. (RFP Responses at Nos. 1 (objecting on the basis that the request "seeks information created in the course of litigation which is protected from disclosure due to the attorney client, attorney work product privileges, N.Y. Public Health Law § 2805-m, or N.Y. Education Law § 6527(3)") & 17 (objecting on the basis that the request "seek[s] privileged and confidential materials")). Such objections require Defendants to state which documents they are withholding on that basis. Defendants failure to do so is either an indication that the objection was made without an actual collection and review of such documents or without merit.

In light of Plaintiff's repeated request that Defendants provide a defensible basis -- particularly in light of this Court's Order denying trifurcation -- for their objections and failure to produce any documents or information whatsoever, appropriate sanctions are warranted. (Order at 9 ("The Court will, should the parties not reach a sensible agreement on the scope of class discovery, impose appropriate limits and may impose sanctions as appropriate.")). *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must . . . require the party . . . whose conduct necessitated the motion, the . . . attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); *Mantell v. Chassman*, 512 Fed.Appx. 21, 24, 2013 WL 616379, at *2 (2d Cir. 2013) ("[A] court must order a sanction under Rule 37(a)(5) if it is forced to grant a motion to compel discovery or the requested discovery is provided after such a motion was filed."); *Alli v. Steward-Bowden*, No. 11-4952, 2013 WL 6053481, at *2-3 (S.D.N.Y. Nov. 7, 2013) (noting that "Rule 37(a)(5)(A)(ii) provides that if a party successfully moves to compel, the court 'must' require the non-moving party to pay the movant's reasonable fees and expenses unless its conduct 'was substantially justified'" and overruling objections to magistrate judge's order awarding reasonable expenses incurred in connection with a motion to compel, finding that "[b]ut for [the defendant's] assertions . . . , the plaintiff would not have undertaken the exercise of filing its motion to compel or incurred the expenses associated therewith").

For the foregoing reasons, Plaintiff respectfully requests that the Court order the Individual Defendants to produce documents and information in response to his RFPs and ROGs as well as order them to pay Plaintiff's fees and costs associated with this motion.



ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
jsardesaigrant@fbfglaw.com

CC:
All counsel of record (by ECF)

**Rule 37(a)(1) Certification**

I certify that on May 21, 2020, I met and conferred in good faith with counsel for Defendants by telephone in an attempt to resolve the disputes described above.  At the conclusion of the conferrals, counsel for Defendants agreed that the issues identified in this letter motion are ripe for this Court's consideration.

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant