# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                       Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                       Defendants.

Civil Action
No. 1:19-cv-03541-FB-SJB

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES TO DEFENDANT AVI PHILIPSON**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter

Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP,

hereby demands that, within thirty (30) days, Defendant AVI PHILIPSON serve answers under

oath to the interrogatories set forth herein (the "Interrogatories") at the offices of Finkelstein,

Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite 605, White

Plains, New York 10605.

**DEFINITIONS AND INSTRUCTIONS**

A.     The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

B.     "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a

SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

       C.     "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

       D.     The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

       E.     "You" or "your" means AVI PHILIPSON; AVI PHILIPSON's counsel; and any

consultant, expert, investigator, agent, representative, or person acting on AVI PHILIPSON's

behalf.

       F.     "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

       G.     The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

       H.     "Class Members" refers to members of the Class.

       I.     Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

       J.     Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.     Number.  The use of the singular form of any word includes the plural and vice versa.

S.     These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.     Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.     When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.     To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## INTERROGATORIES

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated: White Plains, New York
       December 20, 2019

 

                                 **FINKELSTEIN, BLANKINSHIP,**
                                 **FREI-PEARSON & GARBER, LLP**

                                 By: */s/D. Greg Blankinship*
                                 D. Greg Blankinship
                                 Jeremiah Frei-Pearson
                                 John Sardesai-Grant
                                 W. Scott Terrell
                                 445 Hamilton Avenue, Suite 605
                                 White Plains, New York 10601
                                 Tel: 914-298-3281
                                 Fax: 914-824-1561
                                 dblankinship@fbfglaw.com
                                 jfrei-pearson@fbfglaw.com
                                 jsardesaigrant@fbfglaw.com
                                 sterrell@fbfglaw.com

                                 *Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to AVI PHILIPSON to be served by email upon the following:

    Lori Semlies (lori.semlies@wilsonelser.com)
    David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>                    Defendants. | Civil Action<br>No. 1:19-cv-03541-FB-SJB |

## PLAINTIFF'S FIRST SET
## OF INTERROGATORIES TO DEFENDANT BERISH RUBINSTEIN

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, hereby demands that, within thirty (30) days, Defendant BERISH RUBINSTEIN serve answers under oath to the interrogatories set forth herein (the "Interrogatories") at the offices of Finkelstein, Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite 605, White Plains, New York 10605.

## DEFINITIONS AND INSTRUCTIONS

A.      The "Complaint" means the operative Complaint filed in the Eastern District of New York on July 12, 2019, in the above-captioned action.

B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

   C.  "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

   D.  The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

   E.  "You" or "your" means BERISH RUBINSTEIN; BERISH RUBINSTEIN's

counsel; and any consultant, expert, investigator, agent, representative, or person acting on

BERISH RUBINSTEIN's behalf.

   F.  "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

   G.  The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

   H.  "Class Members" refers to members of the Class.

   I.  Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

   J.  Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.      Number.  The use of the singular form of any word includes the plural and vice versa.

S.      These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.      Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.      When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.      To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## **INTERROGATORIES**

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated: White Plains, New York
       December 20, 2019

                           **FINKELSTEIN, BLANKINSHIP,**
                           **FREI-PEARSON & GARBER, LLP**

                           By: */s/D. Greg Blankinship*
                           D. Greg Blankinship
                           Jeremiah Frei-Pearson
                           John Sardesai-Grant
                           W. Scott Terrell
                           445 Hamilton Avenue, Suite 605
                           White Plains, New York 10601
                           Tel: 914-298-3281
                           Fax: 914-824-1561
                           dblankinship@fbfglaw.com
                           jfrei-pearson@fbfglaw.com
                           jsardesaigrant@fbfglaw.com
                           sterrell@fbfglaw.com

                           *Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to BERISH RUBINSTEIN to be served by email upon the following:

Lori Semlies (lori.semlies@wilsonelser.com)
David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

       Defendants.

Civil Action
No. 1:19-cv-03541-FB-SJB

---

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES TO DEFENDANT BRUSCHA SINGER**

   Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter

Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP,

hereby demands that, within thirty (30) days, Defendant BRUSCHA SINGER serve answers

under oath to the interrogatories set forth herein (the "Interrogatories") at the offices of

Finkelstein, Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite

605, White Plains, New York 10605.

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

   A.  The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

   B.  "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a

SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

      C.     "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

      D.     The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

      E.     "You" or "your" means BRUSCHA SINGER; BRUSCHA SINGER's counsel;

and any consultant, expert, investigator, agent, representative, or person acting on BRUSCHA

SINGER's behalf.

      F.     "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

      G.     The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

      H.     "Class Members" refers to members of the Class.

      I.     Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

      J.     Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.      Number.  The use of the singular form of any word includes the plural and vice versa.

S.      These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.      Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.      When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.      To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## **INTERROGATORIES**

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated:  White Plains, New York
         December 20, 2019

FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP

By: */s/D. Greg Blankinship*
D. Greg Blankinship
Jeremiah Frei-Pearson
John Sardesai-Grant
W. Scott Terrell
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: 914-298-3281
Fax: 914-824-1561
dblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com
jsardesaigrant@fbfglaw.com
sterrell@fbfglaw.com

*Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to BRUSCHA SINGER to be served by email upon the following:

> Lori Semlies (lori.semlies@wilsonelser.com)
> David Ross (david.ross@wilsonelser.com)

> */s/ John D. Sardesai-Grant*
> John D. Sardesai-Grant
> **FINKELSTEIN, BLANKINSHIP,**
> **FREI-PEARSON & GARBER, LLP**
> 455 Hamilton Avenue, Suite 605
> White Plains, New York 10601
> Tel: (914) 298-3281
> Fax: (914) 824-1561
> jsardesaigrant@fbfglaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                        Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                        Defendants.

Civil Action
No. 1:19-cv-03541-FB-SJB

---

**PLAINTIFF'S FIRST SET**
**OF INTERROGATORIES TO DEFENDANT DEENA LANDA**

       Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter

Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP,

hereby demands that, within thirty (30) days, Defendant DEENA LANDA serve answers under

oath to the interrogatories set forth herein (the "Interrogatories") at the offices of Finkelstein,

Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite 605, White

Plains, New York 10605.

**DEFINITIONS AND INSTRUCTIONS**

       A.      The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

       B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a

SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

       C.     "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

       D.     The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

       E.     "You" or "your" means DEENA LANDA; DEENA LANDA's counsel; and any

consultant, expert, investigator, agent, representative, or person acting on DEENA LANDA's

behalf.

       F.     "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

       G.     The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

       H.     "Class Members" refers to members of the Class.

       I.     Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

       J.     Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.      Number.  The use of the singular form of any word includes the plural and vice versa.

S.      These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.      Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.      When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.      To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## INTERROGATORIES

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated:  White Plains, New York
        December 20, 2019

                                    **FINKELSTEIN, BLANKINSHIP,**
                                    **FREI-PEARSON & GARBER, LLP**

                                    By: */s/D. Greg Blankinship*
                                    D. Greg Blankinship
                                    Jeremiah Frei-Pearson
                                    John Sardesai-Grant
                                    W. Scott Terrell
                                    445 Hamilton Avenue, Suite 605
                                    White Plains, New York 10601
                                    Tel: 914-298-3281
                                    Fax: 914-824-1561
                                    dblankinship@fbfglaw.com
                                    jfrei-pearson@fbfglaw.com
                                    jsardesaigrant@fbfglaw.com
                                    sterrell@fbfglaw.com

                                    *Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to DEENA LANDA to be served by email upon the following:

Lori Semlies (lori.semlies@wilsonelser.com)
David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                           Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                           Defendants.

Civil Action
No. 1:19-cv-03541-FB-SJB

---

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES TO DEFENDANT DAVID RUBINSTEIN**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter

Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP,

hereby demands that, within thirty (30) days, Defendant DAVID RUBINSTEIN serve answers

under oath to the interrogatories set forth herein (the "Interrogatories") at the offices of

Finkelstein, Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite

605, White Plains, New York 10605.

**DEFINITIONS AND INSTRUCTIONS**

A.      The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a

SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

        C.     "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

        D.     The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

        E.     "You" or "your" means DAVID RUBINSTEIN; DAVID RUBINSTEIN's

counsel; and any consultant, expert, investigator, agent, representative, or person acting on

DAVID RUBINSTEIN's behalf.

        F.     "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

        G.     The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

        H.     "Class Members" refers to members of the Class.

        I.     Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

        J.     Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.      Number.  The use of the singular form of any word includes the plural and vice versa.

S.      These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.      Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.      When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.      To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## INTERROGATORIES

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated:  White Plains, New York
   December 20, 2019

           **FINKELSTEIN, BLANKINSHIP,**
           **FREI-PEARSON & GARBER, LLP**

           By: _/s/D. Greg Blankinship_
           D. Greg Blankinship
           Jeremiah Frei-Pearson
           John Sardesai-Grant
           W. Scott Terrell
           445 Hamilton Avenue, Suite 605
           White Plains, New York 10601
           Tel: 914-298-3281
           Fax: 914-824-1561
           dblankinship@fbfglaw.com
           jfrei-pearson@fbfglaw.com
           jsardesaigrant@fbfglaw.com
           sterrell@fbfglaw.com

           _Attorneys for Plaintiff and the Proposed Class_

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

_Attorneys for Defendants_

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to DAVID RUBINSTEIN to be served by email upon the following:

       Lori Semlies (lori.semlies@wilsonelser.com)
       David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                    Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                    Defendants.

Civil Action
No. 1:19-cv-03541-FB-SJB

---

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES TO DEFENDANT ESTHER FARKOVITZ**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter

Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP,

hereby demands that, within thirty (30) days, Defendant ESTHER FARKOVITZ serve answers

under oath to the interrogatories set forth herein (the "Interrogatories") at the offices of

Finkelstein, Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite

605, White Plains, New York 10605.

**DEFINITIONS AND INSTRUCTIONS**

A.      The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a

SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

       C.     "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

       D.     The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

       E.     "You" or "your" means ESTHER FARKOVITZ; ESTHER FARKOVITZ's

counsel; and any consultant, expert, investigator, agent, representative, or person acting on

ESTHER FARKOVITZ's behalf.

       F.     "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

       G.     The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

       H.     "Class Members" refers to members of the Class.

       I.     Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

       J.     Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.      Number.  The use of the singular form of any word includes the plural and vice versa.

S.      These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.      Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.      When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.      To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

### INTERROGATORIES

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated:  White Plains, New York
          December 20, 2019

                                        **FINKELSTEIN, BLANKINSHIP,**
                                        **FREI-PEARSON & GARBER, LLP**

                                        By: */s/D. Greg Blankinship*
                                        D. Greg Blankinship
                                        Jeremiah Frei-Pearson
                                        John Sardesai-Grant
                                        W. Scott Terrell
                                        445 Hamilton Avenue, Suite 605
                                        White Plains, New York 10601
                                        Tel: 914-298-3281
                                        Fax: 914-824-1561
                                        dblankinship@fbfglaw.com
                                        jfrei-pearson@fbfglaw.com
                                        jsardesaigrant@fbfglaw.com
                                        sterrell@fbfglaw.com

                                        *Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to ESTHER FARKOVITZ to be served by email upon the following:

Lori Semlies (lori.semlies@wilsonelser.com)
David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                           Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                           Defendants.

Civil Action
No. 1:19-cv-03541-FB-SJB

---

**PLAINTIFF'S FIRST SET**
**OF INTERROGATORIES TO DEFENDANT JOEL ZUPNICK**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter

Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP,

hereby demands that, within thirty (30) days, Defendant JOEL ZUPNICK serve answers under

oath to the interrogatories set forth herein (the "Interrogatories") at the offices of Finkelstein,

Blankinship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite 605, White

Plains, New York 10605.

**DEFINITIONS AND INSTRUCTIONS**

A.      The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a

SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

      C.     "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

      D.     The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

      E.     "You" or "your" means JOEL ZUPNICK JOEL ZUPNICK's counsel; and any

consultant, expert, investigator, agent, representative, or person acting on JOEL ZUPNICK's

behalf.

      F.     "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

      G.     The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

      H.     "Class Members" refers to members of the Class.

      I.     Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

      J.     Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.      Number.  The use of the singular form of any word includes the plural and vice versa.

S.      These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.      Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.      When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.      To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## **INTERROGATORIES**

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated:  White Plains, New York
        December 20, 2019

                              FINKELSTEIN, BLANKINSHIP,
                              FREI-PEARSON & GARBER, LLP

                              By: */s/D. Greg Blankinship*
                              D. Greg Blankinship
                              Jeremiah Frei-Pearson
                              John Sardesai-Grant
                              W. Scott Terrell
                              445 Hamilton Avenue, Suite 605
                              White Plains, New York 10601
                              Tel: 914-298-3281
                              Fax: 914-824-1561
                              dblankinship@fbfglaw.com
                              jfrei-pearson@fbfglaw.com
                              jsardesaigrant@fbfglaw.com
                              sterrell@fbfglaw.com

                              *Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to JOEL ZUPNICK to be served by email upon the following:

Lori Semlies (lori.semlies@wilsonelser.com)
David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                          Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                          Defendants.

Civil Action
No. 1:19-cv-03541-FB-SJB

---

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES TO DEFENDANT LEAH FRIEDMAN**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter

Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP,

hereby demands that, within thirty (30) days, Defendant LEAH FRIEDMAN serve answers

under oath to the interrogatories set forth herein (the "Interrogatories") at the offices of

Finkelstein, Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite

605, White Plains, New York 10605.

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

A.      The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a

SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

C.      "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

D.      The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

E.      "You" or "your" means LEAH FRIEDMAN; LEAH FRIEDMAN's counsel; and

any consultant, expert, investigator, agent, representative, or person acting on LEAH

FRIEDMAN's behalf.

F.      "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

G.      The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

H.      "Class Members" refers to members of the Class.

I.      Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

J.      Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.     Number.  The use of the singular form of any word includes the plural and vice versa.

S.     These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.     Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.     When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.     To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## INTERROGATORIES

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated: White Plains, New York
       December 20, 2019

                              FINKELSTEIN, BLANKINSHIP,
                              FREI-PEARSON & GARBER, LLP

                              By: */s/D. Greg Blankinship*
                              D. Greg Blankinship
                              Jeremiah Frei-Pearson
                              John Sardesai-Grant
                              W. Scott Terrell
                              445 Hamilton Avenue, Suite 605
                              White Plains, New York 10601
                              Tel: 914-298-3281
                              Fax: 914-824-1561
                              dblankinship@fbfglaw.com
                              jfrei-pearson@fbfglaw.com
                              jsardesaigrant@fbfglaw.com
                              sterrell@fbfglaw.com

                              *Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to LEAH FRIEDMAN to be served by email upon the following:

Lori Semlies (lori.semlies@wilsonelser.com)
David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                  Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                  Defendants.

Civil Action
No. 1:19-cv-03541-FB-SJB

---

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES TO DEFENDANT ROCHEL DAVID**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter

Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP,

hereby demands that, within thirty (30) days, Defendant ROCHEL DAVID serve answers under

oath to the interrogatories set forth herein (the "Interrogatories") at the offices of Finkelstein,

Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite 605, White

Plains, New York 10605.

**DEFINITIONS AND INSTRUCTIONS**

A.      The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a

SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

     C.     "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

     D.     The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

     E.     "You" or "your" means ROCHEL DAVID; ROCHEL DAVID's counsel; and any

consultant, expert, investigator, agent, representative, or person acting on ROCHEL DAVID's

behalf.

     F.     "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

     G.     The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

     H.     "Class Members" refers to members of the Class.

     I.     Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

     J.     Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.      Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.      Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.      Number.  The use of the singular form of any word includes the plural and vice versa.

S.      These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.      Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.      When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.      To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## INTERROGATORIES

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated: White Plains, New York
       December 20, 2019

                          **FINKELSTEIN, BLANKINSHIP,**
                          **FREI-PEARSON & GARBER, LLP**

                          By: */s/D. Greg Blankinship*
                          D. Greg Blankinship
                          Jeremiah Frei-Pearson
                          John Sardesai-Grant
                          W. Scott Terrell
                          445 Hamilton Avenue, Suite 605
                          White Plains, New York 10601
                          Tel: 914-298-3281
                          Fax: 914-824-1561
                          dblankinship@fbfglaw.com
                          jfrei-pearson@fbfglaw.com
                          jsardesaigrant@fbfglaw.com
                          sterrell@fbfglaw.com

                          *Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to ROCHEL DAVID to be served by email upon the following:

Lori Semlies (lori.semlies@wilsonelser.com)
David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-03541-FB-SJB |
| SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25, | |
| Defendants. | |

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES TO DEFENDANT SHAINDY BERKO**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.3, Plaintiff Walter Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, hereby demands that, within thirty (30) days, Defendant SHAINDY BERKO serve answers under oath to the interrogatories set forth herein (the "Interrogatories") at the offices of Finkelstein, Blankenship, Frei-Pearson & Garber, LLP, located at 445 Hamilton Avenue, Suite 605, White Plains, New York 10605.

**DEFINITIONS AND INSTRUCTIONS**

A.      The "Complaint" means the operative Complaint filed in the Eastern District of New York on July 12, 2019, in the above-captioned action.

B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL

DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON;

BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK;

SHOREFRONT REALTY LLC; and SENTOSACARE, LLC, including each Defendant's

agents, employees, and representatives.

      C.      "Individual Defendants" means SHAINDY BERKO; ROCHEL DAVID; LEAH

FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH

RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; and JOEL ZUPNICK.

      D.      The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

      E.      "You" or "your" means SHAINDY BERKO; SHAINDY BERKO's counsel; and

any consultant, expert, investigator, agent, representative, or person acting on SHAINDY

BERKO's behalf.

      F.      "Plaintiff" means, for purposes of the Requests, LEROY CHOW.

      G.      The "Class" means all persons who reside or resided at the Facility from

November 27, 2015, to the present.

      H.      "Class Members" refers to members of the Class.

      I.      Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

      J.      Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

K.     Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.     Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.     Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

N.     Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

O.     Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

P.     All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

Q.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R.     Number.  The use of the singular form of any word includes the plural and vice versa.

S.     These Interrogatories are to be answered by You based on all information that is or may be available to You; any person, employee, agent, expert, accountant, or attorney who is acting, or has acted, on Your behalf; or any other person under Your control.

T.     Responses should not be limited to Your personal knowledge.  If You cannot answer any Interrogatory in full after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying the reason(s) for your inability to respond to the remainder, and providing whatever information or knowledge that you have concerning the portions not answered, including any facts upon which such knowledge or belief is based.

U.     When an Interrogatory does not specifically request a particular fact, but such fact is necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, You should include that fact as part of the answer.  The Interrogatories shall be deemed to specifically request whatever fact or facts are needed to make the response comprehensible, complete, and not misleading in any manner.

V.     To the extent any Interrogatory in not answered, in whole or in part, based upon a claim of privilege, identify the nature of any privilege (including work product) that is being claimed and, should the privilege be governed by state law or a foreign jurisdiction, indicate the privilege rule of the relevant state or jurisdiction being invoked.

W.      If any answer is qualified, state specifically the nature of each qualification and the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be answered, answer that part in full to the extent possible, and state the reason(s) why the remainder cannot be answered.

X.      If You rely upon documents in answering these Interrogatories, please identify each and every such document by bates number. If a document has no bates number, enough information should be provided to sufficiently identify the document for a subpoena *duces tecum*.

Y.      These Interrogatories are continuing in nature, and You must provide all additional information responsive to the Interrogatories when such information becomes known to You or available to You.  Should You determine that any given answer to these Interrogatories is inaccurate, incomplete, or misleading in any way, immediately disclose how and why such answer is inaccurate, incomplete, or misleading, and provide all available information needed to provide a complete, full, accurate, and non-misleading answer.

Z.      Unless otherwise stated, these interrogatories seek information concerning the period November 27, 2015, through the present time (the "relevant time period").

## **INTERROGATORIES**

1.      Describe with particularity the manner in which You communicated in writing with personnel working at the Facility, any persons employed by or affiliated with Shorefront Operating LLC, Shorefront Realty LLC, or Sentosacare, LLC, or any Individual Defendant, including but not limited to descriptions of all email or instant messaging systems.

2.      Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which the operations of the Facility were discussed.

3.      Describe with particularity all actions taken by You to ensure that no patient of the Facility was deprived of any right or benefit created or established for the well-being of such patients by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation.

4.      How much money did you pay for Your ownership interest in Shorefront Operating LLC?

5.      For each year from 2014 to the present, identify how much money You have received from Shorefront Operating LLC.

6.      Have you ever received money from Shorefront Realty LLC or Sentosacare, LLC?  If so, describe with particularity each such payment and why You received it.

7.      Describe with particularity any interests, financial or otherwise, You have in Shorefront Realty LLC or Sentosacare, LLC.

8.      Describe all efforts taken since the filing of this action to gather and secure documents and data, including electronically generated or stored word processing files, electronic mail, instant messages, and back-up copies of information that may be discoverable or lead to the discovery of admissible evidence.

Dated: White Plains, New York
December 20, 2019

                                 **FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/D. Greg Blankinship*
D. Greg Blankinship
Jeremiah Frei-Pearson
John Sardesai-Grant
W. Scott Terrell
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: 914-298-3281
Fax: 914-824-1561
dblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com
jsardesaigrant@fbfglaw.com
sterrell@fbfglaw.com

*Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on the 20th day of December, 2019, I caused a true copy of Plaintiff's First

Set of Interrogatories to SHAINDY BERKO to be served by email upon the following:

Lori Semlies (lori.semlies@wilsonelser.com)
David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jsardesaigrant@fbfglaw.com