UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WALTER CHOW,

                              Plaintiff,

                                                        **ORDER**
              -against-                                 19-CV-3541-FB-SJB


SENTOSACARE, LLC, DAVID RUBENSTEIN,
BRUSCHA SINGER, JOEL ZUPNICK,
SHOREFRONT REALTY, LLC, AVI PHILPSON,
BERISH RUBENSTEIN, SHOREFRONT OPERATING, LLC,
SHAINDY BERKO, ROCHEL DAVID,
LEAH FRIEDMAN, DEENA LANDRA,
ESTHER FARKOVITZ, DOES 1-25.

                              Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

        Plaintiff filed a motion to compel on May 27, 2020.  (*See* Pl.'s Mot. to Compel

dated May 27, 2020, Dkt. No. 49).  The motion is granted in part and denied in part as

indicated herein.  Both parties present their arguments in a muddled and disorganized

fashion, at times referring to particular requests, at other times addressing discovery

globally and generically.  Neither side's approach helps the Court understand the

substance of the parties' positions or assists the Court in resolution of the motion.  The

Court rules as follows:

        1.       RFPs 1, 10, and 15.  Prior to the service of the responses to these RFPs, the

Court denied Defendants' motion to trifurcate discovery, which the Court noted was a

back-end motion for a stay for discovery.  *See Chow v. SentosaCare, LLC*, No. 19-cv-

3541, 2020 WL 559704, at *2 (E.D.N.Y. Jan. 23, 2020) ("What Defendants are seeking,

in the first instance, is properly understood as a stay of class discovery pending

resolution of plaintiff's individual claim.").  Now, in response to the RFPs and in

response to the motion to compel, Defendants ask for a stay for discovery (without filing

a cross-motion) or have refused to produce documents.  (Defs.' Resp. to Mot. to Compel

dated June 1, 2020 ("Defs.' Resp."), Dkt. No. 52 at 4).  Defendants' responses suggest

that they are withholding documents pending decision on the motion to dismiss.  Given

the Court's prior rulings, the position is frivolous and borderline sanctionable.  There is

no stay of discovery in the case.[1]  The remaining objections to these RFPs, which are

either improper, not asserted or raised again in response to the motion, are without

merit and are overruled.[2]

---

[1] Defendants indicate in a footnote that they intend to seek leave to file a motion for a stay.  (Defs.' Resp. at 1 n.1).  To the extent such leave is being sought, it will be denied.  The time to move for a stay has long passed, and should have been filed contemporaneous to the motion to dismiss and/or the Rule 16 conference.  (Such a motion would also be considered an out-of-time motion to reconsider the Court's decision denying Defendants' trifurcation decision.)  Furthermore, the responses to the document requests are dated January 21, 2020, and they make no mention of seeking a stay.  And more importantly, it appears that Defendants have been, since at least January 21, 2020, operating as if there was a stay in place; such a position is inconsistent with the practices of this Court.  *See* Individual Practices of Magistrate Judge Sanket J. Bulsara Rule III.B.  ("There is no automatic stay of discovery, unless authorized by statute, should one or more defendants file a motion to dismiss.  Discovery is only stayed if a party files a motion to stay discovery and the Court grants such a motion.").

[2] By way of example, the responses begin with a long recitation of General Objections.  The 2015 Amendments to the Federal Rules no longer permit global, generalized objections to each request.  *See* Fed. R. Civ. P. 34(b)(2)(B); Fed. R. Civ. P. 34(b)(2)(B) advisory committee's notes to 2015 amendment ("Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity.  This provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34.").  Second, with respect to the objections, "[a]n objection must state whether any responsive materials are being withheld *on the basis of that objection*."  Fed. R. Civ. P. 34(b)(2)(C) (emphasis added).  Defendants have not indicated if any documents are being withheld on the basis of that objection for any of their objections.  Finally, to the extent that Defendants intend to produce documents, they were required either to produce them on the date they served responses or provide a date on which they would make a production and the form that production would take.  Fed. R. Civ. P. 34(b)(2)(B) ("The production then must be completed no later than the time for inspection specified in the request or another reasonable time specified in the

2.    Interrogatory No. 1, 2, & 3.  In light of the Court's ruling on RFPs 1, 10, and 15, Defendants must provide signed and verified interrogatory responses to these items.  The objections, which the Court finds without merit, are overruled.[3]

3.    RFP No. 16.  Defendants largely ignore this item in their response other than to say that they are producing insurance documents "pertaining to Leroy Chow[.]" (Defs.' Resp. to Interrogatories dated Jan. 21, 2020, attached as Ex. D to Mot. to Compel., Dkt. No. 49 at 42).  It is unclear what this means since insurance coverage information is required by Rule 26 disclosures.  (And it is quite dubious that a residential facility obtains insurance coverage—liability or otherwise—on a named patient by patient basis.  It appears Defendants have taken a meritless and untenable position to avoid producing required insurance coverage information.)  Furthermore, the case is not limited to Leroy Chow; it is plead as a class action, and such a limitation is improper and inconsistent with the Court's prior decision denying the motion for trifurcation.  *See Chow*, 2020 WL 559704, at *3.  While the timeframe of the class may be limited to the period of the Chow's residence—as indicated in the Court's prior orders

---

response.") & (E) ("Producing the Documents or Electronically Stored Information").  No such date is provided.   In addition to producing documents in response the RFPs that are the subject of this order, Defendants must provide responses to the requests that are consistent with the Federal Rules.

    [3] For instance, Defendants object that the interrogatory is an improper contention interrogatory.  Defendants should be mindful of trying to play a game of "heads I win, tails you lose."  Plaintiff has already tried to make such an objection, which Defendants noted in their previous motion to compel, and the Court rejected it as an improper objection in the Eastern District of New York.  (Defs.' Mot. to Compel dated Feb. 12, 2020, Dkt. No. 40 at 2 ("Plaintiff objects that these are premature contention interrogatories."));  (Order dated May 29, 2020, Dkt. No. 51 at 1 ("Plaintiff objected on a number of grounds including that . . . there were premature contention interrogatories[.]  The objections are without merit.  There is no rule against contention interrogatories—that is a Local Rule for the Southern District of New York, not in the Eastern District of New York.")).

on the motions to compel, (Order dated June 3, 2020, Dkt. No. 54)—the case is not limited to him individually.  If Defendants are using such a limitation to avoid class discovery obligations, whether in response to this or any other RFP or Interrogatory, they risk sanctions being imposed.  The motion to compel RFP 16 is granted.

4.    <u>RFPs No. 2-9; 11-15; and Interrogatories No. 4-7.</u>  These requests are all improper, and the motion is denied.  They all appear intended to obtain profit and financial information about the Defendants, which the Court has previously ruled is not relevant to the claims or defenses in the action.  (*Id.* at 3–4).  The attempts by Plaintiff to justify these requests by reference to the statute and the need to establish "ownership interest" borders on the facile; ownership interest information can be sought by propounding a single interrogatory on the subject.  Seeking information about profits, losses, revenue, ledger books, debt obligation and the like is clearly an attempt to obtain that information for some other ulterior, and irrelevant, purpose.

5.    <u>RFP No. 17 and Interrogatory No. 8.</u>  The motion to compel RFP No. 17 seeking litigation hold letters is denied for the reasons stated in the Court's prior order on such notices.  (*Id.* at 5).  As to the Interrogatory, the motion is granted.  Defendants have refused to provide information about their document collection and retention efforts.  Simultaneously, they contend—in response to the ESI motion to compel—that a protocol on electronic discovery is not required because they have produced a significant number of paper documents.  The two positions are incompatible—Defendants cannot on the one hand argue that a protocol is unnecessary while simultaneously refusing to provide information about the steps they have already taken to collect and produce documents.

Plaintiff moves to compel a privilege log.  The motion is denied.  The parties are directed to read the Committee Note to Local Rule 26.2 before asserting, without providing justification, that a privilege log is required.

SO ORDERED.

*/s/ Sanket J. Bulsara* June 5, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York