**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>               Defendants. | Civil Action<br>No. 1:19-cv-03541-FB-SJB |

**MEMORANDUM IN SUPPORT OF MOTION
FOR RECONSIDERATION OF JUNE 3RD AND JUNE 6TH ORDERS**

Plaintiff Walter Chow, who brings the above-captioned matter on behalf of his deceased brother, Leroy Chow, and a putative class of the similarly situated residents of Seagate Rehabilitation and Nursing Center (the "Facility"), respectfully submits this memorandum[1] in support of his motion, pursuant to Local Civil Rule 6.3, for reconsideration of this Court's recent orders (Order dated June 3, 2020 (the "June 3rd Order"), Dkt. No. 54; Order dated June 5, 2020 (the "June 5th Order"), Dkt. No. 55) solely to the extent that they limit the temporal scope of discovery to Leroy Chow's residency at the Facility, which ended in August 2016 (Compl. dated

---

[1] It is unclear what formatting requirements or page limits apply to a memorandum in support of a motion for reconsideration.  However, to the extent that the Court's five-page limit for discovery motions applies, *see* Bulsara Indiv. Practices IV.B, this memorandum would run approximately five pages when single-spaced.

Nov. 27, 2018 ("Compl."), attached to Notice of Removal, Dkt. No. 1, at ¶ 6), rather than the alleged class period, which runs through the present (*id.* at ¶ 42).[2]

Respectfully, reconsideration is warranted because the Court's decision exceeds the scope of the Court's authority, overlooks the facts alleged by Plaintiff in his Complaint, is unsupported by any published authority, and precludes Plaintiff from obtaining the very information the Court chastises Plaintiff for not having.  Indeed, the Court's temporal limitation runs contrary to settled practice in putative class actions.  Where, as here, there has not been *any* stay of discovery pending resolution of the representative plaintiff's claims, *any* motion to strike or dismiss all or part of the class allegations, or *any* bifurcation of discovery, discovery relating to the entirety of the putative class is undeniably relevant to the live claims pleaded in the operative complaint.  *See* Fed. R. Civ. P. 26(b)(1).  And Supreme Court precedent indicates that the only temporal limitation that is appropriate for class discovery is the statute of limitations period.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) ("[I]t is proper to deny discovery of matter that is relevant only to . . . events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case."); *Louis v. Wendy's of N.E. Fla., Inc.*, No. 08-80862, 2009 WL 10667484, at *3 (S.D. Fla. Feb. 3, 2009) (citing *Oppenheimer* and holding that the "FLSA allows commencing a cause of action arising out of a willful violation of overtime payment 'within three years after the cause of action accrued.'  29 U.S.C. § 255(a).  This has been recognized as a proper time frame for discovery.").

---

[2] Because Leroy Chow became a resident of the Facility prior to the beginning of the alleged class period, the only issue presented is the Court's exclusion of discovery for the period subsequent to Mr. Chow's departure from the Facility in August 2016.

Given that the Court had denied Defendants' request for "trifurcation" (i.e., a stay plus bifurcation), *see Chow v. SentosaCare, LLC*, No. 19-3541, 2020 WL 559704 (E.D.N.Y. Jan. 23, 2020) (the "January 23rd Order"), Plaintiff reasonably assumed that the end point of the discovery period was not in dispute and directed the arguments in his motions to compel towards establishing that the starting point for the class was properly pleaded based on the statute of limitations.  Nothing in the January 23rd Order put Plaintiff on notice that he had an evidentiary burden to justify discovery concerning the class period currently pleaded in the operative complaint.  To the contrary, the law is clear that a plaintiff need not obtain pre-suit discovery or otherwise proffer facts obtained outside of formal discovery in order to justify the need to obtain discovery regarding all of the claims pleaded in a complaint.

*First*, the temporal limitation exceeds the scope of a magistrate judge's authority to issue class certification orders.  The June 3rd Order acknowledges that the decision has the effect of re-defining "the temporal scope of the class" to "the period of Leroy Chow's residency."  (June 3rd Order at 4).  However, 28 U.S.C. § 636(b)(l)(A) provides that a magistrate "may [not] hear and determine . . . a motion . . . to dismiss or to permit maintenance of a class action."  The Second Circuit holds both that the list of motions identified in § 636(b)(1)(A) is not exhaustive, and that magistrates' orders that have the functional effect of deciding issues relating to such motions exceed their authority.  *See Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012) ("[T]the Magistrate Judge not only denied plaintiff leave to plead new claims, but effectively dismissed Jean-Laurent's existing state-law claims, which had survived the defendant's motion to dismiss.  This amounted to a ruling on a dispositive matter, something that exceeds a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." (citations omitted)); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264-65 (2d Cir. 2008) ("Given the possible

3

constitutional implications of delegating Article III judges' duties to magistrate judges, we have generally avoided constitutional issues in this area by construing the Federal Magistrates Act narrowly in light of its structure and purpose.  Where, as here, a party argues that a district court erroneously treated a matter referred to a magistrate judge as 'not dispositive' and thus failed to review *de novo* the decision by a magistrate judge in that matter, our sister circuits have analyzed the practical effect of the challenged action on the instant litigation.  In reaching these conclusions, these courts considered the dispositive orders listed explicitly in § 636(b)(1)(A) to be non-exhaustive.  We agree that the list is non-exhaustive." (citations and quotations omitted)).

Magistrates thus exceed their authority when they issue an order that has the functional effect of limiting or precluding certification of a putative class.  *See Kiobel v. Millson*, 592 F.3d 78, 88 (2d Cir. 2010) ("[P]laintiffs' motion for class certification was referred to the magistrate judge for a report and recommendation; the disposition of that motion was unquestionably beyond the authority of a magistrate judge under 28 U.S.C. § 636(b)(l)(A).").  Orders that limit the temporal scope of the class are dispositive and thus outside the Magistrate's authority.  *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2018 WL 4158290, at *7 (E.D.N.Y. Aug. 30, 2018) ("Plaintiffs appeal the ruling that the amendments do not relate back to the filing of the original Complaints pursuant to Rule 15(c).  Direct Action Plaintiffs appeal the additional determination that the amendments are not entitled to *American Pipe* tolling. . . . Judge Orenstein's relation back and tolling decisions are dispositive and therefore these rulings require *de novo* review." (citations omitted)).

As a result, magistrates should not issue rulings that are closely linked to class certification issues.  For example, in *In re Gen. Motors OnStar Litig.*, No. 07-MDL-01867, 2011 WL 679510, at *3 (E.D. Mich. Jan. 12, 2011), the magistrate declined to issue an order limiting

expert testimony in connection with class certification, holding that "[a]lthough I generally have the authority to determine a motion such as this under § 636(b)(1)(A) . . . [, b]ecause this motion to strike is so closely linked to the motions for class certification, I respectfully submit this Report and Recommendation in lieu of a determination of the matter." *See also Desmond v. Citimortgage, Inc.*, No. 12-23088, 2015 WL 845571, at *3 (S.D. Fla. Feb. 25, 2015) ("[M]agistrate judges who do not have full consent frequently enter reports and recommendations on class action certification issues.").  As one court explained, "[A] magistrate judge may not cabin the parties' ability to raise legal issues pertaining to the pending class certification motion -- especially in the absence of conduct that warrants discovery sanctions.  To the extent the August 19 Ruling does so, the Court finds that it is in excess of authority under section 636(b)(1)(A)." *Franco-Gonzalez v. Napolitano*, No. 10-02211, 2011 WL 13318185, at *2 (C.D. Cal. Sept. 23, 2011).

Respectfully, Your Honor does not have the authority to limit the temporal scope of the putative class as defined in the Complaint.

*Second*, the Court's temporal limitation overlooks allegations in Plaintiff's Complaint that provide ample "reason to believe that the practices Plaintiff contends were unlawful were in place years . . . after Chow resided at Defendants' facility" (June 3rd Order at 2).  Specifically, Plaintiff proffered evidence that the Facility reported staffing levels to federal regulators indicating that Defendants "failed to adequately staff the Facility for years."  (Compl. at ¶ 31).[3] Indeed, the Complaint proffers evidence that "during every quarter beginning in 2013 to the present, the Facility has received one and two star ratings for overall staffing and [registered

---

[3] The Court previously acknowledged Plaintiff's allegations regarding the staffing ratings for the Facility in its January 23rd Order.  *See Chow*, 2020 WL 559704, at *3.

nurse] staffing," annexing a compilation of the historical staffing ratings for the Facility in

support.  (*Id.* at ¶ 31 & Exhibit 3).  The Complaint notes that the Centers for Medicare &

Medicaid Services' "Design for Nursing Home Compare Five-Star Quality Rating System:

Technical User's Guide" establishes that "[a] one-star or two-star rating indicates that the

Facility has actual staffing levels below the expected staffing levels, based on the needs of the

residents."  (*Id.* at ¶ 31).  Accordingly, Plaintiff's Complaint provides *prima facie* evidence that

the "challenged practices," namely Defendants' failure to adequately staff the Facility, were in

place throughout the alleged class period.[4]

     *Third*, The Court's limitation of the temporal scope of discovery in a putative class action

only to the period directly related to the named plaintiff -- where there has been no pre-discovery

challenge to the class allegations and class discovery has neither been stayed, nor bifurcated -- is

without precedent.  Indeed, none of the cases cited by the Court -- in either its June 3rd Order or

its January 23rd Order -- support the proposition that class discovery should be limited to the

time period in which the named plaintiff was subject to the misconduct at issue.  *See Henderson*

*v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 689-90 (S.D. Fla. 2010) (denying request for

nationwide discovery where plaintiff did not seek nationwide certification);[5] *Manigo v. Time*

---

[4] In addition to the allegations in the Complaint, Plaintiff is also able to proffer affidavits from current residents of the Facility that corroborate that Defendants' wrongful policy of understaffing -- and its consequent harms to the residents of the Facility -- extended throughout the alleged class period.  Plaintiff has concurrently filed a motion requesting the Court accept them for consideration in the interests of justice.

[5] The Court cites to *Henderson* for the proposition that the temporal scope of the class should be limited based on the "facts and circumstances presented in this case."  *Henderson*, 269 F.R.D. at 688.  But that quote is a reference to the plaintiff's request to seek discovery beyond the FLSA statute of limitations period; the *Henderson* court explicitly held that discovery should be allowed for the entire statutory period.  *Id.* at 690 ("Temporally the scope of discovery shall be five (5) years prior to the institution of these proceedings.") (*citing Long v. Landvest Corp.*, 2006

*Warner Cable, Inc.*, No. 16-6722, 2016 WL 9281314, at *2 (C.D. Cal. Dec. 29, 2016) (declining to extend discovery to facilities beyond the location where the named plaintiffs were employed);[6] *United States ex rel. CKD Project, LLC v. Fresenius Med. Care AG & Co. KGAA*, No. 14-6646, 2019 WL 6223828, at *2-4 (E.D.N.Y. Nov. 8, 2019) (limiting discovery to New York State); *Jackson v. Bank of Am., N.A.*, No. 16-787, 2018 WL 3386336, at *4 (W.D.N.Y. July 12, 2018) (limiting discovery in putative class action against lender to documents and information related to the bank's approach to mortgage assistance applications, which approach allegedly spawned the specific statutory violation which had survived a motion to dismiss);[7] *Cronas v. Willis Grp. Holdings Ltd.*, No. 06-15295, 2008 WL 4548861, at *2 (S.D.N.Y. Oct. 8, 2008) (denying nationwide discovery in putative class action alleging sex discrimination); *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 589 (E.D. Cal. 2015) (in putative employment class action, compelling discovery for "with respect to employees who worked on the same crews as the named Plaintiffs, employees who worked at the same locations as the named Plaintiffs, and employees who worked under the same supervisors as the named Plaintiffs," but only requiring "a sampling of discovery responses for all other employees, covering approximately 25% of employees that fall within the putative class").

---

WL 897612, *7-8 (D. Kan. March 31, 2006) (limiting temporal scope in FLSA action to the three-year statute of limitations)).

[6] The Court relies on *Manigo v. Time Warner Cable, Inc.* for the proposition that discovery was properly rejected for "the requested timeframe." June 3 Order at 3. But that court actually ordered the defendant to produce discovery during the entire relevant time frame. *Manigo*, 2016 WL 9281314, at *4.

[7] It should be noted that the language in *Jackson v. Bank of Am., N.A.* quoted by the Court in its January 23rd Order, *see Chow*, 2020 WL 559704 at *3, is not actually a part of that court's opinion, but a block quote of the defendant bank's briefing. *Jackson*, 2018 WL 3386336, at *4.

In fact, decisions cited by this Court and by Plaintiff reflect that documents and information within, at the least, the limitations period governing the scope of the putative class are relevant to the class claims and thus the proper subject of discovery. *See Henderson*, 269 F.R.D. at 689 (in putative FLSA class action, determining that the temporal scope of discovery shall be "a time period of five (5) years prior to the case being filed," greater than the three year statute of limitations); *Manigo*, 2016 WL 9281314, at *2 (though limiting discovery in wage-and-hour class action to single facility, ordering discovery "for each router dispatcher employed by defendants at the El Segundo facility *during the relevant time frame*" (emphasis added)); *Jackson*, 2018 WL 3386336, at *4 (where the plaintiffs' had only one claim survive a motion to dismiss -- "that the Bank mishandled the [the plaintiffs'] January 2014 application for mortgage assistance, violating the requirement in 12 C.F.R. § 1024.41(b) that an assessment of missing documents and information occur quickly" -- compelling discovery of "reports, presentations, or memoranda that [the defendant bank] generated *from 2014 through 2017*" (emphasis added)); *Dryer v. Nat'l Football League*, No. 09-2182, 2010 WL 11469574, at *3 (D. Minn. Oct. 25, 2010) ("Applied to the requests at issue, and mindful that discovery is currently limited to issues of class certification and the merits of the named Plaintiffs' claims, the six-year statute of limitations period shall generally govern the scope of discovery, unless, with respect to a particular request, a greater time period is relevant.").

Moreover, there is no rule or precedent that supports the notion that a plaintiff has to obtain information outside formal discovery to obtain discovery relating to the claims in an operative complaint. *See* Fed. R. Civ. P. 26 (providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Documents and information related to, at a minimum,

8

the alleged class period are certainly relevant to the claims and within the scope of proper discovery.  *See, e.g.*, *Hawkins v. Kroger Co.*, No. 15-02320, 2020 WL 1952832, at *10 (S.D. Cal. Apr. 23, 2020) (determining that defendant was required to produce evidence related to the entire class period: "Because Plaintiff has alleged a class that continues to the present and has requested injunctive relief, and because Defendant has not provided any evidence establishing that it has stopped selling the relevant products, the Court finds that the discovery end date is the present."); *Cent. Alarm Signal, Inc. v. Bus. Fin. Servs., Inc.*, No. 14-14166, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016) (determining that plaintiff was entitled to all relevant TCPA class period discovery, as opposed to the single instance of a TCPA violation attached to the plaintiff's complaint as alleged by the defendants); *Fiori v. Dell, Inc.*, No. 09-1518, Dkt. No. 150, Order at 2 (N.D. Cal. Apr. 5, 2010) ("Discovery of information and documents from the 2000 through 2003 time frame may well be warranted.  The scope of discovery is broad and includes information that may lead to the discovery of admissible information.  Thus, even if the court were to use the Plaintiffs' first purchase of a Dell computer as the yardstick for determining how far back in time discovery may reach, allowing a temporal scope beginning two or three years before that date would be appropriate.  In any event, unless and until the court rules out a class period extending back to 2000, the class allegations of Plaintiffs' complaint govern the scope of discovery."); *Minter v. Wells Fargo Bank, N.A.*, 675 F. Supp. 2d 591 (D. Md. 2009) (ordering discovery of documents throughout the entire putative class period).

Taken to its logical conclusion, Your Honor's reasoning would result in consumer products classes being limited to the day the name plaintiff made a purchase, in wage and hour class actions being limited to the time the name plaintiff was employed by the defendant, or in TCPA class actions being limited to the days the named plaintiff received an offending

communication.  That is plainly not the law, and such a rule would have the effect of eviscerating class actions.  No court has ever issued a ruling limiting the temporal scope of a class action to the time period when the named plaintiff was subject to the alleged bad conduct at issue simply because that was the time period that impacted the plaintiff, and this Court should not be the first to do so.

*Fourth*, the June 3rd Order precludes Plaintiff from obtaining the very information the Court chastises Plaintiff for not having.  *See* June 3rd Order at 2 ("Plaintiff would have been well served -- rather than first making a motion to compel -- to take Defendants' deposition, determine when the challenged practices were in place, and then have the period of those challenged practices determine the temporal scope of the class period.").  But that was the purpose of the Rule 30(b)(6) deposition, to obtain discovery regarding, among other things, the extent to which Defendants' challenged practices were the same, or differed, during the class period.  During the parties' meet and confer on this issue, Defendants' counsel was clear that they would not prepare a Rule 30(b)(6) witness to testify regarding any period outside Mr. Chow's residency at the Facility.  This Court should not prevent Plaintiff from obtaining the discovery this Court recognizes is germane to determining the proper temporal scope of the class.

Plaintiff therefore respectfully requests that the Court reconsider its limitation of the scope of discovery solely to the period of Leroy Chow's residency in the Facility and grant Plaintiff's motions to compel testimony, interrogatory responses, and document production for the entirety of the alleged class period, which runs from November 27, 2015, to the present.

Dated:  White Plains, New York
         June 17, 2020

**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**

By: */s/John D. Sardesai-Grant*
John D. Sardesai-Grant
D. Greg Blankinship
Jeremiah Frei-Pearson
W. Scott Terrell
One North Broadway, Suite 900
White Plains, New York 10601
Tel: 914-298-3281
jsardesaigrant@fbfglaw.com
dblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com
sterrell@fbfglaw.com

*Attorneys for Plaintiff and the Proposed Class*