**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>                Defendants. | Civil Action<br>No. 1:19-cv-03541-FB-SJB |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
<u>FOR LEAVE TO FILE AMENDED CLASS ACTION COMPLAINT</u>**

**TABLE OF CONTENTS**

Table of Authorities .................................................................................................. ii

Introduction ............................................................................................................... 1

Argument .................................................................................................................... 4

I.     Relevant Procedural History ................................................................................ 4

II.    Shorefront Operating's Designated Rule 30(b)(6)
Deponent Reveals That Landa And Philipson Are Owners
Of Shorefront Operating With Ultimate Control Over Its Operations. ............................ 9

III.   There Is Good Cause To Allow Amendment
Of The Pleadings And Addition Of Parties. ................................................. 10

IV.   Leave To Amend Should Be Granted As Plaintiff's Requested
Amendment Is Not Unduly Delayed, Futile, Or Unduly Prejudicial.............................. 13

       A.     Plaintiff Has Not Unduly Delayed Seeking Leave To Amend The Complaint.... 15

       B.     Amending The Complaint To Join Landa And Philipson Would Not Be Futile.. 15

              1.     Landa And Philipson Are Jointly And
Severally Liable Pursuant To PHL § 2808-a. ......................................... 16

              2.     Claims Against Landa And Philipson
Are Not Barred By Statutes of Limitation. ............................................... 18

                     a.     Plaintiff's Claims Relate Back Under Rule 15(c)(1)(C)............... 19

                     b.     Plaintiff's Claims Relate Back Under Rule 15(c)(1)(A)............... 22

       C.     Defendants Will Not Be Unduly Prejudiced By Plaintiff's Amendment. ............ 24

Conclusion ................................................................................................................ 25

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amaya v Garden City Irrigation, Inc.*,
   645 F. Supp. 2d 116 (E.D.N.Y. 2009)............................................................ 23

*AmTrust N. Am., Inc. v. KF&B, Inc.*,
   No. 17-5340, 2020 WL 5503479 (S.D.N.Y. Sept. 11, 2020).................... 16

*Archibald v. City of Hartford*,
   274 F.R.D. 371 (D. Conn. 2011)........................................................... 20, 21

*Barrow v. Wethersfield Police Dept.*,
   66 F.3d 466 (2d Cir.1995)........................................................................ 19

*Block v. First Blood Assocs.*,
   988 F.2d. 344 (2d Cir. 1993)............................................................... 15, 24

*Bryant v. Carlisle Carrier Corp.*,
   No. 13-578, 2014 WL 712592 (E.D.N.Y. Feb. 25, 2014)........................ 15

*Buran v. Coupal*,
   87 N.Y.2d 173 (1995) ........................................................................ 22, 23

*Byrd v. Abate*,
   964 F.Supp. 140 (S.D.N.Y.1997).............................................................. 21

*Conley v. Gibson*,
   355 U.S. 41 (1957) ................................................................................. 13

*DaCosta v. City of New York*,
   296 F. Supp. 3d 569 (E.D.N.Y. 2017)........................................ 18, 19, 21, 23

*Denis v. Home Depot, U.S.A., Inc.*,
   No. 10-3227, 2014 WL 6632486 (E.D.N.Y. Nov. 21, 2014)............ 10, 12, 15

*Eastern Materials Corp. v. Mitsubishi Plastics Composites Am., Inc.*,
   307 F. Supp. 3d 52 (E.D.N.Y. 2018)......................................................... 13

*Fariello v. Campbell*,
   860 F. Supp. 54 (E.D.N.Y. 1994).............................................................. 24

*Fielding v. Tollaksen*,
   510 F.3d 175 (2d Cir.2007) ....................................................................... 1

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................. 13, 14

*Gorton v. Fellner*,
   451 N.Y.S.2d 873 (N.Y. App. Div. 1982) ..................................... 16

*Grochowski v. Phoenix Constr.*,
   318 F.3d 80 (2d Cir. 2003) ............................................................ 10

*Hampton Bays Connections, Inc. v. Duffy*,
   212 F.R.D. 119 (E.D.N.Y. 2003) .................................................. 15

*Hernandez v. Sikka*, No.,
   No. 17-4792, 2019 WL 1232092 (E.D.N.Y. Mar. 15, 2019) .......... 14

*Hogan v. Fischer*,
   738 F.3d 509 (2d Cir. 2013) .......................................................... 19

*Holmes v. Grubman*,
   568 F.3d 329 (2d Cir. 2009) .......................................................... 10

*Joinnides v. Floral Park–Bellerose Union Sch. Dist.*,
   No. 12-5682, 2015 WL 1476422 (E.D.N.Y. Mar. 31, 2015) .......... 14

*Kassner v. 2nd Ave. Delicatessen, Inc.*,
   496 F.3d 229 (2d Cir.2007) ........................................................... 10

*Kroshnyi v. U.S. Pack Courier Servs., Inc.*,
   771 F.3d 93 (2d Cir. 2014) ............................................................ 13

*Krupski v. Costa Crociere S.p.A.*,
   560 U.S. 538 (2010) ................................................... 18, 19, 20

*Monahan v. New York City Dept. of Corr.*,
   214 F.3d 275 (2d Cir. 2000) .......................................................... 13

*Morales v. County of Suffolk*,
   952 F Supp 2d 433 (E.D.N.Y. 2013) .......................... 10, 12, 19, 20

*Ocean Side Institutional Industries v United Presbyterian Residence*,
   678 N.Y.S.2d 653 (N.Y. App. Div. Oct. 13, 1998) ........................ 17

*Oscar v. BMW of North America*,
   No. 09-11, 2011 WL 6399505 (S.D.N.Y. Dec. 20, 2011) .............. 10

*Pasternack v. Lab. Corp. of Am.*,
  892 F. Supp. 2d 540 (S.D.N.Y. 2012) ........................................................................ 24

*Peters v. Nesconset Ctr. For Nursing & Rehab.*,
  47 Misc. 3d 1211(A), 15 N.Y.S.3d 714 (N.Y. Sup. Ct. Queens Cty. April 15, 2015).............. 17

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
  46 F.3d 230 (2d Cir. 1995) ........................................................................................ 13

*Reilly v. Natwest Markets Group Inc.*,
  181 F3d 253 (2d Cir. 1999) ....................................................................................... 16

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
  No. 10-1391, 2012 WL 1681815 (S.D.N.Y. May 11, 2012) ........................................... 14

*Sorrell v. Inc. Vill. of Lynbrook*,
  No. 10-49, 2012 WL 1999642 (E.D.N.Y. June 4, 2012) ............................................... 14

*State Teachers Ret. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981) ................................................................................. 24, 25

*Tyree v. Zenk*,
  2009 WL 1456554 (E.D.N.Y. May 22, 2009) ............................................................ 1, 4

*Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*,
  350 F. Supp. 3d 143 (E.D.N.Y. 2018) ......................................................................... 13

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966) ................................................................................................. 14

*Walker v. Agro*,
  No. 96-5414, 2000 WL 744536 (E.D.N.Y. May 19, 2000) .............................................. 23

**Statutes**

Pub. Health Law § 2808–a[1] ....................................................................... 17, 18, 19, 20

**Rules**

CPLR 203 ....................................................................................................... 19, 22, 23

CPLR 3214(b) ............................................................................................................... 5

Fed. R. Civ. P. 15(a)(2) ......................................................................................... Passim

Fed. R. Civ. P. 16(b) ............................................................................................ 10, 12

Fed. R. Civ. P. 30(b)(6)............................................................................................................. 16

**Other Authorities**

Local Civil Rule 26.1 ..............................................................................................Passim

## INTRODUCTION

Plaintiff Walter Chow, as Administrator of the Estate of Leroy Chow, individually and on behalf of all others similarly situated (also referred to as "Patients," "Residents," or the "Class"), by and through his undersigned attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, respectfully submits this Memorandum of Law in support of his motion for leave to amend his Class Action Complaint, Dkt. No. 12, to join Benjamin Landa ("Landa") and Bent Philipson ("Philipson") as defendants pursuant to Rules 15, 20(a)(2), and 21 of the Federal Rules of Civil Procedure.[1]

Plaintiff seeks to name Landa and Philipson as defendants in his amended complaint. Recent discovery reveals that they -- like defendants Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovits, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC -- are each jointly and severally liable with and to the same extent as defendant Shorefront Operating LLC ("Shorefront Operating"), the licensed operator of Seagate Rehabilitation and Nursing Center (the "Facility"), for the claims of Plaintiff and the putative Class. Pursuant to New York's Public Health ("PHL") § 2808-a. Landa and Philipson are jointly and severally liable due to their having, at the least, an indirect and/or beneficial ownership interest in the operation of the Facility, as well as the ability, acting either alone or in concert with others with ownership

---

[1] Plaintiff submits this motion for consideration by Magistrate Bulsara. Although whether a decision on a motion for leave to amend a complaint should be considered "dispositive" or "non-dispositive" (or both) is unsettled in this Circuit, the practice is to refer such motions to the assigned magistrate judge for initial consideration. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir.2007) ("[A] district judge may refer non-dispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent."); *Tyree v. Zenk*, 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009) ("District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.").

interests in the operation of the Facility, to direct or cause the direction of the management or policies of the Facility.

Plaintiff only recently learned of Landa and Philipson's status as owners and operators. Eli Grinspan, who had been the regional manager of the Facility and was Shorefront Operating's designated Rule 30(b)(6) deponent, testified during a July 27, 2020 deposition that Landa and Philipson were not merely the principals of SentosaCare, an entity named in the action pursuant to PHL § 2808-a, but also owners of Shorefront Operating who exercise operational control over it.  *See* Transcript of Deposition of Eli Grinspan ("Grinspan Trans.") at 52:4-14 ("Q: . . . Mr. Philipson and Mr. Landa are both owners of Sentosa Care and owners of Shorefront Operating? A: Yes.") & 59:5-60:8 (testifying that Philipson and Landa had ultimate authority to direct the operations of the Facility, including its staffing).[2]  This revelation directly contradicted Defendants' prior discovery responses regarding ownership and control of Shorefront Operating. *See* Defendants' Responses to Plaintiff's Local Civil Rule 26.1 Demands ("LR 26.1 Resp.") at 2 (omitting Landa and Philipson from list of members of Shorefront Operating); Shorefront Operating's Response to Plaintiff's First Set of Interrogatories ("SO ROG Resp.") at 6-7 (in response to request that Shorefront Operating "[i]dentify all persons with direct or indirect ownership interests in You (whether of record or beneficial)," providing list of persons identical to that in LR 26.1 Resp. and omitting Landa and Philipson); Shorefront Operating's Response to Plaintiff's First Request for Production of Documents ("SO RFP Resp.") at 22 (stating in response to request for "documents relating to any indirect or direct ownership interests in the Facility" that "Defendants have produced their responses to Plaintiff's Local Rule 26.1 demands,

---

[2] A copy of the Grinspan Trans. is annexed as Exhibit A to the Declaration of John D. Sardesai-Grant in Support (the "Sardesai-Grant Decl.").

and Defendant does not intend to produce additional documents in response to this Request").[3] Defendants' served these misleading responses in October 2019; had Defendants been truthful, Plaintiff would have sought leave to amend the complaint before the December 5, 2019 deadline set forth in the Court's scheduling order.  Dkt. No. 26.  And because of a dispute between the parties regarding the scope of the Rule 30(b)(6) deposition of Shorefront Operating that required the Court's intervention and multiple requests by Defendants to adjourn the deposition owing to the COVID-19 pandemic, Plaintiff did not learn the truth of Landa and Philipson's ownership interest and control over the Facility until July 27, 2020.

Accordingly, amendment to join Landa and Philipson as defendants in this action is warranted.  Good cause exists for Plaintiff being unable to meet the December 5, 2019 deadline set forth in the scheduling order, including because Defendants actively mislead Plaintiff regarding the owners of Shorefront Operating.  Moreover, Plaintiff has moved for leave to amend without undue delay, and amendment of the complaint will not be futile.  Pursuant to PHL § 2808-a, owners such as Landa and Philipson are statutorily liable jointly and severally with the entity licensed to operate a nursing home for claims brought pursuant to PHL § 2801-d. Nor are the claims against Landa and Philipson barred by statutes of limitation; because of Defendants' active concealment of the information necessary for Plaintiff to correct his mistaken omission of Landa and Philipson as individual defendants in his complaint, the claims relate back to the filing of Plaintiff's initial complaint.  Finally, amendment of the complaint will not prejudice Landa or Philipson.  As the sole members of SentosaCare, an entity defendant in this action from its initiation in November 2018, neither Landa, nor Philipson can claim surprise, and

---

[3] Copies of the LR 26.1 Resp, ROG Resp., and RFP Resp. are annexed as Exhibits B, C, and D, respectively, to the Sardesai-Grant Decl.

joining them will not impede the fair prosecution of this action.  Nor will their inclusion result in

materially different discovery, given that Landa and Philipson are the sole principles of

Sentosacare, a controlling entity that is already a Defendant.

Defendants stymied Plaintiff's efforts to determine the proper persons to add to the this

action in a timely manner, and Landa and Philipson must not be allowed to frustrate recovery by

hiding their ownership interests, potentially leaving only thinly capitalized LLCs and meager

insurance coverage to satisfy the claims brought by vulnerable residents of the Facility that have

been harmed by the owners' pursuit of profits over adequate care.  This is Plaintiff's first request

for leave to amend, and the proposed amendment will maximize judicial efficiency.  Therefore,

Plaintiff respectfully requests that the Court grant him leave to file an amended complaint joining

Landa and Philipson as additional defendants.[4]

## **ARGUMENT**

### I.    **Relevant Procedural History**

Plaintiff originally filed his action in the Supreme Court of the State of New York, Kings

County on November 27, 2018.  *See Walter Chow v. Shorefront Operating LLC d/b/a Seagate*

*Rehabilitation and Nursing Center et al*, Ind. No. 523769/2018, NYSCEF Doc. No. 1, Complaint

(Sup. Ct. Kings Cty. Nov. 27, 2018).  Plaintiff alleged claims pursuant to PHL § 2801-d

individually, as the representative of his brother's estate, and on behalf of a class of similarly

situated nursing home residents victimized at the Facility by Defendants' failure to meet their

statutory obligations pursuant to New York and federal law.  *Id.*  Plaintiff's Complaint sought

statutory damages for the deprivation of rights inflicted upon his brother and the other Patients

---

[4] Plaintiff's proposed amended complaint, with changes tracked in redline, is annexed as Exhibit
E to the Sardesai-Grant Decl.

due to Defendants' systemic failure to meet their statutorily-imposed obligations to provide adequate care by, among other things, adequately staffing the Facility; Plaintiff also sought injunctive relief to reform the Facility going forward.  *Id.* ¶ 5.

In addition to naming Shorefront Operating, the licensed operator of the Facility itself, as a defendant in the action pursuant to PHL § 2801-d, Plaintiff's Complaint named various persons and entities with ownership interests in the Facility as defendants pursuant to PHL § 2808-a.[5] Specifically, Plaintiff named the members of Shorefront Operating disclosed by publicly available sources -- Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovits, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, and Joel Zupnick (the "Individual Defendants").  *Id.* ¶ 11 & n.5.  Plaintiff also named Shorefront Realty LLC, the realty entity that leased the Facility to Shorefront Operating, and SentosaCare, LLC, an administrative entity with the ability to influence the operations of the Facility.  *Id.* ¶¶ 12-13.  In addition, Plaintiff brought his action against John Does whom he did not yet have enough information to name at the time of filing.  *Id.* ¶ 14.

On January 9, 2019, Defendants moved to dismiss Plaintiff's State Court action for lack of standing because Plaintiff had not yet been appointed administrator of his brother's estate. *Chow*, NYSCEF Doc. No. 15-17.  Defendants' motion stayed all discovery in the action.  CPLR 3214(b).  On May 13, 2019, the Kings County Surrogate's Court issued Temporary Letters of Administration in favor of Plaintiff.  *See* Dkt. No. 1, Notice of Removal ¶ 2.  On June 11, 2019,

---

[5] PHL § 2808-a provides that "a controlling person of any residential health care facility liable under any provision of this article to any person or class of persons for damages . . . shall also be liable, jointly and severally, with and to the same extent as such residential health care facility" and that "a 'controlling person' . . . shall be deemed to mean any person who by reason of a direct or indirect ownership interest (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility."

Plaintiff and Defendants jointly stipulated to the withdrawal of Defendants' motion.  *See Chow*,

NYSCEF Doc. No. 33.

On June 14, 2019, Defendants removed Plaintiff's action to this Court.  On July 12, 2019,

Plaintiff subsequently filed an amended Class Action Complaint in this Court pursuant to Rule

15(a)(1)(B).  Dkt. No. 12, Class Action Complaint (the "Compl.").  In addition to amending the

allegations to note that Plaintiff had been appointed temporary administrator of his brother's

estate, *id.* ¶ 8, Plaintiff expanded on the allegations regarding the PHL § 2808-a defendants, *id.*

¶¶ 11-14.  In particular, Plaintiff alleged that "there is a significant overlap in the ownership of

SentosaCare, Shorefront Realty, and Shorefront Operating."  *Id.* ¶ 14.  Indeed, Plaintiff noted

that:

> The principals of SentosaCare are Bent Philipson and Benjamin Landa.  On
> information and belief, Bent Philipson is related to Avi Philipson, an owner of
> Shorefront Operating, and Benjamin Landa is related to Deena Landa and Esther
> Farkovits (a/k/a Esther Landa), also owners of Shorefront Operating. Moreover,
> Benjamin Landa is an owner of Shorefront Realty, which has an ownership interest
> in the Facility, and, on information and belief, Bent Philipson is a member of
> Philipson Family, LLC, which is also an owner of Shorefront Realty.

*Id.* n.10.

On September 4, 2019, Plaintiff served separate Requests for Production ("RFPs"),

Interrogatories ("ROGs"), and a Demand Pursuant to Local Civil Rule 26.1 on each of the

Defendants.[6]  *See* Sardesai-Grant Decl. ¶ 4.  The RFPs served on all Defendants specifically

sought "documents relating to the transfer of ownership and control of the Facility," "documents

relating to any indirect or direct ownership interests in the Facility," and "documents evidencing

the identity and address of each person or entity who has had a direct or indirect ownership

---

[6] Pursuant to Local Civil Rule 26.1, Defendants were obliged to list the members of any limited
liability company named as a defendant.

interest in any Defendant, the consideration paid or promised for the ownership interest, and the date(s) on which the consideration was paid or promised." Sardesai-Grant Decl. ¶ 4; Ex. D at 23.[7]  And the interrogatories served on Shorefront Operating specifically instructed it to "[i]dentify all persons with direct or indirect ownership interests in [Shorefront Operating] (whether of record or beneficial)." Sardesai-Grant Decl. ¶ 4; Ex. C at 7.[8]

On September 5, 2019, this Court entered a Scheduling Order providing that any motions to join new parties or amend the pleadings must be filed by December 5, 2019. Dkt. No. 26.

On October 2, 2019, Defendants served their Response to Plaintiff's Local Civil Rule 26.1 Demands. *See* LR 26.1 Resp. Defendants' response confirmed that Landa and Philipson are the sole members of SentosaCare, LLC. *Id.* at 2. Significantly, however, Defendants' response did *not* list Landa and Philipson as members of Shorefront Operating. *Id.* at 2-3.

On October 11, 2019, defendant Shorefront Operating responded to Plaintiffs' ROGs. *See* SO ROG Resp. In response to Plaintiff's ROG regarding "all persons with direct or indirect ownership interests in [Shorefront Operating] (whether of record or beneficial)," Shorefront Operating provided a list of persons identical to that in Defendants' LR 26.1 Response and omitting Landa and Philipson. *See* SO ROG Resp. at 6-7.

On January 28, 2020, Plaintiff noticed the Rule 30(b)(6) deposition of Shorefront Operating with a deposition date of February 28, 2020. *See* Sardesai-Grant Decl. ¶ 5. The first topic noticed for testimony was "[t]he corporate structure of Shorefront Operating LLC D/B/A Seagate Rehabilitation And Nursing Center, (the 'Facility') including, but not limited to, direct

---

[7] References to pages in Defendants' unpaginated discovery responses are exclusive of exhibit cover pages.

[8] *Id.*

or indirect ownership interests (whether of record or beneficial) in the Facility by Shaindy Berko,

Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish

Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and

Sentosacare, LLC and any other individuals or entities with direct or indirect ownership

interests." *Id.*; *see also* Dkt. No. 43-1.

Over the subsequent months, discovery disputes between the parties led to numerous

meet and confers, adjournments, and motions to compel, all of which -- in conjunction with the

impact of the coronavirus pandemic -- delayed the progress of discovery, including the Rule

30(b)(6) deposition of Shorefront Operating. *See* Sardesai-Grant Decl. ¶ 7; *see also, e.g.*, Dkt.

Nos. 40, 42, 43, 44, 45, 49, 50, 52, & 53.  For example, on February 22, 2020, Shorefront

Operating served objections to Plaintiff's deposition notice seeking, in particular, to limit the

temporal scope of its deposition.  *See* Sardesai-Grant Decl. ¶ 7.  And on February 25, 2020,

Shorefront Operating stated that it would not be producing a deponent on the scheduled date.  *Id.*

¶ 8.  On February 27, 2020, the parties met and conferred and agreed that their disputes regarding

the scope of the deposition were ripe for the Court's consideration.  *Id.* ¶ 8.  On February 28,

2020, Defendant proposed dates in late March during which Defendant would be able to produce

its designated witness. *Id.* ¶ 9.  Accordingly, on March 4, 2020, Plaintiff re-served his 30(b)(6)

notice with a deposition date of March 30, 2020.  *Id.*

On March 13, 2020, Plaintiff filed a motion to compel Shorefront Operating's

compliance with Plaintiff's Rule 30(b)(6) deposition notice, particularly with regard to the

temporal scope of discovery.  Dkt. No. 43.  On March 18, 2020, during a meet and confer

between the parties regarding Defendants' responses to Plaintiff's January 31, 2020 RFPs,

counsel for Defendants stated that they would be unable to proceed with the deposition of Eli

Grinspan, the person designated by Shorefront Operating for its Rule 30(b)(6) deposition.  *See* Sardesai-Grant Decl. ¶ 10.

On June 3, 2020, the Court denied Plaintiff's motion to compel regarding Shorefront Operating's Rule 30(b)(6) deposition, holding, *inter alia*, that the temporal scope of the deposition would be limited to the period of Leroy Chow's residency at the Facility.  Dkt. No. 54.  Accordingly, on June 10, 2020, Plaintiff re-served his Rule 30(b)(6) deposition notice with a deposition date of July 7, 2020.  *See* Sardesai-Grant Decl. ¶ 11.  Counsel for Defendants subsequently proposed July 27, 2020, as a potential date, and counsel for Plaintiff accepted.  *Id.*

## II.     Shorefront Operating's Designated Rule 30(b)(6) Deponent Reveals That Landa And Philipson Are Owners Of Shorefront Operating With Ultimate Control Over Its Operations.

On July 27, 2020, Plaintiff's counsel took the Rule 30(b)(6) deposition of Eli Grinspan as the designated deponent of Shorefront Operating.  *See* Sardesai-Grant Dec. ¶ 12.  Mr. Grinspan had been Shorefront Operating's regional manager between approximately December 2014 and June 2019.  *See* Grinspan Trans. at 33:6-16.  During the deposition, Grinspan testified that Landa and Philipson were owners of Shorefront Operating and exercised ultimate authority over its operation of the Facility.  *Id.* at 52:4-14 ("Q: . . . Mr. Philipson and Mr. Landa are both owners of Sentosa Care and owners of Shorefront Operating? A: Yes.") & 59:5-60:8 (testifying that Philipson and Landa had ultimate authority to direct the operations of the Facility, including its staffing); *see also* 37:12-38:12, 38:14-17, 39:3-10, & 55:24-56:4.

In light of this revelation, Plaintiff moves pursuant to Rules 15, 16, and 21 of the Federal Rules of Civil Procedure for leave to amend his Complaint to join Landa and Philipson as defendants pursuant to PHL § 2808-a.

9

III.    **There Is Good Cause To Allow**
        **Amendment Of The Pleadings And Addition Of Parties.**

Rule 16 provides that scheduling orders, which "must limit the time to join other parties

[and] amend the pleadings," "may be modified only for good cause and with the judge's

consent." Fed. R. Civ. P. 16(b).  "Where, as here, a scheduling order governs amendments to the

complaint, 'the lenient standard under Rule 15(a), which provides leave to amend shall be freely

given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling

order shall not be modified except upon a showing of good cause.'"  *Holmes v. Grubman*, 568

F.3d 329, 334-35 (2d Cir. 2009) (citations omitted) (quoting *Grochowski v. Phoenix Constr.*, 318

F.3d 80, 86 (2d Cir. 2003) (internal quotation marks omitted)).

> In order to demonstrate "good cause" for the amendment, a party must show that,
> despite its having exercised diligence, the applicable deadline could not have been
> reasonably met.  By contrast, a party fails to show good cause when the proposed
> amendment rests on information that the party knew, or should have known, in
> advance of the deadline.

*Denis v. Home Depot, U.S.A., Inc.*, No. 10-3227, 2014 WL 6632486, at *3 (E.D.N.Y. Nov. 21,

2014) (internal citations and quotations omitted).  Leave to amend should only be denied if the

proposed amendment relies on information that the party knew or should have known prior to the

deadline.  *See Oscar v. BMW of North America*, No. 09-11, 2011 WL 6399505, at *2 (S.D.N.Y.

Dec. 20, 2011).  And "[w]hile diligence is the primary consideration, it is not the only one.  The

Court in exercising its discretion may consider other factors including prejudice."

*Morales v. County of Suffolk*, 952 F Supp 2d 433, 435 (E.D.N.Y. 2013) (citing *Kassner v. 2nd*

*Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir.2007)).

Here, Plaintiff's amendment does not rely on information that Plaintiff knew or could

have known prior to the December 5, 2019 deadline in the scheduling order.  Landa and

Philipson's ownership interest in the Facility was disclosed for the first time during the July 27,

10

2020 Rule 30(b)(6) deposition of Mr. Eli Grinspan on behalf of Shorefront Operating.  During

his deposition, Mr. Grinspan testified that Landa and Philipson were owners of Shorefront

Operating and exercised ultimate authority over its operations.  And the deposition of a

representative of Shorefront Operating was delayed not due to a lack of diligence by Plaintiff,

but by the parties' litigation of disputes regarding the proper scope of the 30(b)(6) deposition of

Shorefront Operating and by Defendants' multiple failures to produce the deponent on the date

noticed.  *See* Sardesai-Grant Decl. ¶¶ 4-12.

Moreover, Plaintiff was unable to meet the deadline set forth in the scheduling order --

despite his diligently pursing the information necessary to meet that deadline -- because

Defendants served discovery responses in October 2019 with misleading information regarding

the ownership of the Facility.  At the beginning of September 2019, Plaintiff served discovery

requests -- including interrogatories, document requests, and a demand pursuant to Local Rule

26.1 -- that sought information regarding the persons with ownership interests in the Facility.

*See* Sardesai-Grant Decl. ¶ 4.  Defendants' October 2019 responses to these requests failed to

disclose that Landa and Philipson were owners of the Facility with ultimate authority over its

operations.  Although Defendants' LR 26.1 Response acknowledged that SentosaCare LLC is

owned by Landa and Philipson, their list of the members of Shorefront Operating conspicuously

did *not* include Landa or Philipson.  Moreover, Defendants' RFP responses to Plaintiff's

ownership inquiries simply referred back to their misleading Rule 26.1 Response.  *See*, e.g., SO

RFP Resp. at 22-23 (repeatedly stating that "Defendants have produced their responses to

Plaintiff's Local Rule 26.1 demands, and Defendant does not intend to produce additional

documents in response to this Request.").  And Shorefront Operating's ROG responses regarding

11

the persons with ownership interests in the Facility, whether indirect or beneficial, conspicuously

did *not* include Landa or Philipson.  *See* SO ROG Resp. at 6-7.

When defendants have withheld or delayed producing information relevant to a plaintiff's

claims, there is good cause to grant a plaintiff leave to amend the complaint and add new parties

even though the deadline in the scheduling order for doing so has passed.  For example, in

*Morales v. County of Suffolk*, the plaintiff sought leave -- "approximately fifteen months after the

deadline to amend the pleadings"-- to substitute the name of the officer who shot him for one of

the John Doe defendants pled in the complaint, and the Court found good cause for granting

leave to amend.  952 F Supp 2d at 434 (E.D.N.Y. 2013).  The Court noted:

> The Plaintiffs assert that they could not ascertain Manual's identity as the officer
> who discharged his weapon until he testified, corrected, and signed his deposition
> transcript in March 2013.  The Plaintiffs also observe that the Defendant's counsel
> adjourned Manual's deposition for many months because Manual had taken
> medical leave for unrelated reasons.  The Court also notes that, after the Plaintiffs
> ascertained the identity of Manual, they moved within about one month to amend
> the complaint to substitute him as a named party.  Under these circumstances, the
> Plaintiffs have demonstrated good cause under Rule 16(b) to modify the scheduling
> order to substitute Manual as a named party.

*Id.* at 435; *see also, e.g.*, *Denis v. Home Depot, U.S.A., Inc.*, 2014 WL 6632486, at *4 (E.D.N.Y.

Nov. 21, 2014) (finding good cause for granting leave to amend to add punitive damages claim

over two years subsequent to January 23, 2012 deadline in scheduling order because "Plaintiff's

proposed punitive damages claim is based, in part, on Tran's alleged failure to follow the

Defendant's operating procedures for dealing with suspected shop lifters" and "[t]hese policies,

which the Plaintiff represents consisted of 'hundreds of pages' of documents, were not produced

until April 1, 2014").  As in *Morales*, Defendants withheld relevant information -- here,

regarding the owners of the Facility -- preventing Plaintiff from correctly identifying persons

who should be added as defendants in the action prior to the deadline set by the scheduling order.

Accordingly, good cause exists for granting leave to amend the Complaint to add Landa and Philipson as defendants in the action.

**IV.     Leave To Amend Should Be Granted As Plaintiff's Requested**
         **<u>Amendment Is Not Unduly Delayed, Futile, Or Unduly Prejudicial.</u>**

Rule 15 of the Federal Rules of Civil Procedure embodies a liberal amendment policy under which courts have broad discretion to permit amendments.  Rule 15 permits a party to amend its pleading with "the court's leave," which should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15 reflects two "important principles" of the Federal Rules: (1) pleadings "serve the limited role of providing the opposing party with notice of the claim or defense to be litigated"; and (2) "mere technicalities should not prevent cases from being decided on the merits."  *Monahan v. New York City Dept. of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (affirming leave to amend and citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Thus, absent futility, bad faith, undue delay, or undue prejudice, a motion to amend should be granted.  *See Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014) (granting leave to amend); *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 160 (E.D.N.Y. 2018) (granting the plaintiff leave to amend and noting that "[l]eave to amend a pleading is typically 'freely given' pursuant to Fed. R. Civ. P. 15(a)"); *Eastern Materials Corp. v. Mitsubishi Plastics Composites Am., Inc.*, 307 F. Supp. 3d 52, 56-57 (E.D.N.Y. 2018) (granting the plaintiffs' leave to amend and noting that "[i]n deciding whether to grant leave to amend, prejudice to the opposing party is one of the 'most important' issues to consider"); *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (determining that the defendant was entitled to amend its answer four years after filing of complaint in order to add defense of fraudulent concealment and noting that "[t]he Supreme Court has emphasized that amendment should normally be permitted, and has stated

that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal

Rules'" (quoting *Foman*, 371 U.S. at 182)). "If no prejudice is found, then leave normally will

be granted." 6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d

ed.). Defendants have the burden of establishing prejudice or futility. *See Joinnides v. Floral

Park–Bellerose Union Sch. Dist.*, No. 12-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31,

2015) (granting the plaintiff's motion to amend and stating that "[w]ith respect to the Rule 15(a)

factors, [t]he party opposing the motion for leave to amend has the burden of establishing that an

amendment would be prejudicial or futile" (internal quotations omitted)).

Additionally, Rule 21 provides that "the court may at any time, on just terms, add or drop

a party." Fed. R. Civ. P. 21. The same liberal standard favoring amendment under Rule 15

applies to the joinder of parties. *See Hernandez v. Sikka*, No. 17-4792, 2019 WL 1232092, at *3

(E.D.N.Y. Mar. 15, 2019) (granting the plaintiff's motion for leave to amend and noting that

"[m]otions to add parties are governed by Fed. R. Civ. P. 21 and are evaluated under the same

standard of liberality afforded to motions to amend pleadings under Rule 15") (internal

quotations omitted); *see also Sorrell v. Inc. Vill. of Lynbrook*, No. 10-49, 2012 WL 1999642, at

*3 (E.D.N.Y. June 4, 2012) (granting the plaintiffs' motion to amend in part and stating that

"[a]lthough Rule 21, not Rule 15(a) normally governs the addition of new parties to an action,

the same standard of liberality applies under either Rule") (internal quotations omitted); *Soroof

Trading Dev. Co. v. GE Microgen, Inc.*, No. 10-1391, 2012 WL 1681815, at *3 (S.D.N.Y. May

11, 2012) (granting the plaintiff's motion to amend and noting that "the showing necessary under

Rule 21 is the same as that required under Rule 15(a)(2)") (internal quotation marks omitted);

*see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the

14

impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

Here, Plaintiff's proposed amendment to the Complaint is neither unduly delayed, futile, nor prejudicial.  Accordingly, leave to amend should be granted.

## A.    Plaintiff Has Not Unduly Delayed Seeking Leave To Amend The Complaint.

Where leave to amend is sought in light of the information the discovery of which was delayed through no fault of the movant, a delay of even several months is reasonable.  *See, e.g.*, *Denis v Home Depot, U.S.A., Inc.*, No. 10-3227, 2014 WL 6632486, at *4 (E.D.N.Y. Nov. 21, 2014) (concluding that a delay of three months is reasonable); *Bryant v. Carlisle Carrier Corp.*, No. 13-578, 2014 WL 712592, at *2 (E.D.N.Y. Feb. 25, 2014) (granting the defendants' motion to amend and noting that "[t]he delay of just over two months from the completion of Francis's deposition to the filing of defendants' request for a premotion conference relating to the motion to amend does not demonstrate a lack of diligence on the part of the defendants").

Plaintiff has not unduly delayed seeking leave to amend his Complaint to join Landa and Philipson.  Indeed, Plaintiff seeks leave to amend less than two months after Grinspan's testimony revealed that they were owners of Shorefront Operating.  Moreover, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (determining that district court's granting defendants' leave to amend their answer was not in error) (internal quotation marks omitted).

## B.    Amending The Complaint To Join Landa And Philipson Would Not Be Futile.

Whether a proposed amendment is futile is determined under the same standard as is used to determine whether a claim would be subject to a motion to dismiss.  *See Hampton Bays*

15

*Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (granting leave to amend because doing so would not be futile).

Here, the addition of Landa and Philipson can withstand a motion to dismiss.  Based on the sworn testimony by Shorefront Operating's designated Rule 30(b)(6) deponent, they are jointly and severally liable pursuant to PHL § 2808-a.[9]  And claims against them are not barred by any statutes of limitation because they relate back to the filing of Plaintiff's initial complaint.

### 1.    Landa And Philipson Are Jointly And Severally Liable Pursuant To PHL § 2808-a.

Despite Defendants' repeated refusal to disclose the critical ownership information they were required to produce over the course of this litigation, Plaintiff can allege facts that more than plausibly suggest that Landa and Philipson are both jointly and severally liable pursuant to PHL § 2808-a.  PHL § 2808-a imposes joint and several liability for claims pursuant to PHL § 2801-d – with and to the same extent as the residential health care facility – on any person who, by reason of a "*direct or indirect* ownership interest (*whether of record or beneficial*) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of [the] facility."  PHL § 2808-a(2) (emphasis added); *see also Gorton v. Fellner*, 451 N.Y.S.2d 873, 875 (N.Y. App. Div. 1982) (noting that the "indicia of a controlling person" are "an ownership interest or the power to direct the management or policies of the nursing home"); *see also Peters v. Nesconset Ctr. For Nursing &*

---

[9] Grinspan's Rule 30(b)(6) testimony is binding on Shorefront Operating.  *See* Fed. R. Civ. P. 30(b)(6); *Reilly v. Natwest Markets Group Inc.*, 181 F3d 253, 268 (2d Cir. 1999) (noting that "[t]o satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable *and binding* answers on its behalf") (emphasis added, citations omitted)); *AmTrust N. Am., Inc. v. KF&B, Inc.*, No. 17-5340 (LJL), 2020 WL 5503479, at *2 (S.D.N.Y. Sept. 11, 2020) (holding that 30(b)(6) testimony is binding and granting summary judgment on reputational damages based on witness admissions).

*Rehab.*, 47 Misc. 3d 1211(A), 15 N.Y.S.3d 714 (N.Y. Sup. Ct. Queens Cty. April 15, 2015)

(denying the defendants' motion for summary judgment as to the plaintiff's PHL claims because

"claims under Article 28 of Public Health Law do not require a showing that the individual

defendants participated in alleged wrongful conduct; rather, such 'controlling person[s]' need

only possess the 'ability . . . to direct or cause the direction of the management or policies of the

facility' (Pub. Health Law § 2808–a[1])").  Although "ownership interest" is not defined in the

statute, "[l]egislative history reveals that the requirement that an individual have an ownership

interest in order to be deemed a 'controlling person' was imposed 'to insure [sic] that liability

and responsibility *follow the capability to make a profit*.'"  *Ocean Side Institutional Industries v*

*United Presbyterian Residence*, 678 N.Y.S.2d 653, 654 (N.Y. App. Div. Oct. 13, 1998) (*quoting*

Mem. of the State Executive Department, 1976 McKinney's Session Laws of N.Y., at 2342)

(emphasis added).

　　　Here, the sworn testimony of Eli Grinspan as the designated 30(b)(6) deponent on behalf

of Shorefront Operating establishes that Landa and Philipson have, at the least, an indirect and/or

beneficial ownership interest in the Facility and the ability to direct its operations.  *See* Grinspan

Trans. at 37:12-38:12, 39:3-10, 52:4-14, & 59:5-60:8.  Mr. Grinspan repeatedly testified that he

reported to Mr. Landa and Mr. Philipson and that they made controlling business decisions at the

Facility; indeed, he understood them to be the Facility's "owners" and his "bosses":

> Both Mr. Landa and Mr. Philipson were people I reported to. Mr. Philipson
> assigned me to Seagate to be the regional manager. That is all the information I
> know. As far as I'm concerned, they were my bosses and they were the owners.

Grinspan Trans. at 55:24-56:4.

> Q. Did Mr. Philipson have some kind of title like chairman or president or
> anything like that?
> A. He was one of the owners.
> Q. Okay. During the time that -- during the time that you were the regional

17

manager, did you report to anybody?
A. Mr. Philipson.

*Id.* at 38:9-17.  As "owners", Mr. Landa and Mr. Philipson made critical business decisions --

including deciding which administrators to hire at the Facility:

> Q. Who selected the -- who hired the administrators during the time you were at
> Seagate?
> A. Me.
> Q. Did Mr. Philipson or Mr. Landa participate in the decisions as to which
> administrator to hire?
> A. Yes.
> Q. And how did that participation occur; did you all have meetings or just go to
> lunch one day; how did that happen?
> MS. SEMLIES: Objection to form. You can answer.
> A. I had some conversations with one of them or both about it and it was decided
> and that was it.

*Id.* at 81:11-25.  Accordingly, a claim against them pursuant to PHL § 2808-a is not futile.

**2.      Claims Against Landa And
        <u>Philipson Are Not Barred By Statutes of Limitation.</u>**

In addition, Plaintiff's claims against Landa and Philipson are not susceptible to dismissal

on the basis of statutes of limitation.  "Rule 15(c) of the Federal Rules of Civil Procedure

governs when an amended pleading 'relates back' to the date of a timely filed original pleading

and is thus itself timely even though it was filed outside an applicable statute of limitations."

*Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010) (remanding to grant the plaintiff

leave to amend).  Because of Defendants' failure to disclose their ownership interest when

serving discovery responses and Plaintiff's resulting mistaken identification of the appropriate

defendants, Plaintiff's claims relate back to the filing of his original complaint pursuant to Rule

15(c)(1)(C).  *See DaCosta v. City of New York*, 296 F. Supp. 3d 569, 606-7 (E.D.N.Y. 2017)

(granting plaintiff leave to amend and add a new defendant party, and allowing the plaintiff to

relate back to his original complaint pursuant to Rule 15(c)(1)(C), based on post-statute of

limitations discovery findings); *Morales*, 952 F. Supp. 2d at 438 (granting plaintiff leave to

amend and add a new defendant party and relate back pursuant to Rule 15(c)(1)(C) where defendants delayed disclosure of information necessary to correct mistaken identification of proper parties). Moreover, Plaintiff's claims also relate back pursuant to Rule 15(c)(1)(A) and CPLR 203 because (i) the claims against Landa and Philipson arise out of the same conduct as in the original complaint, (ii) they share a unity of interest with the other defendants named pursuant to PHL § 2808-a, and (iii) they, by virtue of being owners of Shorefront Operating with ultimate control over the Facility, should have known that "but for a mistaken identity the action would have been brought against [them]." *DaCosta v. City of New York*, 296 F. Supp. 3d at 606 (holding that the plaintiff's amendment relates back to the filing of the original complaint under Rule 15(c)(1)(A)).

### a.   Plaintiff's Claims Relate Back Under Rule 15(c)(1)(C).

An amended pleading that adds a new party relates back pursuant to Rule 15(c)(1)(C) if the following conditions are met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (vacating and remanding because the plaintiff-appellant's claims against "John Doe" defendants were not time-barred as he had diligently sought to identify them) (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468-69 (2d Cir.1995)) (emphasis and alterations in original). "Notice to the defendant, rather than the diligence of the plaintiff, is the linchpin of the relation back doctrine." *DaCosta v. City of New York*, 296 F. Supp. 3d at 585 (internal quotation marks omitted). In *Krupski v. Costa Crociere S.P.A.*, 130 S. Ct. 2485 (2010), the Supreme Court held that "Rule 15(c)(1)(C)(ii) asks

what the prospective defendant knew or should have known during the Rule 4(m) period, *not what the plaintiff knew or should have known at the time of filing her original complaint*." *Id.* at 2493 (emphasis added).

Here, Plaintiff can show that -- from the outset of the case -- Landa and Philipson had actual and constructive notice of the claims against them as the John Does described in the Complaint.  Landa and Philipson are undeniably the owner-operators of defendant SentosaCare.  *See* LR 26.1 Resp. at 2 (listing Landa and Philipson as members of SentosaCare, LLC); Grinspan Trans. at 52:4-14 (testifying that "Mr. Philipson and Mr. Landa are both owners of Sentosa Care and owners of Shorefront Operating").  And Plaintiff alleges that SentosaCare provided administrative services to the Facility and is a controlling person of the Facility pursuant to PHL § 2808-a.  *See* Compl. ¶ 14.  Indeed, Landa and Philipson are specifically identified as principals of SentosaCare in the Complaint, and numerous individuals with whom they share a familial relation are named as Individual Defendants in the Complaint.  *Id.* ¶ 14 n.10.

As discussed above, Defendants actively concealed Landa and Philipson's ownership interest in Shorefront Operating and status as controlling persons pursuant to PHL § 2808-a. Numerous courts in this Circuit hold that a mistake in the pleading of the defendants may be found -- and relation back may be allowed -- where a plaintiff attempted to discover the identity of an unknown defendant but was prevented from doing so by a defendant's conduct.  *See, e.g.*, *Morales*, 952 F. Supp. 2d at 438 (granting plaintiff leave to amend and add a new defendant party and relate back pursuant to Rule 15(c)(1)(C) where defendants delayed disclosure of information necessary to correct mistaken identification of proper parties), *Archibald v. City of Hartford*, 274 F.R.D. 371, 381-82 (D. Conn. 2011) (granting leave to amend where defendant's counsel "completely rebuffed or substantially delayed" plaintiff's efforts to discover the

identities of officers with whom he interacted); *Byrd v. Abate*, 964 F.Supp. 140, 145-46

(S.D.N.Y.1997) (granting leave to amend where plaintiff requested identifying information prior

to expiration of limitations period, but defendant failed to provide it until period expired).

Given Defendants' and Landa and Philipson's knowledge of the claims against them,

Plaintiff should not be penalized "for [d]efendants' obstruction of [plaintiff's] counsel's diligent

efforts to determine the identities of the 'Doe' [controlling persons]." *Archibald*, 274 F.R.D. at

382 (granting leave to amend).  "[T]he Plaintiff should not be barred from naming a new

defendant on the basis that the statute of limitations has already run, since to hold otherwise

would allow defense counsel 'to eliminate claims against any John Doe defendant merely by

resisting discovery requests until the statute of limitations has ended.'" *Id.* at 381-82 (quoting

*Byrd*, 964 F. Supp. at 146).  For purposes of Rule 15(c)(1)(C), Landa and Philipson should have

known that they were owner-operator John Does with a direct interest in Plaintiff's action and

that, but for Plaintiff's mistake, they would have been named in the Complaint.

Indeed, this case closely resembles *DaCosta v. City of New York*, where the plaintiff's

relation back argument superseded the defendants' statute of limitations defense.  In that case,

the defendants failed to correct the misconception by plaintiff's counsel as to the proper

defendants to name, did not comply with their ethical and discovery obligations, and thus, could

not assert the statute of limitations as defense in the plaintiff's § 1983 action.  296 F. Supp. 3d

569, 603.  Similarly, Plaintiff here diligently specified the facts he was aware of in his

Complaint, included John Does in his allegations, inquired as to the ownership of Shorefront

Operating, and was stymied in his efforts to discover the true identity of those with ownership

interests by Defendants' misleading responses.

Accordingly, Plaintiff's claims against Landa and Philipson relate back pursuant to Rule 15(c)(1)(C). Plaintiff's claims against Landa and Philipson pursuant to PHL § 2808-a arise out of the same deprivations of residents' rights alleged in the original complaint. And Landa and Philipson, since the initiation of this action, were aware of the action and should have known that, but for Plaintiff's mistake, they should have been named as controlling person defendants pursuant to PHL § 2808-a.

### b.    Plaintiff's Claims Relate Back Under Rule 15(c)(1)(A).

Rule 15(c)(1)(A) provides that an amended pleading will relate back when "the law that provides the applicable statute of limitations allows relation back." Because Plaintiff's claims are brought pursuant to PHL § 2801-d, New York law provides the applicable statute of limitations, and Plaintiff's claims relate back under New York's general relation-back statute, CPLR 203. As noted by the New York Court of Appeals, the relation back doctrine provided for in CPLR 203 "enables a plaintiff to correct a pleading error . . . after the statutory limitations period has expired [and] . . . thus gives courts the sound judicial discretion to identify cases that justify relaxation of limitations strictures to facilitate decisions on the merits if the correction will not cause undue prejudice to the plaintiff's adversary." *Buran v. Coupal*, 87 N.Y.2d 173, 177-78 (1995) (internal citations, quotation marks, and alteration omitted) (affirming the trial court's application of the relation back doctrine under Rule 15(c) because the additional defendant was on notice).

Pursuant to CPLR 203, a plaintiff's claims against one defendant may relate back to claims asserted against another if:

> (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) the new party knew or should have known that, but for [a] . . . mistake by plaintiff as to the

identity of the proper parties, the action would have been brought against him as well.

*DaCosta v. City of New York*, 296 F. Supp. 3d at 585 (citing *Buran*, 87 N.Y.2d at 178-79 (1995)).  "[T]he Court of Appeals has held that the mistake need not be "excusable" to satisfy this element of the relation-back test." *Walker v. Agro*, No. 96-5414 (JG), 2000 WL 744536, at *5 (E.D.N.Y. May 19, 2000) (citing to Buran, 87 N.Y.2d at 179) (denying the defendant's motion for summary judgment on untimeliness grounds).

Plaintiff easily satisfies the requirements of CPLR 203.  *First*, Plaintiff's claims against Landa and Philipson arise out of the same occurrence -- the deprivation of residents' rights by Shorefront Operating -- as his claims against the current Defendants.

*Second*, Landa and Philipson are united in interest with the current Defendants because of Landa and Philipson's joint and several liability with Shorefront Operating (as well as the other PHL § 2808-a defendants).  *See Amaya v Garden City Irrigation, Inc.*, 645 F. Supp. 2d 116, 123 (E.D.N.Y. 2009) (finding "unity of interest" for purposes of relation back under CPLR 203 where the newly added defendants face joint and several liability in their personal capacities with the corporate entity).

And *third*, as outlined *supra*, Landa and Philipson "knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against [them] as well." *DaCosta*, 296 F Supp 3d at 587.  Indeed, "suing 'John Doe' when a defendant's identity is unknown is a mistake for purposes of the relation-back doctrine of CPLR 203." *Id.* at 590.

Accordingly, Plaintiff's claims against them relate back pursuant to Rule 15(c)(1)(A).

C.   **Defendants Will Not Be Unduly Prejudiced By Plaintiff's Amendment.**

      In determining what constitutes prejudice, courts "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Undue prejudice arises when an amendment is "made on the eve of trial" and "result[s] in new problems of proof." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (determining that the district court abused its discretion by denying plaintiffs leave to amend because the defendant would not be unduly prejudiced).. "'The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial.'" *Pasternack v. Lab. Corp. of Am.*, 892 F. Supp. 2d 540, 529 (S.D.N.Y. 2012) (quoting *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994)) (granting plaintiff leave to amend).

      This case is not on the eve of trial; a trial date has not even been set. Indeed, only two depositions have taken place thus far. More importantly, as can be seen by a review of the Complaint, claims against Landa and Philipson are based on the same nucleus of facts, i.e. the deprivation of Patients' rights -- particularly the right to adequate staffing -- thereby giving rise to liability pursuant to PHL § 2801-d. Moreover, there is little difference in the discovery needed for adding two additional individual defendants who own and operate entities already named as defendants in the action -- and Defendants were required to produce responsive documents to Plaintiff's RFPs regardless of Landa and Philipson's being named in the proposed amended complaint.

      Given these circumstances, there should be no delay in the resolution of the case and Defendants will not suffer undue prejudice should the Court grant Plaintiff leave to amend the

24

Complaint. *See State Teachers*, 654 F.2d at 856 (reversing denial of leave to amend sought promptly after learning new facts, where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants" and where "the amendment will not involve a great deal of additional discovery").

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should grant Plaintiff leave to file an amended complaint naming Philipson and Landa as additional defendants liable pursuant to PHL § 2808-a.

Dated:  White Plains, New York
        September 18, 2020

Respectfully Submitted,

**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**

By: *<u>/s/John D. Sardesai-Grant</u>*
D. Greg Blankinship
Jeremiah Frei-Pearson
John D. Sardesai-Grant
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
gblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com
jsardesaigrant@fbfglaw.com

*Attorneys for Plaintiff and the Putative Class*

25