UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER, et al.,

Defendants.
-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-cv-03541 (FB) (SJB)

Appearances:

*For the Plaintiff*:
Jeremiah Lee Frei-Pearson
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
445 Hamilton Ave
White Plains, NY 10601

*For Defendants*:
Lori Semlies
Wilson, Elser, Moskowitz, Edelman, & Dicker, LLP
150 East 42nd Street
New York, NY 10017

**BLOCK, Senior District Judge:**

Leroy Chow resided at Seagate Rehabilitation & Nursing Center (the "Facility Defendant") from February 2015 until August 2016. Through the administrator of his estate, Chow states a putative class claim against the Facility—and various owners and operators thereof (the "Controlling Person Defendants")—for "fail[ing] to staff a sufficient number of nurses and aides, thereby depriving the Facility's residents of the level of care required" under New York Public Health Law ("PHL").

Compl. ¶ 2.  Defendants move to dismiss all claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the following reasons, Defendants' motion is denied.

I.

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

II.

Defendants advance three grounds for dismissing some or all of Plaintiff's claims, including: *first*, that under PHL § 2808-a all claims against the Controlling Person Defendants must be dismissed absent a pre-existing judgment against the Facility Defendant; *second*, that claims against Shorefront Realty LLC ("Shorefront Realty"), and SentosaCare, LLC's ("SentosaCare") must be dismissed absent allegations those entities had "actual ownership interest" in the Facility Defendant; and *third*, that Plaintiff's claim for injunctive relief should be dismissed for lack of standing.

1. Controlling Person Defendants.

New York Public Health Law ("PHL") § 2808-a provides that "[e]very person who is a controlling person of any residential health care facility liable under any provision of this article . . . *shall also be liable*, jointly and severally, with and to the same extent as such residential health care facility." PHL § 2808-a(1) (emphasis added). According to Defendants, "[u]nder the plain language of the statute, to properly name someone as a 'controlling person' defendant, the applicable facility must first *be found* 'liable' under Article 28 of the PHL to someone." ECF 36-1 at 7 (emphasis added). The Court and precedent disagree.

To start, Defendants do not cite a single case adopting their "plain language" reading of the PHL—and for good reason: New York courts have made clear that Section 2808 "makes the controlling person personally liable for damages sustained by a person *asserting* a claim under one of the substantive provisions of Public Health Law Article 28." *Sunrest Properties, LLC v. Sunrest Nursing Home*, 2005 WL 1993485, at *5 (N.Y. Sup. Ct. Aug. 15, 2005) (emphasis added). Thus, 2808-a claims against "controlling persons" may be litigated simultaneously with claims against a facility. *See Farruggio, et al. v. 918 James Receiver, LLC et al.* (Onondaga Cnty. Sup. Ct. July 10, 2019) (maintaining class claims against facility simultaneous with 2808-a claims against "controlling persons"). Accordingly, dismissal is not appropriate on this ground.

2. Shorefront Realty & SentosaCare.

"For purposes of [PHL §§ 2801-d, 2808-a], a 'controlling person' of a residential health care facility shall be deemed to mean any person who by reason of a direct or indirect *ownership interest* (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility." PHL § 2808-a(2) (emphasis added). From that, Defendants surmise claims against Shorefront Realty and SentosaCare—the Facility's landlord and administrator, respectively—must be dismissed because "Plaintiff does not allege specific factual allegations showing that either of these Defendants has an actual ownership interest in the Facility." ECF 36-1 at 7.

Defendants misread the Complaint. Plaintiff alleges that (i) "Shorefront Realty owns the property occupied by the Facility and receives rent payments . . . for the use of the property"; (ii) SentosaCare contracts-for and provides "administrative services" to the Facility; and (iii) "there is a significant overlap in the ownership" of Shorefront Realty, SentosaCare, and the Facility. Compl. ¶¶ 13–14. For purposes of a Rule 12(b)(6) motion, those allegations plausibly show Shorefront Realty and SentosaCare have "the ability. . . in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility." PHL § 2808-a(2); *see also Ocean Side Inst. Indus., Inc. v. United*

*Presbyterian Residence*, 678 N.Y.S.2d 653 (N.Y. App. Div. 1998) ("[T]he requirement that an individual have an ownership interest in order to be deemed a 'controlling person' was imposed to insure that liability and responsibility follow the capability to make a profit." (internal quotation omitted)); *accord Twombly*, 550 U.S. at 547 (plaintiffs need only "enough facts to state a claim to relief that is plausible on its face").

3. <u>Standing.</u>

Defendants' final contention in support of dismissal—that "Plaintiff's inability to allege that Leroy Chow will again reside at the Facility . . . precludes standing to seek injunctive relief" on behalf of residents still residing at the Facility, ECF 36-1 at 17—also fails.

Where injunctive relief "is authorized by statute, it is enough if the statutory conditions are satisfied. Nor is it relevant that plaintiffs have not shown that the deceptive acts or practices are ongoing." *Barkley v. United Homes, LLC*, 848 F. Supp. 2d 248, 274 (E.D.N.Y. 2012), *aff'd sub nom. Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22 (2d Cir. 2014), *as amended* (Jan. 30, 2014). That Leroy Chow no longer resides at the Facility hardly means Defendants' conduct is "not ongoing as to other consumers," *id.*, and it does "not bar the issuance of an injunction to prevent future practices," *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 805 N.Y.S.2d 175, 179 (N.Y. App. Div. 2005).

III.

For the foregoing reasons, Defendants' motion is denied.

**SO ORDERED**.

_/S/ Frederic Block________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 25, 2020