

September 30, 2020

**David M. Ross**
202.626.7687 (direct)
David.Ross@wilsonelser.com

**VIA ECF**
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Chow v. SentosaCare, LLC, et al.*; Case No. 19-cv-03541-FB-SJB

Dear Judge Block:

    We represent the Defendants in this action, Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center ("Facility"), Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubinstein, Bruscha Singer, Joel Zupnick, Shorefront Realty LLC, and SentosaCare, LLC. We write pursuant to Section 2(A) of Your Honor's Individual Motion Practices and Rules to respectfully request a pre-motion conference to seek permission to file a motion to strike Plaintiff's class allegations for lack of typicality, adequacy, and common issue predominance as required by Fed. R. Civ. P. 23(a)(3), 23(a)(4) and 23(b)(3), respectively.

    We file this request because the allegations, the record evidence, and New York State and Federal case law establish that Plaintiff's proposed class cannot be certified and there is no need to await Plaintiff's filing of a class certification motion for this Court to determine that class certification is inappropriate in this case.

    By way of background, Plaintiff sues individually and on behalf of a putative class, arising from his deceased brother Leroy Chow's ("Chow") allegedly deficient care at the Facility. He brings one cause of action, under New York Public Health Law § 2801-d ("PHL § 2801-d").[1]

---

[1] Under PHL § 2801-d(1),
>   Any residential health care facility that deprives any patient of said facility of any right or benefit, as hereinafter defined, shall be liable to said patient for injuries suffered as a result of said deprivation, except as hereinafter provided.  For purposes of this section a "right or benefit" of a patient of a residential health care facility shall mean any right or benefit created or established for the well-being of the patient by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation, where noncompliance by said facility with such statute, code, rule or regulation has not been expressly authorized by the appropriate governmental authority.   No person

1500 K Street, NW, Suite 330 • Washington, DC 20005 • p 202.626.7660 • f 202.628.3606

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

1125149v.1

Plaintiff alleges, *inter alia*, that the Facility violated PHL § 2801-d by depriving Chow and all residents of the Facility a right to "sufficient nursing staff to provide the nursing and related services necessary to attain and maintain the highest practicable physical and psycho-social well-being," in purported contravention of New York and Federal statutes. Am. Comp. ¶ 29. Plaintiff's pleadings, however, reference no staffing violations and no complaints by anyone about Chow's care made while Chow was a resident of the Facility. Rather, Plaintiff references a rating for staffing from the "Nursing Home Compare" website's "Five-Star Rating System". Am. Comp. ¶ 31. The rating system is not a Department of Health survey or inspection report; it is a consumer comparison tool. *See https://www.medicare.gov/NursingHomeCompare/About/nhcinformation.html* (last visited 9/29/2020).

First, Plaintiff's pleadings, and the Petition he submitted to the New York State Surrogate's Court for appointment as Chow's Administrator to bring his lawsuit, establish that Chow is not a member of the Plaintiff's proposed class. This is dispositive – Plaintiff cannot establish that he will adequately represent a proposed class to which Chow does not belong. *See In re Worldcom, Inc.*, 358 B.R. 585, 595 (Bankr. S.D.N.Y. 2006).

Second, Plaintiff's individual claim will be subject to unique defenses on proximate causation and whether the Facility exercised care reasonably necessary to prevent and limit any deprivation and injury to Chow. *See* Fn.1. With regard to causation, Plaintiff's complaint alleges, "Numerous studies have shown a direct correlation between inadequate staffing and serious care problems including . . . a greater likelihood of falls, pressure sores, significant weight loss, incontinence, and premature death." Am. Comp. ¶ 32. "Generic" causation, which Plaintiff purports will establish his claim, is insufficient to prove that any specific harm or injury he alleges was caused by a deprivation of a resident's right. *See In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 165 (2d Cir. 1987); *see also Olmann v. Willoughby Rehabilitation & Health Care Ctr., LLC*, 2020 NY Slip Op 04750, 2020 N.Y. App. Div. LEXIS 4896, at *5-6 (N.Y. App. Div. 2d Dep't August 26, 2020) (Affirming denial of class certification of deficient nurse staffing claim brought under PHL 2801-d by Plaintiff's current counsel because, "[C]ommon questions . . . do not predominate over questions involving members . . . as to causation").

Further, to the extent this case proceeds beyond the current fact discovery phase, to establish the reasonableness of the care it rendered to Chow, the Facility will propound expert testimony based on, *inter alia*, Chow's medical history, specific treatment records and outcomes, individual care plans, and various statements and testimony. The Facility's experts' opinion(s) will be based on the assessment of these Chow-specific materials, and will thus be unique to Chow's individual claim. *Cf. Craig v. St. Barnabas Nursing Home*, 12 N.Y.S.3d 86, 86-7 (N.Y. App. Div. 1st Dep't

---

who pleads and proves, as an affirmative defense, that the facility exercised all care reasonably necessary to prevent and limit the deprivation and injury for which liability is asserted shall be liable under this section. For the purposes of this section, "injury" shall include, but not be limited to, physical harm to a patient; emotional harm to a patient; death of a patient; and financial loss to a patient. PHL § 2801-d(1).

2

2015) (affirming dismissal of PHL § 2801-d claim where expert testimony and decedent's medical records propounded by defendant facility established that decedent's alleged injuries and complications were unavoidable result of decedent's pre-existing conditions and other risk factors). Issues concerning proximate causation and the reasonableness of the Facility's care of Chow both present unique defenses precluding a finding of typicality.

Finally, Plaintiff cannot establish that common issues will predominate over issues effecting only individuals. This Court has recognized that analysis of Plaintiff's PHL § 2801-d claim is a heavily fact-bound individual inquiry. *Chow v. Sentosacare, LLC*, No. 19-CV-3541-FB-SJB, 2020 U.S. Dist. LEXIS 20770, at *5 (E.D.N.Y. Jan. 23, 2020) ("There is no reason to believe that the heavily fact bound inquiry into Mr. Chow's claims would be amenable to summary judgment."). The same "heavily fact-bound inquiry" animating Chow's individual claim is required of every proposed class member, and mandates individualized assessments in a number of areas, including: (1) whether each resident has a need subject to harm by inadequate staffing; (2) whether nurse staffing was adequate to meet each resident's needs; (3) whether each resident sustained a specific harm; (4) whether a specific harm sustained by a resident constitutes an injury; (5) whether a resident's specific harm and injury were caused by a deprivation of the resident's right to adequate nurse staffing; and (6) whether the Facility exercised care necessary to prevent and limit the resident's injury for which liability is asserted, among others. Each area will require individualized assessments which are not subject to any common form of proof. Plaintiff cannot establish that common issues predominate over these individualized questions. *See, e.g., Olmann*, 2020 NY Slip Op 04750, 2020 N.Y. App. Div. LEXIS 4896, at *5-6 (N.Y. App. Div. 2d Dep't August 26, 2020) (Affirming denial of class certification of deficient nurse staffing claim brought under PHL § 2801-d because, "[C]ommon questions . . . do not predominate over questions involving members. . .").

Because the proposed class fails on these threshold issues, Defendants respectfully request that the Court permit a motion to address these subjects now. Doing so will permit the expedited resolution of this action.

We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

By: */s/ David M. Ross*
David M. Ross
david.ross@wilsonelser.com

cc: All counsel of record (Via ECF)