**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25, <br><br> Defendants. | Civil Action <br> No. 1:19-cv-03541-FB-SJB |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED CLASS ACTION COMPLAINT**

# INTRODUCTION

Plaintiff respectfully submits this reply brief in support of his motion for leave to file an amended complaint pursuant to Rules 15, 20(a)(2), and 21 of the Federal Rules of Civil Procedure. Plaintiff seeks leave to file a Second Amended Complaint to add two defendants, Messrs. Benjamin Landa and Bent Philipson, because they own and control Defendant Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center (the "Facility").

Defendants contend that amending the complaint to add Messrs. Landa and Philipson as Defendants would be futile because they are not in fact direct owners of the Facility. Mr. Eli Grinspan, the Facility's former regional manager and the corporate representative tasked with providing testimony under Rule 30(b)(6), stated unequivocally that he reported to Messrs. Landa and Philipson, that they had operational control over the Facility, and that they made key business decisions at the Facility. Grinspan Trans. at 55:24-56:4 ("Both Mr. Landa and Mr. Philipson were people I reported to. Mr. Philipson assigned me to Seagate to be the regional manager. That is all the information I know. ***As far as I'm concerned, they were my bosses and they were the owners***.") (emphasis added).

The question is whether Plaintiff's proposed amendment contains plausible allegations that, owing to a direct or indirect ownership interest, Messrs. Landa and Philipson have the ability to control the management and policies of the Facility under N.Y. P.H.L. § 2808-a. Plaintiff alleges that: Messrs. Landa and Philipson own SentosaCare, LLC ("SentosaCare") and Judge Block recently ruled that SentosaCare is a controlling person for purposes of N.Y. P.H.L. § 2808-a; that the Facility's Rule 30(b)(6) witness testified that Messrs. Landa and Philipson are in fact the owners of the Facility, that they have ultimate control of the Facility's operations (and Defendants do not contest the latter point); and that there is overlapping ownership including with respect to Messrs. Landa and Philipson. Particularly in light of Judge Block's September

1

25, 2020 Order, these allegations are more than sufficient to render plausible Plaintiff's claim that Messrs. Landa and Philipson are controlling persons for purposes of N.Y. P.H.L. § 2808-a.

Defendants' other arguments fair no better. Plaintiff's motion is not dilatory, as it was brought soon after Plaintiff learned facts showing that Messrs. Landa and Philipson are in fact owners of the Facility. Nor should there be a dispute that the amendment relates back to the prior complaint for statute of limitations purposes, because Messrs. Landa and Philipson have been on notice that they should have been named as Defendants, and the only reason they were not named sooner was that Defendants concealed the fact of their ownership.

## ARGUMENT

### A. Plaintiff's Motion For Leave To Amend Is Not Futile.

When deciding whether an amendment to a complaint would be futile, courts use "the same standards as those governing the adequacy of a filed pleading." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (granting plaintiffs leave to amend). Accordingly, the Court must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Sepulveda v. City of New York*, No. 15-5187, 2017 WL 3891808, at *3 (E.D.N.Y. Feb. 14, 2017) (granting the plaintiff leave to amend his pleadings in part and join additional defendants). In deciding a motion to amend that is challenged on grounds of futility, district courts consider whether newly added claims contain sufficient factual allegations to state a plausible claim for relief. The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Cook v. City of New York*, 243 F. Supp. 3d 332, 341 (E.D.N.Y. 2017) (granting the plaintiffs leave to amend to join additional defendants).

Defendants' Rule 30(b)(6) witness, designated to provide testimony for the Facility as to who its owners are, testified under oath that Messrs. Landa and Philipson are owners of the Facility. Not only is that testimony binding on the Facility, but it is corroborated by Mr. Grinspan's testimony that Messrs. Landa and Philipson had ultimate operational control of the Facility, including with respect to staffing:

> Q. If Mr. Philipson or Mr. Landa had given you specific directions with respect to the operations of Seagate, you would have been required to follow those, correct?
> A. Yes.
> Q. So, for example, if they say "I want you to go double the staffing over what we have today", you would be required to do that, correct?
> MS. SEMLIES: Objection to the form. You may answer.
> A. Yes.
> Q. And, similarly, if they said "you have to reduce staffing", you would be required to do that as well?
> A. Yes.
> Q. Because they have ultimate control over the operations of the facility?
> MS. SEMLIES: Objection to form of the question.
> A. They are my employer, my boss.
> Q. And as such, they had ultimate control over the operations of the facility, correct?
> MS. SEMLIES: Objection.
> A. I reported to them. If they gave me directives, I would follow them.
> Q. And those directives concerned the operations of the facility, correct?
> A. If they concerned the operation of the facility, yes.

Grinspan Trans. at 59:5-60:8.

Indeed, it was Messrs. Landa and Philipson who hired Mr. Grinspan as the director of the Facility, and Mr. Grinspan testified that he reported directly to Messrs. Landa and Philipson. *Supra*, Grinspan Trans. at 55:24-56:4. And Mr. Grinspan testified that Messrs. Landa and Philipson had the authority to bind the Facility with respect to contracts with vendors:

> Q. So is it fair to say then that somebody, other than you, made the decision as to whether or not to use Specialty RX to provide 11 pharmaceutical services?
> A. Yes.
> Q. And would that have been either Mr. Philipson or Mr. Landa?
> A. Yes.

Grinspan Trans. at 73:8-15.

3

Defendants have not produced any management contracts or documents evidencing an agreement by the Facility or its other owners to give such operational control to Messrs. Landa and Philipson, and there is no reason to assume that there is such an agreement.  Plaintiff also alleges that Messrs. Landa and Philipson own SentosaCare, that they are related by family to other owners of the Facility, and that there is overlapping ownership.  Compl. ¶¶ 13– 14.  The only plausible conclusion is that Messrs. Landa and Philipson have the authority to run the Facility and bind it to third party contracts because they are in fact owners, or at least they have an ownership interest; otherwise, it is implausible that the Facility or its other owners would allow Messrs. Landa and Philipson to run the Facility.  The Court should assume these facts to be true for the purposes of determining futility, and it should draw the reasonable inference that Messrs. Landa and Philipson have either a direct or indirect ownership interest in the Facility.

N.Y. Pub. Health Law § 2808-a provides that "a 'controlling person' of a residential health care facility shall be deemed to mean any person who by reason of a direct or indirect ownership interest (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility."  Defendants do not dispute that Messrs. Landa and Philipson have the ability to direct the management and policies of the Facility -- in fact, they are the ultimate authority at the Facility and they govern all aspects of its operation.  And it is more than plausible that they are direct or indirect owners of the Facility given that they act like owners, are the record owners of SentosaCare, another Defendant, and are related by family to other owners of the Facility.

Indeed, Defendants' argument is foreclosed by Judge Block's Order denying the motion to dismiss SentosaCare and Shorefront Realty LLC.  As Judge Block held:

4

> Plaintiff alleges that (i) "Shorefront Realty owns the property occupied by the Facility and receives rent payments . . . for the use of the property"; (ii) SentosaCare contracts-for and provides "administrative services" to the Facility; and (iii) "there is a significant overlap in the ownership" of Shorefront Realty, SentosaCare, and the Facility. Compl. ¶¶ 13–14. For purposes of a Rule 12(b)(6) motion, those allegations plausibly show Shorefront Realty and SentosaCare have "the ability . . . in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility."

*Chow v. Shorefront Operating LLC*, No. 19-03541, 2020 WL 5752117, at *2 (E.D.N.Y. Sept. 25, 2020) (quoting PHL § 2808-a(2) and citing *Ocean Side Inst. Indus., Inc. v. United Presbyterian Residence*, 678 N.Y.S.2d 653 (N.Y. App. Div. 1998) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). If anything, Plaintiff's allegations with respect to Messrs. Landa and Philipson are stronger than his allegations with respect to SentosaCare.[1]

Defendants contend that Plaintiff's Motion is futile because it is based on "deceptive" quotes from Mr. Grinspan's deposition, and the "demonstrable fiction" that Messrs. Landa and Philipson are the Facility's owners. Def. Br. at 6. Hyperbole aside, the only basis for Defendants' argument that Mr. Grinspan somehow disavowed or corrected his direct and spontaneous testimony that Messrs. Landa and Philipson were owners of the Facility with direct and complete operational control is that he was not sure about the technical aspects of the Facility's ownership structure. For example, he testified that "[a]s far as I'm concerned, they were my bosses and they were the owners. **The exact details of the structure, I am not familiar with**." Grinspan Trans. at 56:1-56:4 (emphasis added). When plaintiff asked: "But you're not able to testify who actually owns Shorefront Operating, LLC?," Mr. Grinspan responded:

---

[1] Indeed, Defendants concede that the September 25, 2020 Order mandates a finding that the proposed amendment adding Messrs. Landa and Philipson as Defendants is not futile. *See* Opposition to Plaintiff's Motion to Amend ("Def. Br.") at 10 ("On September 25, 2020, Judge Block allowed Plaintiff's claims against Sentosa Care to proceed, ECF No. 69, further showing that Plaintiff should have decided to name Messrs. Landa and Philipson as defendants . . .").

5

"***I know who I work for and who I reported to***. I do not know necessarily who all the people who make up the ownership structure of either -- of the entity." *Id.* at 53:12-13, 16-19 (emphasis added). Of course, Mr. Grinspan was designated as the Facility's witness tasked with providing detail regarding the Facility's ownership structure, and it is certainly plausible that while he may not have memorized the details of the ownership structure or reviewed corporate formation documents, he was sufficiently prepared to identify the owners.

Defendants argue that it is implausible that Messrs. Landa and Philipson are owners because they are not listed on the versions of the formation agreement Defendants chose to produce. Def. Br. at 8. Mr. Grinspan's testimony calls into question the completeness and veracity of these agreements (agreements that Defendants produced with material redactions). Moreover, it is enough under PHL § 2808 that Plaintiff plausibly alleges that Messrs. Landa and Philipson are indirect owners, and that he has done.

Defendants cite to *AmTrust N. Am., Inc v. KF&B, Inc.*, No. 17-5340, 2020 U.S. Dist. LEXIS 170464, *3-4 (S.D.N.Y. Sept. 16, 2020) for the proposition that Mr. Grinspan's 30(b)(6) deposition testimony does not bind the Facility and that, ostensibly, Defendants can "correct" the record. Def. Br. at 6. But Defendants did not correct his testimony; they did not submit any errata or correction to Mr. Grinspan's testimony that Messrs. Landa and Philipson are owners of the facility. And, as noted above, merely because Mr. Grinspan was uncertain of the details of the Facility's ownership structure does not mean he did not know who owned the Facility and who his bosses were. The mere existence of potentially contradictory documentation does not render Mr. Grinspan's testimony implausible for purposes of determining futility. Additionally, Mr. Grinspan's unequivocal testimony as to Messrs. Landa and Philipson's authority over the Facility and himself followed any prior expressions of uncertainty: Mr. Grinspan reiterated how he reported to them and how they made the Facility's key business decisions over the course of

6

his deposition. *Compare id.* at 52:15-53:13 (expressing uncertainty as to the Facility's precise ownership structure) to 55:24-56:4, 59:5-60:8, 81:11-25 (characterizing Messrs. Landa and Philipson as his bosses and describing their authority over the Facility).

Defendants' PHL § 2801-d statute of limitations argument also fails. Def. Br. at 8. Defendants' own citation to *Leclaire v. Fort Hudson Nursing Home* cuts against them because in that case, the court *granted* the plaintiff leave to amend under CPLR § 203. 52 A.D.3d 1101, 1102, 861 N.Y.S.2d 436 (2008) (noting that "CPLR 203 (f) provides that a claim asserted in an amended pleading is deemed to have been interposed at the time of the original pleading if based upon the same occurrence alleged in the original pleading."). Moreover, "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). Defendants' failure to disclose Messrs. Landa and Philipson's ownership interest when serving discovery responses caused Plaintiff's mistake in not identifying all of the defendants, and therefore Plaintiff's claims relate back to the filing of his original complaint pursuant to Rule 15(c)(1)(C). *See DaCosta v. City of New York*, 296 F. Supp. 3d 569, 606-7 (E.D.N.Y. 2017) (allowing leave to amend and finding relation back based on post-statute of limitations discovery findings).[2]

---

[2] Defendants' argument that Landa and Philipson never received notice of Plaintiff's action because Plaintiff filed the pending motion beyond 120 days after his complaint is inapposite. Def. Br. at 11. Plaintiff's action named the Facility, entities and individuals directly connected with or controlled by Messrs. Landa and Philipson, and referenced Landa and Philipson in the complaint, thereby placing them on constructive notice at the outset. *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998) (granting the plaintiff leave to amend and stating that it is not essential that a potential party receive formal notice of a claim within 120 days of an action's filing: informal notice is sufficient).

### B. Plaintiff's Motion Was Not Made In Bad Faith.

Defendants' bad faith argument (made without citation to any authority) is based on the contention that Plaintiff should know that Messrs. Landa and Philipson are not in fact owners notwithstanding the Facility's sworn Rule 30(b)(6) testimony to the contrary. Def. Br. at 7-8. This is repetitive of its futility arguments, addressed above. Moreover, "bad faith or dilatory motive" are generally considered together when courts assess motions to amend. *See Liberty Mut. Ins. Co. v. First Brighton Transp. Mgmt., Inc.*, No. 07-715, 2008 WL 1787684, at *5 (E.D.N.Y. Apr. 17, 2008) (finding no bad faith where plaintiff waited a year requesting leave to amend); *see also Hooper v. PetSmart, Inc.*, No. 18-1706RRMARL, 2019 WL 4888651, at *4 (E.D.N.Y. Sept. 30, 2019) (granting the plaintiff leave to amend).

Defendants' conjecture that the "real reason" that Plaintiff seeks to add Messrs. Landa and Philipson as defendants is that they "might have money." Def. Br. at 14. Of course, that is the purpose of P.H.L. § 2808-a, to be sure that direct or indirect owners are made to pay for claims against nursing home facilities that, like here, are structured as limited liability corporations that may not have the funds to pay those claims. While Messrs. Landa and Philipson might "have money," their addition to this case satisfies the very purpose behind PHL § 2808's controlling person provision. *Ocean Side,* 678 N.Y.S.2d 653, 654 (holding that under PHL § 2808, "the requirement that an individual have an ownership interest in order to be deemed a 'controlling person' was imposed to insure that liability and responsibility follow the capability to make a profit.").

### C. Plaintiff's Motion Does Not Prejudice Defendants.

A party alleging prejudice when opposing a motion to amend must provide evidence. *Intersource, Inc. v. Kidder Peabody & Co. Inc.*, No. 90-7389, 1992 WL 369918, at *3 (S.D.N.Y.

8

Nov. 20, 1992) (granting the defendant leave to amend its answer and rejecting the plaintiff's prejudice argument because it "failed to provide any evidence as to how granting the motion for leave to file the amended answer will result in undue prejudice."). Defendants offer no detail as to how Messrs. Landa and Philipson will be prejudiced by their addition to this action. In determining what constitutes undue prejudice, courts "generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Oneida Indian Nation of New York State v. Cty. of Oneida, N.Y.*, 199 F.R.D. 61, 76–77 (N.D.N.Y. 2000) (granting the plaintiff leave to amend to add a new class of defendants after 25 years where plaintiff's delay was attributable to all parties). Adding Messrs. Landa and Philipson as Defendants does none of those things; Messrs. Landa and Philipson are already involved in the litigation and are subject to discovery and being deposed owing to their ownership of Sentosa Care, their inclusion will not significantly delay the litigation, and there is no other litigation to be brought in any other jurisdiction. Defendants' contention that Messrs. Landa and Philipson would be prejudiced because discovery closes in two months is not persuasive. Messrs. Landa and Philipson are the sole owners and operators of SentosaCare and as such they have been subject to discovery obligations throughout this litigation.

**D.     Plaintiff's Motion Was Not Unduly Delayed.**

Defendants contend that because Plaintiff knew that Messrs. Landa and Philipson were owners of SentosaCare, they should have known that they were also owners of the Facility and named them in the July 2019 amended complaint. Def. Br. at 10-11. But when Plaintiff filed his amended complaint, he lacked information as to Messrs. Landa and Philipson's ownership of and

9

control over the Facility.  Plaintiff could only then name them as having an ownership interest in SentosaCare.  Am. Compl. ¶ 14 n.10; Def. Br. at 10-11.  Plaintiff's deposition of Mr. Grinspan was delayed not due to a lack of diligence on Plaintiff's part, but by Defendants' lack of forthrightness as to the Facility's ownership, the parties' litigation of disputes regarding the proper scope of the 30(b)(6) deposition of Shorefront Operating, and by Defendants' multiple failures to produce the deponent on the date noticed.  *See* Declaration of John D. Sardesai-Grant in Support ("Sardesai-Grant Decl.") ¶¶ 4-12.  Plaintiff could not have named Messrs. Landa and Philipson absent additional information as to their role in managing operations at the Facility -- information which was only made available to them on July 27, 2020.  Motion to Amend at 2.

Moreover, "[c]ourts in this circuit have held that a defendant's claim that a plaintiff had knowledge of the facts in the amendments at the time of pleading is alone insufficient to deny a motion to amend on the basis of undue delay." *Cook*, 243 F. Supp. 3d at 354; *see also Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*, No. 12 CV 5160, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013) (granting the defendants' motion to amend nine months from the date of filing despite knowledge of relevant information at time of initial pleading because a party "need not prove that they uncovered new facts or law" to receive leave to amend).[3]

## CONCLUSION

---

[3] Defendants' citation to *Young-Flynn v. Kelly* is inapposite because the plaintiff in that case neither named *nor* provided adequate notice to the proposed additional parties.  234 F.R.D. 70, 74 (S.D.N.Y. 2006).  Here, Plaintiff can show that -- from the outset of the case -- Messrs. Landa and Philipson had actual and constructive notice of the claims against them.  Motion to Amend at 20.

10

For the foregoing reasons and those set forth in his memorandum in support of the motion, Plaintiff respectfully requests that this Court grant his motion for leave to file an amended complaint.

Dated: White Plains, New York
October 2, 2020

                                         Respectfully Submitted,

                                         **FINKELSTEIN, BLANKINSHIP,**
                                         **FREI-PEARSON & GARBER, LLP**

                                         By: */s/ D. Greg Blankinship*
                                         D. Greg Blankinship
                                         Jeremiah Frei-Pearson
                                         John D. Sardesai-Grant
                                         One North Broadway, Suite 900
                                         White Plains, New York 10601
                                         Tel: (914) 298-3281
                                         gblankinship@fbfglaw.com
                                         jfrei-pearson@fbfglaw.com
                                         jsardesaigrant@fbfglaw.com

                                         *Attorneys for Plaintiff and the Putative Class*