**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

October 7, 2020

**VIA ECF**
The Honorable Frederic Block
United States District Court, Eastern District of New York

### Re: Chow v. SentosaCare, LLC, et al.; Case No. 19-cv-03541-FB-SJB

Dear Judge Block,

      We represent Plaintiff Walter Chow, administrator of the estate of Leroy Chow.  We write in response to Defendants' September 30, 2020 request for a pre-motion conference to seek permission to file a motion to strike Plaintiff's class allegations in the amended complaint filed July 12, 2019.  ECF No. 12.  We respectfully request that the Court deny Defendants' request.

      Plaintiff's claim arise from Defendants' violation of New York Public Health Law § 2801-d ("§ 2801-d"), which creates a private right of action for nursing home residents deprived of any right established for their well-being.  Plaintiff alleges that Defendants fail to adequately staff the Seagate Rehabilitation and Nursing Center (the "Facility"), depriving residents of the level of care required under New York and Federal law.  This understaffing causes emotional and/or physical injuries to every Facility resident because, *inter alia*, Defendants: do not regularly wash and change patients, leaving them soiled because there are not enough staff to care for residents' bathroom needs; leave patients bedridden without adequate mobility support; serve patients inappropriate meals; force patients to live in unclean conditions or to clean the Facility themselves with caustic chemicals; and overmedicate patients to ensure docility.

**A.**    **Defendants' Motion To Strike Is Procedurally Improper.**

      Defendants fail to identify under what rule they propose to bring their motion to strike.  Presumably, Defendants will raise their motion to strike under Rule 12(f) ("Motion to Strike").  If so, Defendants' motion is precluded by Rule 12(g) because they failed to raise these objections in their November 4, 2019 Rule 12(b) motion to dismiss.  *See Cassese v. Washington Mut., Inc.*, No. 05-2724, 2007 WL 9723132, at *13 (E.D.N.Y. Sept. 7, 2007) (denying the defendant's 12(f) motion to strike because the 12(b) and 12(f) motions should have been brought together); *Barfoot v. Dolgencorp, LLC*, No. 15-24662, 2016 WL 6330588, at *1 (S.D. Fla. Feb. 5, 2016) (denying motion to strike class allegations and holding that "[a]ccording to Federal Rule of Civil Procedure 12(g)(2) . . . a party that makes a motion under [Rule 12] must not make another motion under this rule . . . that was available to the party from its earlier motion.").

      Nor should Defendants be allowed to bring a motion under Rule 23(d)(1)(D).  "[M]otions to strike directed specifically at class allegations . . . are 'disfavored' because they require the Court to 'preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled to on questions relevant to class certification.'"  *Carrillo v. Wells Fargo Bank, N.A.*, No. 18-3095, 2019 WL 3714801, at *9 (E.D.N.Y. May 10, 2019).  *See*

*also Ramirez-Marin v. JD Classic Builders Corp.*, No. 16-5584, 2017 WL 4358759 (E.D.N.Y. Sept. 30, 2017) ("Defendants miss the point: The issue of class certification is not presently before the Court.  Until a motion for class certification is made, attacks on the sufficiency of Plaintiff's class allegations are premature."); *Travis v. Navient Corp.*, No. 176-4885, 2020 WL 2523066, at *12 (E.D.N.Y. May 18, 2020) ("[Defendant] principally argues that [Plaintiff] will be unable to 'demonstrate commonality, predominance, or superiority,' and will therefore be unable to certify a class . . . Since it would be premature to decide this fact-specific argument at this junction, [Defendant's] motion to strike [Plaintiff's] class allegations is denied.").

Here, discovery is ongoing (largely due to Defendants' professed inability to timely complete its discovery obligations owing to the on-going COVID-19 pandemic).  Defendants may raise their arguments when Plaintiff moves for class certification.

B.      **Defendants' Class Certification Arguments Do Not Support A Motion To Strike.**

First, as the Administrator of the estate of his brother Leroy Chow (who resided at the Facility), Mr. Walter Chow is an adequate and typical class representative.  Defendants fail to state why they contend otherwise.  Moreover, the question of whether a class representative adequately represents a class is not properly raised under Rule 23(d)(1)(D) but should instead be resolved on Plaintiff's motion to certify the proposed class.  *See Bank v. Am. Home Shield Corp.*, No. 10-4014, 2013 WL 789203, at *3 (E.D.N.Y. Mar. 4, 2013) (Block, J.) (denying motion to strike class allegations even though the proposed plaintiff was also proposed class counsel).

Second, Defendants misstate Plaintiff's causation requirement in the context of § 2801-d. Both New York and Federal law provide that nursing homes must provide adequate staffing in order to ensure that residents are properly cared for.  *See, e.g.,* 10 N.Y.C.R.R. § 415.13 (facilities "shall provide sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident"); 42 U.S.C. § 1396r(b)(4)(C)(i)(I) (facilities "must provide 24-hour licensed nursing services which are sufficient to meet the nursing needs of its residents").  Using Defendants' records regarding staffing levels, and applying objective criteria regarding minimum adequate staffing levels, Plaintiff's expert will opine that every single resident was deprived of their right to adequate staffing and such understaffing levels caused class-wide injury, such as emotional, physical, and financial harm.  Under P.H.L. § 2801-d, Defendants are liable for statutory penalties because they understaffed the Facility.

Plaintiff need not show individual causation for every class member because this is not, as Defendants wish, a personal injury or mass tort case.  Defendants citation to *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145 (2d Cir. 1987) is thus unavailing because there "the precise legal claim [was] one for damages for personal injuries." *Id.* at 148.  That case involved veterans seeking damages from physical injuries caused by exposure to toxic chemicals, and therefore to recover, each had to prove that exposure proximately caused their injuries.  Here, Plaintiff need only prove that Defendants' policy of understaffing the Facility to boost profits deprived Plaintiff and the class of adequate staffing.

Not surprisingly, numerous courts have certified classes of nursing home residents who claim to have been deprived of the right to adequate staffing. *See Fleming v. Barnwell Nursing Home & Health Facilities, Inc.*, 309 A.D.2d 1132, 1133-34, 766 N.Y.S.2d 241 (2003) (certifying class based on § 2801-d claim and holding that the "questions regarding defendant's violation of [Department of Health] rules affecting residents predominate."); *Passucci v. Absolut Center for Nursing and Rehabilitation at Allegany, LLC*, No. 2010/6955, 2014 WL 7912858 (N.Y. Sup. Ct. Jan. 10, 2014) (certifying class based on § 2801-d claim); *Farruggio, et al. v. 918 James Receiver, LLC et al.* (Onondaga Cnty. Sup. Ct. July 10, 2019) (certifying class based on § 2801-d claim); *Jenack v. Goshen Operations LLC*, No. EF008129-2018, 2019 WL 6879888, at *4 (N.Y. Sup. Ct. Sept. 17, 2019) (certifying class based on § 2801-d claim); *Robinson Nursing and Rehabilitation Center, LLC et al. v. Phillips*, No. 16-584, 2017 Ark. 162, 2017 WL 1827824 (May 4, 2017) (affirming certification of a class of nursing home patients alleging understaffing under Arkansas law); *GGNSC Arkadelphia, LLC v. Lamb by & through Williams*, 2015 Ark. 253, 12 (2015), reh'g denied (July 23, 2015) (same); *Beverly Enterprises-Arkansas, Inc. v. Thomas*, 370 Ark. 310, 322 (2007) (same and citing *Fleming* as persuasive); *Bates v. Skilled Healthcare Group, Inc.*, No. DR060624, Decision on Class Certification at 7 (Cal. Sup. Ct. Humboldt Cnty. May 4, 2006) (certifying a class of nursing home patients alleging understaffing under California law). Indeed, the New York legislature contemplated enforcement of § 2801-d by means of class actions, as they provided that damages "may be recovered in any action which a court may authorize to be brought as a class action[.]" § 2801-d(4).

*Olmann v. Willoughby Rehabilitation & Health Care Ctr., LLC*, 2020 NY Slip Op 04750, 2020 N.Y. App. Div., 2020 WL 5032754, at *5-6 (N.Y. App. Div. 2d Dep't August 26, 2020) is an outlier, and the plaintiff there has petitioned the New York Court of Appeals to hear an appeal of this decision. And of course, as a procedural ruling, *Olmann* is not binding on this Court because "[u]nder the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996).

<u>Third</u>, Defendants state that they will produce an expert in the future whose opinion will be based on Leroy Chow's medical records (although Defendants do not state what that opinion will be or how, or even if, it will be related to class certification). In doing so, Defendants demonstrate the sagacity of waiting for the completion of fact and expert discovery before addressing the propriety of certifying a class. For his part, Plaintiff's expert will analyze the Facility's self-reported and publicly-available data and opine that the Facility's staffing levels were woefully inadequate and in violation of New York and Federal law.

<u>Finally</u>, Defendants cite to Judge Bulsara's decision denying Defendants' request to bifurcate discovery to focus on Mr. Chow's individual claim, where Judge Bulsara held that it is unlikely that Defendants could prevail on summary judgment because his claims are "heavily fact bound." Merely because Plaintiff's claims involve significant issues of fact (such as whether the Facility was in fact understaffed) does not mean that individual issues predominate. Indeed, class certification issues are always heavily fact-bound because Plaintiff must show that the class meets the Rule 23 requirements. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (a "party seeking class certification must . . . prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc.").

Plaintiff thanks Your Honor for your time and consideration.

Respectfully submitted,

Finkelstein, Blankinship, Frei-Pearson, & Garber

By: */s/ D. Greg Blankinship*
D. Greg Blankinship
gblankinship@fbfglaw.com

Cc: All counsel of record (Via ECF)