UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>Defendants. | **Civil Action No. 1:19-cv-03541-FB-SJB** |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

Dated: October 2, 2020

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Lori R. Semlies, Esq.
1133 Westchester Avenue
White Plains, NY 10604
Telephone: 914.323.7000
Facsimile: 914.323.7001
lori.semlies@wilsonelser.com

David M. Ross, *Admitted Pro Hac Vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: (202) 626-7687
Facsimile: (202) 628-3606
david.ross@wilsonelser.com

*Attorneys for all Defendants*

1

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 2

ARGUMENT .............................................................................................................................. 3

    A.    This Court Overlooked that the PHL's Use of the Term "Liable" Required Dismissal of the Non-Facility Defendants ............................................................. 4

    B.    This Court Overlooked that the PHL Requires an Actual Ownership Interest in the Facility to be a Controlling Person, and Plaintiff Fails to Allege Factual Allegations Showing Actual Ownership by Shorefront Realty or SentosaCare in the Facility ............................................................................................................ 6

    C.    This Court Overlooked that Plaintiff's Inability to Seek Injunctive Relief is a Constitutional Deficiency that Cannot be Cured by Statutory Authorization for a Potential Injunction ................................................................................................ 8

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 7

*Ashour v. Ariz. Bevs. USA LLC*,
  No. 19-7081, 2020 U.S. Dist. LEXIS 171505 (S.D.N.Y. Sept. 18, 2020) .............................. 10

*Atik v. Welch Foods, Inc.*,
  No. 15-5405, 2016 U.S. Dist. LEXIS 136056 (E.D.N.Y. Sept. 30, 2016) ................................ 9

*Barkley v. United Homes, LLC*,
  848 F. Supp. 2d 248 (E.D.N.Y. 2012) ...................................................................................... 8

*Breslaw v. Rightmire*,
  196 N.Y.S. 539 (Cnty. Ct. Kings Cnty. 1922) .......................................................................... 6

*Dominguez v. Grand Lux Cafe LLC*,
  No. 19-10345, 2020 U.S. Dist. LEXIS 109679 (S.D.N.Y. June 22, 2020) ............................ 10

*Farruggio, et al. v. 918 James Receiver, LLC et al.*
  (Onondaga Cnty. Sup. Ct. July 10, 2019) ................................................................................ 5

*Hedges v. Obama*,
  724 F.3d 170 (2d Cir. 2013) .............................................................................................. 5, 6, 7

*Hesse v. Godiva Chocolatier, Inc.*,
  No. 19-972, 2020 U.S. Dist. LEXIS 94353 (S.D.N.Y. May 29, 2020) .................................. 10

*In re Daley*,
  222 B.R. 44 (Bankr. S.D.N.Y. 1998) ........................................................................................ 6

*In re Health Mgmt. Sys. Inc. Sec. Litig.*,
  113 F. Supp. 2d 613 (S.D.N.Y. 2000) ...................................................................................... 3

*Inc. Vill. of Garden City v. Genesco, Inc.*,
  No. 07-5244, 2009 U.S. Dist. LEXIS 87354 (E.D.N.Y. Sep. 23, 2009) .................................. 3

*Izquierdo v. Panera Bread Co.*,
  No. 18-12127, 2020 U.S. Dist. LEXIS 55395 (S.D.N.Y. Mar. 30, 2020) .............................. 10

*Kennedy v. Mondelez Global LLC*,
  No. 19-302, 2020 U.S. Dist. LEXIS 124538 (E.D.N.Y. July 10, 2020) ................................... 9

1125513v.2

*Lahey v. Bev. Mktg. USA*,
   No. 19-1902, 2020 U.S. Dist. LEXIS 68049 (E.D.N.Y. Apr. 16, 2020) .................................. 10

*Lamb v. Cookware Co. United States, LLC*,
   No. 20-704, 2020 U.S. Dist. LEXIS 104559 (S.D.N.Y. June 15, 2020) ..................................... 9

*Lugones v. Pete & Gerry's Organic, LLC*,
   440 F. Supp. 3d 226 (S.D.N.Y. 2020) ................................................................................... 10

*Ocello v. City of N.Y.*,
   No. 05-3725, 2008 U.S. Dist. LEXIS 55767 (E.D.N.Y. July 21, 2008) ..................................... 4

*People ex rel. Spitzer v. Applied Card Sys., Inc.*,
   805 N.Y.S.2d 175 (N.Y. App. Div. 2005) ................................................................................ 8

*People v Roberts*,
   31 N.Y.3d 406 (2018) ........................................................................................................ 5, 6

*Rivera v. Navient Sols., LLC*,
   No. 20-1284, 2020 U.S. Dist. LEXIS 150129 (S.D.N.Y. Aug. 19, 2020) ................................ 10

*Sharpe v. A&W Concentrate Co.*,
   No. 19-768, 2020 U.S. Dist. LEXIS 152801 (E.D.N.Y. Aug. 24, 2020) ................................. 10

*Sunrest Properties, LLC v. Sunrest Nursing Home*,
   2005 WL 1993485 (N.Y. Sup. Ct. Aug. 15, 2005) ................................................................... 5

*Troncoso v. TGI Friday's, Inc.*,
   No. 19-2735, 2020 U.S. Dist. LEXIS 100695 (S.D.N.Y. June 8, 2020) .................................. 10

*TRW Inc. v. Andrews*,
   534 U.S. 19 (2001) ................................................................................................................ 7

**Statutes**

PHL § 2808-a ............................................................................................................................. 2

PHL § 2808-a(1) ..................................................................................................................... 4, 5

PHL § 2808-a(2) .................................................................................................................. 2, 6, 7

**Rules**

Federal Rule 60(b) ..................................................................................................................... 2

Local Civil Rule 6.3 ............................................................................................................... 2, 3

Pursuant to Local Civil Rule 6.3 of the Southern and Eastern Districts of New York and Rule 60(b) of the Federal Rules of Civil Procedure, Defendants move for reconsideration of this Court's September 25, 2020 Memorandum and Order ("Order"), ECF No. 69, which denied Defendants' Motion to Dismiss ("Motion"). The Motion included three arguments. Reconsideration is appropriate because this Court overlooked controlling statutory language for the first two arguments, and overlooked the Constitutional basis for the third argument.

## PRELIMINARY STATEMENT

Defendants' first argument addressed Plaintiff's suing of all Defendants other than the Facility Defendant based on the allegation that they are "controlling persons" of the Facility as set forth in New York Public Health Law ("PHL") § 2808-a.[1] This section requires that a "residential health care facility" be "liable" under the PHL for controlling persons to "also be liable." This Court failed to address the PHL's text, in particular the use of the term "liable." Order at 3. Instead, this Court relied on caselaw that allowed controlling persons to be sued along with a facility, but none of those courts were presented with the statutory language argument at issue here. Under controlling statutory interpretation principles, the "liable" language used in the statute must control, not cases that did not address this language in the statute. Defendants showed that ample authorities define the term "liable" as requiring a prior adjudication of liability, requiring reconsideration to address and apply the plain meaning of the statute, which should result in the dismissal of the non-Facility Defendants.

Defendants' second argument involved the deficient inclusion of Shorefront Realty LLC and SentosaCare, LLC as defendants because PHL § 2808-a(2) requires an "ownership interest"

---

[1] The non-Facility Defendants refer to all Defendants except Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center (the "Facility").

2

for a party to meet the definition of a "controlling person." This Court solely focused on the language in the PHL <u>after</u> the requirement of an "ownership interest" to find that the allegations against these two Defendants were sufficient to survive dismissal. Order at 4. Under threshold statutory interpretation principles, all language in a statute must be given effect. Because Plaintiff has not and could not allege that either of these Defendants had an actual "ownership interest" in the Facility, reconsideration is required to address and give effect to the plain meaning of the statute, which should result in the dismissal of these two Defendants.

Defendants' third argument addressed Plaintiff's lack of Constitutional standing for Plaintiff to seek injunctive relief because he did not and cannot allege that Leroy Chow will again reside at or be harmed by the Facility. This Court solely focused on the potential availability of an injunction under the PHL. Order at 5. As Defendants' argument is based on Plaintiff's lack of Constitutional standing, a statute's reference to potential injunctive relief is irrelevant. Because Constitutional standing requirements are the threshold and preeminent authority for this Court to recognize and apply, reconsideration is necessary to enforce this requirement and dismiss Plaintiff's injunctive relief allegations.

**ARGUMENT**

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court," and "'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Inc. Vill. of Garden City v. Genesco, Inc.*, No. 07-5244, 2009 U.S. Dist. LEXIS 87354, *5-7 (E.D.N.Y. Sep. 23, 2009) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Nevertheless, a "motion for reconsideration pursuant to Local Rule 6.3 will be granted if the moving party presents factual matters or controlling decisions the court overlooked that might have materially

influenced its decision." *Ocello v. City of N.Y.,* No. 05-3725, 2008 U.S. Dist. LEXIS 55767, *14-16 (E.D.N.Y. July 21, 2008). "Reconsideration is also appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice." *Id.*

Defendants served their Motion on September 20, 2019, ECF No. 36-1, Exhibit 1, and their Reply brief ("Reply") on November 4, 2019, ECF No. 36-6, Exhibit 2. This Court issued its Order on September 25, 2020, ECF No. 69, Exhibit 3. Reconsideration of the Order is appropriate because this Court "overlooked" the text in the "controlling" PHL statute and the Constitution, which also renders reconsideration proper to "correct a clear error" and "prevent manifest injustice." *Ocello,* 2008 U.S. Dist. LEXIS 55767, at *14-16. The result of this Order is severe as the non-Facility Defendants have to remain as defendants in this putative class action because this Court overlooked clear statutory language warranting their dismissal. Further, Plaintiff can still pursue injunctive relief despite failing to meet the threshold Constitutional standing requirement to seek this relief.

**A.     This Court Overlooked that the PHL's Use of the Term "Liable" Required Dismissal of the Non-Facility Defendants**

Defendants' first argument was that all Defendants except the Facility must be dismissed because the plain language of PHL § 2808-a(1) reads: "Every person who is a controlling person of any residential health care facility *liable* under any provision of this article to any person or class of persons for damages … shall also be liable, jointly and severally, with and to the same extent as such residential health care facility…" (emphasis added). Motion at 6-10, Reply at 2-4. Defendants argued that to trigger a ripe legal claim to sue a defendant as a "controlling person," the plain language requires that the Facility has been adjudicated "liable" under the PHL to

4

someone, and no such adjudication has occurred, rendering Plaintiff without a case or controversy to sue any Defendants except the Facility. *Id.*

This Court found that "New York courts have made clear that Section 2808 makes the controlling person personally liable for damages sustained by a person *asserting* a claim under one of the substantive provisions of Public Health Law Article 28," and therefore "claims against 'controlling persons' may be litigated simultaneously with claims against a facility." Order at 3, citing *Sunrest Properties, LLC v. Sunrest Nursing Home*, 2005 WL 1993485, *5 (N.Y. Sup. Ct. Aug. 15, 2005) and *Farruggio, et al. v. 918 James Receiver, LLC et al.* (Onondaga Cnty. Sup. Ct. July 10, 2019). However, as Defendants recognized in their Reply, "[n]o court has been presented with this statutory plain language argument." Reply at 2. These courts never addressed the argument at issue here.

Under governing principles for this Court, the plain language of a statute must control the statutory application issue here, not New York courts that did not address this statutory language issue. As the cases cited by Defendants make clear, "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Hedges v. Obama*, 724 F.3d 170, 189 (2d Cir. 2013). *See also People v Roberts*, 31 N.Y.3d 406, 418 (2018) ("the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof;" "If the words chosen have a 'definite meaning, which involves no absurdity or contradiction, then there is no room for construction and courts have no right to add or take away from that meaning.'") (citations omitted).

Defendants cited numerous federal and state cases defining the term "liable" in the exact, plain-meaning manner that Defendants argued (the PHL does not define the term). Motion at 6-7, Reply at 3. Defendants showed that courts define the term "liable" as referring to being bound in

5

1125513v.2

law, meaning a party is not deemed "liable" until adjudicated as such. *Id. See, e.g., In re Daley*, 222 B.R. 44, 47 (Bankr. S.D.N.Y. 1998) (the "word 'liable' means 'bound or obliged in law or equity'"); *Breslaw v. Rightmire*, 196 N.Y.S. 539, 541 (Cnty. Ct. Kings Cnty. 1922) ("Liability is defined as 'the state of being bound or obliged in law or in justice.'") (citations omitted).

This Court did not undertake the "starting point" of interpretation by giving effect to the "plain meaning" of "liable" in the PHL, which should have completed this Court's "judicial inquiry." *Hedges*, 724 F.3d at 189; *Roberts*, 31 N.Y.3d at 418. Reconsideration is therefore warranted to address and give effect to the plain meaning of the statute, which should result in the dismissal of the non-Facility Defendants.

**B.  This Court Overlooked that the PHL Requires an Actual Ownership Interest in the Facility to be a Controlling Person, and Plaintiff Fails to Allege Factual Allegations Showing Actual Ownership by Shorefront Realty or SentosaCare in the Facility**

Defendants' second argument was that Defendants Shorefront Realty LLC and SentosaCare, LLC additionally require dismissal because a "controlling person" requires an ownership interest in the Facility under PHL § 2808-a(2), and Plaintiff does not allege specific factual allegations showing that either of these Defendants has an actual ownership interest in the Facility. Motion at 10-12, Reply at 4-8.

This Court recognized that the text of the PHL defines "controlling person" to mean "any person who by reason of a direct or indirect *ownership interest* (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility." Order at 4, quoting PHL § 2808-a(2) (emphasis added). This Court then cited Plaintiff's allegations that "(i) 'Shorefront Realty owns the property occupied by the Facility and receives rent payments . . . for the use of the property'; (ii) SentosaCare contracts-for and provides 'administrative services' to the

6

Facility; and (iii) 'there is a significant overlap in the ownership' of Shorefront Realty, SentosaCare, and the Facility." *Id.* This Court then found that "those allegations plausibly show Shorefront Realty and SentosaCare have "the ability. . . in concert with others with ownership interests, to direct or cause the direction of the management or policies of said facility." *Id.*

This Court overlooked the "by reason of a direct or indirect ownership interest" prerequisite language in § 2808-a(2), and instead focused on the language that follows. A plain reading of the statute shows that the presence of allegations showing the ability "to direct or cause the direction of the management or policies of said facility" is irrelevant unless the prior "by reason of a direct or indirect ownership interest" is satisfied. PHL § 2808-a(2). In other words, without specific factual allegations showing an actual "ownership interest," the satisfaction of the remainder of the statutory language is irrelevant.[2] As Defendants pointed out, "[i]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). *See also Hedges*, 724 F.3d at 189 ("[w]hen the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete").

Because this Court overlooked the threshold "ownership interest" statutory requirement, for which factual allegations are lacking, reconsideration is merited to address and apply this statutory text, and Defendants Shorefront Realty and SentosaCare should be dismissed.

---

[2] Plaintiff had to, but did not, allege factual allegations showing actual ownership, and could not merely allege a conclusory allegation that such ownership exists. A court's assumption of truth is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

C.  **This Court Overlooked that Plaintiff's Inability to Seek Injunctive Relief is a Constitutional Deficiency that Cannot be Cured by Statutory Authorization for a Potential Injunction**

Defendants' third and final argument explained that because Plaintiff cannot allege that Leroy Chow will again reside at the Facility, Plaintiff lacks Constitutional standing to seek injunctive relief. Motion at 12-14, Reply at 8-9. This Court overlooked that this argument is a Constitutional standing argument. This Court found that "[w]here injunctive relief 'is authorized by statute, it is enough if the statutory conditions are satisfied. Nor is it relevant that plaintiffs have not shown that the deceptive acts or practices are ongoing.' . . . That Leroy Chow no longer resides at the Facility hardly means Defendants' conduct is 'not ongoing as to other consumers,' *id.*, and it does 'not bar the issuance of an injunction to prevent future practices.'" Order at 5 (citations omitted).

However, the issue before this Court is whether Plaintiff, personally, had Constitutional standing before this Court under Article III to pursue injunctive relief. Motion at 12-14, Reply at 8-9. Whether an injunction may be available under the PHL is irrelevant. Without an allegation of future injury to Leroy Chow, Plaintiff could not satisfy threshold Constitutional standing requirements to invoke this Court's subject matter jurisdiction. *Id.* This Court did not mention the Constitution, or address that Defendants' argument is a Constitutional standing argument. Nor did the two cases that this Court cited, Order at 5, *Barkley v. United Homes, LLC*, 848 F. Supp. 2d 248, 274 (E.D.N.Y. 2012) and *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 805 N.Y.S.2d 175, 179 (N.Y. App. Div. 2005), which did not address Constitutional standing arguments or requirements.

As Defendants showed, Plaintiff's inability to allege that Leroy Chow will again reside at or be harmed by the Facility is a Constitutional infirmity that precludes Plaintiff's standing to

8

seek injunctive relief. The "requirement that a plaintiff allege a risk of future injury in order to obtain injunctive relief is a constitutional requirement that all plaintiffs must satisfy." *Atik v. Welch Foods, Inc.*, No. 15-5405, 2016 U.S. Dist. LEXIS 136056, *16 (E.D.N.Y. Sept. 30, 2016).

Reconsideration is appropriate because the Constitutional standing of Plaintiff overrides any other arguments for the availability of an injunction, including the potential availability of an injunction under the PHL, the basis for this Court's decision. Order at 5. For example, in *Lamb v. Cookware Co. United States, LLC*, the court addressed a plaintiff's argument that Florida's Deceptive and Unfair Trade Practices Act conferred standing. *Id*, No. 20-704, 2020 U.S. Dist. LEXIS 104559, *14 (S.D.N.Y. June 15, 2020). The court found that "[a]lthough the FDUTPA allows a plaintiff to pursue injunctive relief," "it cannot supplant Constitutional standing requirements. Article III of the Constitution requires that a plaintiff seeking injunctive relief allege a threat of future harm." *Id.* (finding putative class action plaintiff lacked Constitutional standing to seek injunctive relief).

The parties completed briefing Defendants' Motion in November 2019. Since then, courts in the Eastern and Southern Districts of New York have repeatedly dismissed injunctive relief claims in putative class actions due to a lack of Constitutional standing because the plaintiff (like Plaintiff here) does not allege a future injury. Courts recognize that to have Constitutional standing, plaintiffs "must plead a likelihood of future injury in order to show standing to sue for an injunction," and "[s]ince Plaintiffs have failed to demonstrate their own Article III standing here, no class based on their allegations could have standing for injunctive relief." *Kennedy v. Mondelez Global LLC*, No. 19-302, 2020 U.S. Dist. LEXIS 124538, *15 (E.D.N.Y. July 10, 2020).

Other consistent decisions in 2020 abound. Examples include:

9

- *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 238-39 (S.D.N.Y. 2020) (finding a lack of Constitutional standing where a mere possible future injury is alleged and dismissing plaintiffs' request for injunctive relief for lack of standing, and "[b]ecause plaintiffs do not individually have standing to seek injunctive relief, they also lack standing to seek injunctive relief on behalf of the class.").

- *Ashour v. Ariz. Bevs. USA LLC*, No. 19-7081, 2020 U.S. Dist. LEXIS 171505, *10-11 (S.D.N.Y. Sept. 18, 2020) (dismissing plaintiff's claims in putative class action because "In order to obtain injunctive relief, the Constitution requires that a plaintiff allege a risk of future injury").

- *Sharpe v. A&W Concentrate Co.*, No. 19-768, 2020 U.S. Dist. LEXIS 152801, *7-11 (E.D.N.Y. Aug. 24, 2020) (dismissing injunctive relief claims in putative class action for plaintiff's lack of Constitutional standing due to absence of allegations of future harm).

- *Rivera v. Navient Sols., LLC*, No. 20-1284, 2020 U.S. Dist. LEXIS 150129, *40 (S.D.N.Y. Aug. 19, 2020) (dismissing injunctive relief claims in putative class action for lack of Constitutional standing due to absence of allegations by plaintiff of future harm).

- *Dominguez v. Grand Lux Cafe LLC*, No. 19-10345, 2020 U.S. Dist. LEXIS 109679, *5-6 (S.D.N.Y. June 22, 2020) (finding Constitutional standing lacking in putative class action where plaintiff alleged no substantial risk of future injury, and noting that allegations of past exposure to illegal conduct are insufficient).

- *Troncoso v. TGI Friday's, Inc.*, No. 19-2735, 2020 U.S. Dist. LEXIS 100695, *11 (S.D.N.Y. June 8, 2020) (dismissing injunctive relief claims in putative class action for lack of Constitutional standing due to absence of plaintiff's allegations of future harm).

- *Hesse v. Godiva Chocolatier, Inc.*, No. 19-972, 2020 U.S. Dist. LEXIS 94353, *15 (S.D.N.Y. May 29, 2020) (dismissing named plaintiffs' injunctive relief claims in putative class action because the "conditionality of this alleged injury removes it from the harms that Article III authorizes federal courts to remedy. Plaintiffs rest on precisely the sort of "allegations of possible future injury" that are insufficient to create subject-matter jurisdiction").

- *Lahey v. Bev. Mktg. USA*, No. 19-1 902, 2020 U.S. Dist. LEXIS 68049, *6-7 (E.D.N.Y. Apr. 16, 2020) (dismissing injunctive relief claims in putative class action for lack of Constitutional standing due to absence of plaintiff's allegations of future harm).

- *Izquierdo v. Panera Bread Co.*, No. 18-12127, 2020 U.S. Dist. LEXIS 55395, *11 (S.D.N.Y. Mar. 30, 2020) (dismissing injunctive relief claims in putative class action for lack of Constitutional standing due to absence of plaintiff's allegations of future harm).

Because this Court overlooked the Constitutional standing requirement upon which Defendants based their injunctive relief argument, reconsideration is merited, and Plaintiff's injunctive relief claims should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should reconsider its Order, address and apply the overlooked statutory language and Constitutional requirement, and consequently dismiss the non-Facility Defendants and dismiss Plaintiff's injunctive relief claims.

Dated: October 2, 2020

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s/ *David M. Ross, Esq.*

Lori R. Semlies, Esq.
1133 Westchester Avenue
White Plains, NY 10604
Telephone: 914.323.7000
Facsimile: 914.323.7001
lori.semlies@wilsonelser.com

David M. Ross, *Admitted Pro Hac Vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: (202) 626-7687
Facsimile: (202) 628-3606
david.ross@wilsonelser.com

***Attorneys for all Defendants***