# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　　　　v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>　　　　　　　　Defendants. | **Civil Action No.**<br>**1:19-cv-03541-FB-SJB** |

## **REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Dated: October 19, 2020　　　　　　　　WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

　　　　　　　　　　　　　　　　　　　Lori R. Semlies, Esq.
　　　　　　　　　　　　　　　　　　　1133 Westchester Avenue
　　　　　　　　　　　　　　　　　　　White Plains, NY 10604
　　　　　　　　　　　　　　　　　　　Telephone: 914.323.7000
　　　　　　　　　　　　　　　　　　　Facsimile: 914.323.7001
　　　　　　　　　　　　　　　　　　　lori.semlies@wilsonelser.com

　　　　　　　　　　　　　　　　　　　David M. Ross, *Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　1500 K Street, N.W., Suite 330
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　Telephone: (202) 626-7687
　　　　　　　　　　　　　　　　　　　Facsimile: (202) 628-3606
　　　　　　　　　　　　　　　　　　　david.ross@wilsonelser.com

　　　　　　　　　　　　　　　　　　　***Attorneys for all Defendants***

1129492v.2

## **TABLE OF CONTENTS**

**Page**

I. Defendants' Motion for Reconsideration Presents a Textbook Case for Reconsideration ................................................................................................................. 2

II. Defendants Showed that Reconsideration is Warranted Because the Court Overlooked that the PHL's Use of the Term "Liable" Required Dismissal of the Non-Facility Defendants ..................................................................................................... 4

III. Defendants Demonstrated that Reconsideration is Appropriate Because The Court Overlooked that the PHL Requires an Actual Ownership Interest in the Facility to be a Controlling Person, and Plaintiff Failed to Include Factual Allegations Showing Actual Ownership by Shorefront Realty or SentosaCare in the Facility .............. 5

IV. Defendants Showed that Reconsideration is Warranted Because the Court Overlooked that Plaintiff's Inability to Seek Injunctive Relief is a Constitutional Deficiency that Cannot be Cured by Statutory Authorization for an Injunction ................. 7

CONCLUSION ................................................................................................................................ 9

1129492v.2

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barkley v. United Homes, LLC*,
   848 F. Supp. 2d 248 (E.D.N.Y. 2012) ....................................................................................... 8

*Breslaw v. Rightmire*,
   196 N.Y.S. 539 (Cnty. Ct. Kings Cnty. 1922) ........................................................................... 4

*Burns v. Cty. of Schenectady*,
   No. 07-0776, 2010 U.S. Dist. LEXIS 156066 (N.D.N.Y. Feb. 9, 2010) ................................... 3

*Cortez v. Forster & Garbus, LLP*,
   No. 17-06501, 2020 WL 1083680 (E.D.N.Y. Mar. 6, 2020)...................................................... 3

*Hedges v. Obama*,
   724 F.3d 170 (2d Cir. 2013) ................................................................................................... 5, 6

*In re Daley*,
   222 B.R. 44 (Bankr. S.D.N.Y. 1998)......................................................................................... 4

*Kennedy v. Mondelez Global LLC*,
   No. 19-302, 2020 U.S. Dist. LEXIS 124538 (E.D.N.Y. July 10, 2020)..................................... 8

*Lamb v. Cookware Co. United States, LLC*,
   No. 20-704, 2020 U.S. Dist. LEXIS 104559 (S.D.N.Y. June 15, 2020) ................................... 8

*People v Roberts*,
   31 N.Y.3d 406 (2018) ............................................................................................................ 5, 6

*Shrader v. CSX Transport, Inc.*,
   70 F.3d 255 (2d Cir. 1995) ..................................................................................................... 2, 3

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992) ................................................................................................. 2, 3

**Statutes**

PHL § 2808-a................................................................................................................... 1, 4, 5

PHL § 2808-a(2) .............................................................................................................. 1, 5, 6

**Constitutional Provisions**

U.S Const. art. III..................................................................................................................8

1129492v.2

In their opening brief, Defendants showed that reconsideration is appropriate because the Court overlooked dispositive statutory and Constitutional basis in the three arguments that the Court addressed in its September 25, 2020 Memorandum and Order ("Order"), ECF No. 69. Defendants showed that for the first argument, the Court overlooked the text of New York Public Health Law ("PHL") § 2808-a, which uses the term "liable." Instead of applying controlling statutory interpretation principles to give effect to this text, the Court relied on decisions from courts that were never presented with this statutory language argument. Defendants showed that for the second argument, the Court overlooked the text of PHL § 2808-a(2), which requires a threshold "ownership interest." Instead of applying controlling statutory interpretation principles to give effect to this statutory requirement, the Court solely focused on subsequent language in the statute and cases addressing that subsequent language. Defendants showed that for the third argument, the Court overlooked the Constitutional requirement that Plaintiff must satisfy to have standing to seek injunctive relief. Instead, the Court exclusively focused on the availability of an injunction under the PHL, which is irrelevant if a Plaintiff does not have the threshold Constitutional standing to even seek potentially available injunctive relief.

In opposition, Plaintiff argues that because Defendants raised these statutory and Constitutional arguments in their motion to dismiss and the Court noted these arguments in the sections of its Order outlining the arguments that Defendants raised, reconsideration is improper. Yet for the Court to have "overlooked" grounds in its findings in the Order, Defendants would have had to raise those grounds in the first place. Further, that the Court mentioned these arguments is not the issue, the issue is the Court's overlooking of the arguments in its analysis and findings. Defendants showed that because the Court overlooked these threshold statutory and Constitutional basis in its analysis and findings, which of necessity would have changed the

Court's ultimate decision for each argument, reconsideration is appropriate. Indeed, the authorities that Plaintiff cites recognize that a court overlooking grounds warrants reconsideration. Plaintiff did not refute any of these threshold basis in opposing Defendants' motion to dismiss, and raises no new arguments in his oppositon to Defendants' motion for reconsideration, showing that reconsideration is meritorious.

## I. Defendants' Motion for Reconsideration Presents a Textbook Case for Reconsideration

Defendants showed that the standards for reconsideration are satisfied by the grounds raised in their opening brief. In opposition, Plaintiff argues that Defendants merely rehash their motion to dismiss arguments instead of showing clear error. Opposition ("Opp.") at 1. Defendants cited their statutory and Constitutional arguments, which the Court could not have overlooked unless Defendants had first raised them, and demonstrated that the Order exhibits clear error by failing to address these basis. Opening Brief ("Op. Br.") at 2-9. The cases that Plaintiff cites show that his proposed reconsideration standard is incorrect, as these cases recognize that reconsideration is proper to rectify that which the Court "overlooked" and to "correct a clear error or prevent manifest injustice." Opp. at 3, citing *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Plaintiff contends that because the Court mentioned Defendants' statutory and Constitutional arguments during its recitation of the arguments that Defendants raised, the Court necessarily rejected these arguments by "implication," rendering reconsideration improper. Opp. at 1-2, 4-5, 7, 9. In actuality, the issue presented in this motion for reconsideration is that the Court overlooked these overarching arguments in its analysis and findings, nowhere mentioning any of these basis in reaching its findings. The Court could not have rejected these arguments by

"implication," because the Court's findings are not reconcilable with a consideration of these statutory and Constitutional arguments, all of which are threshold and dispositive grounds. Op. Br. at 2-9. As Plaintiff notes, the Court found in *Cortez v. Forster & Garbus, LLP* in denying reconsideration that "Defendant fails to identify any issue that the Court overlooked." *Id.*, No. 17-06501, 2020 WL 1083680, at *1 (E.D.N.Y. Mar. 6, 2020). Here, Defendants have done so, pointing out the controlling statutory and Constitutional basis that the Court overlooked. Reconsideration is appropriate to correct this, and to "correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255.

Plaintiff also repeatedly cites *Burns v. Cty. of Schenectady*, asserting that if a court does not explicitly address arguments that a party asserts, the court necessarily considered the arguments, and therefore reconsideration is inappropriate. Opp. at 2, 4, 5, 7, 9. Such a standard does not exist, of course, given a Court's "overlooking" grounds are a basis for reconsideration, as even the authorities that Plaintiff cites recognizes. Opp. at 3-4, citing *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting "overlooking" grounds for reconsideration); *Cortez*, 2020 WL 1083680, at *1 (same). In reality, the *Burns* court simply noted that as to the particular decision at issue in that case, "to the extent that the court did not explicitly address the arguments now reasserted, it nonetheless considered them in rendering" its decision. *Id.*, No. 07-0776, 2010 U.S. Dist. LEXIS 156066, *2 (N.D.N.Y. Feb. 9, 2010). The *Burns* court noted that the standards for reconsideration include "a clear error of law, or the specter of manifest injustice." *Id.* Here, Defendants have shown a "clear error of law, or the specter of manifest injustice." The statutory and Constitutional grounds at issue in this motion for reconsideration are dispositive, and therefore could not have been "considered in rendering" the Court's Order, which also constitutes a clear error of law. Op. Br. at 2-9. Defendants also

3

showed the manifest injustice, because the result of the Order is that the non-Facility Defendants have to remain as defendants, and Plaintiff can still pursue injunctive relief, in this putative class action. Op. Br. at 4. Moreover, Plaintiff is relying on the Order to attempt to shoe-horn in the addition or even more non-Facility Defendants through his motion for leave to further amend his complaint, currently pending before the Court. *See* Plaintiff's Motion for Leave to File [Second] Amended Class Action Complaint, ECF. No. 68 (filed September 18, 2020).

## II. Defendants Showed that Reconsideration is Warranted Because the Court Overlooked that the PHL's Use of the Term "Liable" Required Dismissal of the Non-Facility Defendants

In their opening brief, Defendants showed that applying overlooked statutory interpretation principles would result in the application of the term "liable" in PHL § 2808-a. Op. Br. at 4-6. Defendants demonstrated that the term "liable" is consistently defined as requiring a prior adjudication of liability, requiring dismissal of the non-Facility Defendants. *Id. See, e.g., In re Daley*, 222 B.R. 44, 47 (Bankr. S.D.N.Y. 1998) (the "word 'liable' means 'bound or obliged in law or equity'"); *Breslaw v. Rightmire*, 196 N.Y.S. 539, 541 (Cnty. Ct. Kings Cnty. 1922) ("Liability is defined as 'the state of being bound or obliged in law or in justice.'"). In opposition, Plaintiff replicates his theme that Defendants previously asserted this argument and the Court referenced the argument in outlining the arguments that Defendants raised. Opp. at 5. As shown above, Plaintiff's arguments do not diminish the merit in Defendants' motion for reconsideration.

Plaintiff also notes the Court's statement in its Order that the "Court and precedent disagree." Order at 3. Defendants showed in their opening brief that the Court overlooked that none of the "disagree[ing] precedent" addressed the statutory language at issue, the term "liable" in PHL § 2808-a. Op. Br. at 4-6. These courts did not address this argument because they were

not presented with an argument based on the plain language of "liable" in the statute. Precedent therefore could not "disagree" with an argument that had never been presented to these courts. Defendants identified this fact in their motion to dismiss briefing, but the Court overlooked in the Order that prior courts had never addressed the argument.

Plaintiff also argues that he showed that "Defendants' argument is foreclosed by the plain text of PHL § 2808-a and its legislative history." Opp. at 6. To the contrary, Plaintiff did not show any authority foreclosing or even addressing Defendants' argument. Defendants' argument is based on the plain language of the statute, and no statutory text, legislative history or judicial decision "forecloses" or contradicts Defendants' argument. No court has addressed it. Threshold statutory interpretation principles, overlooked by the Court in its Order, provide that "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Hedges v. Obama*, 724 F.3d 170, 189 (2d Cir. 2013). *See also People v Roberts*, 31 N.Y.3d 406, 418 (2018) ("the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof;" "If the words chosen have a 'definite meaning, which involves no absurdity or contradiction, then there is no room for construction and courts have no right to add or take away from that meaning.'"). The plain meaning of the statutory term "liable" required a prior adjudication of liability against the Facility, requiring reconsideration to address and apply the plain meaning of the statute, and subsequent dismissal of the non-Facility Defendants.

**III. Defendants Demonstrated that Reconsideration is Appropriate Because The Court Overlooked that the PHL Requires an Actual Ownership Interest in the Facility to be a Controlling Person, and Plaintiff Failed to Include Factual Allegations Showing Actual Ownership by Shorefront Realty or SentosaCare in the Facility**

In their opening brief, Defendants showed that applying threshold statutory interpretation principles results in the application of the threshold term "ownership interest" in PHL § 2808-

5

a(2), which is necessary for a party to meet the definition of a "controlling person." Op. Br. at 6-7. Such an application would require dismissal of Shorefront Realty LLC and SentosaCare, LLC because Plaintiff did not include factual allegations showing either Defendant has an actual ownership interest in the Facility. *Id.* In opposition, Plaintiff repeats that the Court recited Defendants' various arguments. Opp. at 7. The salient issue, however, is that the Court overlooked the threshold statutory language and statutory interpretation principles in its analysis and findings, as Defendants showed. Op. Br. at 6-7.

Plaintiff argues that in its Order the Court identified "allegations by Plaintiff that 'plausibly show' Shorefront Realty's and SentosaCare's ownership interests in the Facility" and recognized the "multiple facts alleged by Plaintiff that plausibly establish an ownership interest." Opp. at 7-8. The Court did not find that these factual allegations showed an actual "ownership interest" in the Facility by these Defendants. Order at 4. As Defendants demonstrated, no such actual ownership allegations are in the Amended Complaint. Op. Br. at 6-7. In fact, the Court cited Plaintiff's allegations solely in connection with the second part of PHL § 2808-a(2)'s statutory language, the "direct or cause the direction of the management or policies of said facility" language. Order at 4. The Court did not address the clear threshold statutory requirement found in the preceding text in PHL § 2808-a(2) that these Defendants must first have had an actual "ownership interest" to even reach the "direct or cause the direction" language in the statute. Order at 4. The Court only focused on the language in the PHL after the requirement of an "ownership interest" to find that the allegations against these two Defendants were sufficient to survive dismissal. Order at 4. Under threshold statutory interpretation principles, *see Hedges*, 724 F.3d at 189; *Roberts*, 31 N.Y.3d at 418, the "ownership interest" language in the PHL must be given effect, and these Defendants should be dismissed because

6

1129492v.2

Plaintiff did not allege that either Defendant has an actual "ownership interest" in the Facility.

### IV. Defendants Showed that Reconsideration is Warranted Because the Court Overlooked that Plaintiff's Inability to Seek Injunctive Relief is a Constitutional Deficiency that Cannot be Cured by Statutory Authorization for an Injunction

In their opening brief, Defendants showed that the Court failed to consider the Plaintiff's lack of standing to seek injunctive relief is due to an incurable threshold Constitutional infirmity, which rendered the availability of injunctive relief under the PHL an irrelevancy. Op. Br. at 8-10. Plaintiff repeats that the Court, prior to its analysis and findings, recited the arguments that Defendants raised. Opp. at 9. The relevant issue for reconsideration is that the Court overlooked the Constitutional basis for this argument when the Court made its analysis and findings. Order at 5. Plaintiff argues that the Court merely failed to "expound on its rejection of Defendants' Constitutional "standing" argument." Opp. at 9. To the contrary, the Court did not address Plaintiff's Constitutional standing, so the Court could not "expound" on any rejection of Defendant's Constitutional standing argument. Order at 5.

Plaintiff also takes issue with Defendants' citation to a number of decision issued in 2020 by courts in the Eastern and Southern Districts, which repeatedly dismissed injunctive relief claims due to a lack of Constitutional standing where, as here, a plaintiff fails to allege a threat of future harm. Opp. at 10. Plaintiff argues that these cases, which Plaintiff entirely fails to discuss or distinguish, cited earlier caselaw, and therefore do not support reconsideration. Opp. at 10-11. Plaintiff omits that each one of these cited cases found a lack of Constitutional standing, just as Defendants argued and as the Court overlooked in its findings, which bolsters the propriety of the Court reconsidering the Order and dismissing Plaintiff's injunctive relief claims. Op. Br. at 9-10.

Plaintiff concedes that he cannot show future harm for Leroy Chow, but argues he can still pursue injunctive relief because the PHL allows for its potential pursuit. Opp. at 11-12. Plaintiff also cites to *Barkley v. United Homes, LLC*, 848 F. Supp. 2d 248, 274 (E.D.N.Y. 2012), as the Court did in its Order, to support this position. Opp. at 11-12; Order at 5. However, as Defendants showed in their opening brief, it is irrelevant if a statute allows for the potential pursuit of an injunction. Op. Br. at 9-10. What matters is the threshold question of whether the plaintiff has Constitutional standing to seek injunctive relief in the first place, and only after that standing is established does a court consider whether the statute at issue allows for injunctive relief. Op. Br. at 8-10. *See, e.g., Kennedy v. Mondelez Global LLC*, No. 19-302, 2020 U.S. Dist. LEXIS 124538, *15 (E.D.N.Y. July 10, 2020) (finding that since "Plaintiffs have failed to demonstrate their own Article III standing here, no class based on their allegations could have standing for injunctive relief"). Further, as Defendants showed, the *Barkley* court did not address Constitutional standing arguments or requirements. Op. Br. at 8.

As Defendants noted in their opening brief, the court in *Lamb v. Cookware Co. United States, LLC*, rejected an argument that a state statute that allowed a plaintiff to pursue injunctive relief trumped a Constitutional standing requirement. Op. Br. at 9, *citing Lamb*, No. 20-704, 2020 U.S. Dist. LEXIS 104559, *14 (S.D.N.Y. June 15, 2020). That court found that although the statute "allows a plaintiff to pursue injunctive relief," "it cannot supplant Constitutional standing requirements. Article III of the Constitution requires that a plaintiff seeking injunctive relief allege a threat of future harm." *Id.* Constitutional standing requirements are the threshold and preeminent authority for the Court to recognize and apply, rendering reconsideration necessary to enforce this requirement and dismiss Plaintiff's injunctive relief allegations.

8

1129492v.2

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' opening brief, the Court should reconsider its Order, address and apply the overlooked statutory language and Constitutional requirement, and accordingly dismiss the non-Facility Defendants and dismiss Plaintiff's injunctive relief claims.

Dated: October 19, 2020  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s/ *David M. Ross, Esq.*

Lori R. Semlies, Esq.
1133 Westchester Avenue
White Plains, NY 10604
Telephone: 914.323.7000
Facsimile: 914.323.7001
lori.semlies@wilsonelser.com

David M. Ross, *Admitted Pro Hac Vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: (202) 626-7687
Facsimile: (202) 628-3606
david.ross@wilsonelser.com

*Attorneys for all Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Reply was served on all counsel of record via ECF on October 19, 2020.

 /s/ *David M. Ross, Esq.*
David M. Ross