UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, *as Administrator of the Estate of Leroy Chow, individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>*v.*<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>Defendants. | **ORDER**<br>19-CV-3541-FB-SJB |

**BULSARA, United States Magistrate Judge:**

Plaintiff Walter Chow, as administrator of the Estate of Leroy Chow ("Chow"), seeks leave to file a second amended Complaint. (Notice of Mot. for Leave to File Am. Class Action Compl. dated Sept. 18, 2020 ("Mot."), Dkt. No. 68). Based on information gathered during discovery, Chow seeks to substitute Benjamin Landa ("Landa") and Bent Philipson ("Philipson") for two of the John Doe defendants. (Mem. in Supp. of Mot. dated Sept. 18, 2020 ("Pl.'s Mem."), Dkt. No. 68; *see* Second Am. Class Action Compl., attached as Ex. E to Decl. of John D. Sardesai-Grant in Supp. of Mot. dated Sept. 18, 2020 ("Sardesai-Grant Decl."), Dkt. No. 68). For the reasons stated below, the motion is denied.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Chow has brought a putative class action against Seagate Rehabilitation and Nursing Center (the "Center"), a nursing home in Brooklyn, alleging that its treatment

and care of patients violates New York Public Health Law section 2801-d. (Class Action Compl. dated July 11, 2019 ("Am. Compl."), Dkt. No. 12, ¶ 1). Leroy Chow, Walter Chow's brother, resided in the Center from February 2015 to August 2016, and he passed away on December 27, 2017. (*Id.* ¶¶ 6–7). Chow commenced this case in New York State Supreme Court, Kings County, on November 27, 2018. (Notice of Removal dated June 14, 2019, Dkt. No. 1, ¶ 1). Defendants removed the action on June 14, 2019. (*See id.*). Chow filed an amended Complaint as of right on July 12, 2019. (Am. Compl.). In this Complaint, Chow named ten individual defendants (the "Individual Defendants"), allegedly "controlling persons" of the Center who are jointly and severally liable for the Center's violations of section 2801-d. (*Id.* ¶¶ 11, 75). He also included three corporate defendants: Shorefront Operating LLC ("Shorefront Operating"), which operates the Center, (*id.* ¶ 10; Defs.' Answer and Affirmative Defenses to Pl.'s Class Action Compl. dated Oct. 28, 2020 ("Answer"), Dkt. No. 79, ¶ 10); Shorefront Realty LLC ("Shorefront Realty"), which owns the property on which the Center is located, (Am. Compl. ¶ 13; Answer ¶ 13); and SentosaCare, LLC ("SentosaCare"), which provides administrative services to the Center, (Am Compl. ¶ 14; Answer ¶ 14). Chow also included 25 John Doe defendants in his Complaint, other then-unknown persons who "owned, operated, or controlled" the Center. (Am. Compl. ¶ 15). According to this Complaint, under the New York Public Health Law, anyone who "by reason of a direct or indirect ownership interest (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership interests, to direct or cause the direction of the management or policies" of the Center is liable for violations of the law. (*See id.* ¶ 11 n.5 (quoting N.Y. Pub. Health Law § 2808-a)).

In their initial disclosures, Defendants listed 10 members of Shorefront Operating, the Individual Defendants. (Defs.' Resps. to Pl.'s Local Civil Rule 26.1 Demands dated Oct. 2, 2019 ("Defs.' Rule 26.1 Resps."), attached as Ex. B to Sardesai-Grant Decl., Dkt. No. 68, at 2–3). In these responses, Defendants also disclosed that Philipson and Landa are the sole members of SentosaCare, (*id.* at 2), Landa is a member of Shorefront Realty, (*id.* at 3), and "Philipson Family Limited Liability Company c/o Bent Philipson" is a member of Shorefront Realty, (*id.*).[1]

Chow conducted a Rule 30(b)(6) deposition of Shorefront Operating on July 27, 2020. (Pl.'s Mem. at 9). Shorefront Operating designated Eli Grinspan ("Grinspan") as its representative. (*Id.*). The deposition was noticed to include testimony on the corporate structure of Shorefront Operating. (*See* Eli C. Grinspan Dep. Tr. dated July 27, 2020 ("Dep. Tr."), attached as Ex. A to Sardesai-Grant Decl., Dkt. No. 68, at 22:08–:14).

---

[1] Chow also served interrogatories on Shorefront Operating. (Def. Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center's Resp. to Pl.'s First Set of Interrogs. dated Oct. 11, 2019 ("Interrog. Resps."), attached as Ex. C to Sardesai-Grant Decl., Dkt. No. 68). "[T]he Federal Rules are explicitly clear that interrogatories must be answered by *the party to whom they are directed and signed by him under oath.*" *Trueman v. N.Y.S. Canal Corp.*, No. 09-CV-49, 2010 WL 681341, at *5 (N.D.N.Y. Feb. 24, 2010) (emphasis added); *see also* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."), 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections."). This is not a ministerial requirement; interrogatory answers are equivalent to sworn witness testimony, which cannot be supplied by counsel. *See 287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976, 2012 WL 1899222, at *9 (E.D.N.Y. May 24, 2012); *Trueman*, 2010 WL 681341, at *5. Shorefront Operating's responses to these interrogatories are signed only by David M. Ross, its counsel, and were not made under oath. (Interrog. Resps. at 15). Thus, Shorefront Operating's interrogatory answers are deficient, and the Court will not consider them on this motion. *See 287 Franklin Ave. Residents' Ass'n*, 2012 WL 1899222, at *9 (collecting cases). And to the extent that Shorefront Operating wishes to rely on these responses, and not to be adjudged deficient, it must promptly serve rule-compliant responses.

At the deposition, Grinspan offered conflicting testimony regarding Philipson and Landa's roles with respect to Shorefront Operating. He testified that he was familiar with the corporate structure of Shorefront Operating, (*id.* at 22:21–23:10), and that Philipson and Landa are owners of Shorefront Operating, (*id.* at 52:11–:14, 55:04–56:04). But he also said he was "not sure" whether Philipson and Landa are owners of Shorefront Operating, (*id.* at 52:24–53:06), and that he was "not familiar with" "[t]he exact details of the structure" of the company, (*id.* at 56:03–:04).

On September 18, 2020, Chow moved for leave to amend the Complaint to add Philipson and Landa as Defendants. (Mot.; Pl.'s Mem.). He also argues that the claims against Philipson and Landa relate back to the filing of the original Complaint and are therefore not barred by the applicable statute of limitations. (Pl.'s Mem. at 18–23).

In opposition, Defendants argue that the motion to amend is futile because Grinspan made a mistake in his deposition and Philipson and Landa are not actually owners of Shorefront Operating. (Defs.' Opp'n to Mot. dated Sept. 25, 2020 ("Opp'n"), Dkt. No. 70, at 3). They also contend that the amendment is futile because the claims are barred by the statute of limitations, Chow is acting in bad faith by bringing the motion, adding Landa and Philipson to the Complaint would prejudice them, and the motion is unduly delayed. (*See id.* at 8–11).

On December 14, 2020, this Court requested supplemental briefing on the timeliness of Chow's claims against Philipson and Landa; specifically, whether they properly relate back under New York law. (Order dated Dec. 14, 2020). Chow filed a supplementary brief on December 30, 2020. (Pl.'s Suppl. Letter Br. in Supp. of Mot. dated Dec. 30, 2020 ("Pl.'s Suppl. Br."), Dkt. No. 80). Defendants filed a supplementary brief on January 7, 2021. (Resp. in Opp'n to Mot. dated Jan. 7, 2021 ("Defs.' Suppl.

4

Br."), Dkt. No. 81). In their supplementary brief, Defendants argue that, because Philipson and Landa's roles in the Center "ha[ve] long been known to" Chow, relation back is foreclosed and any amendment to include them would be futile. (*See* Defs.' Suppl. Br. at 1–2). The Court agrees and, for the reasons stated below, denies Chow's motion to amend the Complaint.

## DISCUSSION

Rule 15(a)(2) applies to Chow's motion because it is a second amendment. Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading *once* as a matter of course[.]" (emphasis added)). "Rule 15(a)[(2)] . . . provides that in cases where a party cannot amend as a matter of course, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *CSX Transp., Inc. v. Emjay Env't Recycling, Ltd.*, No. 12-CV-1865, 2013 WL 12329546, at *2 (E.D.N.Y. Sept. 18, 2013) (quoting Fed. R. Civ. P. 15(a)(2)). Such leave shall be freely granted.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting a prior version of Rule 15(a)(2)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).

Because the motion seeks to add new parties, it is also "governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party,' . . . . However, 'the same standard of liberality applies under either Rule.'" *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010) (first quoting Fed. R.

5

Civ. P. 21; next quoting *FTD Corp. v. Banker's Tr. Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997)).

For the reasons stated below, the Court concludes that Chow's proposed amendment is futile and, as a result, must be denied.

"A motion to amend will be considered futile if the Court determines, 'as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 61 (E.D.N.Y. 2014) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)) (adopting report and recommendation); *Gayvoronskaya v. Americare, Inc.*, No. 15-CV-6641, 2018 WL 4378162, at *1 (E.D.N.Y. Mar. 26, 2018) (same); *see also, e.g.*, *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258–60 (2d Cir. 2002) (reversing the District Court's order permitting the plaintiff leave to amend his complaint where his proposed new claim was "barred by substantive contract law").

The parties agree that claims brought under section 2801-d of the Public Health Law are subject to a three-year statute of limitations. (*See* Pl.'s Suppl. Br. at 1; Opp'n at 8). Since Leroy Chow resided in the Center from February 2015 to August 2016, (Am. Compl. ¶ 6), any new claims against Philipson and Landa are time barred unless Chow establishes they relate back to November 27, 2018, when the action was first filed.

Chow argues that the claims against Philipson and Landa relate back to the filing of the original Complaint under Rule 15(c)(1)(A) and Rule 15(c)(1)(C). (Pl.'s Mem. at 18–23). The Court addresses each provision in turn.

I. Rule 15(c)(1)(A)

Rule 15(c)(1)(A) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1). "Rule 15(c)(1)(A) instructs courts . . . to look to the entire *body* of limitations law that provides the applicable statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). The parties agree that New York law supplies the applicable statute of limitations. (Pl.'s Mem. at 22; Opp'n at 8).

Here, the "applicable limitations law" is section 1024 of the C.P.L.R., which specifically governs claims against newly named John Doe defendants. *See Hogan*, 738 F.3d at 518–19; *Fahlund v. Nassau County*, 265 F. Supp. 3d 247, 257 (E.D.N.Y. 2017).

Section 1024 of the C.P.L.R. provides that

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be thrown a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. Thus, for the Court to permit amendment of a pleading to name John Doe defendants, the identities of the John Doe defendants must have actually been unknown to Chow. *ABKCO Indus., Inc. v. Lennon*, 52 A.D.2d 435, 441–42 (1st Dep't 1976) ("CPLR 1024 allows use of the John Doe caption only where plaintiff is ignorant of the name or identity of a proper party defendant."). A plaintiff must also establish that it acted with "due diligence to ascertain" their names and describe each John Doe "in such form as will fairly apprise the party that she is the intended defendant." *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 30 (2d Dep't 2009). And finally, the claims must

7

also be timely or relate back under New York's "more general relation-back statute, C.P.L.R. 203." *DaCosta v. City of New York*, 296 F. Supp. 3d 569, 585 (E.D.N.Y. 2017); *Leclaire v. Fort Hudson Nursing Home, Inc.*, 52 A.D.3d 1101, 1102 (3d Dep't 2008) (applying C.P.L.R. § 203 to determine whether a claim under section 2801-d of the New York Public Health Law related back to the filing of the original complaint).

The Court finds that Philipson and Landa were known to Chow, and thus Chow's motion fails.

As noted, section 1024 permits a party to proceed against John Doe defendants only where that party "is ignorant, in whole or in part," of those Defendants' names or identities. N.Y. C.P.L.R. § 1024; *see Town of Hancock v. First Nat'l Bank*, 93 N.Y. 82, 86 (1883) ("The section referred to applies to a case where a cause of action is known to exist against one whose name only is unknown, and not where a cause of action is not known to exist against a person whose name and identity are known."); *see also, e.g.*, *Taylor v. Williams Commc'ns, Inc.*, No. 02-2011, 2004 WL 5614591, at *4 (N.Y. Sup. Ct. Oct. 22, 2004) (dismissing claims against two newly named John Doe defendants where the plaintiff knew the names of the defendants prior to the filing of her complaint but believed she lacked a cause of action against them), *aff'd*, 23 A.D.3d 1162 (4th Dep't 2005).

It is clear from the record that Chow was aware of Philipson and Landa and that they were potential defendants. Chow identified Philipson and Landa in the Amended Complaint as "[t]he principals of SentosaCare." (Am. Compl. ¶ 14 n.10; *accord* Project # 152177-E dated Sept. 21, 2015, attached as Ex. 5 to Am. Compl., Dkt. No. 12, at 1–2, 12). Landa is also identified as "an owner of Shorefront Realty, which has an ownership interest in the" Center, and Philipson as "a member of Philipson Family, LLC, which is

also an owner of Shorefront Realty." (Am. Compl. ¶ 14 n.10). (Philipson and Landa's roles in SentosaCare and Shorefront Realty were also confirmed by Defendants' discovery responses. (*See, e.g.*, Defs.' Rule 26.1 Resps. at 2–3)).

In opposing Defendants' motion to dismiss, Chow argued that "both Shorefront Realty and SentosaCare, as the landlord and administrator, respectively, of the [Center], have the capability to make a profit off the operations of the [Center] and the ability to influence the operation and management of the [Center]," and, as a result, are liable as "controlling persons" of the Center under New York Public Health Law section 2801-d. (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss dated Oct. 21, 2019, Dkt. No. 36, at 12–13).[2] He also argued that the companies' *indirect* interests in the Center exposed them to liability under section 2801-d. (*See id.* at 11–20). Under Chow's own theory of liability, it follows that Philipson and Landa, principals and part owners of these companies, are similarly situated, and that Chow was well aware of both their identities and potential liability prior to Grinspan's deposition. (*See* Defs.' Suppl. Br. at 1–2). As a result, the Court finds that the claims against Philipson and Landa do not satisfy the requirements of C.P.L.R. § 1024 and thus cannot relate back under Rule 15(c)(1)(A). *See, e.g.*, *Fahlund*, 265 F. Supp. 3d at 258; *ABKCO Indus.*, 52 A.D.2d at 441–42 ("Boreham's name and identity had been known to the plaintiff well before the lawsuit was instituted. . . . Plaintiff's failure to do so by itself requires dismissal of the action as against Boreham."). And because Chow fails to satisfy this threshold requirement, the Court does not reach the remaining elements of section 1024, including whether the

---

[2] Defendants' motion to dismiss was denied, and the District Court concluded that Chow had adequately pled that Shorefront Realty and SentosaCare were liable under the statute to survive a motion to dismiss. *Chow v. Shorefront Operating LLC*, No. 19-CV-3541, 2020 WL 5752117, at *2 (E.D.N.Y. Sept. 25, 2020).

claims relate back under New York's general relation-back statute. *Bumpus*, 66 A.D.3d at 34–35.

II. Rule 15(c)(1)(C)

"Rule 15(c)(1)(C) provides the federal standard for relation back." *Hogan*, 738 F.3d at 517. Under this federal standard, a party may amend its pleading to change the name of a party only if (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; and, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment" (2) "received such notice of the action that it will not be prejudiced in defending on the merits; and" (3) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Chow has failed to establish that "within the period provided by Rule 4(m) for serving the summons and complaint, the part[ies] to be brought in by amendment," that is, Philipson and Landa, "knew or should have known that the action would have been brought against [them], *but for a mistake concerning the proper party's identity*." *Id.* (emphasis added). There was no mistake here and therefore Chow cannot satisfy this narrow relation-back standard.

"This Circuit has interpreted [Rule 15(c)(1)(C)] to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan*, 738 F.3d at 517–19. That is, under Second Circuit precedent, "a mistake concerning the proper party's identity" does not encompass situations where a plaintiff does not know the identity of one of the defendants; for example, relation back is precluded under Rule

10

15(c)(1)(C) where a plaintiff does not know the names of the officers against whom he seeks to assert a § 1983 claim. *See, e.g., id.* at 518; *Scott v. Village of Spring Valley*, 577 F. App'x 81, 82–83 (2d Cir. 2014). Therefore, because Chow was not mistaken about Philipson and Landa's roles in the Center there is no mistake—for example, that two other people were owners of the Center—that would permit relation back under Rule 15(c)(1)(C).[3] Indeed, as noted, Chow knew of Philipson's and Landa's roles with Shorefront Realty, and under his own theory about the relationship between Shorefront Realty and the Center, they could have been liable as an owners of the Center; he simply chose not to name them as Defendants until now. That is an intentional decision, not a mistake. For this reason, the claims against Philipson and Landa do not relate back under the federal relation-back standard and, as a result, any amendment to include them would be futile.

## CONCLUSION

For the reasons stated above, Chow's motion for leave to file an amended complaint is denied.

---

[3] Some District Courts in the Second Circuit "have carved out an exception" to this restrictive rule and deem amendments to relate back under Rule 15(c)(1)(C) where defendants have obstructed a plaintiff's attempt to discern the identity of a John Doe defendant. *DaCosta*, 296 F. Supp. 3d at 593 (collecting cases). For example, in *Morales v. County of Suffolk*, the Eastern District found that an amendment to name a John Doe defendant related back where defense counsel repeatedly adjourned the relevant depositions and otherwise obstructed discovery, which prevented the plaintiff from learning the identity of the defendant during the Rule 4(m) period. 952 F. Supp. 2d 433, 438 (E.D.N.Y. 2013). This exception is "not yet endorsed by the Second Circuit," *Feliciano v. County of Suffolk*, No. 04-CV-5321, 2013 WL 1310399, at *10 (E.D.N.Y. Mar. 28, 2013), but even if it were, it would not apply to Chow's motion. There is no such misconduct on Defendant's part in this case. And as discussed, Chow was already aware that Philipson and Landa had ownership interests in the Center and were potential defendants, but he chose not to name them until it was too late.

SO ORDERED.

*/s/ Sanket J. Bulsara* January 20, 2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York