UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
WALTER CHOW, as Administrator of
The Estate of LEROY CHOW,
Individually and on behalf of all others
similarly situated

                Plaintiff,

  -against-

SHOREFRONT OPERATING LLC
d/b/a SEAGATE REHABILITATION
AND NURSING CENTER; SHAINDY
BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA;
ESTHER FARKOVITZ; AVI
PHILIPSON; BERISH RUBINSTEIN;
DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK;
SHOREFRONT REALTY LLC;
SENTOSACARE LLC AND DOES 1-
25,

                Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-3541-FB-SJB

*Appearances:*
*For the Plaintiff*:
JEREMIAH LEE FREI PEARSON
Finkelstein, Blankenship, Frei
Pearson & Garber, LLP
445 Hamilton Ave
White Plains, NY 10601

*For the Defendants*:
LORI SEMLIES
Wilson, Elser, Moskowitz, Edelman &
Dicker, LLP
150 East 42nd St.
New York, NY 10017

**BLOCK, Senior District Judge:**

1

Leroy Chow resided at Seagate Rehabilitation & Nursing Center (the "Facility") from February 2015 until August 2016. Chow passed away on December 27, 2017. He did not reside in the Facility at the time of his death.

In 2018, Chow's estate asserted a putative class action claim against the Facility (and various owners and operators thereof) for "fail[ing] to staff a sufficient number of nurses and aides, thereby depriving the Facility's residents of the level of care required" under the New York Public Health Law ("PHL"). ECF No. 12 at 2. The complaint seeks damages and injunctive relief.

On September 25, 2020, the Court denied Defendants' motion to dismiss all claims against them. *See* ECF No. 69 (the "September Order"). Defendants now move for reconsideration of that denial. Their motion is granted in part.

## I.

"In general, the three grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Buell v. Hughes*, 596 F. Supp. 2d 380, 384 (D. Conn. 2009) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "The standard [for granting a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for

reconsideration may not be used to plug gaps in an original argument or to argue in the alternative," nor is it "appropriate to use a motion to reconsider solely to re-litigate an issue already decided." *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91–2 (D. Conn. 2006), *rev'd in part on other grounds* 505 F.3d 183, 197 (2d Cir. 2007).

## II.

In their motion to dismiss, Defendants made three principal arguments: (1) "The PHL's Plain Language Requires [that] the Facility. . . be Adjudicated Liable Before the [other] Defendants can be Sued"; (2) "Shorefront Realty, LLC and SentosaCare, LLC Should be Dismissed Because Plaintiff Does Not Allege They Own the Facility"; and (3) "The Absence of a Threat of Future Injury to Leroy Chow Precludes Constitutional Standing to Pursue Injunctive Relief." ECF No. 36, Ex. 6 at 2. Defendants' motion to reconsider makes the same arguments in nearly identical language. *Compare* ECF No. 36, Exs. 1, 6 *with* ECF No. 73, Ex. 1 at 4 (reiterating "Defendants' first argument. . . that all Defendants except the Facility must be dismissed because [of] the plain language of PHL § 2808-a(1)"), 6 (reiterating "Defendants' second argument. . . that Shorefront Realty, LLC and Sentosacare, LLC additionally require dismissal because [under the PHL] a controlling person requires [*sic*.] an ownership interest in the Facility. . . and Plaintiff does not allege specific factual allegations showing that either of these defendants had an actual ownership interest"), 8 (reiterating "Defendants' third and final argument. . . that because Plaintiff cannot allege that Leroy Chow will again reside at the Facility, Plaintiff lacks

3

Constitutional standing to seek injunctive relief"). The motion to reconsider is therefore an attempt to "relitigate. . . issue[s] already decided." *Blumenthal*, 408 F. Supp. at 92.

Defendants respond that reconsideration is nonetheless appropriate because the Court "overlooked" their three principal arguments. This is not so. The September Order explicitly states that "The Court and precedent disagree" with Defendants' first argument, that the second argument "misread[s] Plaintiff's complaint," and that the third argument "also fails" because "[where] injunctive relief is authorized by statute, it is enough if the statutory conditions are satisfied." *See* ECF No. 69 at 3–5. *See also Barkley v. United Homes, LLC*, 848 F. Supp. 2d 248, 274 (E.D.N.Y. 2012), *aff'd sub nom. Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22 (2d Cir. 2014), *as amended* (Jan. 30, 2014). Defendants should not mistake the Court's rejection of their arguments for ignorance.

### III.

Because Defendants fail to show that the Court overlooked any of their arguments or the cases they cite, they can only obtain reconsideration if the Court's analysis was marked by "clear error or manifest injustice." *CSX Transp., Inc.*, 70 F.3d at 257; *Hughes*, 596 F. Supp. 2d at 384. Such error exists when the Court "base[s] its ruling on an erroneous view of the law." *Virgin Atl. Airways, Ltd*, 956 F.2d at 1254-55.

No such error is evident in the Court's adjudication of Defendants' first and second arguments. Defendants' "plain language" argument has never been accepted by a New York State court, and New York courts have allowed plaintiffs to pursue claims against individuals simultaneously with claims against facilities. *See, e.g.*, *Sunrest Properties, LLC v. Sunrest Nursing Home*, No. 15240-04, 806 N.Y.S.2d 449, 2005 WL 1993485, at *5 (N.Y. Sup. Ct. Aug. 15, 2005) (PHL Section 2808 "makes the controlling person personally liable for damages sustained by a person *asserting* a claim under one of the substantive provisions of Public Health Law Article 28") (emphasis added); *Farruggio, et al. v. 918 James Receiver, LLC et al.* (Onondaga Cnty. Sup. Ct. July 10, 2019) (allowing claim to proceed against a facility and its owners). Thus, even if Defendants' plain language argument has some intuitive appeal, the fact that two state courts have adopted positions inconsistent with it means that rejecting it was not "clear error."

Defendants' second argument likewise fails to justify reconsideration. As explained in the September Order, PHL § 2808-a(1)'s "direct or in direct ownership interest" language was written broadly to "insure [*sic.*] that liability and responsibility follow the capacity to make a profit." *Ocean Side Inst. Indus., Inc. v. United Presbyterian Residence*, 678 N.Y.S.2d 653, 654 (N.Y. App. Div. 1998). Plaintiff (1) directly alleges that Shorefront Operating, LLC and SentosaCare, LLC have an ownership interest in the Facility; and (2) plausibly alleges that both companies make a profit from the Facility. *See* ECF No. 69 at 4-5; ECF No. 12 at 5. Under the PHL's

broad standard, it was not "clear error" to hold that these allegations establish "at least an indirect and/or beneficial ownership interest in the operation of the Facility." ECF No. 12 at 5.

By contrast, Defendants' constitutional standing argument justifies reconsideration. Upon review of the relevant caselaw, the Court concludes that it improperly relied on *Barkley,* F. Supp. 2d 248, to refute that argument. In *Thole v. U.S. Bank, N.A.*, the United States Supreme Court "rejected the argument that a plaintiff automatically satisfies the injury-in fact requirement [of Article III standing] whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 140 S. Ct. 1615, 1620 (2020) (*quoting Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). Thus, post-*Thole*, *Barkley* cannot be read to support the proposition that a plaintiff with a "statutory right. . .to sue" necessarily possesses Article III standing. *Cf. Barkley*, 848 F. Supp. 2d at 273-74.[1] To

---

[1] The Court further acknowledges that its reading of *Barkley* was likely overbroad even before *Thole*. The Court cited *Barkley* for the proposition that "When an injunction is authorized by statute, it is enough if the statutory conditions are satisfied." *Barkley*, 848 F. Supp. 2d at 274. But that language is immediately preceded by the statement that "the contention that plaintiffs failed to prove the existence *of the usual equitable grounds for relief, such as irreparable damage*, is plainly irrelevant." *Id.* at 273-74 (emphasis added). The most natural reading of the entire text therefore suggests that a plaintiff who satisfies a statute's criteria for an injunction is not required to prove that "equitable grounds for relief, such as irreparable harm" are also present. *Id.* But "standing is a federal jurisdictional question," not a question of equity. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (quoting *Carver v. Cty. of N.Y.*, 621 F.3d 221, 225 (2d Cir. 2010)). It was error to read *Barkley* as endorsing an exception to jurisdictional standing requirements.

the extent that the Court relied on a contrary reading of the law, it clearly erred. *Virgin Atl. Airways, Ltd*, 956 F.2d at 1254-55.

## IV.

Because Chow's statutory right to sue does not guarantee standing, he must affirmatively establish standing for his injunctive claims. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) ("a plaintiff must demonstrate standing for each claim and form of relief sought") (quoting *Baur v. Veneman*, 352 F.3d 625, 642 n.15 (2d Cir. 2003)). Chow's Amended Complaint does not clearly do so. Although Chow alleges violations of the PHL, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding *injunctive* relief. . .if unaccompanied by any present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) (emphasis added). Moreover, although the Court sympathizes with the Chow family's loss, it must acknowledge that Leroy Chow's death means his past maltreatment at the Facility is "unaccompanied by any present adverse effects" and defeats any argument that Chow might "reasonably expect[] to again be subjected to the. . . conduct" alleged in the complaint. *Trautz v. Weisman*, 846 F. Supp. 1160, 1164 (S.D.N.Y. 1994) (*quoting Honig v. Doe*, 484 U.S. 305, 320-21 (1988)). It therefore appears that Chow lacks standing to seek injunctive relief on behalf of his proposed class. *Id.* at 1160 (holding that a "former [adult care facility] resident lacked standing to seek injunctive relief").

## CONCLUSION

For the foregoing reasons, the Court finds that it clearly erred in rejecting Defendants' constitutional standing argument. Defendants' motion for reconsideration is **GRANTED**.

Because the Court finds that Plaintiff lacks standing to seek injunctive relief, Plaintiff's request for injunctive relief is **STRICKEN**. Plaintiff's request for damages is not affected by this Order.

**SO ORDERED.**

                                         /S/ Frederic Block_____
                                         FREDERIC BLOCK
                                         Senior United States District Judge

Brooklyn, New York
June 25, 2021