## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated, <br><br>                  Plaintiff, <br><br> v. <br><br> SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25, <br><br>                  Defendants. | Civil Action <br> No. 1:19-cv-03541-FB-JRC |

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND</u>

Dated: February 25, 2022      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                  Lori R. Semlies, Esq.
                                  William Sciales, Esq.
                                  1133 Westchester Avenue
                                  White Plains, NY 10604
                                  Telephone: 914.323.7000
                                  Facsimile: 914.323.7001
                                  lori.semlies@wilsonelser.com
                                  william.sciales@wilsonelser.com

                                  David M. Ross, *Admitted Pro Hac Vice*
                                  1500 K Street, N.W., Suite 330
                                  Washington, DC 20005
                                  Telephone: (202) 626-7687
                                  Facsimile: (202) 628-3606
                                  david.ross@wilsonelser.com

                                  ***Attorneys for all Defendants***

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

SUMMARY OF ARGUMENTS ............................................................................................... 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

II.     Legal standards at issue ................................................................................................. 4

II.     Plaintiff fails to demonstrate good cause under Rule 16 ......................................... 5

III.    Plaintiff's motion to amend implicates futility, bad faith, undue delay and
        unfair prejudice to warrant denial .......................................................................... 8

        A.      Plaintiff's proposed amendment implicates futility ................................... 9

        B.      Plaintiff's proposal to amend is made in bad faith ................................. 10

        C.      Plaintiff unduly delayed in seeking to amend .......................................... 13

        D.      Plaintiff's proposed amendment would unduly prejudice
                Defendants ................................................................................................. 16

IV.     Rule 20 provides an additional basis to deny Plaintiff's leave to amend ............. 19

CONCLUSION ......................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Aluminum Warehousing Antitrust Litig.*,
  2016 U.S. Dist. LEXIS 54643 (S.D.N.Y. Apr. 25, 2016) ......................................................18

*AutoInfo, Inc. v. Hollander, Inc.*,
  1991 U.S. Dist. LEXIS 18196 (S.D.N.Y. Dec. 11, 1991) ....................................................18

*Barrows v. Forest Labs., Inc.*
  742 F.2d 54 (2d Cir. 1984)...................................................................................................15

*Block v. First Blood Assocs.*,
  988 F.2d 344 (2d Cir. 1993)..................................................................................................18

*Briarpatch Ltd., LP v. Geisler Roberdeau, Inc.*,
  148 F. Supp. 2d 321 (S.D.N.Y. 2001) ...................................................................................12

*Charlot v. Ecolab, Inc.*,
  97 F. Supp. 3d 40 (E.D.N.Y. 2014) ......................................................................................10

*Evans v. Syracuse City Sch. Dist.*,
  704 F.2d 44 (2d Cir. 1983)................................................................................................5, 14

*Grace v. Rosenstock*,
  228 F.3d 40 (2d Cir. 2000)....................................................................................................15

*Holmes v. Grubman*,
  568 F.3d 329 (2d Cir. 2009)....................................................................................................4

*Jablove v. Barr Labs., Inc.*,
  466 F.3d 187 (2d Cir. 2006)..................................................................................................10

*Jackson v. Roslyn Bd. of Educ.*,
  596 F. Supp. 2d 581 (E.D.N.Y. 2009) .....................................................................................8

*John Hancock Mutual Life Ins. Co. v. Amerford Int'l Corp.*,
  22 F.3d 458 (2d Cir. 1994)......................................................................................................5

*Leclaire v Fort Hudson Nursing Home*,
  52 A.D.3d 1101, 861 N.Y.S.2d 436 (2008) ..........................................................................10

*Lee v. Regal Cruises, Ltd.*,
  916 F. Supp. 300 (S.D.N.Y. 1996) .......................................................................................14

*Lincoln v. Potter*,
 418 F. Supp. 2d 443 (S.D.N.Y. 2006) ......................................................................8

*Martin v. MTA Bridges & Tunnels*,
 2008 U.S. Dist. LEXIS 54775 (S.D.N.Y. July 17, 2008) .......................................18

*McCarthy v. Dun & Bradstreet Corp.*,
 482 F.3d 184 (2d Cir. 2007) ....................................................................................4

*McNaughton v. Merck & Co.*,
 2004 U.S. Dist. LEXIS 30287 (S.D.N.Y. Dec. 17, 2004) ......................................19

*Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*,
 2006 U.S. Dist. LEXIS 54171 (S.D.N.Y. Aug. 3, 2006) ...............................8, 12, 16

*Oscar v. BMW of North America*,
 No. 09-11, 2011 WL 6399505 (S.D.N.Y. Dec. 20, 2011) ........................................7

*Parker v. Columbia Pictures Indus.*,
 204 F.3d 326 (2d Cir. 2000) .................................................................................4, 8

*Scott v. Chipotle Mexican Grill, Inc.*,
 300 F.R.D. 193 (S.D.N.Y. 2014) .............................................................................8

*Sly Magazine, LLC v. Weidner Publ'ns, LLC*,
 241 F.R.D. 527 (S.D.N.Y. 2007) .........................................................................4, 5

*Vine v. Beneficial Fin. Co.*,
 374 F.2d 627 (2d Cir. 1967) ..................................................................................12

*Young-Flynn v. Kelly*,
 234 F.R.D. 70 (S.D.N.Y. 2006) .............................................................................13

*Zahra v. Town of Southold*,
 48 F.3d 674 (2d Cir. 1995) ....................................................................................14

*Zeides v. Hebrew Home for the Aged at Riverdale, Inc.*,
 300 A.D.2d 178 (App. Div. 2002) .........................................................................10

## Statutes

Public Health Law § 2801-d .........................................................................................10

## Other Authorities

CPLR § 214(2) ..............................................................................................................10

Fed. R. Civ. P. § 12(b)(6)..............................................................................................10

Fed. R. Civ. P. § 15 .................................................................................................2, 4, 8, 19

Fed. R. Civ. P. § 15(a) ...................................................................................................8, 14, 15

Fed. R. Civ. P. § 15(c) ......................................................................................................14

Fed. R. Civ. P. § 16 .....................................................................................1, 4, 5, 8, 19, 20

Fed. R. Civ. P. § 16(b) ......................................................................................................4, 8

Fed. R. Civ. P. § 20 ............................................................................2, 4, 5, 18, 19, 20

Fed. R. Civ. P. § 21 .........................................................................................2, 4, 5, 8, 19

Fed. R. Civ. P. § 26(a)(1).................................................................................................13

## SUMMARY OF ARGUMENTS

Four years into this litigation, well over two years after the deadline to seek to amend the pleadings, and mere weeks before the end of fact discovery, Plaintiff seeks leave to file a second amended complaint. Contrary to Plaintiff's assertions, the proposed second amended complaint will have far more than the minimalistic impact that he asserts. The number of named plaintiffs will multiply from one to three. The relevant period of time for this case and for discovery will exponentially expand. The case will evolve from the ten month period encompassing Leroy Chow's October 2015 to August 2016 residency at Defendant Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center (the "Facility") (with a limited one year extension), to the nine-year period encompassing the 2013 to 2022 residency of proposed new plaintiff Rita Skolkin, from whom Plaintiff's counsel obtained an affidavit over *three* years ago. Plaintiff concedes in his motion to amend that the other proposed new plaintiff, Anthony Lanni, does not even have standing to sue on behalf of his deceased father. Even if he did, an arbitration agreement exists for his father's residency. A host of new dispositive briefing will be necessary.

Amendment will reward Plaintiff for his strategic delay of years to seek to add additional plaintiffs, his practice of ignoring the limited discovery period this Court has set, and endorse his attempt to circumvent the law of the case, which precluded as untimely his earlier motion to add Benjamin Landa and Bent Philipson as defendants, and the preclusion of his ability to pursue injunctive individual and class relief. Amendment to add two additional plaintiffs will also upend Defendants' fact and expert discovery and overall case planning and strategy, the class certification opposition and summary judgment motions that Defendants have already begun crafting, and Defendants' trial strategy. Plaintiff does not demonstrate good cause to satisfy Rule 16 and sidestep the amendment deadline that expired over two years ago to add new plaintiffs. Even if he could

266658840v.2

craft viable good cause rationale, he cannot satisfy all four, or any one, of the Rules 15 and 21 factors. Plaintiff's proposed amendment is futile, he engaged in bad faith in seeking amendment, he unduly delayed in seeking to add the new plaintiffs, and Defendants would be unduly prejudiced by the addition of two new plaintiffs. Plaintiff's amendment also runs afoul of Rule 20, because Ms. Skolkin and Mr. Lanni's claims do not arise from the same transaction or occurrence as Plaintiff's. Plaintiff's late hour motion to amend should be denied.

## BACKGROUND

On November 27, 2018, Plaintiff filed his first complaint in this case. Plaintiff sued the Facility, individual owners of the Facility, Shorefront Realty LLC, the owner of the land on which the Facility sits, and SentosaCare, LLC, which provides consulting and outsourcing of administrative services to the Facility. Compl. ¶¶ 10-13. Plaintiff sued the non-Facility defendants on the sole basis they are allegedly owners of the Facility and therefore are controlling persons under the Public Health Law, under which Plaintiff brings his lone cause of action. *Id.* Plaintiff filed his amended complaint in this case on July 12, 2019. Dkt. No. 12. Plaintiff continued to sue the Facility, individual owners of the Facility, Shorefront Realty LLC and SentosaCare, LLC. Am. Compl. ¶¶ 10-15. Plaintiff continued to sue the non-Facility defendants on the sole basis they are allegedly owners and controlling persons over the operations of the Facility. *Id.*

In his amended complaint, Plaintiff mentions Messrs. Landa and Philipson in a footnote, alleging that "The principals of SentosaCare are Bent Philipson and Benjamin Landa. On information and belief, Bent Philipson is related to Avi Philipson, an owner of Shorefront Operating, and Benjamin Landa is related to Deena Landa and Esther Farkovits (a/k/a Esther Landa), also owners of Shorefront Operating. Moreover, Benjamin Landa is an owner of Shorefront Realty, which has an ownership interest in the Facility, and, on information and belief,

266658840v.2

Bent Philipson is a member of Philipson Family, LLC, which is also an owner of Shorefront Realty." Am. Compl. ¶ 14 n.10. **Plaintiff chose not to name Messrs. Landa and Philipson as defendants**. The deadline to amend the pleadings in this case expired on December 5, 2019. Dkt. No. 26.

In September 2019, Plaintiff's referenced Ms. Skolkin's January 2019 affidavit in Plaintiff's interrogatory responses, and produced the affidavit to Defendants on June 4, 2020. In connection with a motion for reconsideration of one of the Court orders limiting the discovery period in this case to the time period of Leroy Chow's residency, on June 17, 2020, Plaintiff unsuccessfully attempted to file Ms. Skolkin's January 2019 affidavit with this Court in an attempt to expand the discovery period. Dkt. No. 57. On July 21, 2020, Judge Bulsara denied Plaintiff's motion and his untimely effort to file Ms. Skolkin's affidavit in support. Dkt. No. 62.

On September 18, 2020, Plaintiff sought leave to file a second amended complaint. Dkt. No. 68. Plaintiff did not request to add additional plaintiffs, but only sought to add Messrs. Landa and Philipson as defendants. On January 20, 2021, Judge Bulsara denied Plaintiff's motion for leave as untimely. Dkt. No. 84. Judge Bulsara recognized that under Plaintiff's "own theory of liability," Plaintiff "was aware of Philipson and Landa and that they were potential defendants," that "they could have been liable" as owners of the Facility, but "he simply chose not to name them as Defendants until now." *Id.* at 8-9, 11. "Chow was already aware that Philipson and Landa had ownership interests in the [Facility] and were potential defendants, but he chose not to name them until it was too late." *Id.* at 11 n.3. Plaintiff did not seek Judge Block's review of that order or otherwise seek reconsideration of the order.

On June 28, 2021, Judge Block granted Defendants' motion for reconsideration of the Court's denial of Defendants' motion to dismiss, finding that Plaintiff lacks standing to seek

injunctive relief, and striking his request for injunctive relief. Dkt. No. 88 at 8.

In the four years of this litigation and the 96 docket entries that existed as of January 2022, Plaintiff never attempted to add additional plaintiffs.

## ARGUMENT

### I.     Legal standards at issue

Plaintiff invokes Fed. R. Civ. P. 15, 16, 20 and 21 in his motion for leave to amend. Where a scheduling order governs pleading amendments, the Fed. R. Civ. P. 15 (addition of claims) and Rule 21 (joinder of additional parties) standards "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Holmes v. Grubman*, 568 F.3d 329, 334-335 (2d Cir. 2009) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d. Cir. 2003)). The existence of good cause hinges on the "diligence of the moving party." Id. at 335. Here, Plaintiff seeks to untimely amend his complaint again, the second time he has attempted to do so after the deadline established in the scheduling order. Plaintiff has the burden of establishing good cause for failing to adhere to the deadline. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-41 (2d Cir. 2000). "By limiting the time for amendments," Rule 16(b) "is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Id.* at 339-40 (noting that failing to require good cause would "reward the indolent and the cavalier").

In addition, leave under Rules 15 and 21 may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). *See also Sly Magazine, LLC v. Weidner Publ'ns, LLC*, 241 F.R.D. 527, 530 (S.D.N.Y. 2007) (noting that courts have discretion to deny leave to amend because of "'undue delay, bad faith, or dilatory motive on the part of the movant," "undue

prejudice to the opposing party by virtue of allowance of the amendment," and "futility of the amendment'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). All of the bases upon which denial should be granted are present here.

"The longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citation omitted). Courts routinely deny efforts to amend complaints that are submitted after scheduling order deadlines to join additional parties, particularly where the motion is made significantly after the initial filing of the case. *See, e.g., John Hancock Mutual Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (finding four month delay after amendment deadline warranted denial); *Sly Magazine*, 241 F.R.D. at 533 (denying motion to file amended complaint to add additional parties due to plaintiff's undue delay in waiting eight months after filing of case).

Where a plaintiff moves under Rule 20 to amend his complaint to join parties, courts can also apply Rule 21's standards to the motion. *Sly Magazine*, 241 F.R.D. at 532 (citing *Kaminsky v. Abrams*, 41 F.R.D. 168, 169 (S.D.N.Y. 1966)). Further, motions to amend a complaint to add new plaintiffs must comply with Rule 20, which provides in part that persons may join if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences…"

This case presents a textbook example where application of the legal standards at issue compels Plaintiff's motion for leave to amend be denied.

## II.     Plaintiff fails to demonstrate good cause under Rule 16

Plaintiff's assertion that good cause is shown to satisfy Rule 16 and ignore the over two-year expiration of the motion to amend deadline is belied by the facts at issue. Plaintiff entirely

relies on the January 2022 deposition testimony of Ben Landa as grounds to add two defendants. Yet Plaintiff already repeatedly named Messrs. Landa and Philipson in his amended complaint filed in July 2019, five months *before* the deadline to amend the pleadings. Dkt. No. 12. As this Court found, Plaintiff could have, and should have, named them as defendants then under his liability theories in this case, but neglected to do so. Dkt. No. 84 at 8-11.

Plaintiff argues that Mr. Landa's January 2022 deposition provided even more reasons to add Messrs. Landa and Philipson as defendants. Mot. at 8. It is settled law of the case that Plaintiff had "good cause" to add Messrs. Landa and Philipson in July 2019, and an argument that four years later Plaintiff has even more "good cause" cannot erase the preclusive reality that existed in 2019. In fact, Plaintiff concedes his own claims against these two individuals are time barred. Mot. at 8. But he attempts to use the deposition as a pretext to add two new plaintiffs to sidestep that law of the case. More troubling, adding the two new plaintiffs would eviscerate the four years of case discovery, strategy and planning that Defendants have endured.

Plaintiff's contention that good cause exists to add Ms. Skolkin and Mr. Lanni as new plaintiffs because each only recently decided to retain Plaintiff's counsel is unsurprisingly included without any legal authority. Mot. at 8. The assertion is also absurd. Plaintiff's counsel snuck into the Defendant Facility and secured an affidavit from Ms. Skolkin in January 2019, five months before Plaintiff filed his amended complaint and ten months before the deadline to amend the pleadings. Plaintiff referenced her affidavit in September 2019 interrogatory responses, three months before the amendment deadline. They also produced her affidavit in June 2020 and later that month unsuccessfully tried to submit her affidavit to the Court in June 2020 to expand the discovery period. Yet in the four years that this case has transpired, Plaintiff has *never* attempted to add Ms. Skolkin as a plaintiff. As Plaintiff recognizes, leave to amend is properly denied "if the

proposed amendment relies on information that the party knew or should have known prior to the deadline." *See Oscar v. BMW of North America*, No. 09-11, 2011 WL 6399505, at *2 (S.D.N.Y. Dec. 20, 2011). Plaintiff was aware of Ms. Skolkin and her allegations long before the December 2019 amendment deadline. Plaintiff cites no court that has allowed a plaintiff that secured testimony to be able to then wait years until after the amendment deadline, shortly before the end of fact discovery, to then assert good cause exists because that individual conveniently only then agreed to retain plaintiff's counsel. That wouldn't be good cause. That would be gamed cause.[1]

As to Mr. Lanni, Plaintiff concedes that Mr. Lanni's father did not reside at the Facility until September 2019, three years after Leroy Chow left the Facility (two years after the maximum period for fact discovery allowed in this case) and ten months after this case was filed. Plaintiff alleges that Mr. Lanni's father only resided at the Facility for four months. Over two years after his father left the Facility, as fact discovery draws to a close, only now does Plaintiff seek to add Mr. Lanni as a plaintiff. Further, although conveniently ignored in his motion to amend, in his proposed second amended complaint, Plaintiff concedes that Mr. Lanni lacks standing, as he does not have current authority to sue on behalf of his father. Mot. at Ex. 1 at ¶12 (alleging that "Mr. Lanni has applied for the issuance of Letters of Temporary Administration appointing Anthony Lanni as administrator of Vincenzo Lanni's estate, and he anticipates that such application will shortly be granted."). Even if Mr. Lanni had standing, his brother signed an arbitration agreement for his father's residency at the Facility. *See* Ross Declaration ("Ross Dec.") at Ex. 1.

---

[1] As he routinely does in filings in this case, Plaintiff repeats the slander that the Facility has "horrific and deleterious conditions." Mot. at 1. In contrast, Ms. Skolkin has resided at the Facility for nine years and is still a resident. Plaintiff's counsel visited her in the Facility in January 2019, and asserts that Ms. Skolkin retained their services in December 2021. Certainly, if the assertion that the Facility has such conditions was laid upon a foundation of truth, counsel would made every effort to rescue Ms. Skolkin from residing there. To date the Facility has not been notified about any such effort, further demonstrating the absence of veracity underpinning this lawsuit.

7

Plaintiff does not allege any diligence to attempt to add any plaintiff, including Ms. Skolkin, before the December 2019 deadline. A plaintiff "must show that the deadlines cannot be reasonably met despite its diligence. If a party was not diligent, the good cause inquiry should end." *Lincoln v. Potter*, 418 F. Supp. 2d 443 (S.D.N.Y. 2006); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014) ("To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met.").

Plaintiff has not demonstrated good cause for the untimely amendment. Plaintiff's only asserted good cause to add Ms. Skolkin and Mr. Lanni is that they only recently agreed to retain Plaintiff's counsel. He does not cite any case that has allowed amendment years after the deadlines have passed, with fact discovery at the eve of completion, because the proposed plaintiffs only recently agreed to retain counsel. The delay at issue here should be dispositive to deny Plaintiff's motion for leave to amend. *See Jackson v. Roslyn Bd. of Educ.*, 596 F. Supp. 2d 581, 586 (E.D.N.Y. 2009) (finding plaintiff's five month delay evidenced "a lack of diligence"). "Disregard of the scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Parker*, 204 F.3d at 340.

## III.   Plaintiff's motion to amend implicates futility, bad faith, undue delay and unfair prejudice to warrant denial

If a court finds that a plaintiff has not shown good cause under Rule 16(b), the court can conclude that there is "no reason to engage in an analysis under Rule 15(a)." *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, 2006 U.S. Dist. LEXIS 54171, *10 (S.D.N.Y. Aug. 3, 2006). To the extent that this Court nonetheless elects to proceed beyond a Rule 16(b) analysis, or even if Plaintiff had somehow satisfied the good cause standard of Rule 16, he would not satisfy the liberal standards of Rule 15 and 21. This case has proceeded for four years with one plaintiff, no

effort to amend to add additional plaintiffs, and a set period of relevant time of ten months. Amendment is now sought on the eve of the expiration of fact discovery that would triple the number of plaintiffs and expand the relevant period to nine years. While the presence of just one of the four reasons to deny leave to amend (futility, bad faith, undue prejudice, or undue delay) is sufficient, Plaintiff's motion implicates all four. Amendment would be futile, and bad faith, undue delay and undue prejudice are present.

A.    **Plaintiff's proposed amendment implicates futility.**

Plaintiff's proposed party additions would be futile. Plaintiff's counsel judicially admitted that Ms. Skolkin's claims against the Facility arose in 2013, *five* years before this case was filed. Her claims are facially untimely. Without timely claims against the Facility, Ms. Skolkin cannot have claims against any other Defendant, including proposed new defendants Messrs. Landa and Philipson, all of which are based on alleged ownership or control over the operations of the Facility.

On January 19, 2022, Plaintiff's counsel submitted a motion to compel discovery, in which Plaintiff's counsel referenced the "Affidavit of Rita Skolkin, dated January 31, 2019 (Ex. 10) (attesting to low staffing at the Facility from 2013 to January 2019)." Dkt. No. 94 at 3. *See also* Ross Dec. at Ex. 2 (Rita Skolkin January 31, 2019 Affidavit, as provided by Plaintiff's counsel). In his motion to amend, Plaintiff states that "Plaintiff's counsel was only retained by Ms. Skolkin and Mr. Lanni in December 2021." Mot. at 7. Thus, at the time of Plaintiff's counsel's January 19, 2022 filing, counsel was already retained by Ms. Skolkin as her counsel. In the January 19, 2022 filing, Ms. Skolkin's counsel (who also serve as Plaintiff's counsel) judicially admit that Ms. Skolkin's claims against Defendants arose in "2013." Counsel confirms that Ms. Skolkin made that testimonial admission in her "January 31, 2019" "Affidavit," which she signed under penalty

of perjury. Who attested to and notarized that affidavit on January 31, 2019? That same counsel.

The lone cause of action in this case, an alleged violation of Public Health Law §2801-d, is subject to a three year statute of limitations. CPLR 214(2); *Leclaire v Fort Hudson Nursing Home,* 52 A.D.3d 1101, 1102, 861 N.Y.S.2d 436 (2008); *Zeides v. Hebrew Home for the Aged at Riverdale, Inc*., 300 A.D.2d 178, 179-180 (App. Div. 2002). Under the three year statute of limitations, Ms. Skolkin's claims may be entirely barred.

Plaintiff concedes that Mr. Lanni does not have current standing to sue, and if Mr. Lanni did, his brother signed an arbitration agreement for his father's residency. Mot. at Ex. 1 at ¶12; Ross Dec. at Ex. 1. Mr. Lanni has no claims against anyone that he can pursue in this Court. Thus, the addition of Ms. Skolkin and Mr. Lanni as plaintiffs would be futile.

Plaintiff's motion for leave to amend is also futile because he admits that Plaintiff does not have timely claims against Messrs. Landa and Philipson to add them as defendants. Thus, without the addition of Ms. Skolkin or Mr. Lanni as additional plaintiffs, which would be futile, he cannot seek to add Messrs. Landa and Philipson as defendants.

Plaintiff's proposed new claims are futile, and "where amendment would be futile, denial of leave to amend is proper." *Jablove v. Barr Labs., Inc.*, 466 F.3d 187, 220 (2d Cir. 2006). "A motion to amend is futile if a court determines that the proposed amendment fails "'to state a claim under Rule 12(b)(6).'" *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 61 (E.D.N.Y. 2014) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

### B.    Plaintiff's proposal to amend is made in bad faith

Plaintiff asserts that any contention that Plaintiff "moves in bad faith to amend are conclusory and insufficient to show bad faith." Mot. at 19. Plaintiff asserts that the only consideration is that he deposed Mr. Landa in 2022, repeats an earlier effort to name Messrs. Landa

and Philipson as defendants, and his counsel was only recently retained to represent Ms. Skolkin and Mr. Lanni. The proposed amendment relies on the same nucleus of facts set forth in the operative complaint (ECF No. 12) and the SAC supplements Plaintiff Chow's claims with the facts of Ms. Skolkin and Vincenzo Lanni's deprivations and injury. *Id.* Plaintiff, however, cannot cloak his bad faith through such a restrictive view of his motion to amend.

Plaintiff brings his motion after four years of litigation with only one plaintiff, with discovery nearing its end in just a few weeks. He seeks amendment after repeated unsuccessful efforts to extend the relevant period for this case, including multiple motions to compel, and a reconsideration motion. He has made it abundantly clear that he would not recognize or abide by the discovery period this Court set, tied to Leroy Chow's October  2015 to August 2016 residency at the Facility, with a limited one year extension. Every discovery effort by Plaintiff, without fail, has ignored that limitation and sought discovery from 2015 to the present. *See, e.g.,* Ross Dec. at Ex. 3 (Plaintiff's Fifth Request for Production to the Facility, advising at Instruction U that "[u]nless otherwise stated, You shall produce information and documents concerning the relevant time period, which is November 27, 2015, through the present time"). Now, Plaintiff seeks to add additional plaintiffs to memorialize that steadfast refusal and endorse his recalcitrance through the drastic expansion of the relevant period through Ms. Skolkin and Mr. Lanni's late hour inclusion as plaintiffs.

Plaintiff seeks at this late hour to expand the relevant period in this case to the nine years and counting that Ms. Skolkin has resided at the Facility, to resurrect his untimely claims against Messrs. Landa and Philipson, and to undo the law of the case to once again seek injunctive relief. Plaintiff had Ms. Skolkin's affidavit even before Defendants filed their motion to dismiss, in which Defendants challenged Plaintiff's right to seek injunctive relief because Leroy Chow left the

Facility in 2016, but never sought to add Ms. Skolkin or any other plaintiff who could potentially seek injunctive relief until now. Courts find that "one basis for denial of leave to amend was the bad faith of [plaintiff] in waiting to see how he would fare on the prior motion to dismiss." *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 637 (2d Cir. 1967).

Plaintiff did not add other plaintiffs when he filed his complaint in November 2018. He did not include additional plaintiffs when he filed his amended complaint in July 2019. Dkt. No. 12. He did not seek to add plaintiffs at any time before the December 2019 deadline to seek amendment expired, or for over two years thereafter. Dkt. No. 26. Plaintiff did not request to add plaintiffs when he sought leave to file a second amended complaint in September 2020, choosing to only seek to add Messrs. Landa and Philipson as defendants, albeit untimely. Dkt. No. 68. In sum, Plaintiff has *never* attempted, or even referenced, any effort to add additional plaintiffs to this case, even though Plaintiff's counsel secured the affidavit of one of the proposed additional plaintiffs, Ms. Skolkin, over three years ago. Plaintiff had that affidavit months before he filed his amended complaint, and even more months before the deadline for amendment.

Plaintiff has allowed this case to proceed to the end of discovery, with expert discovery looming and thereafter class certification and summary judgment briefing, without the slightest hint that he would seek to add additional plaintiffs. An objective view of this late hour effort leads to the conclusion that Plaintiff's effort is made in bad faith. "Delay as a predicate for a finding of bad faith is sufficient reason to deny leave to amend." *Briarpatch Ltd., LP v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321, 326 (S.D.N.Y. 2001) (citing *Vine*, 374 F.3d at 637). *See also Nairobi Holdings*, 2006 U.S. Dist. LEXIS 54171, at *12 ("Delay can act as a predicate for a finding of bad faith, and bad faith is a sufficient reason to deny leave to amend.") (citation omitted).

By way of further example, Plaintiff served his supplemental disclosures on December 3,

2021 pursuant to Rule 26(a)(1). Ross Dec. at Ex. 4. In the disclosures, Plaintiff lists Ms. Skolkin as an individual whose declaration (actually affidavit) Plaintiff may use to support *his* claims. *Id.*; Fed. R. Civ. P. 26(a)(1). Plaintiff does not mention Mr. Lanni. *Id.* In his motion to amend, Plaintiff represents that Ms. Skolkin and Mr. Lanni retained Plaintiff's counsel in December 2021. Mot. at 7. On December 28, 2021, Plaintiff served his second supplemental disclosures. Ross Dec. at Ex. 5. Plaintiff again does not mention Mr. Lanni. *Id.* On January 10, 2022, Plaintiff served his third supplemental disclosures. Ross Dec. at Ex. 6. Yet again, Plaintiff does not mention Mr. Lanni. *Id.* On January 14, 2022, Plaintiff served his fourth supplemental disclosures. Ross Dec. at Ex. 7. Once again, Plaintiff does not mention Mr. Lanni. *Id.* Plaintiff first springs a reference to Mr. Lanni when he announces to Defendants that he will be filing his motion to amend and seeking Defendants consent as he was required to do.

### C.    Plaintiff unduly delayed in seeking to amend

The timing delays that are present here for the addition of new plaintiffs, as discussed above, are textbook examples of undue delay. The timeline from the time of Ms. Skolkin's affidavit until now, the ample filings in this case, the multiple amended pleadings efforts undertaken by Plaintiff, the motion to dismiss filing and decision, and years of discovery now drawing to a close, cry out for denial here.

Plaintiff named proposed new defendant Ben Landa four times in his July 2019 amended complaint. Dkt. No. 12. His name appears eleven times when combined with the exhibits that Plaintiff chose to file with the amended complaint. Plaintiff named proposed new defendant Bent Philipson three times in the amended complaint, and seven times when combined with the exhibits. Notably, Plaintiff does not try to argue that his amendment will relate back, as his effort is exponentially beyond the within 120 days of the first amended complaint. *See Young-Flynn v.*

*Kelly*, 234 F.R.D. 70, 74-75 (S.D.N.Y. 2006) (recognizing the Rule 15(c) requirement that the "new parties must be served, or otherwise provided adequate notice of the litigation, within 120 days of the First Amended Complaint," and therefore "the amended pleadings cannot properly relate back to the First Amended Complaint under Rule 15(c))." Obviously Mr. Landa's January 2022 deposition did not suddenly provide information that Plaintiff lacked to seek to add Messrs. Landa and Philipson as defendants, as it is settled law of the case that he has known that they could have been added under his own liability theories since the July 2019 filing of his amended complaint. Dkt. No. 84 at 8-9, 11.

This 2018 filed case is now in its fourth year and the end of discovery looms. It is well past due for amendment, and in particular the addition of two new plaintiffs in a putative class action, one of whom worked with Plaintiff's counsel to provide an affidavit in January 2019, and another whose father resided at the Facility years after the relevant period in this case as defined by this Court, yet still left the Facility years ago, and doesn't even have standing to sue. *See Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (finding undue delay where amendment motion was filed two and a half years after the filing of the action); *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 304 (S.D.N.Y. 1996) (denying amendment under Rule 15(a) where plaintiff sought leave to "ten months after court-ordered cutoff date" and "more than two years after the accident"). Moreover, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983). Plaintiff does not cite any case remotely similar to the circumstances present here where a court has permitted amendment to add new plaintiffs, not to mention resurrected barred individual and putative class injunctive relief claims, and resurrected the otherwise barred addition of defendants.

Plaintiff attempts to downplay the impact of his proposed amendment. He contends that his amendment results in the need for "limited discovery concerning Ms. Skolkin and Mr. Lanni's father," but "no additional discovery is needed, and there is no reason the deadlines for fact discovery need change." Mot. at 20. Plaintiff then asserts that there may be a need for a "short delay." *Id.* Far more extensive discovery would be necessary for Defendants given the expansion of this case that amendment would impose. For example, Ms. Skolkin's medical records alone total over 20,000 pages. *See* Ross Dec. at ¶9. Her residency spans nine years and counting instead of Leroy Chow's residency. Those that treated Ms. Skolkin during this nine year period would become relevant as to Defendants' development of its defenses. Further, like Mr. Lanni, Plaintiff proposes to add Ms. Skolkin to serve as representatives for the putative class that Plaintiff is seeking. Pursuing discovery from a plaintiff, particularly one that is proposed to serve as a class representative, is obviously far different from pursuing discovery from a witness that a plaintiff intends to utilize to support his own claims. The result is hardly the "short delay" that Plaintiff asserts.

Permitting Plaintiff to add two new plaintiffs to this action, with a relevant period that exponentially expands the time period at issue until now from 2015-2016 to 2013-2022, and suddenly render injunctive relief again at issue, all in the context of a putative class action, would "significantly expand the scope of discovery at a time when the case should be ready to proceed to trial." *Barrows v. Forest Labs., Inc.* 742 F.2d 54, 58 (2d Cir. 1984). *See Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (finding that under Rule 15(a), a "court has discretion to deny leave to amend … where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery") (quotation marks and citations omitted). Further, as noted above, "Defendants intend[] to file another motion to dismiss if leave to amend were

granted, which would only further delay the resolution of the dispute." *Nairobi Holdings*, 2006 U.S. Dist. LEXIS 54171, at *14.

### D.      Plaintiff's proposed amendment would unduly prejudice Defendants[2]

Plaintiff baselessly asserts that the addition of two new plaintiffs "imposes no undue prejudice," "Ms. Skolkin and Mr. Lanni's factual allegations stem from the same nucleus of facts as Plaintiff Chow's allegations," and the "resources Defendant has already invested in defending itself suffice to defend itself against the claims of Ms. Skolkin and Mr. Lanni -- nearly identical to those of Plaintiff Chow." Mot. at 20-21. Plaintiff's contentions are baseless.

This case is now two years past the amendment deadline. Defendants have exclusively prepared a case based on the individual and putative class claims brought by the lone named Plaintiff, Walter Chow, whose brother, Leroy Chow, *never* lodged any complaint with the Facility during his 2015-2016 residency (except as against his brother, Walter Chow). Discovery ends in just a few weeks, expert disclosures and a brief discovery period will ensue, and the parties will then brief Plaintiff's motion for class certification and file summary judgment motions.

Knowing the deadline for any amendment passed years ago, with zero efforts by Plaintiff during the four years of this case to seek to add additional plaintiffs, Defendants have already undertaken extensive efforts to prepare a class certification opposition, summary judgment motion,

---

[2] Defendants have found documentation indicating that Bent Philipson purchased Defendant Berish Rubinstein's ownership interest in the Facility. Had Plaintiff merely sought to modify the case caption to substitute Bent Philipson for Berish Rubinstein and any references in the Amended Complaint, Defendants would so agree and the parties could enter a simple stipulation to that effect. That effort would not require or warrant the addition or any new allegations, much less the addition of new plaintiffs (and resulting obliteration of four years of case discovery, strategy and case planning, as explained herein), or the addition of Ben Landa, against whom Plaintiff's claims have already been adjudicated as untimely. If Plaintiff is willing to withdraw his motion for leave even now and enter such a stipulation, Defendants are still willing to do so. Otherwise, Plaintiff's motion for leave should be denied, as explained herein. From the filing of his amended complaint in July 2019, Plaintiff has had more than enough information to include Mr. Philipson as a defendant, as this Court recognized. Dkt. No. 88.

associated expert efforts, and merits defenses, based on the individual and putative class claims of Plaintiff Walter Chow. Years of Defendants' discovery efforts have been exclusively focused on litigating a case brought by Plaintiff Walter Chow. The fact discovery period has been exclusively litigated and defined by this Court to the period of Leroy Chow's October 2015 to August 2016 residency at the Facility, with a one-time limited exception for one year for certain discovery. Defendants' discovery efforts have been focused on those who provided care for and otherwise interacted with Leroy Chow.

Now, Plaintiff seeks to add in another plaintiff who has resided at the Facility from 2013 to the present, and another who does not even have standing to serve as a plaintiff, and even if he did, his brother signed an arbitration agreement for his father's residency. For just the 30-day period encompassing September 2017 for which this Court ordered the Facility to produce documents earlier this year, Defendants have had to search almost 3,900 documents, and after running search terms, undertake a review of over 1,200 documents. *See* Ross Dec. at ¶10. If amendment is permitted, an entire new slate of witnesses will need to be identified and discovery pursued, and a trove of new documents will need to be searched for, identified and analyzed for an exponentially expanded period, at extraordinary financial and time investment costs for Defendants. *See id.* at ¶11.

Further, since June 2021, this case has exclusively been a money damages personal injury case, because Plaintiff's injunctive relief claims were stricken. Plaintiff now seeks to expand the case to also include injunctive relief. This expansion also includes Plaintiff's proposal to seek a certified injunctive relief class, in addition to seeking a damages class as this case is now currently limited. Mot. at Ex. 1 at ¶89 (alleging that "[i]n addition, the prerequisites to maintaining a class action for injunctive or equitable relief are met"). If amendment is permitted, Defendants will have

to expand their discovery and expert efforts, class certification opposition briefing, and summary judgment briefing, to also encompass class and individual injunctive relief. *See Martin v. MTA Bridges & Tunnels*, 2008 U.S. Dist. LEXIS 54775, *10 (S.D.N.Y. July 17, 2008) ("The last weeks of discovery is far too late in the day to inject a new theory into a lawsuit.").

This case is in its late stages, numerous discovery requests and responses, document productions, and depositions have already taken place, and the already extended fact discovery deadline expires on March 14, 2022. Amendment would require Defendants, and in particular the Facility, exhausted from four years of litigation and Plaintiff's scorched earth litigation tactics, including repeated motions to compel and Plaintiff's counsel repeatedly attempting to contact current and former employees and residents, in the midst of the ongoing COVID-19 pandemic, to incur extraordinary discovery, case planning and strategy efforts and significantly delay the resolution of this matter.

As discussed above, Defendants would also have to incur the time and effort to file otherwise unnecessary dispositive motions. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (noting that undue prejudice is shown if amendment will "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute"); *AutoInfo, Inc. v. Hollander, Inc.*, 1991 U.S. Dist. LEXIS 18196, *8 (S.D.N.Y. Dec. 11, 1991) ("Furthermore, it would be prejudicial to the defendants to require them to expend the additional time and money needed to defend themselves against the proposed Second Amended Complaint at this late date."); *In re Aluminum Warehousing Antitrust Litig.*, 2016 U.S. Dist. LEXIS 54643, *37 (S.D.N.Y. Apr. 25, 2016) ("to permit the plaintiffs to change and expand the focus of their case at this stage in the litigation demands too much of the defendants") (citation omitted).

## IV.     Rule 20 provides an additional basis to deny Plaintiff's leave to amend

Plaintiff asserts that his motion for leave to amend passes muster under Rule 20. He contends that "Ms. Skolkin and Mr. Lanni assert claims from the same 'transaction or occurrence' as did Plaintiff Chow" and that Messrs. Landa and Philipson can also be added as defendants given ownership allegations run with the underlying allegations against the Facility. Mot. at 23. However, Plaintiff not only fails to meet the standards under Rule 16 and Rules 15 and 21, he fails to meet the standards under Rule 20, providing an additional and alternative basis to deny his motion for leave to amend.

Plaintiff does not and cannot allege that the claims of Ms. Skolkin, Mr. Lanni and Leroy Chow arise from the same transaction or occurrence. Each had different periods of residency at the Facility. For the periods of time that Ms. Skolkin overlapped with Leroy Chow and Mr. Lanni's father, Plaintiff does not allege that each resided in the same room, the same unit, had the same medical conditions that required the same care, were tended to by the same individuals, were tended to at the same time, or that any lodged the same complaints.

The care each of these individuals needed, requested and received at the Facility is unique as to each of them. Plaintiff does not allege that each had the same age, the same health conditions, the same mobility or lack of mobility conditions, required the same level of assistance with their activities of daily living, the same dietary conditions, or a host of other individualized issues that resulted in each of them having unique, individualized "transaction or occurrence" at the Facility. Further, Ms. Skolkin has over 20,000 pages of medical records, as noted above. Ms. Lanni does not have the authority to sue, and if he does, his brother signed an arbitration agreement for his father's residency. Accordingly, Plaintiff also does not satisfy Rule 20. *See, e.g., McNaughton v. Merck & Co.*, 2004 U.S. Dist. LEXIS 30287, *7-8 (S.D.N.Y. Dec. 17, 2004) ("while Merck's actions certainly give rise to some factual and legal questions relevant to all of the potential plaintiffs, Merck's actions do not satisfy the same transaction or occurrence requirement," as the

claims "based upon the plaintiffs' ingestion of the drug VIOXX and the injuries they allegedly sustained as a result of that ingestion. The claims are not otherwise related, and joinder under these circumstances would be improper. To group the plaintiffs together primarily for filing convenience does not satisfy the requirements of Rule 20.").

## **CONCLUSION**

Because Plaintiff does not show good cause under Rule 16, implicates futility, bad faith, undue delay and unfair prejudice to Defendants, and the claims of the proposed new plaintiffs do not arise from the same transaction or occurrence, this Court should deny his motion for leave to amend.

Respectfully submitted,

Dated: February 25, 2022          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*/s/ David M. Ross, Esq.*

Lori R. Semlies, Esq.
William Sciales, Esq.
1133 Westchester Avenue
White Plains, NY 10604
Telephone: 914.323.7000
Facsimile: 914.323.7001
lori.semlies@wilsonelser.com
william.sciales@wilsonelser.com

David M. Ross, *Admitted Pro Hac Vice*
1500 K Street, N.W., Suite 330
Washington, DC 20005
Telephone: (202) 626-7687
Facsimile: (202) 628-3606
david.ross@wilsonelser.com

***Attorneys for all Defendants***

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was served upon all counsel of record via

ECF on February 25, 2022.

<div align="center" style="text-align:right">

  */s/ David M. Ross, Esq.*        
David M. Ross

</div>

21

266658840v.2