## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>    Defendants. | Civil Action<br>No. 1:19-cv-03541-FB-JRC |

## DECLARATION OF DAVID M. ROSS

1.      I am a partner with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for Defendants in this matter. I am admitted *pro hac vice* in this matter. I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. Dkt No. 97.

2.      Attached as Exhibit 1 is a true and accurate copy of a signed arbitration agreement with regard to Vincenzo Lanni's residency at Defendant Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center (the "Facility"), as found in the files for Vincenzo Lanni located at the Facility.

3.      Attached as Exhibit 2 is a true and accurate copy of the Affidavit of Rita Skolkin, dated January 31, 2019 and notarized by Plaintiff's counsel on that date, as produced by Plaintiff's counsel to Defendants on June 4, 2020.

266660537v.1

4.      Attached as Exhibit 3 is a true and accurate copy of Plaintiff's Fifth Request for Production to the Facility, dated and served on December 1, 2021.

5.      Attached as Exhibit 4 is a true and accurate copy of Plaintiff's Supplemental Disclosures Pursuant to Rule 26(a)(1), dated and served on December 3, 2021.

6.      Attached as Exhibit 5 is a true and accurate copy of Plaintiff's Second Supplemental Disclosures Pursuant to Rule 26(a)(1), dated and served on December 28, 2021.

7.      Attached as Exhibit 6 is a true and accurate copy of Plaintiff's Third Supplemental Disclosures Pursuant to Rule 26(a)(1), dated and served on January 10, 2022.

8.      Attached as Exhibit 7 is a true and accurate copy of Plaintiff's Fourth Supplemental Disclosures Pursuant to Rule 26(a)(1), dated and served on January 14, 2022.

9.      The Facility has in its files more than 20,000 pages of medical records for Rita Skolkin, as advised by the Facility.

10.      Based on documents obtained from the Facility and retained in a searchable review platform known as Relativity, for the 30-day period encompassing September 2017, Defendants have had to search almost 3,900 documents, and after running search terms, have had to undertake a manual review of over 1,200 documents.

11.      Based on the scope of the amendment sought by Plaintiff in his motion for leave to file a second amended complaint, if Plaintiff is allowed to add as additional plaintiffs Rita Skolkin and Anthony Lanni, as Administrator of the Estate of Vincenzo Lanni, given the time periods encompassed by the residency at the Facility of Ms. Skolkin and Vincenzo Lanni, an entire new slate of witnesses will need to be identified and discovery pursued. In addition, a trove of new documents will need to be searched for, identified and analyzed for an exponentially expanded

2

period as contrasted to the current period that is limited to the tenure of Leroy Chow at the Facility.

The foregoing will require extraordinary financial and time investment costs for Defendants.

   I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Washington, D.C.
    February 24, 2022

           David M. Ross

# EXHIBIT 1

**ARBITRATION AGREEMENT**

**VOLUNTARY AGREEMENT TO ARBITRATE**

**THIS AGREEMENT GOVERNS IMPORTANT LEGAL RIGHTS. PLEASE READ IT CAREFULLY BEFORE SIGNING.**

This is a voluntary agreement to resolve any dispute that may arise in the future between the parties under the American Health Lawyers Association's Rules of Procedure for Arbitration. In arbitration, a neutral third party chosen by the parties issues a final, binding decision. When parties agree to arbitrate, they waive their right to a trial by jury and the possibility of an appeal.

The Facility will provide you with the same care or treatment, without delay, even if this Voluntary Agreement to Arbitrate is not signed.

This Voluntary Agreement to Arbitrate may be revoked within 10 days after being signed. If this Agreement is not revoked within 10 days of being signed, all of the provisions will be given full force and effect.

**NOTICE:**

**BY SIGNING THIS AGREEMENT, THE PARTIES TO THIS AGREEMENT ARE WAIVING ALL OF THEIR RIGHTS TO HAVE ANY DISPUTE BETWEEN THEM DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY, AND INSTEAD ARE ACCEPTING THE USE OF BINDING ARBITRATION, WHICH WILL BE CONDUCTED BY A NEUTRAL, THIRD PARTY ARBITRATOR.**

**What is Arbitration?** Arbitration is generally a cost effective and time-saving method of resolving disputes without involving the courts. In Arbitration, the disputes are heard and decided by a private individual or individuals, called an arbitrator. The dispute will not be heard or decided by a judge or jury.

**Article 1: Binding Agreement to Arbitrate:** It is understood that any action, dispute, demand, claim, or controversy of any kind (hereinafter "Claim"), whether in contract or tort, statutory or common law, legal or equitable, or otherwise, now existing or hereafter arising between the Parties involving, related to or arising from (a) the provision of health care, nursing services and/or any other goods or services to the Resident by the Facility, its affiliates, agents, servants, employees, independent contractors, agents and/or representatives and (b) any survival action or wrongful death claim, shall be resolved by binding arbitration (the "Arbitration") and not by a lawsuit, or other resort to court process, except to the extent that applicable state or federal law provides for judicial review of arbitration proceedings or judicial enforcement of arbitration awards. Notwithstanding the previous statement, the Parties agree that any claims brought by the Facility for the collection of unpaid bills by the Resident or any payor may, in the Facility's sole discretion, be pursued through legal action in a New York State Court of law.

**Article 2: Binding Effect.** It is the intention of the Parties to this Agreement that this Agreement shall inure to the direct benefit of, whether signatories to this Agreement or not, and bind the

4495822

Parties, including the Resident, any parent, spouse, child, guardian, executor, administrator, legal representative, or heir of the Resident, as well as any survivor or wrongful death claim, Power of Attorney, Authorized Representative, Health Care Proxy, and any person who executed this Agreement or the Admission Agreement on behalf of the Resident, and all persons whose claims derive through, or on behalf of, the Resident, and the Facility, its agents, employees, servants, contractors, directors, members, board, affiliates, management company, parents and associated entities.

**Article 3: Arbitration of All Claims:** Except as provided herein, the Parties agree that any and all Claims based upon the same incident, transaction, or related circumstance shall be arbitrated in one proceeding. A Claim shall be waived and forever barred if on the date notice thereof is received, the Claim, if asserted in a civil action, would be barred by the applicable statute of limitations, or the claimant fails to pursue the arbitration Claim in accordance with the procedures prescribed herein with reasonable diligence.

**Article 3b: Small Claims Opt Out:** Regardless of any provision contained herein to the contrary, any party to this Agreement, may opt to file the Claim in a small claims court with jurisdiction over a dispute rather than file an arbitration claim.

**Article 4: Grievance:** Notwithstanding the provisions of Articles 1 and 2, nothing in this Agreement prohibits or discourages the Resident or anyone else acting on the Resident's behalf, from communicating with or filing a grievance with federal, state, or local officials, including federal and state surveyors, other federal or state health department employees, or representatives of the State Long-Term Care Ombudsman.

**Article 5: Scope of Agreement.** The Parties agree that the provision of health care services is a commercial transaction involving interstate commerce and the agreement to arbitrate herein is presumptively valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

**Article 6: Procedures:** A demand for arbitration must be communicated in writing to all Parties. Any demand for arbitration shall state (i) the Claim asserted, (ii) the facts alleged to support the Claim, and (iii) the remedy being sought.  Any dispute arising out of or relating to this Agreement or the subject matter thereof, or any breach of this Agreement, including any dispute regarding the scope of this clause will be resolved through arbitration administrated by the American Health Lawyers Association Dispute Resolution Service and conducted pursuant to the AHLA Rules of Procedure for Arbitration. Judgment on the award may be entered and enforced in Supreme Court, Nassau County.

**Article 7: Applicable Law:** This agreement shall be governed and construed in accordance with the laws of the State of New York, without regard to choice or conflict of law provisions or rules.

4495822

**Article 8: Place of Arbitration:** The seat or place of arbitration shall be at a mutually agreed upon location in the State of New York, Nassau County, unless the parties mutually agree upon an alternate venue.

**Article 9: Costs of Arbitration:** Each Party shall pay their own costs and expenses of the Arbitration, except where the Arbitrator determines that the Resident's Claim is frivolous, the apportionment of such costs is prohibited by applicable law, or the arbitrator determines it fair to require the parties to split arbitration costs.

**Article 10: Rights of Parties:** Each party shall have the right a) to assert in arbitration any claims or defenses which could be raised in a court of competent jurisdiction; and b) counsel of his/her or its choice. The party that raises a Claim in the arbitration shall bear the burden of proof with respect to the Claim unless prohibited by applicable law. The extent of discovery, if any, shall be determined by the Arbitrator.

**Article 11: Motion to Compel Arbitration:** If any party is required to file a lawsuit to compel arbitration pursuant to this Agreement, or defend against a lawsuit filed in court contrary to this Agreement's mandatory arbitration provision, such Party, if successful, shall be entitled to recover such party's reasonable costs and attorneys' fees incurred in such an action, including costs and attorneys' fees incurred in any appeal. The Resident and Facility hereby expressly agree that judicial review as to a motion to compel arbitration or similar petition shall be limited to the determination of whether a valid agreement to arbitrate exists. All other disputes shall be determined solely by the Arbitrator.

**Article 12: Damages:** The Parties agree that damages awarded, if any, in the arbitration shall be determined in accordance with the provisions of the state or federal law applicable to a comparable civil action including any statutory caps or limitations on such damages. It is further agreed that the Arbitrator will have no authority to award punitive or other damages not measured by the prevailing party's actual damages, except as may be required by statute. The decision of the Arbitrator shall be final and binding on the parties except to the extent that applicable state or federal law provides for judicial review of arbitration proceedings or judicial enforcement of arbitration awards.

**Article 13: Confidentiality:** The Parties agree that except as may be required by law, neither Party, nor the Arbitrator, may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of the other party.

**Article 14: Warranties:** By execution of this Agreement, it is understood and warranted that (1) the Resident has received a copy of this Agreement and has had an opportunity to read the Agreement and ask questions about the Agreement before signing; (2) The Resident has the right to seek legal counsel concerning the terms of this Agreement; (3) the Agreement for binding arbitration is in plain language; (4) The Agreement has been explained to the Resident and his or her representative in a form and manner that the Resident understands, including in a language the Resident understands; and (5) the Resident acknowledged that he or she understands the Agreement.

**Article 15: Revocation:** This Agreement may be revoked by written notice delivered to the Facility within ten (10) days of signature otherwise this Agreement will be given full force and effect.

**Article 16: Retroactive effect:** It is intended that this Agreement govern services rendered from the date of admission regardless of the date upon which the Agreement was signed.

**Article 17: Modification of Agreement Prohibited:** This Agreement cannot be modified except in writing signed by both Resident and the Facility and supersedes any and all other agreements, either oral or in writing, express or implied, between the Resident and the Facility relating to dispute resolution.

**Article 18: Severability:** If any term, provision, subparagraph, paragraph or section of this Agreement is adjudged by any court to be void or unenforceable in whole or in part, this adjudication shall not affect the validity of the remainder of this Agreement, including any other term, provision, subparagraph, paragraph or section. To the extent unenforceable, the Arbitrator may sever any term or portion of this Agreement, and such severance shall not affect the validity of the remainder of this Agreement.

**Article 19: Mutual Consideration:** The Parties recognize the potential cost-effectiveness and time-savings offered by arbitration, which seeks to avoid the expense, delay and uncertainty associated with the court system. The Facility has therefore adopted arbitration as the preferred means of resolving Claims. Additionally, the Parties recognize that often, the Resident is elderly and may have a limited life expectancy, and therefore, selecting a faster method of resolution than the Court system is potentially to the Resident's advantage.

**Article 20: Document Preservation:** In the event that the Facility and the Resident resolve a Claim through arbitration, a copy of the signed Agreement for binding arbitration and the Arbitrator's final decision will be retained by the Facility for 5 years and be available for inspection upon request by CMS or its designee.

**Article 21: Section Headings.** The section headings of this Arbitration Agreement are intended solely for the convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in interpretation of any provision herein.

**Article 22: Construction:** This Arbitration Agreement shall not be interpreted for or against any Party on the basis that such Party caused part or all of this Agreement to be drafted. The term "Resident," shall also be interpreted to mean and include Resident's Authorized Representative, Agent and/or Health Care Proxy where applicable.

**Article 23: Capacity:** In the event that the Resident lacks capacity to understand the terms of this Agreement or execute it, the Resident's Authorized Representative, upon signing below, certifies that she or he is a person authorized by the Resident or otherwise authorized by law to execute and be bound by the terms of this Arbitration Agreement.

4495822

**Article 24: Manner of Acceptance:** Acceptance of this binding Arbitration Agreement can be accomplished by signing below; or by any other manner of acceptance recognized by law or contract.

**Article 26: Supremacy:** In the event of any express conflict or inconsistency between this Agreement and the Admissions Agreement, or any other Agreement between the Parties, the terms of this Agreement will apply.

**Article 25: Waiver:** Any waiver by either party to this Agreement of a breach of any term or condition of this Agreement shall not constitute a waiver of any subsequent breach of the same or any other term or condition of this Agreement.

**NOTICE: BY SIGNING THIS AGREEMENT, THE PARTIES TO THIS AGREEMENT ARE WAIVING ALL OF THEIR RIGHTS TO HAVE ANY DISPUTE BETWEEN THEM DECIDED IN A COURT OF LAW BEFORE A JUDGE OR JURY, AND INSTEAD ARE ACCEPTING THE USE OF BINDING ARBITRATION.**

In Witness thereof, the Parties have signed and sealed this Agreement as of the _12/23_ day of, ___2019___ (YEAR).

**Resident:**

Print Resident's Name:_____

Resident's Signature:_____

Print Name of Resident's Authorized Representative: _Luis Lanni_____

Signature of Resident's Authorized Representative:_____

**Facility:** _Seagate Rehabilitation & Nursing Center_

**Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center**

Name:_____

(Signature and title)

4495822

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                              Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE              **Index No. 523769/2018**
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH                  **AFFIDAVIT**
FRIEDMAN; DEENA LANDA; ESTHER                      **OF RITA SKOLKIN**
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT
REALTY LLC; SENTOSACARE, LLC; and DOES
1-25,

                              Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF KINGS          )

        Rita Skolkin, being duly sworn, deposes and says:

        1.      I am currently a resident at Seagate Rehabilitation & Nursing Center located in

Brooklyn, New York.

        2.      For approximately six years I have been a resident at Seagate Rehabilitation &

Nursing Center ("Seagate"), located at 3015 W 29th St, Brooklyn, NY 11224.

        3.      Based on my observations the Facility was insufficiently staffed. There are only a

few nurses and aides on staff to care for a floor full of patients.

        4.      The food at the Facility has no nutritional value. It almost always arrives cold. We

are not served any fresh fruits or vegetables. The food is often inedible and we are served very

{00298765 }                              1

small portions. There have also been times when residents have found hair in their food. I believe that the food arrives late and cold because there are issues with staffing at the Facility.

5.     I have been without my medication several times. When I do receive my medicine it is usually not on time.

6.     The CNA nurses do not want to change the residents. They are often left sitting in urine and feces for long periods. I have reported the nurses to the Director of Nursing.

7.     The rugs at the Facility are very old and smell of urine. There is also a very bad odor as you enter the Facility.

8.     The residents are only showered twice a week. When they are showered the water floods the bathroom floor and seeps out into the hallway.

9.     The towels are worn and need to be replaced. The sheets and blankets have rips and holes in them.

10.     There are times when there are no diapers at the Facility. There is also never enough toilet paper.

11.     There is no dishware at the Facility. We have to eat out of Styrofoam cups and plates and use plastic utensils.

12.     The staff at the Facility constantly lose my laundry. I have MS and there are times when I have to wash my clothes with my hands to avoid having an issue with them getting lost.

13.     A resident recently fell and hit his head in the bathroom. He was left on the floor for forty five minutes.

14.     In November 2018, I got pneumonia and it was not properly treated. I ended up in bed for a month.

15.     Based on what I observed during my residency there, Seagate is not safe, and its dangerously low staffing poses a high risk to all the residents in its care.

16.     I respectfully request that the Court take action to protect the residents of Seagate as soon as possible.

I declare under the penalty of perjury that the foregoing is true and correct.

Rita Skolkin

Sworn before me on this
31ˢᵗ day of January, 2019,

Notary Public

JOHN D. SARDESAI-GRANT
Notary Public, State of New York
No. 02SA6286407
Qualified in New York County
Commission Expires July 22, ~~2017~~
2021

{00298765 }                            3

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>            Defendants. | Civil Action<br>No. 1:19-cv-03541-FB-SJB |

**PLAINTIFF'S FIFTH SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SHOREFRONT**
**OPERATING LLC D/B/A SEAGATE REHABILITATION AND NURSING CENTER**

Pursuant to Federal Rule of Civil Procedure 26 and 34, and Local Rule 26.3, Plaintiff

Walter Chow, by and through his attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber,

LLP, hereby requests that Defendant SHOREFRONT OPERATING LLC d/b/a SEAGATE

REHABILITATION AND NURSING CENTER ("SHOREFRONT OPERATING LLC")

produce the following documents and things within 30 days for inspection and copying at

Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, located at One North Broadway, Suite

900, White Plains, New York 10601.

**DEFINITIONS AND INSTRUCTIONS**

A.    The "Complaint" means the operative Complaint filed in the Eastern District of

New York on July 12, 2019, in the above-captioned action.

B.      "Defendant" or "Defendants" means SHOREFRONT OPERATING LLC;

SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER

FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA

SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; and SENTOSACARE, LLC,

including each Defendant's agents, employees, and representatives.

C.      The "Facility" means SEAGATE REHABILITATION AND NURSING

CENTER, located at 3015 West 29th Street, Brooklyn, New York.

D.      "You" or "your" means SHOREFRONT OPERATING LLC; SHOREFRONT

OPERATING LLC's counsel; and any consultant, expert, investigator, agent, representative, or

person acting on SHORFRONT OPERATING LLC's behalf.

E.      Communication.  The term "communication" means the transmittal of

information (in the form of facts, ideas, inquires or otherwise)

F.      Document.  The term "document" is defined to by synonymous in meaning and

equal in scope to the usage of the term "documents or electronically stored information" in Fed

R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning

of this term.

G.      Identify (with respect to documents).  When referring to documents, "to identify"

means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date

of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the

responding party may produce the documents, together with identifying information sufficient to

satisfy Fed. R. Civ. P. 33(d).

H.      Identify (with respect to persons).  When referring to a person, "to identify"

means to give, to the extent known, the person's full name, present or last known address, and

2

when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

I.      Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

J.      Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

K.      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

L.      All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

M.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

N.      Number.  The use of the singular form of any word includes the plural and vice versa.

O.      If You object to and/or refuse to produce documents responsive to these requests because of a claim of privilege, please provide a Privilege Log that describes the basis for Your claim of privilege in sufficient detail to enable Plaintiff and the Court to assess its validity.

P.      These requests are continuing in nature.  If at any time prior to trial of this action You obtain or identify additional documents or other things responsive to any of these requests, pursuant to Federal Rule of Civil Procedure 26(e), You shall seasonably serve upon the undersigned such documents or other things as required by that rule.

Q.      In the event that any document called for by these requests is no longer in Your possession, custody, or control, that document is to be identified by stating the following:

1.      the contents of the document;

2.      each person to whom the document was sent and each person who in fact received a copy of the document;

3.      the date of the document;

4.      the subject matter of the document; and

5.      the present custodian of the document, or the person otherwise responsible for the document's safekeeping, storage, or filing.

R.      Any file folder or other container in which a document is kept in the regular course of business is to be treated as part of the document and produced as such.

S.      If information stored in, or accessible through, computers or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to use or interpret such data, including any data dictionaries or other descriptive materials.

T.      If there are both electronic and hard copy records for a particular period, both sets of records shall be produced.  Electronic records shall, whenever possible, be produced in their original, machine-readable electronic format.

U.      Unless otherwise stated, You shall produce information and documents concerning the relevant time period, which is November 27, 2015, through the present time.

## REQUESTS FOR PRODUCTION

1.      All documents reflecting or evidencing competency testing or evaluations for all

Facility staff, including but not limited to employee evaluations and post-testing or return

demonstrations of competency.

Dated: December 1, 2021
        White Plains, New York

                                FINKELSTEIN, BLANKINSHIP,
                                FREI-PEARSON & GARBER, LLP

                                By: */s/D. Greg Blankinship*
                                D. Greg Blankinship
                                Jeremiah Frei-Pearson
                                John Sardesai-Grant
                                One North Broadway, Suite 900
                                White Plains, New York 10601
                                Tel: 914-298-3281
                                dblankinship@fbfglaw.com
                                jfrei-pearson@fbfglaw.com
                                jsardesaigrant@fbfglaw.com

                                *Attorneys for Plaintiff and the Proposed Class*

To:

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 1st day of December 2021, I caused a true copy of Plaintiff's Fifth

Set of Requests for Production of Documents to Defendant SHOREFRONT OPERATING LLC

d/b/a SEAGATE REHABILITATION AND NURSING CENTER to be served by email upon

the following:

Lori Semlies (lori.semlies@wilsonelser.com)
David Ross (david.ross@wilsonelser.com)

*/s/ John D. Sardesai-Grant*
John D. Sardesai-Grant
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
jsardesaigrant@fbfglaw.com

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>    Defendants. | Civil Action<br>No. 1:19-cv-03541-FB-SJB |

**PLAINTIFF'S SUPPLEMENTAL**
**DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Plaintiff Walter Chow ("Plaintiff"), by his attorneys Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as and for his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), hereby supplements his initial disclosures to defendants Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center, Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubenstein, Bruscha Singer, Joel Zupnick, Shorefront Realty, LLC, Sentosa Care, LLC, and does 1-25 (collectively, "Defendants") with the below information.  Plaintiff, who has not yet fully completed his investigation of the facts, provides the following based upon information currently and reasonably available to him.  Plaintiff expressly reserves the right to clarify, amend, modify or supplement the information contained in these disclosures.  Plaintiff makes this supplemental

disclosure without waiver of, or prejudice, to any objections, which are hereby expressly

preserved.

1.      **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT PLAINTIFFS' CLAIMS**

     a. Donna Goldstein has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number 917-822-6051.  Address To The Extent Known: Brooklyn, NY.

     b. Jamal Brannon has submitted a Declaration regarding the information he has that Plaintiff may use to support his claims.  Phone Number 347-356-8035.  Address To The Extent Known: Charlotte, North Carolina.

     c. Terry Goldstein has submitted a Declaration regarding the information he has that Plaintiff may use to support his claims.  Phone Number 609-448-5535.  Address To The Extent Known: East Windsor, New Jersey.

     d. Eileen Ritter has submitted a Declaration regarding the information he has that Plaintiff may use to support his claims.  Phone Number 718-551-5553.  Address To The Extent Known: 2858 Allegheny Drive, Blakeslee, Pennsylvania 18610.

     e. Mary Ann Ritter has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number 718-374-1806.  Address To The Extent Known: 877 Bay Ridge Ave L-1, Brooklyn, NY 11220.

     f. Patricia Ritter has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number unknown.  Address To The Extent Known: 877 Bay Ridge Ave L-1, Brooklyn, NY 11220.

     g. Carol Bologna has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number 917-541-0133.  Address To The Extent Known: 766 Woodrow Road, Staten Island, NY 10312.

     h. Maria Esposito has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number unknown.  Address To The Extent Known: 3015 W 29th Street, Brooklyn, NY 11224, Room 503a.

     i. Rita Skolkin has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number known.  Address To The Extent Known:  3015 W 29th Street, Brooklyn, NY 11224, Room 635.

     j. Stella Villardi is likely to have discoverable information relevant to the facts and circumstances underlying this action.

     k. Avi Philipson is likely to have discoverable information relevant to the facts and circumstances underlying this action.

l.  Mayer Fishl is likely to have discoverable information relevant to the facts and circumstances underlying this action.

m.  Bent Philipson is likely to have discoverable information relevant to the facts and circumstances underlying this action.

n.  Joel Zupnick is likely to have discoverable information relevant to the facts and circumstances underlying this action.

o.  Benjamin Landa is likely to have discoverable information relevant to the facts and circumstances underlying this action.

Dated: December 3, 2021
      White Plains, New York

                            **FINKELSTEIN, BLANKINSHIP,**
                            **FREI-PEARSON & GARBER, LLP**

                            By: */s/D. Greg Blankinship*
                            D. Greg Blankinship
                            Jeremiah Frei-Pearson
                            John Sardesai-Grant
                            Amanda Chan
                            One North Broadway, Suite 900
                            White Plains, New York 10601
                            Tel: 914-298-3281
                            gblankinship@fbfglaw.com
                            jfrei-pearson@fbfglaw.com
                            jsardesaigrant@fbfglaw.com
                            achan@fbfglaw.com

                            *Attorneys for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Amanda Chan, hereby certify that on December 3, 2021, I caused the foregoing to be served to counsel via email listed below.

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

*/s/ Amanda Chan*
Amanda Chan
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 824 - 1560
achan@fbfglaw.com

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>          Defendants. | Civil Action<br>No. 1:19-cv-03541-FB-SJB |

**PLAINTIFF'S SECOND SUPPLEMENTAL**
**DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Plaintiff Walter Chow ("Plaintiff"), by his attorneys Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as and for his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), hereby supplements his initial disclosures to defendants Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center, Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubenstein, Bruscha Singer, Joel Zupnick, Shorefront Realty, LLC, Sentosa Care, LLC, and does 1-25 (collectively, "Defendants") with the below information. Plaintiff, who has not yet fully completed his investigation of the facts, provides the following based upon information currently and reasonably available to him. Plaintiff expressly reserves the right to clarify, amend, modify or supplement the information contained in these disclosures. Plaintiff makes this second

supplemental disclosure without waiver of, or prejudice, to any objections, which are hereby

expressly preserved.

1.  **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT PLAINTIFFS' CLAIMS**

    a.  Herlina Sudijono has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number 718-801-5121. Address To The Extent Known: Brooklyn, NY.

    b.  Maria Sudijono has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number 347-276-6426. Address To The Extent Known: Brooklyn, NY.

Dated:  December 28, 2021
        White Plains, New York

                        **FINKELSTEIN, BLANKINSHIP,
                        FREI-PEARSON & GARBER, LLP**

                        By: */s/D. Greg Blankinship*
                        D. Greg Blankinship
                        Jeremiah Frei-Pearson
                        John Sardesai-Grant
                        Amanda Chan
                        One North Broadway, Suite 900
                        White Plains, New York 10601
                        Tel: 914-298-3281
                        gblankinship@fbfglaw.com
                        jfrei-pearson@fbfglaw.com
                        jsardesaigrant@fbfglaw.com
                        achan@fbfglaw.com

                        *Attorneys for Plaintiff and the Proposed Class*

2

## <u>CERTIFICATE OF SERVICE</u>

I, Amanda Chan, hereby certify that on December 28, 2021, I caused the foregoing to be served to counsel via email listed below.


Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*


*/s/ Amanda Chan*
Amanda Chan
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 824 - 1560
achan@fbfglaw.com

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>SHOREFRONT OPERATING LLC d/b/a SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; and DOES 1-25,<br><br>      Defendants. | Civil Action<br>No. 1:19-cv-03541-FB-SJB |

**PLAINTIFF'S THIRD SUPPLEMENTAL**
**DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Plaintiff Walter Chow ("Plaintiff"), by his attorneys Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as and for his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), hereby supplements his initial disclosures to defendants Shorefront Operating LLC d/b/a Seagate Rehabilitation and Nursing Center, Shaindy Berko, Rochel David, Leah Friedman, Deena Landa, Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubenstein, Bruscha Singer, Joel Zupnick, Shorefront Realty, LLC, Sentosa Care, LLC, and does 1-25 (collectively, "Defendants") with the below information.  Plaintiff, who has not yet fully completed his investigation of the facts, provides the following based upon information currently and reasonably available to him.  Plaintiff expressly reserves the right to clarify, amend, modify or supplement the information contained in these disclosures.  Plaintiff makes this supplemental

disclosure without waiver of, or prejudice, to any objections, which are hereby expressly

preserved.

1.     **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT PLAINTIFFS' CLAIMS**

   a.   Charles Gazal has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number 718-809-5028.  Address To The Extent Known: Brooklyn, NY.

Dated: January 10, 2022
          White Plains, New York

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/D. Greg Blankinship*
D. Greg Blankinship
Jeremiah Frei-Pearson
John Sardesai-Grant
Amanda Chan
One North Broadway, Suite 900
White Plains, New York 10601
Tel: 914-298-3281
gblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com
jsardesaigrant@fbfglaw.com
achan@fbfglaw.com

*Attorneys for Plaintiff and the Proposed Class*

<u>**CERTIFICATE OF SERVICE**</u>

I, Amanda Chan, hereby certify that on January 10, 2022, I caused the foregoing to be served to counsel via email listed below.

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

*/s/ Amanda Chan*
Amanda Chan
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 824 - 1560
achan@fbfglaw.com

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---

WALTER CHOW, as Administrator of the Estate of
LEROY CHOW, individually and on behalf of all
others similarly situated,

                         Plaintiff,

v.

SHOREFRONT OPERATING LLC d/b/a SEAGATE
REHABILITATION AND NURSING CENTER;
SHAINDY BERKO; ROCHEL DAVID; LEAH
FRIEDMAN; DEENA LANDA; ESTHER
FARKOVITZ; AVI PHILIPSON; BERISH
RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA
SINGER; JOEL ZUPNICK; SHOREFRONT REALTY
LLC; SENTOSACARE, LLC; and DOES 1-25,

                         Defendants.

Civil Action
No. 1:19-cv-03541-FB-JRC

---

**PLAINTIFF'S FOURTH SUPPLEMENTAL**
**DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Plaintiff Walter Chow ("Plaintiff"), by his attorneys Finkelstein, Blankinship, Frei-

Pearson & Garber, LLP, as and for his Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1),

hereby supplements his initial disclosures to defendants Shorefront Operating LLC d/b/a Seagate

Rehabilitation and Nursing Center, Shaindy Berko, Rochel David, Leah Friedman, Deena Landa,

Esther Farkovitz, Avi Philipson, Berish Rubinstein, David Rubenstein, Bruscha Singer, Joel

Zupnick, Shorefront Realty, LLC, Sentosa Care, LLC, and does 1-25 (collectively,

"Defendants") with the below information.  Plaintiff, who has not yet fully completed his

investigation of the facts, provides the following based upon information currently and

reasonably available to him.  Plaintiff expressly reserves the right to clarify, amend, modify or

supplement the information contained in these disclosures.  Plaintiff makes this supplemental

disclosure without waiver of, or prejudice, to any objections, which are hereby expressly

preserved.

1.      **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT MAY BE USED TO SUPPORT PLAINTIFFS' CLAIMS**

   a. Dr. Edward Pineles has submitted a Declaration regarding the information he has that Plaintiff may use to support his claims.  Phone Number (917) 734-3965.  Address To The Extent Known: Jamaica, Queens, NY.

   b. Inga Battle has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number (347) 630-6304.  Address To The Extent Known: Brooklyn, NY.

   c. Irina Nayshlos has submitted a Declaration regarding the information she has that Plaintiff may use to support his claims.  Phone Number (718) 938-3696.  Address To The Extent Known: Brooklyn, NY.

Dated: January 14, 2022
       White Plains, New York

                         **FINKELSTEIN, BLANKINSHIP,
                         FREI-PEARSON & GARBER, LLP**

                         By: */s/D. Greg Blankinship*
                         D. Greg Blankinship
                         Jeremiah Frei-Pearson
                         John Sardesai-Grant
                         Amanda Chan
                         One North Broadway, Suite 900
                         White Plains, New York 10601
                         Tel: 914-298-3281
                         gblankinship@fbfglaw.com
                         jsardesaigrant@fbfglaw.com
                         achan@fbfglaw.com

                         *Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Amanda Chan, hereby certify that on January 14, 2022, I caused the foregoing to be served to counsel via email listed below.

Lori Semlies, Esq.
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
150 East 42nd Street
New York, New York 10017
Tel.: 212-490-3000 ext.2390
lori.semlies@wilsonelser.com

David Ross, Esq.
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
1500 K Street, Suite 330
Washington, DC 20005
Tel.: 202-626-7660
david.ross@wilsonelser.com

*Attorneys for Defendants*

*/s/ Amanda Chan*
Amanda Chan
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 824 - 1560
achan@fbfglaw.com