**FBFG** | **Finkelstein, Blankinship,**
         | **Frei-Pearson & Garber, LLP**

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

June 21, 2022

**By ECF**
Judge Frederic Block
Eastern District of New York

Re: *Chow v. SentosaCare, LLC et al.*, No. 1:19-cv-03541-FB-JRC
    **Request for Pre-Motion Conference on Plaintiff's Motion for Class Certification**

Dear Judge Block:

We represent plaintiff Walter Chow ("Plaintiff") and the putative class (the "Class") in the above-referenced action. Pursuant to Rule 2.A of your individual rules, we write to request a pre-motion conference on Plaintiff's motion to certify this action as a class action pursuant to Rule 23. As outlined below, Plaintiff will easily satisfy his burden on the motion.

This Court will encounter few cases more suitable for class treatment. Plaintiff brings a single claim arising under New York's Public Health Law ("PHL") § 2801-d, and Plaintiff and every other resident of Seagate Rehabilitation and Nursing Center ("Seagate") suffered injury caused by Defendants' callous decision to prioritize profits over paying for nursing staff sufficient to care for the needs of Seagate's residents. Formerly operating as a not-for-profit known as the Shorefront Jewish Geriatric Center, Defendants purchased the nursing home in 2014 and transitioned it to the for-profit enterprise now known as Seagate. Soon after, Defendants reduced Seagate's staffing levels, which were set to an overall "par" level that never changed and was never sufficient to care for the needs of the residents. Indeed, Defendants never took the needs of the residents into account when setting their overall staffing levels, only the expense involved.

PHL § 2801-d provides a cause of action by residents against nursing homes that deprive them of "any right or benefit created or established for the well-being of the patient by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation" for the injuries caused by that deprivation. *See* PHL § 2801-d(1). The statute provides for minimum statutory damages in the amount of 25% of the Medicaid daily reimbursement rate "for each day that such injury exists" as well as punitive damages "where the deprivation of any such right or benefit is found to have been willful or in reckless disregard of the lawful rights of the patient." *See* PHL § 2801-d(2). The statute explicitly provides that "[a]ny damages recoverable pursuant to this section, *including minimum damages* as provided by subdivision two of this section, may be recovered in any action which a court may authorize to be brought as a class action." PHL § 2801-d(4) (emphasis added). Accordingly, New York courts presented with similar PHL § 2801-d understaffing claims supported by similar evidence have certified the classes. *See Jenack v. Goshen Operations, LLC*, No. EF008129/2018, 2019 WL 6879888, at *3 (N.Y. Sup. Ct. Orange Cnty. Feb. 11, 2019); *Farruggio et al. v. 918 James Receiver, LLC et al.*, No.003831/2017, NYSCEF Doc. 257 (N.Y. Sup. Ct. Onondaga Cnty. June 19, 2018); *Passucci v. Absolut Ctr. for Nursing and Rehab. at Allegany, LLC*, No. 6956/2010, 2014 WL 7912858, at *20 (N.Y. Sup. Ct. Erie Cnty. Jan. 10, 2014), *aff'd* 999 N.Y.S.2d 791 (N.Y. App. Div. 4th Dep't 2015); *Fleming v. Barnwell Nursing Home & Health Facilities, Inc.*, 766 N.Y.S.2d 241, 244 (N.Y. App. Div. 3d Dep't 2003).

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Here, class certification is appropriate because Plaintiff will prove each of the elements of the Class's PHL § 2801-d claim using common proof. There is no dispute that both New York and federal law grant every nursing home resident the right to live in a home with a sufficient number of staff to care for their needs. *See, e.g.*, 42 U.S.C. § 1396r(b)(4)(C)(i)(I); 10 N.Y.C.R.R. § 415.13. There is no dispute that Defendants did not change staffing levels during the proposed class period (or ever). Plaintiff's expert, Dr. Elizabeth Halifax, uses common proof to show that Seagate has always had insufficient nursing staff to care for the needs of its residents. Dr. Halifax applied a peer-reviewed methodology that (i) follows the manner in which the Centers for Medicare and Medicaid Services ("CMS") determines whether staffing is adequate and (ii) is based on Seagate's own resident and staffing data. The results are clear: the residents of Seagate were deprived of their right to a sufficiently-staffed home.

Plaintiff can also establish that Defendants' failure to sufficiently staff Seagate injured its residents without resort to individual proof. Under the statute, Plaintiff need only show that there was injury as a result of the deprivation, and "[f]or purposes of [PHL § 2801-d], 'injury' shall include, *but not be limited to*, physical harm to a patient; emotional harm to a patient; death of a patient; and financial loss to a patient." PHL § 2801-d(1) (emphasis added). Plaintiff can show that all of Seagate's residents were injured as a result of Defendants' intentional decision to understaff the home.

Indeed, each resident was owed -- as a matter of right -- the service of sufficient nursing staff to care for their needs, and Dr. Halifax and a host of peer-reviewed, evidence-based research demonstrate that Seagate lacked the nursing staff to actually provide that service. Therefore, every resident was deprived of a tangible good or service to which they had a right and which Seagate was paid to provide but did not. This is a classic tangible pecuniary injury common to every class member. Plaintiff will also establish through expert testimony and the declarations and testimony of fifteen witnesses to Seagate's horrific conditions that systemic understaffing injures all Seagate residents, not only because of increased incidents of physical injuries such as pressure sores or falls, but also because of emotional and dignitary injuries such as being forced unnecessarily to remain in an unchanged diaper because there aren't enough staff. Seagate's shockingly low staff to resident ratio creates an unsafe environment that continues to put every resident at risk of future injury.

Plaintiff will also easily meet the Rule 23(a) requirements. The Class is sufficiently numerous given Seagate's 350 bed capacity and high occupancy rate. There are numerous questions common to the Class, including whether or not Defendants systemically understaffed the Facility and whether Defendants' behavior was willful or reckless for purposes of punitive damages. Plaintiff's claims and those of Rita Skolkin (the other proposed class representative) are typical of the other members of the Class because they were all residents of the home subject to Defendants' staffing decisions. And the proposed Class representatives and their counsel will more than adequately represent the interests of the Class.

The Class also satisfies the requirements of Rule 23(b)(2), which provides that class certification is warranted if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Your Honor dismissed



ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Plaintiff's claims for injunctive relief because Mr. Chow no longer resides at Seagate, but the addition of Ms. Rita Skolkin, who is a current resident, as a class representative resolves that issue.[1] Defendants have refused to provide residents with sufficient staff, thereby acting in a way that is generally applicable to all class members still living within Seagate.

The Class also satisfies the requirements of Rule 23(b)(3). Class-wide issues predominate because, as noted above, resolution of the legal and factual questions can be achieved through common proof and without resort to individual proof. The superiority of a class action here is best stated by the State Executive Department, who noted that PHL § 2801-d was passed because "a class action is the most feasible and perhaps the only feasible way for [nursing home residents] effectively to assert their common rights vis-à-vis the institution which controls virtually their entire existence." *McKinney's 1975 Session Laws of NY*, Mem. of the State Exec. Dep't, at 1685-86.

Nor should the Court have any concerns about a need to resort to individual proof to determine damages. Aside from the well-settled rule that differences in class members' damages do not implicate the predominance inquiry, PHL § 2801-d provides for class-wide recovery of statutory damages in the amount of 25% of the Medicaid daily reimbursement rate for each member of the Class for each day Defendants failed to sufficiently staff Seagate, obviating any need for individual inquiries regarding the amount owed to a particular member of the Class.

For the foregoing reasons, Plaintiff requests a pre-motion conference with Your Honor at which a briefing schedule for Plaintiff's motion can be set. Should the Court choose to dispense with the need for a pre-motion conference, Plaintiff is prepared to file the motion on Tuesday, June 28, 2022.

In addition, pursuant to Rule 2.C of your individual rules, Plaintiff respectfully requests a modest 15-page increase to the page limit for his memorandum of law in support (for a total of 40 pages), so that he may fully address the issues presented by the motion.

Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/ John Sardesai-Grant*
John Sardesai-Grant
jsardesaigrant@fbfglaw.com

CC:
All counsel of record (by ECF)

---

[1] Plaintiff's motion to amend the complaint to, among other things, add Ms. Skolkin and revive the claim for injunctive relief, is pending. *See* ECF, Minute Order (March 21, 2022) (taking motion under advisement).