

July 18, 2022

**David M. Ross**
202.626.7687 (direct)
David.Ross@wilsonelser.com

**By ECF**
Magistrate Judge James R. Cho
U.S. District Court
Eastern District of New York

Re: *Chow v. SentosaCare, LLC et al.*, No. 1:19-cv-03541-FB-JRC
<u>Request for Court Assistance with Subpoena to Plaintiff's Designated Expert</u>

Dear Judge Cho:

  We represent Defendants in this action. We write to request that the Court assist the parties in resolving their dispute regarding Defendants' subpoena seeking four categories of documents from Plaintiff's testifying exert, Dr. Elizabeth Halifax. Defendants' position is that the four categories of documents, addressed in further detail below, are subject to discovery, and seek an order compelling production of responsive documents from Dr. Halifax.

## DEFENDANT'S POSITION

**Background and Meet and Confer**

  On April 13, 2022, Plaintiff produced his expert disclosure designating Dr. Elizabeth Halifax as a testifying expert under Fed. R. Civ. P. 26(b)(4). Dr. Halifax was deposed on May 19, 2022. Defendants thereafter served a subpoena on Dr. Halifax (the "Halifax Subpoena") seeking production, among other documents, of: (1) spreadsheets, worksheets, notes, or other work product created or considered by Ms. Halifax in connection with the preparation and drafting of her April 13, 2022 report and Rule 26(a) disclosures in this case; (2) Ms. Halifax's entire file regarding *Chow v. SentosaCare, LLC, et al.*, 1:19-cv-03451-FB-JRC (E.D.N.Y.); (3) written or electronic communication with Ernest Tosh regarding *Chow v. SentosaCare, LLC, et al.*, 1:19-cv-03451-FB-JRC (E.D.N.Y.); and (4) data, documents, electronic sources, spreadsheets, [or] notes concerning "CMS Case-Mix hours" considered by Ms. Halifax in connection with the preparation and drafting of her April 13, 2022 report and Rule 26(a) disclosures in this case. *Exhibit A*.

  Objections to the Halifax subpoena were received from Plaintiff's counsel both independently and via correspondence from Dr. Halifax on June 22, 2022. *Exhibit B*. Defendants sent correspondence responding to Plaintiff's and Dr. Halifax's objections on June 28, 2022. *Exhibit C*. Defendants' response noted that: (1) contrary to Plaintiff's contention that the Halifax subpoena was procedurally defective because it was not served on Plaintiff's counsel prior to Dr. Halifax, Plaintiff received and objected to the subpoena prior to the production of responsive documents, and was thus not prejudiced by the purported defect; and (2) both Plaintiff's and Dr. Halifax's objections failed to specifically address any of the four categories of requested

1500 K Street, NW, Suite 330  •  Washington, DC 20005  •  p 202.626.7660  •  f 202.628.3606

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

272760993v.1



documents noted above. Defendants' further noted that while Plaintiff and Dr. Halifax generally asserted that all of Defendants' requests were, "overly burdensome", sought "irrelevant documents for the sake of harassment and increased costs", and sought documents "substantively duplicative of the materials already provided to Defendants by Dr. Halifax," neither offered specifics as to the burden associated with producing the requested documents or how those documents, all of which concern the foundations for opinions expressed by Dr. Halifax in her report regarding Plaintiff's claims against Defendant's Facility, are "irrelevant". Nor did the responses explain how the requested materials, which include requests both for Dr. Halifax's notes and for written or electronic communications with Ernest Tosh regarding this litigation, were "substantively duplicative of the materials already provided to Defendants by Dr. Halifax," especially given that Dr. Halifax has produced no documents beyond those included with her initial and rebuttal expert reports, neither of which were responsive to either of these categories of requests.

To attempt to resolve this dispute and in satisfaction of any pre-motion conferral requirement, the parties met and conferred via Teams regarding the Halifax Subpoena on June 29, 2022. Notwithstanding Defendants' written responses to Plaintiff's objections, Plaintiff advised that Dr. Halifax would not produce any documents responsive to Defendants' subpoena.[1]

**The Propriety of Defendants' Document Production Requests**

"A rule 45 subpoena—like all discovery—must fit within the scope of discovery permitted in a civil case. That is, discovery is limited to 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Bhatt v. Patel*, No. 18-cv-2063-ILG-SJB, 2020 U.S. Dist. LEXIS 262800, *3-4 (E.D.N.Y. Oct. 19, 2020). As noted above, Defendants seek to compel production of: (1) spreadsheets, worksheets, notes, or other work product created or considered by Ms. Halifax in connection with the preparation and drafting of her April 13, 2022 report and Rule 26(a) disclosures in this case; (2) Ms. Halifax's entire file regarding *Chow v. SentosaCare, LLC, et al.*, 1:19-cv-03451-FB-JRC (E.D.N.Y.); (3) written or electronic communication with Ernest Tosh regarding *Chow v. SentosaCare, LLC, et al.*, 1:19-cv-03451-FB-JRC (E.D.N.Y.); and (4) data, documents, electronic sources, spreadsheets, [or] notes concerning "CMS Case-Mix hours" considered by Ms. Halifax in connection with the preparation and drafting of her April 13, 2022 report and Rule 26(a) disclosures in this case.[2]

---

[1] In an effort to resolve this dispute without the Court's intervention, a further meet and confer was held between the respective parties on July 6, 2022. Plaintiff, after receiving documents responsive to similar subpoena requests from Defendants' experts, proposed at that meet and confer that all parties withdraw their outstanding subpoenas. In response, Defendants' proposed the withdrawal of all document requests from plaintiff's expert other than the four referenced in their June 28, 2022 correspondence. In the eight days that have elapsed since July 6, Plaintiff has not responded to Defendants' counter-proposal.

[2] Defendants do not seek to compel production of documents which are identical to those already produced in this litigation by Plaintiff, or those which are privileged or otherwise not subject to disclosure pursuant to F.R.C.P. R. 26(b)(4)(B) or 26(b)(4)(C).



The relevance of the documents sought in response to Requests (1), (2), and (4) is evident from the face of the requests, as each seeks categories of documents intended to elucidate the foundations for Dr. Halifax's specific opinions addressed in her report regarding the claims concerning Defendant's Facility alleged in Plaintiff's amended complaint. Courts have consistently found similar documents, including testifying expert's notes regarding their opinions and methodologies advanced in the expert's report addressing claims in the litigation, to be relevant and discoverable. *See, e.g., Hernandez v. Office of the Comm'r of Baseball*, 335 F.R.D. 45, 49 (S.D.N.Y. 2020) (compelling production of expert's notes to himself regarding expert report); *Dongguk Univ. v. Yale Univ.*, No. 3:08-CV-00441 (TLM), 2011 U.S. Dist. LEXIS 157690, at *3 (D. Conn. May 19, 2011) (compelling production of expert's handwritten notes because, "[E]xpert's notes are not protected by 26(b)(4)(B) or (C), as they are neither drafts of an expert report nor communications between the party's attorney and the expert witness."). The documents sought in response to Request (3) are also relevant, as the request seeks production of communications with Ernest Tosh, a non-party declarant who manipulated the raw data that Dr. Halifax's report references. Each of the requests is tethered in scope and proportional to the needs of the case because they seek information pertaining to the foundations of Dr. Halifax's methodologies and opinions concerning Plaintiff's allegations regarding Defendant's Facility during the period alleged in the amended complaint, and describe with reasonable particularity the documents which are sought. In response, Dr. Halifax objects to these requests among other reasons because, "There is simply no reason to produce the files not related to this litigation here." Dr. Halifax does not explain how the noted requests, all of which pertain to her opinions and their foundations in *this* litigation, are "not related to this litigation".

Plaintiff separately objects to the noted requests as "overly burdensome" and "seek[ing] irrelevant documents for the sake of harassment and increased costs". Courts assess whether a subpoena presents an "undue burden" by "weigh[ing] the burden to the subpoenaed party against the value of the information to the serving party" and by evaluating that information's "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularly with which the documents are described and the burden imposed." *Bhatt*, 2020 U.S. Dist. LEXIS 262800 at *5. Neither Plaintiff nor Dr. Halifax, however, have offered any argument from which to assess the extent of the purported burden imposed by the requests included in Defendants' subpoena. Courts reject objections based upon purported burden where no argument is presented which establishes the extent of the burden claimed. *See Snider v. Lugli*, No. CV 10-4026 (JFB) (AKT), 2011 U.S. Dist. LEXIS 127855, at *11-12 (E.D.N.Y. Nov. 4, 2011) ("While the Court is cognizant of the special weight courts give to the burden on non-parties of producing documents for others involved in litigation, Elizabeth Bloom has failed to present an argument establishing that the production of the bank documents would present any burden at all." (internal citations omitted)). Nor does Plaintiff explain how the requests, each of which seek documents intended to elucidate the foundations for Dr. Halifax's opinions regarding Plaintiff's claims, constitute "harassment". *See Libaire v. Kaplan*, 760 F. Supp. 2d 288, 294 (E.D.N.Y. 2011) ("[T]he judgment debtors fail to explain how these requests are unduly burdensome other than to state that defendants' document requests 'clearly evidence an effort to



P a g e | 4

harass and unduly burden Stein.' I find such a generalized assertion insufficient . . . to quash a subpoena."). Consequently, Dr. Halifax should be compelled to produce documents responsive to the noted requests over the objections.

## PLAINTIFF'S POSITION

On July 14, Defendants sent a draft of this letter containing all of Defendants' position set forth above to Plaintiff. *See* attached email chain. On July 18, Plaintiff responded with the following:

> The June 27, 2022 minute entry dated unambiguously states that, "[t]o the extent any additional discovery issues remain, the parties shall submit a joint discovery letter by 7/8/2022." If you wanted to raise any issues with respect to discovery from Ms. Halifax, it was incumbent on you to provide us with your portion of the joint dispute letter with sufficient time before July 8 for us to respond and for the parties to then exchange further drafts if necessary. Discovery is now over, Judge Cho ordered any joint letters to be submitted more than a week ago, and it would be improper to submit a joint letter on any discovery issues.

*Id.*

Accordingly, Defendants request a conference with Your Honor to address this dispute.

Respectfully submitted,

**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**

By: */s/ David M. Ross*
David M. Ross
david.ross@wilsonelser.com

cc:
All counsel of record (by ECF)

# ATTACHMENT

**Ross, David**

---

| | |
|---|---|
| **From:** | Amanda Chan <AChan@FBFGLaw.com> |
| **Sent:** | Monday, July 18, 2022 9:46 AM |
| **To:** | Cristiano, Robert J.; Semlies, Lori; Sciales, William; Greg Blankinship; Ross, David |
| **Cc:** | Keir Negron; John Sardesai-Grant; Jeremiah Frei-Pearson |
| **Subject:** | RE: Chow joint dispute and SJ scheduling letters |

**[EXTERNAL EMAIL]**

Rob:

The June 27, 2022 minute entry dated unambiguously states that, "[t]o the extent any additional discovery issues remain, the parties shall submit a joint discovery letter by 7/8/2022." If you wanted to raise any issues with respect to discovery from Ms. Halifax, it was incumbent on you to provide us with your portion of the joint dispute letter with sufficient time before July 8 for us to respond and for the parties to then exchange further drafts if necessary. Discovery is now over, Judge Cho ordered any joint letters to be submitted more than a week ago, and it would be improper to submit a joint letter on any discovery issues.

All the best,


**Amanda Chan**
*Associate Attorney*
Direct No/Fax: (914) 824-1560 (ext. 41560)
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, NY 10601

---

**From:** Cristiano, Robert J. <Robert.Cristiano@wilsonelser.com>
**Sent:** Thursday, July 14, 2022 8:33 PM
**To:** Semlies, Lori <Lori.Semlies@wilsonelser.com>; Amanda Chan <AChan@FBFGLaw.com>; Sciales, William <William.Sciales@wilsonelser.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Ross, David <David.Ross@wilsonelser.com>
**Cc:** Keir Negron <KNegron@fbfglaw.com>; John Sardesai-Grant <jsardesaigrant@fbfglaw.com>; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>
**Subject:** RE: Chow joint dispute and SJ scheduling letters

Counselors,

Apologies, but to avoid further delay, we will need plaintiff's response by the end of business Monday July 18, 2022 so that we can file by Tuesday July 19, 2022.

Best,

1

Robert J. Cristiano
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7458 (Direct)
516.743.6043 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
robert.cristiano@wilsonelser.com

---

**From:** Cristiano, Robert J.
**Sent:** Thursday, July 14, 2022 8:19 PM
**To:** Semlies, Lori <Lori.Semlies@wilsonelser.com>; Amanda Chan <AChan@FBFGLaw.com>; Sciales, William <William.Sciales@wilsonelser.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Ross, David <David.Ross@wilsonelser.com>
**Cc:** Keir Negron <KNegron@fbfglaw.com>; John Sardesai-Grant <jsardesaigrant@fbfglaw.com>; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>
**Subject:** RE: Chow joint dispute and SJ scheduling letters

Counselors,

We have not heard from your office concerning our subpoena addressed to your expert, Dr. Elizabeth Halifax, since July 6, 2022. Attached please find Defendants' draft joint letter to the Court regarding that subpoena and the exhibits referenced in that letter. There is space at the bottom of the letter for you to insert Plaintiff's position.

Be advised that we will be filing the letter with the Court on Friday, July 21, 2022, so kindly provide us plaintiff's position no later than July 20, 2022. Of course, an earlier response would allow us to file this letter sooner.

Best,

Robert J. Cristiano
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7458 (Direct)
516.743.6043 (Cell)
914.323.7000 (Main)
914.323.7001 (Fax)
robert.cristiano@wilsonelser.com

---

**From:** Semlies, Lori
**Sent:** Wednesday, July 6, 2022 10:20 AM
**To:** Amanda Chan <AChan@FBFGLaw.com>; Sciales, William <William.Sciales@wilsonelser.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Ross, David <David.Ross@wilsonelser.com>
**Cc:** Keir Negron <KNegron@fbfglaw.com>; John Sardesai-Grant <jsardesaigrant@fbfglaw.com>; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; Cristiano, Robert J. <Robert.Cristiano@wilsonelser.com>
**Subject:** RE: Chow joint dispute and SJ scheduling letters

Amanda,

We can only agree to withdraw that portion of the Halifax subpoena concerning files and documents unrelated to the Chow case. As you were provided with the Chow related file materials of our experts, we demand the same of yours.

Thank you.

Lori

Lori Semlies
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue          150 East 42nd Street
White Plains, NY 10604           New York, NY 10017-5639
914.872.7731 (Direct)
917.693.2506 (Cell)
914.323.7000 (Main)              212-490-3000 (Main)
914.323.7001 (Fax)               212-490-3038 (Fax)
lori.semlies@wilsonelser.com

**From:** Amanda Chan [mailto:AChan@FBFGLaw.com]
**Sent:** Tuesday, July 5, 2022 10:49 AM
**To:** Sciales, William <William.Sciales@wilsonelser.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Semlies, Lori <Lori.Semlies@wilsonelser.com>; Ross, David <David.Ross@wilsonelser.com>
**Cc:** Keir Negron <KNegron@fbfglaw.com>; John Sardesai-Grant <jsardesaigrant@fbfglaw.com>; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; Cristiano, Robert J. <Robert.Cristiano@wilsonelser.com>
**Subject:** RE: Chow joint dispute and SJ scheduling letters

**[EXTERNAL EMAIL]**

Counsel,

Are you available to meet and confer today? We would like to confer regarding all of the pending expert subpoenas. I am free before 1pm and between 3pm and 4pm.

Best,

## Amanda Chan
*Associate Attorney*
Direct No/Fax: (914) 824-1560 (ext. 41560)
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, NY 10601

**From:** Sciales, William <William.Sciales@wilsonelser.com>
**Sent:** Tuesday, June 28, 2022 6:06 PM
**To:** Greg Blankinship <gblankinship@FBFGLaw.com>; Semlies, Lori <Lori.Semlies@wilsonelser.com>; Ross, David <David.Ross@wilsonelser.com>
**Cc:** Amanda Chan <AChan@FBFGLaw.com>; Keir Negron <KNegron@fbfglaw.com>; John Sardesai-Grant <jsardesaigrant@fbfglaw.com>; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; Cristiano, Robert J. <Robert.Cristiano@wilsonelser.com>
**Subject:** RE: Chow joint dispute and SJ scheduling letters

Counsel,

We are available to confer tomorrow at 2:30 pm regarding summary judgment scheduling. We also suggest conferring further regarding the Levine and Halifax subpoenas at that time.

Best,

William Sciales
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E 42nd Street
New York, NY 10017
212.915.5314 (Direct)
212.490.3000 (Main)
212.490.3038 (Fax)
william.sciales@wilsonelser.com

---

**From:** Greg Blankinship [mailto:gblankinship@FBFGLaw.com]
**Sent:** Tuesday, June 28, 2022 9:45 AM
**To:** Semlies, Lori <Lori.Semlies@wilsonelser.com>; Sciales, William <William.Sciales@wilsonelser.com>; Ross, David <David.Ross@wilsonelser.com>
**Cc:** Amanda Chan <AChan@FBFGLaw.com>; Keir Negron <KNegron@fbfglaw.com>; John Sardesai-Grant <jsardesaigrant@fbfglaw.com>; Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>
**Subject:** Chow joint dispute and SJ scheduling letters

**[EXTERNAL EMAIL]**

Counselors, I believe the ball is in your court regarding our subpoena for documents from Levine and Haffenreffer concerning the staffing ratios. Can you please advise as to when we can expect to hear back from you? We should also find a time to confer regarding summary judgment scheduling. How about tomorrow at 2?

D. Greg Blankinship
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, New York
(914) 298-3290
gblankinship@fbfglaw.com

---

**Please consider the environment before printing this e-mail.**

**Confidentiality Notice**

**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message.**

Thank you..

```
CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
```

exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at [www.wilsonelser.com](www.wilsonelser.com) or refer to
any of our offices.
Thank you.

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at [www.wilsonelser.com](www.wilsonelser.com) or refer to
any of our offices.
Thank you.

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.