# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

July 18, 2022

**By ECF**
Magistrate Judge James R. Cho
United States District Court
Eastern District of New York

**Re:** *Chow v. SentosaCare, LLC et al.*, No. 1:19-cv-03541-FB-JRC
   <u>Plaintiff's Motion Letter to Strike Defendants' July 18, 2022 Letter</u>

Dear Judge Cho,

   Plaintiff writes Your Honor pursuant to F(5) of Your Honor's Individual Rules for Non-Dispositive, Non-Discovery Pretrial Disputes. Plaintiff respectfully requests that the Court strike Defendants' July 18, 2022 letter as improper, untimely, and in violation of Rule 16 of the Federal Rules.

   Defendants served a subpoena on Dr. Elizabeth Halifax ("Halifax Subpoena"), Plaintiff's designated expert witness, on June 13, 2022. Defendants served the Halifax Subpoena on Plaintiff on June 16, 2022 (almost a month after her May 19, 2022 deposition).[1] Plaintiff and Dr. Halifax objected to the Halifax Subpoena on June 22, 2022. On June 27, 2022, Your Honor ordered that "[t]o the extent any additional discovery issues remain, the parties shall submit a joint discovery letter by <u>7/8/2022</u>." On July 6, 2022, the parties met and conferred regarding the Halifax Subpoena.

   Defendants waited to July 14, 2022 to send Plaintiff a draft of a joint discovery dispute letter. Plaintiffs responded on July 18, 2022 that discovery was over and that such a letter would be in contravention to Your Honor's June 27, 2022 order. Despite having ample time to submit a timely joint letter to Plaintiff and to the Court, Defendants unilaterally submitted their letter in contravention of Your Honors rules and scheduling Order.

   Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. Defendants have provided no good cause nor requested Your Honor's consent to modify the schedule. Indeed, Defendants do not even address their dilatoriness. The Court should strike the letter accordingly. *See Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-2345, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) ("[Scheduling] orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in

---

[1] Defendants failed to serve a copy of the Halifax Subpoena on Plaintiff before serving it on Dr. Halifax in violation of Rule 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). As such, it is unenforceable. *See Mirra v. Jordan*, No. 13-5519, 2014 WL 2511020, at *4 (S.D.N.Y. May 28, 2014) ("[I]f Defendant did issue the subpoenas, they are quashed, for failure to comply with Rule 45(a)(4) . . . .").

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

an efficient, just and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved.") (quoting 3 J. Moore, Moore's Federal Practice § 16.14[1][a] (3d ed. 2019)) (denying extension of discovery deadlines).

  Plaintiff respectfully requests, for all the foregoing reasons, that the Court strike Defendants' letter. The parties thank the Court for its time and attention on this matter.

            Respectfully submitted,

            **FINKELSTEIN, BLANKINSHIP,**
            **FREI-PEARSON & GARBER, LLP**

            By: */s/ D. Gregory Blankinship*
            D. Gregory Blankinship
            gblankinship@fbfglaw.com

CC:
All counsel of record