**FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

July 22, 2022

**By ECF**
Magistrate Judge James R. Cho
United States District Court
Eastern District of New York

Re:   *Chow v. SentosaCare, LLC et al.*, No. 1:19-cv-03541-FB-JRC
      Plaintiff's Opposition to Defendants' Pre-Motion Letter to
      <u>Enforce Subpoena of Plaintiff's Expert Dr. Elizabeth Halifax</u>

Dear Judge Cho,

Plaintiff writes in opposition to Defendants' application to enforce their June 13, 2022 Subpoena of Plaintiff's expert witness Dr. Elizabeth Halifax ("Halifax Subpoena") (attached as Exhibit 1). The Court should deny Defendants' application as the Halifax Subpoena seeks privileged or protected documents, seeks duplicative documents, and/or is an inappropriate fishing expedition.

**<u>Background</u>**

Defendants served a subpoena on Dr. Elizabeth Halifax, Plaintiff's designated expert witness, on June 13, 2022 (the last day of expert discovery and 25 days after Dr. Halifax's deposition). Defendants served the Halifax Subpoena on Plaintiff on June 16, 2022. Plaintiff and Dr. Halifax objected to the Halifax Subpoena on June 22, 2022. On June 27, 2022, Your Honor ordered, "To the extent any additional discovery issues remain, the parties shall submit a joint discovery letter by <u>7/8/2022</u>." On July 5, 2022, Plaintiff requested a meet and confer regarding the Halifax subpoena, and on July 6, 2022, the parties conferred.

Defendants waited until July 14, 2022 to send Plaintiff a draft of a joint discovery dispute letter. Plaintiff responded that discovery was over and that such letter would be in contravention to Your Honor's June 27, 2022 order. Despite having ample opportunity to submit a timely joint letter to Plaintiff and to the Court, Defendants (without further conferral) unilaterally submitted their letter in contravention of Your Honor's rules and scheduling Order.

**(1) <u>Spreadsheets, Worksheets, Notes, and Other Work Product</u>**

Defendants' first subpoena request is wholly improper and should be rejected. "[S]o long as the expert's opinions and all of the facts and data considered by the expert in formulating those opinions are disclosed, the initial or rough draft analysis of those facts and data that ultimately results in the report need not be disclosed, regardless of whether those drafts are prepared by the expert herself or in consultation with counsel." *In re Elysium Health-ChromaDex Litig.*, No. 17-7394, 2021 WL 1249223, at *2 (S.D.N.Y. Apr. 5, 2021). Further, "an expert's 'spreadsheets, graphs, and analyses . . . [which] are interpretations of data that reflect counsel's mental impressions and result from the expert's and counsel's collaborative efforts to organize, marshal and, present data' are 'separate and distinct from the underlying facts and data themselves.'" *Id.* (quoting *Davita Healthcare Partners, Inc. v. United States*, 128 Fed. Cl. 584, 591 (Fed. Cl. 2016)). *See also Deangelis v. Corzine*, No. 11-07866, 2016 WL 93862, at *4-5 (S.D.N.Y. Jan. 7, 2016)

1

("An expert's notes setting out in detail the content and structure of her report, or even just a section of her report, could properly be shielded from disclosure by Rule 26(b)(4)(B).").

Thus, Dr. Halifax's "spreadsheets, worksheets, notes, and other work product" are protected as drafts of her expert reports and need not be disclosed. Dr. Halifax has already -- and Defendants do not dispute -- identified all facts and data she considered and which form foundation of her opinions, pursuant to the required disclosures under Rule 26(a). As Dr. Halifax stated in her objections, "All the materials I considered or reviewed are identified in my expert reports. All of the citations are to materials available to the public or already produced in this case. All of the information needed to recreate my work is contained in my reports and its attachments." *See* Exhibit 2. Dr. Halifax's Expert Report (Exhibit 3) and Rebuttal Report (Exhibit 4) both meticulously detail the exact data, materials, and methodology which form Dr. Halifax's opinions. *See* Exhibit 3 at 6 (describing Dr. Halifax's methodology); Exhibit 4 at 6 (same).

This request is improper and should be denied. *See Deangelis*, 2016 WL 93862, at *3 ("'[T]he driving purpose of the 2010 amendment' to Rule 26 was to protect 'attorney mental impressions, conclusions, opinions, or legal theories' from discovery . . . .").

**(2) Entire Case File**

Defendants' second subpoena request is improper for a variety of reasons: it is not targeted or focused, it encompasses attorney work product and draft reports, it does not fall within one of the exceptions articulated in Rule 26(a)(2)(B), and it is duplicative of the materials already available to Defendants. The Court should reject it accordingly.

Subpoenas must be targeted or focused or otherwise should not be enforced. *See Allstate Ins. Co. v. All Cnty., LLC*, No. 19-7121, 2020 WL 5668956, at *4 (E.D.N.Y. Sept. 22, 2020) ("The overbroad nature of the subpoenas warrants a protective order."). Expert drafts and work product are not subject to disclosure. *See Deangelis*, 2016 WL 93862 (noting that drafts enjoy protection because "the drafting process ordinarily entails communications between the expert and counsel" and that disclosing drafts "is likely to include revelation of attorney work product"). The request is not one of the exceptions enumerated in Rule 26(b)(4)(C). *See* Fed. R. Civ. P. 26(b)(4)(C). Thus, such attorney-expert communications found in Dr. Halifax's case file need not be disclosed. Courts routinely quash duplicative subpoenas. *See Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) ("Although the scope of discovery is broad, it 'is not boundless, and a court may place limits on discovery demands that are unreasonably cumulative or duplicative.'") (quashing subpoena which was duplicative of already-requested materials). Because Defendants' second document request in the Halifax subpoena suffers from all of these defects, the Court should reject the improper request.

Defendants' cited case law is unpersuasive. In *Hernandez v. The Off. of the Comm'r of Baseball*, 335 F.R.D. 45, 47 (S.D.N.Y. 2020), the court ordered production of "notes" prepared for deposition, not notes prepared as part of the drafting process. *Id.* at 47. That is not the case here, where Defendants seek all notes Dr. Halifax may have prepared in connection with the drafting of her reports. *See* Exhibit 1 ("[N]otes . . . created or considered by Ms. Halifax in connection with the preparation and drafting of [her report]"). *Dongguk Univ. v. Yale Univ.*, No. 8-00441, 2011 WL 1935865 (D. Conn. May 19, 2011) is no better. The *Dongguk* court ordered production of only the required disclosures under Rule 26(b)(4)(C) and conceded that "the discovery authorized

by the exceptions does not extend beyond those specific topics." *Dongguk*, 2011 WL 1935865 at *2.

### (3) Written Communications with Ernest Tosh

Defendants provide no basis for this subpoena request other than to suggest that Mr. Ernest Tosh "manipulated" the data at Dr. Halifax's request. *See* ECF No. 115 at 3. To the extent that Mr. Tosh provided data services, he painstakingly and meticulously described such services in his declaration attached to Dr. Halifax's Expert Report (Exhibit 5). Such detail allows Defendants or their experts to recreate, reproduce, or test Mr. Tosh's work and accordingly, Defendants have no basis to request such written communications. Again, all of Mr. Tosh's data, assumptions, analysis are readily available to Defendants in Dr. Halifax's reports and in Mr. Tosh's declaration.

This request constitutes a fishing expedition. *See Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) ("[T]his is not a prosecutorial investigation -- it is a civil lawsuit. No fishing expeditions will be tolerated.") (quashing subpoena where movants "present[ed] no legitimate need for the" subpoenaed information and "have shown no good faith basis for extending discovery"); *Offor v. Mercy Med. Ctr.*, No. 15-2219, 2020 WL 8839769, at *2 (E.D.N.Y. June 11, 2020) ([T]he subpoena is nothing more than a fishing expedition and disproportionate to the needs of this case.") (denying subpoena enforcement). Defendants assert no legitimate need or good faith basis for extending the scope of discovery in this way -- a mere accusation that Mr. Tosh "manipulated" raw data does not suffice. The Court should quash this fishing expedition accordingly.

### (4) Materials Concerning "CMS Case-Mix Hours"

Dr. Halifax possesses no materials responsive to this request given that the phrase is not used in either of Dr. Halifax's reports, Defendants do not define the term, and Dr. Halifax possesses no documents which use the term. In any event, Dr. Halifax has already made all required disclosures pursuant to Rule 26. See Exhibit 2.

For all the foregoing reasons, the Court should quash the Halifax Subpoena. The parties thank the Court for its time and attention on this matter.

Respectfully submitted,

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By: */s/ D. Gregory Blankinship*
D. Gregory Blankinship
gblankinship@fbfglaw.com

CC:
All counsel of record