UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,<br><br>    Petitioner,<br><br> -against-<br><br>SHOREFRONT OPERATING LLC D/B/A SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; BENT PHILIPSON; and DOES 1-25,<br><br>    Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 19-CV-3541 |

*For the Plaintiff:*
D. GREG BLANKINSHIP
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, New York 10601

*For the Defendant:*
LORI R. SEMLIES
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604

**BLOCK, Senior District Judge:**

  Before the court is the motion of Plaintiff Walter Chow ("Plaintiff" or "Chow") for reconsideration of the Court's Memorandum & Order dated

1

September 26, 2023, denying class certification. *See Chow v. Shorefront Operating LLC*, 694 F. Supp. 3d 247 (E.D.N.Y. 2023). The standard for reconsidering a prior certification denial "echoes the law of the case doctrine" which "'counsels a court against revising its prior rulings in subsequent stages of the same case absent compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re J.P. Morgan Chase Cash Balance Litig.*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009) (quoting *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)). Plaintiff argues that a subsequent decision of the New York Appellate Division has changed the applicable law. He is correct. Accordingly, his motion is GRANTED and the class is certified.

## I.     The Court's Prior Decision

Plaintiff's allegations are set forth in detail in his Second Amended Class Action Complaint, ECF No. 126, and in the Court's prior decision denying class certification, *see Chow*, 694 F. Supp. 3d at 250. Plaintiff, the administrator of the estate of a former resident of a nursing home, alleged that Defendants, the owners and operators of Seagate Rehabilitation and Nursing Center ("Seagate"), violated §

2

2801-d of New York's Public Health Law by failing to adequately staff Seagate, which in turn meant Seagate residents were neglected and ill-treated.[1]

In its decision, the Court found that Plaintiff's proposed class had not satisfied the commonality and predominance requirements for certification articulated in the Federal Rules of Civil Procedure 23(a) and (b). It reasoned that to satisfy the causation element of § 2801-d would require individualized analysis as to whether staffing levels injured each class member. Section 2801-d's causation language conditions an award of damages "[u]pon a finding that a patient has been deprived of a right or benefit and that said patient has been injured as a result of said deprivation[.]" N.Y. Pub. Health L. § 2801-d(2).

Because the statute suggests a plaintiff must show that a patient has been injured "as a result" of the deprivation of a right or benefit, the Court held that to prevail on a § 2801-d claim it "will necessarily require an individualized inquiry into [the Plaintiff's] needs." *Chow*, 694 F. Supp. 3d at 254. Thus, any common issues resolved by this inquiry into alleged staffing shortages "would be dwarfed by individual issues concerning the level of staffing that each class member was

---

[1] The underlying federal and state staffing provisions that Chow alleges Defendants have violated are: (1) a New York regulation requiring facilities to "provide sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident," 10 N.Y.C.R.R. § 415.13; and (2) two provisions of the federal Nursing Home Reform Act, requiring facilities to provide nursing services sufficient to maintain the highest practicable care to residents, 42 U.S.C. §1395i-3(b)(4)(A)(i), and to provide 24-hour services sufficient to meet residents' nursing needs, 42 U.S.C. § 1396r(b)(4)(C)(i)(I).

3

entitled to, whether that level was provided (such that there was a deprivation), and the financial harm—if any—that each class member suffered." *Id.* at 255.

Following the Court's denial of certification, Plaintiff petitioned the Second Circuit pursuant to Rule 23(f). The Second Circuit denied this interlocutory petition, stating that an immediate appeal was not warranted. Defendants contend that the Plaintiff's pending motion for reconsideration should be denied because "[t]he Second Circuit was not persuaded by Plaintiff's contentions" concerning the merits of the petition, which contained arguments echoing those in the present motion. ECF No. 150-36 at 3. However, this mischaracterizes the Second Circuit's denial. It provided no reasons for its determination beyond stating that an immediate appeal was unwarranted pursuant to *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139–40 (2d Cir. 2001).

*Sumitomo* simply provides that the standard for granting a Rule 23(f) petition requires a petitioner to demonstrate either "(1) that the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, or (2) that the certification order implicates a legal question about which there is a compelling need for immediate resolution." 262 F.3d at 139. The Second Circuit did not opine as to whether either of these standards had been satisfied. Thus, the rejection of the appeal cannot be construed as a decision on the merits.

4

## II.   Change in Law

Plaintiff now argues the Court's reconsideration is warranted because there has been an intervening change in controlling law effected by the New York Appellate Division, Second Department's decision in *Jenack v. Goshen Operations, LLC*, 222 A.D.3d 36 (App. Div. 2d Dep't 2023), which upheld the lower state court's certification of a class pursuing a § 2801-d claim. At the time of the Court's earlier ruling, there was no New York State appellate case law concerning the causation element of § 2801-d, a fact noted in the pattern jury instructions cited and relied upon throughout the Court's decision. *See* N.Y. Pattern Jury Instr.—Civil 2:151D, Caveat 1 (noting "the absence of any appellate case law specifically addressing the nature of the element of causation").

However, in *Jenack* the Second Department addressed the causation element of § 2801-d and found that the statute does not require an analysis of causation of injury tailored to each individual resident, "as the potential injury to putative class members . . . stems from the violation of a statutorily imposed violation, not physical injury due to negligence." *Id.* at 47. This is directly contrary to the Court's prior decision, which denied certification of the class due to lack of commonality and predominance of common issues, reasoning that inquiry into whether any alleged injury to a class member was caused by short staffing would require such individuated analysis.

5

Defendants make several arguments why reconsideration of the Court's prior denial is not warranted, despite the *Jenack* decision. First, Defendants critique Plaintiff's "unendorsed interpretation of *Jenack* [as holding that] an individual resident is deprived the rights [nursing regulations] afford when nursing staff is inadequate for *any* resident[.]" ECF No. 150-36 at 7. In other words, Defendants argue that Plaintiff's interpretation of *Jenack* would enable a nursing facility resident who had not been injured to sue on behalf of other residents who had been. *See id.* at 8.

However, this is not *Jenack*'s holding. Rather, the Second Department simply clarified how a plaintiff can demonstrate an injury in light of § 2801-d's causation language and explained that "differing individual circumstances or injuries" would not preclude certification of a § 2801-d class. *Jenack*, 222 A.D.3d at 45–47. In interpreting the statute, the Second Department emphasized that the enactment of § 2801-d was premised on an understanding that "a class action is the most feasible and perhaps the *only* feasible way for nursing home patients effectively to assert their common rights vis-à-vis the institution that controls virtually their entire existence." *Id.* at 46 (cleaned up).

Defendants additionally argue that the Court should deny Chow's motion for reconsideration because *Jenack* is factually distinguishable. For instance, Defendants observe that there has been no regulatory finding of inadequate staffing

6

at Seagate, whereas staffing problems at the facility at issue in *Jenack* were the subject of a Department of Health report. *See* Def.'s Opp'n at 2, ECF No. 150-36. Defendants likewise contend that Plaintiff's witness affidavits attesting to shortages are less credible than those supplied in *Jenack*. *Id.* However, such arguments speak only to the ultimate question of whether there were violations of federal and state staffing requirements—not whether there is a common answer to that question for all proposed class members.

The Court thus finds there has been an intervening change in controlling law concerning §2801-d that it is bound to apply. *See V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010) ("[The court] is bound to apply the law as interpreted by a state's intermediate appellate court unless there is persuasive evidence that the state's highest court would reach a different conclusion."). Applying this reasoning, the Court finds the proposed class satisfies the commonality and predominance requirements of Rule 23. Because the Court previously found the other prerequisites to certification satisfied, *see Chow*, 694 F. Supp. 3d at 251–55, the Court now certifies the proposed class.

### III.    Class Counsel

Rule 23(g) provides that "a court that certifies a class must appoint class counsel." Chow requests that the Court appoint him class representative and Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBF&G") as class

7

counsel. For largely the same reasons the Court previously provided in addressing the certification requirements of typicality and adequacy, the Court finds Chow to be a suitable representative of the Class, and FBF&G qualified class counsel. The Court thus appoints Chow class representative and FBF&G class counsel.

## IV. Conclusion

Accordingly, Chow's renewed motion for class certification is granted. The Court certifies the proposed class, comprising all Seagate residents from November 27, 2015, to the present.

**SO ORDERED.**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
March 13, 2024