UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WALTER CHOW, as Administrator of the Estate of LEROY CHOW, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

SHOREFRONT OPERATING LLC D/B/A SEAGATE REHABILITATION AND NURSING CENTER; SHAINDY BERKO; ROCHEL DAVID; LEAH FRIEDMAN; DEENA LANDA; ESTHER FARKOVITZ; AVI PHILIPSON; BERISH RUBINSTEIN; DAVID RUBINSTEIN; BRUSCHA SINGER; JOEL ZUPNICK; SHOREFRONT REALTY LLC; SENTOSACARE, LLC; BENT PHILIPSON; and DOES 1-25,

Defendants.

**MEMORANDUM AND ORDER**
Case No. 19-CV-3541

*Appearances:*

*For the Plaintiff:*
D. GREG BLANKINSHIP
JOHN D. SARDESAI-GRANT
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, New York 10601

*For the Defendants:*
LORI R. SEMLIES
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604

DAVID M. ROSS
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1500 K Street, N.W., Suite 330
Washington, DC 20005

**BLOCK, Senior District Judge:**

This class action concerns allegations that the owners and operators of Seagate Rehabilitation and Nursing Center ("Seagate" or "Defendants") understaffed the facility in violation of § 2801-d of New York's Public Health Law. The Court certified the class on March 13, 2025, ECF No. 152 ("Class Certification Order"), and denied Defendants' motion for

reconsideration on August 11, 2025, ECF No. 167 ("Reconsideration Order") (together, the "Orders").

Two motions are now before the Court. Defendants again move for reconsideration of the Orders or, in the alternative, to decertify the class, and they seek sanctions against Plaintiff's counsel. ECF No. 189. Plaintiff moves to substitute Godwin Chow for Walter Chow as named plaintiff and class representative or, in the alternative, to appoint Gina Skolkin. ECF No. 190.

For the following reasons, Defendants' motion for reconsideration is DENIED, and Plaintiff's motion to substitute and Defendants' request for sanctions are referred to Magistrate Judge James R. Cho for a report and recommendation.

## I. Background

Walter Chow brought this action as administrator of the estate of his brother, Leroy Chow, a Seagate resident from February 2015 to August 2016. On July 3, 2024, Walter Chow's probate counsel affirmed in the Kings County Surrogate's Court that Walter Chow had been admitted to a rehabilitation facility and was "unable to handle his administrative duties related to the case or testify as Plaintiff in the class action trial." ECF No. 189 at 1. Plaintiff's renewed motion for class certification, fully briefed on October 4, 2024, nonetheless named Walter Chow as the sole proposed class representative. ECF No. 150. Class counsel's supporting declaration, executed July 19, 2024, attested that Walter Chow "understands his responsibilities as class representative and has agreed to put the interests of the class before his own." ECF No. 150-3 ¶ 3. Godwin Chow's application to replace him as administrator was pending when the fully briefed motion was filed. ECF No. 207 at 2.

On December 16, 2024, the Surrogate's Court issued letters of administration *de bonis non* to Godwin Chow. ECF No. 190-1. Three months later, the Court certified the class and

appointed Walter Chow class representative. Class Certification Order at 7–8. Plaintiff's counsel did not inform the Court of the change. The parties conferred about substitution on May 8, 2026, while the case was stayed for mediation. ECF No. 190 at 1 n.1. The Court lifted the stay on July 24, 2026. Defendants filed the present motion on August 14, 2026, and Plaintiff moved to substitute four days later.

**II. Defendants' Motion for Reconsideration**

Of the rules Defendants invoke, only Rule 23(c)(1)(C) is available.[1] It permits the Court to alter or amend a certification order "before final judgment." But the standard for revisiting a certification decision "echoes the law of the case doctrine," which counsels against revising prior rulings "absent compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Class Certification Order at 2 (quoting *In re J.P. Morgan Chase Cash Balance Litig.*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009)). Plaintiff met that standard when *Jenack v. Goshen Operations, LLC*, 222 A.D.3d 36 (2d Dep't 2023), changed the governing law.

A. Arguments Previously Rejected

Most of Defendants' motion repeats arguments from their first motion for reconsideration: that the Orders lack a "rigorous analysis" of Rule 23; that *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), bars certification; that *Jenack* deserves little weight; and that individualized inquiries defeat commonality and predominance. *Compare* ECF No. 189 at 2–3, *with* ECF No. 162 at 2–5. The Court rejected those arguments then, *see* Reconsideration Order at 3–7, and declines to revisit them. Defendants' only new authority, *Burgos v. B&H Healthcare*

[1] The Court need not decide whether Defendants' motion is timely because it fails on the merits. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").

*Services, Inc.*, 239 A.D.3d 585 (2d Dep't 2025), is a wage-and-hour case that cites *Jenack* only for the general rule that certification requires an evidentiary basis. The Court found that basis here. Reconsideration Order at 5–6.

B. The Change in Administrator

The only new matter Defendants raise is the Surrogate's Court's appointment of Godwin Chow. It does not warrant decertification.

Defendants frame the issue as one of standing. That is incorrect. The claims belong to Leroy Chow's estate, and the estate's injury does not change with the identity of its fiduciary. The issue is one of capacity and the real party in interest, and it is curable. Rule 25(c) provides that, after a transfer of interest, "the action may be continued by… the original party unless the court, on motion, orders the transferee to be substituted." Substitution "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). So it is here: the estate, its claim, and the facts are unchanged. Defendants' authorities are not to the contrary. *Tumminia v. Staten Island University Hospital*, 2025 NY Slip Op 03352 (2d Dep't 2025), concerned a plaintiff who never held letters of administration, and *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 222 F.3d 52, 60–61 (2d Cir. 2000), recites the general adequacy standard.

Nor does the change alter the Court's Rule 23 findings. The Court's adequacy analysis asked whether the representative's interests were antagonistic to those of the class and whether counsel was qualified. *Chow*, 694 F. Supp. 3d at 254–55; Class Certification Order at 7–8. Commonality, typicality, and predominance rest on the estate's claim and Seagate's staffing. Defendants did not contest adequacy when they opposed the renewed motion, *see* ECF No. 150-

36, and they identify no finding that depended on Walter Chow personally, or any argument that they would have made differently had they known of the change. The proper response to a representative who can no longer serve is substitution, not decertification. *See Butler v. Suffolk Cnty.*, No. 11-CV-2602(JS)(ST), 2023 WL 5095432, at *2 (E.D.N.Y. Aug. 9, 2023).

**III. Referral to Magistrate Judge Cho**

Plaintiff's motion to substitute rests on counsel's assertion that Godwin Chow "is willing and able to serve as the class representative" and "maintains no conflicts of interest with class members." ECF No. 190 at 1. That assertion is not evidence, and Defendants dispute Godwin Chow's adequacy. ECF No. 201.

Defendants' sanctions request raises questions about class counsel's candor. Sixteen days after Walter Chow's probate counsel affirmed that he could not handle his duties in this case or testify, class counsel declared under penalty of perjury that Walter Chow understood his responsibilities as class representative and "has kept abreast of this litigation through counsel." ECF No. 150-3 ¶¶ 2–3. Counsel concedes that it knew of Godwin Chow's pending application by October 4, 2024, ECF No. 207 at 2, the day it filed that declaration without correction, ECF No. 150. Counsel did not inform the Court of the change before the Court found Walter Chow "a suitable representative of the Class." Class Certification Order at 8. The present record does not show when counsel learned of Walter Chow's condition or why it did not correct its declaration.

Because both matters turn on facts not yet developed, Plaintiff's motion to substitute (ECF No. 190) and Defendants' request for sanctions (ECF No. 189) are referred to Magistrate Judge Cho for a report and recommendation, including **on** (1) whether Godwin Chow is an adequate class representative; (2) when class counsel learned of the July 3, 2024 affirmation and of Godwin Chow's application for letters of administration; (3) the basis for paragraphs 2 and 3

of the July 19, 2024 declaration and why counsel did not correct it; and (4) whether counsel's conduct warrants sanctions.

## IV. Conclusion

Defendants' motion for reconsideration, or in the alternative to alter or amend the Orders (ECF No. 189), is DENIED. Plaintiff's motion to substitute (ECF No. 190) and Defendants' request for sanctions are referred to Magistrate Judge Cho for a report and recommendation as set out in Part III.

Under Rule 60(a), the Court corrects the date beneath the signature line of the Class Certification Order from "March 13, 2024" to "March 13, 2025," and of the Reconsideration Order from "August 11, 2024" to "August 11, 2025."

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 5, 2026